**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____

Chapter you are filing under:

- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy        12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **China Fishery Group Limited (Cayman)** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| Rooms 3201-3210, Hong Kong Plaza<br>188 Connaught Road West, Hong Kong<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| County | Location of principal assets, if different from principal place of business<br><br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)    www.chinafisherygroup.com

6. Type of debtor

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above
Commercial fishing

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/.

**8. Under which chapter of the Bankruptcy Code is the Debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| Debtor | See attached list | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

| 11. | Why is the case filed in this district? | *Check all that apply:* |
|---|---|---|

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☑ No |
|---|---|---|

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
  Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
  Contact name _____
  Phone _____

---

**Statistical and administrative information**

| 13. | Debtor's estimation of available funds | . | *Check one:* |
|---|---|---|---|

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

| 14. | Estimated number of creditors | | | |
|---|---|---|---|---|
| | | ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| | | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☐ 200-999 | | |

---

| 15. | Estimated Assets | | | |
|---|---|---|---|---|
| | | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☑ $500,000,001 - $1 billion |
| | | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| 16. | Estimated liabilities | | | |
|---|---|---|---|---|
| | | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | | ☐ $50,001 - $100,000 | ☑ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signature**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    June 30, 2016
                MM / DD / YYYY

**X** /s/ Ng Puay Yee                                    Ng Puay Yee
Signature of authorized representative of debtor         Printed name

Title    Chief Executive Officer

**18. Signature of attorney**

**X** /s/ Howard B. Kleinberg                            Date    June 30, 2016
Signature of attorney for debtor                                 MM / DD / YYYY

**Howard B. Kleinberg, Esq., Edward J. LoBello, Thomas R. Slome**
Printed name

**Meyer, Suozzi, English & Klein P.C.**
Firm name

**1350 Broadway, Suite 501**
**P.O. Box 822**
**New York, NY 10018**
Number, Street, City, State & ZIP Code

Contact phone    **212-239-4999**         Email address    hkleinberg@msek.com

Bar number and State

## PETITION NO. 10 ATTACHMENT – ADDITIONAL ENTITIES FILING PETITIONS

| Debtor | District | When | Relationship | Case No., if known |
|---|---|---|---|---|
| N.S. Hong Investment (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Pacific Andes International Holdings Limited (Bermuda) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Super Investment Limited (Cayman) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| China Fishery Group Limited (Cayman) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Smart Group Limited (Cayman) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| CFG Peru Investment Pte. Ltd. (Singapore) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Protein Trading Limited (Samoa) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| South Pacific Shipping Agency Limited (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| China Fisheries International Limited (Samoa) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Chanery Investment Inc. (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Champion Maritime Ltd (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Growing Management Limited (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Target Shipping Limited (HK) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Fortress Agents Limited (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Ocean Expert International Limited (BVI) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| CFGL (Singapore) Private Limited | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| | | | | |
| CFG Investment S.A.C. (Peru) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
| Corporacion Pesquera Inca S.A.C. (Peru) | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |

| Sustainable Fishing Resources S.A.C. | United States Bankruptcy Court, Southern District of New York | June 30, 2016 | Affiliate | |
|---|---|---|---|---|

**CHINA FISHERY GROUP LIMITED**
(Company Registration No. 99414)
(Incorporated in the Cayman Islands)
(the "**Company**")

---

**MINUTES OF A MEETING OF THE DIRECTORS OF
THE COMPANY HELD ON 30 JUNE 2016**

---

| | | |
|---|---|---|
| PRESENT: | Ng Puay Yee | Chief Executive Officer |
| | Ng Joo Kwee | Director |
| | Tse Man Bun | Independent Director |
| | Tan Ngiap Joo | Independent Director |
| | Lim Soon Hock | Independent Director |
| | Paul Jeremy Brough | Director |
| | | |
| IN ATTENDANCE: | Peter Chung | General counsel |
| | Lynn Wan Tiew Leng | Corporate secretary |
| | Bertie Mehigan | Ashurst Hong Kong |
| | Darinne Ko | Ashurst Hong Kong |
| | | |
| TELEPHONICALLY: | Sung Yu Ching | Managing Director |

## 1. Officers of the Meeting

It was RESOLVED, that Ng Puay Yee and Lynn Wan Tiew Leng be appointed the Chairperson and Secretary, respectively, of the meeting.

## 2. Constitution of the Meeting

The Chairperson noted that all of the directors of the Company (the "**Directors**") were present and had consented to the meeting being convened on short notice. Accordingly, a quorum was present, and the Chairperson declared the meeting duly constituted.

## 3. Director's Interests

Each director in the board of directors of the Company (the "**Board**") confirmed that he or she has no direct or indirect interest in any way in the matters considered herein.

## 4. Discussions

The Chairperson explained that:

Due to the winding up petitions and the appointment of joint provisional liquidators (the "**JPLs**") over the Company and China Fisheries International Limited, an indirect wholly-owned subsidiary of the Company in November 2015 and the actions taken by the JPLs prior to the dismissals of the winding up petitions and the termination and discharge of the JPLs in January 2016, the Company and its subsidiaries (the "**Group**") have been facing severe financial stress and encountered extreme challenges in their efforts to

resuscitate and revive the business of the Group and in particular, the Peruvian business of the Group (the "Peruvian Business");

The executive directors of the Company have been in ongoing discussions and dialogue with its creditors, including: (a) The Bank of America N.A.; (b) each of Coöperatieve Rabobank U.A., Hong Kong branch, Standard Chartered Bank (Hong Kong) Limited, China CITIC Bank International Limited, DBS Bank (Hong Kong) Limited and The Hongkong and Shanghai Banking Corporation Limited in their capacity as lenders under the club facility agreement dated March 20, 2014; and (c) a substantial proportion of holders of the US$300,000,000 9.75% Senior Notes issued by CFG Investment S.A.C. (the "Notes") guaranteed by, among others, the Company, with respect to the financial stress referred to above and the challenges faced in resuscitating the Peruvian Business and recent correspondence from certain creditors have suggested the possibility that hostile and aggressive action could be taken against the Company and/or other members of the Group which would not be in the interests of the Company;

The executive directors of the Company have been tirelessly working to obtain financing for the operations of the Peruvian Business and have made little tangible progress in their efforts to resume normal funding operations for the North fishing season in Peru due to (a) the damage to the Group caused by the JPLs as a result of their interference with the Peruvian Business during their tenure and; (b) the instability and uncertainty that has been caused by certain holders of the Notes (and/or their representatives) in making demands for a guarantee to be provided by, among others, Corporacion Pesquera Inca S.A.C. with respect to the Group's obligations under the Notes notwithstanding the acceleration of the entire principal amount due under the Notes as a result of the appointment of the JPLs;

The directors of the Company have been in ongoing discussions with respect to the financial challenges and stress faced by the Company and the Group in determining the most appropriate actions to be taken in order to protect the interests of the Company while taking all due and proper account of the rights and interests of the creditors of the Company;

The directors have been actively considering the financial condition and prospects of the Company and its business with a view to discussing and determining the most appropriate method of stabilizing the Company's business such that the Group has sufficient time that it requires to stabilize, resuscitate and restructure its business and repay or otherwise settle all amounts due to creditors;

While there has been a process for the sale of the Peruvian Business that has been ongoing over the last 5 months, certain minority creditors such as Bank of America, N.A. have continued to threaten taking enforcement actions against the Company despite the positive developments in the context of the sale process;

As the directors are aware, the deed of undertaking entered into on January 20, 2016 terminates automatically on July 15, 2016, following which, The Hongkong & Shanghai Banking Corporation ("HSBC") and/or the Bank of America, N.A. ("BOA") have the right to re-appoint joint provisional liquidators over the Company;

The initial overture to HSBC to extend the July 15, 2016 deadline under the deed of undertaking was met with a negative response. Whilst HSBC has very recently indicated that they may be prepared to consider and extension, they have not made any definitive commitment and it is to be expected that any agreement to extend would come with extensive conditions attached. In addition, BOA have continued to emphasize threats of

2

enforcement and have not appeared amenable to any request for an extension of the July 15, 2016 deadline; and

5.    **Proposed Resolutions**

Having considered their duties, including but not limited to their duties to act in good faith, in the best interests of the Company and for proper purpose, the Chairperson put forward the following resolutions for the Directors to consider (collectively the "**Resolutions**"):

RESOLVED, that is desirable and in the best interests of the Company that petitions be filed by the Company and certain of its subsidiaries listed in Exhibit 1 hereto (the "Subsidiaries"), seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in which the authority to operate as a debtor in possession will be sought; and it is further

RESOLVED, that in the judgment of the Board, having considered their duties, it is desirable and in the best interests of the Company that a legal proceeding regarding the solvency and restructuring of the Company, including a voluntary petition (the "Petition") be filed by the Company under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and it is further

RESOLVED, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file a legal proceeding regarding the solvency and restructuring of the Company, including the Petition, and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and it is further

RESOLVED, that Ng Puay Yee, Annie and Robert S. Rosenfeld (the "Designated Persons") be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, disclosure statements, plans, and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing; and it is further

RESOLVED, that the law firm of Meyer, Suozzi, English & Klein, P.C. ("MSEK") be, and it hereby is, authorized, empowered and directed to represent the Company as its counsel in connection with any case commenced by the Company under the Bankruptcy Code ("Bankruptcy Case"), and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of MSEK and all related matters; and it is further

RESOLVED, that each of RSR Consulting, LLC, and Goldin Associates, LLC be, and it hereby is, authorized, empowered and directed to represent the Company as its

3

financial consultant and financial advisor respectively in connection with the Bankruptcy Case, and to take any and all actions in their capacities as such; and it is further

RESOLVED, that in addition to the existing signatories of the Company, the Designated Persons be, and hereby are, jointly and severally, authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants and other professionals as appropriate in connection with any Bankruptcy Case and all related matters; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Designated Persons, and in addition to the existing signatories of the Company, the Designated Persons, be, and hereby are, jointly and severally, authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions; and it is further

RESOLVED, that the Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that in addition to the existing signatories of the Company, the Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officers may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (ii) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form as the officers performing or executing the same shall approve, and the performance or execution thereof by such officers shall be conclusive evidence of the approval thereof by such officers and by the Company; and it is further

RESOLVED, that all actions heretofore taken by any officer, manager or director of the Company in connection with the foregoing resolutions, the Petition and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and it is further

4

RESOLVED, that the Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company, and in consultation with counsel, to develop, sign and file any and all pleadings, motions, applications, and other documents as are advisable or necessary to further the interests of the Company with respect to the Bankruptcy Case or the Bankruptcy Court; and it is further

RESOLVED, that Designated Persons be, and hereby are, jointly and severally, authorized, directed and empowered, on behalf of and in the name of the Company, and in consultation with counsel, to develop, sign and file a plan of reorganization and disclosure statement for the Company, and amendments thereto as may be necessary from time to time, as are advisable or necessary to further the interests of the Company with respect to the Bankruptcy Case or the Bankruptcy Court and to undertake the process in accordance with applicable law of soliciting votes in favor of any such plan of reorganization so developed; and it is further

RESOLVED, that the Board of the Company waive any notice, procedural or other formalities requirements which may be required in order to hold a meeting of the Company's Board of Directors.

6.    **Resolutions**

After further due and careful consideration of the foregoing the Resolutions were approved by all the Directors other than Paul Jeremy Brough, who abstained from voting. The Chairman therefore noted that the Resolutions were validly passed, authorized and approved.

7.    **Termination of Meeting**

There being no further business, the meeting was adjourned.

_____
Ng Puay Yee
Chairman of the Meeting


_____
Lynn Wan Tiew Leng
Secretary of the Meeting

5

EXHIBIT 1
SUBSIDIARIES

1. Smart Group Limited

**CERTIFICATE REGARDING THE RESOLUTIONS OF THE BOARD OF
DIRECTORS OF CHINA FISHERY GROUP LIMITED**

I, the undersigned, being duly elected or appointed as a director of China Fishery Group

Limited, a company limited by shares duly incorporated and validly existing under the laws of

the Cayman Islands, having its registered office at P.O. Box 1350, Clifton House, 75 Fort Street,

Grand Cayman KY1-1108, Cayman Islands (the "Company"), do hereby certify that the minutes

of a meeting of the Company's board of directors held on June 30, 2016 (the "Resolutions") were

duly signed by the directors of the Company, in accordance with the requirements of applicable

law and the Company's articles of association, and that, as of the date hereof, the Resolutions

have not been amended, modified or rescinded and are now in full force and effect.

Dated: June 30, 2016

Signature: _____
Name: Ng Puay Yee, Annie
Title: Director

BDRM CORP & ADV SERV PTE
50 RAFFLES PLACE
32-01 SINGAPORE LAND TWR
SINGAPORE 048623


BOA FACILITIES
52/F, CHEUNG KONG CENTER
2 QUEENS RD CENTRAL
CENTRAL
HONG KONG


BUSINESS CONSULTANTS LTD
18A TWO CHINACHEM PLZ
68 CONNAUGHT RD CENTRL
HONG KONG


CHINA CITIC BNK INTL LTD
80TH FL, INTL COMMERCE CNTR
1 AUSTIN WEST
KOWLOON
HONG KONG


CHINA FISHERIES INTL LTD
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD W
HONG KONG


CITIC BANKING FACILITIES
6165 DESVOEUX RD CENTRAL
HONG KONG


DAVID LIM & PARTNERS
50 RAFFLES PLACE 17-01
SINGAPORE LAND TOWER
SINGAPORE 048623


DBS BANK (HK) LTD
16TH FL, THE CENTER
99 QUEENS ROAD
CENTRAL
HONG KONG


DELOITTE TOUCHE TOHMATSU
35/F ONE PACIFIC PLACE
88 QUEENSWAY
HONG KONG

```
DLA PIPER HONG KONG
17TH FLR, EDINBURGH TWR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG


GRANT THORNTON RECOVERY
LEVEL 12, 28 HENNESSY RD
WANCHAI
HONG KONG


HALDANES
7TH FLR, RUTTONJEE HOUSE
11 DEDDELL STREET
CENTRAL
HONG KONG


HSBC
L16, HSBC MAIN BLDNG
1 QUEEN S ROAD
CENTRAL
HONG KONG


MOODY'S INVST SERV HK LTD
24/F, ONE PACIFIC PLACE
88 QUEENSWAY
ADMIRALTY
HONG KONG


MOURANT OZANNES SERV LTD
13/F ENTERTAINMENT BLDNG
30 QUEEN'S ROAD
CENTRAL
HONG KONG


PREMIUM CHOICE GROUP LTD
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD W
HONG KONG


PROTEIN TRADING LTE
RM 3201-10 HONG KONG PLZ
186 CONNAUGHT RD W
HONG KONG
```

```
RABOBANK INTL, HK
32/F, 3 PACIFIC PLACE
1 QUEENS ROAD EAST
HONG KONG


SING EXCHANGE SEC TRD LTD
2 SHENTON WAY
#02-02 SGX CENTRE 1
SINGAPORE 068804


STANDARD CHARTERED BNK (HK) LTD
15/F, STNDRD CHARTER BNK BLDNG
4-4A DES VOEUX ROAD
CENTRAL
HONG KONG
```

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, NY 10018
Phone: (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com
*Proposed Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* | Case No. _____ ( ) |
| | **(Joint Administration Pending)** |
| Debtors.[1] | |

## VERIFICATION AS TO STATEMENTS ACCOMPANYING CHAPTER 11 PETITION

I, **NG PUAY YEE**, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1.      I am the Managing Director of Pacific Andes International Holdings Limited ("**PAIH**") and the Chief Executive Officer of China Fishery Group Limited ("**CFGL**"). PAIH is the indirect parent of CFGL. CFGL is the direct or indirect parent of Smart Group Limited ("**Smart Group**"), Protein Trading Limited ("**Protein Trading**"), South Pacific Shipping Agency Limited ("**SPSA**"), CFG Peru Investments Pte. Ltd. ("**CFG Peru Singapore**"), Premium Choice Group Limited ("**Premium Choice**"), Ringston Holdings Limited

---

[1] The Debtors are N.S. Hong Investment (BVI) Limited ("NS Hong"), Super Investment Limited (Cayman) ("Super Investment"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), China Fishery Group Limited (Cayman) ("CFGL"), Smart Group Limited (Cayman) ("Smart Group"), Protein Trading Limited (Samoa) ("Protein Trading"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), China Fisheries International Limited (Samoa) ("CFIL"), Growing Management Limited (BVI) ("Growing Management"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), CFGL (Singapore) Private Limited ("CFGLPL") and Ocean Expert International Limited (BVI) ("Ocean Expert").

("**Ringston**"), China Fisheries International Limited ("**CFIL**"), Growing Management Limited ("**Growing Management**"), Chanery Investment Inc. ("**Chanery**"), Champion Maritime Limited ("**Champion**"), Target Shipping Limited ("**Target Shipping**"), Fortress Agents Limited ("**Fortress**"), CFGL (Singapore) Private Limited ("**CFGLPL**") and Ocean Expert International Limited ("**Ocean Expert**," and collectively with CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, Premium Choice, Ringston, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, CFGLPL, the "**CF Group Debtors**"). PAIH is an indirect parent of both the CF Group (as defined and described below) and Super Investment Limited ("**Super Investment**"). N.S. Hong Investment (BVI) Limited ("**NS Hong**", collectively with PAIH, Super Investment and the CF Group Debtors, the "**Debtors**") is the majority shareholder of PAIH.

2.      On June 30, 2016 (the "**Commencement Date**"), each of the Debtors filed a petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). In addition to the cases set forth above, contemporaneously with the filing of the cases by the Debtors, Pacific Andes Resources Development Limited ("**PARD**"), CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C., and Sustainable Fishing Resources S.A.C. each filed a petition under Chapter 15 of the Bankruptcy Code.

3.      I have read the statements and lists accompanying the chapter 11 petitions, including the *Creditor Matrix*, *List of Largest Creditors*,  and the *Debtors' Consolidated Corporate Ownership Statement Pursuant To Fed. R. Bankr.P. 1007(A)(1) And 7007.1 And Local Rule 1007-3*.

4.      I am informed and believe that the information contained therein is true and accurate to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<br>

_____
NG PUAY YEE

Executed on June    , 2016
in Hong Kong, Special Administrative Region
of the People's Republic of China

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* | Case No. _____ ( ) |
| Debtors.[1] | (Joint Administration Pending) |

## LIST OF DEBTORS' LARGEST 50 UNSECURED CREDITORS
## ON A CONSOLIDATED BASIS (EXCLUDING INSIDERS)

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| Rabobank Intl, HK<br>32/F, 3 Pacific Place<br>1 Queens Road East<br>Hong Kong | | $96,503,494.62 |
| DBS Bank (HK) Ltd<br>16th Fl, The Center<br>99 Queens Road<br>Central<br>Hong Kong | | $96,503,494.62 |
| HSBC<br>L16, HSBC Main Bldng<br>1 Queen's Road<br>Central, Hong Kong | | $96,503,494.62 |

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

[2] The Debtors reserve the right to assert that ant of these claims are contingent, unliquidated or disputed.

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| Standard Chartered Bnk (HK) Ltd 15/F, Stndrd Charter Bnk Bldng 4-4A Des Voeux Road Central Hong Kong | | $96,503,494.62 |
| China CITIC Bnk Intl Ltd 80th Fl, Intl Commerce Cntr 1 Austin West Kowloon Hong Kong | | $32,167,831.54 |
| TMF Trustee Ltd Corporate Trust 5th Fl, 6 St. Andrew St London, EC4A 3AE United Kingdom | | $296,000,000.00 |
| Rabobank NFS Finance 32/F, 3 Pacific Place 1 Queens Road East Hong Kong | | $102,000,000.00 |
| Maybank 18/F CITIC Tower 1 Tim Mei Avenue Central Hong Kong | | $95,000,000.00 |
| Rabobank Pickenpack Facility Agmnt 32/F, Three Pacific Place 1 Queens Road East Hong Kong | | $94,375,235.00 |
| Tapei Fubon Com Bk Co Ltd 12F 169, Sec 4, Ren Ai Rd Taipei, 106886 Taiwan | | $72,000,000.00 |

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| CITIC<br>61-65 Des Voeux Road<br>Central<br>Hong Kong | | $70,900,000.00 |
| DBS<br>16th Floor, The Center<br>99 Queens Road<br>Central<br>Hong Kong | | $58,000,000.00 |
| Maybank<br>18/F CITIC Tower<br>1 Tim Mei Avenue<br>Central<br>Hong Kong | | $40,000,000.00 |
| Bank of America, N.A.<br>52/F. Cheung Kong Center<br>2 Queen's Road Central<br>Central<br>Hong Kong | | $30,000,000.00 |
| Bank of America<br>52/F, Cheung Kong Center<br>2 Queens Rd Central<br>Central<br>Hong Kong | | $30,000,000.00 |
| Rabobank<br>32/F, 3 Pacific Place<br>1 Queens Road East<br>Hong Kong | | $22,000,000.00 |
| Brndbrg Mrt Invst Hldng<br>L8, Medine Mews<br>La Chaussée<br>Port Louis, Mauritius | | $15,558,581.87 |

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| Andes Int'l Qingdao Ship<br>N67 Yin Chuan Xi Rd, Bl D<br>Qingdao Amintn Ind Pk 4Fl<br>Qingdao City 266000<br>Shandong Province, China | | $13,651,769.99 |
| Rabobank<br>32/F, 3 Pacific Place<br>1 Queens Road East<br>Hong Kong | | $12,000,000.00 |
| Fubon<br>Fubon Bank<br>38 Des Voeux Road<br>Central<br>Hong Kong | | $11,000,000.00 |
| Standard Charter Bank<br>Standard Charter Bank Building<br>5/F 4-4A Des Voeux Rd<br>Central<br>Hong Kong | | $8,000,000.00 |
| DLA PIPER HONG KONG<br>17th Flr, Edinburgh Twr<br>The Landmark<br>15 Queen's Road Central<br>Hong Kong | | $1,789,232.13 |
| Grant Thornton Recovery<br>Level 12, 28 Hennessy Rd<br>Wanchai<br>Hong Kong | | $907,427.24 |
| Brndbrg Nam Invt Co<br>Erf 2347 10th St E<br>Industrial Area<br>PO Box 658 Walvisbay<br>Republic of Namibia | | $783,559.21 |

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| Deloitte Touche Tohmatsu<br>35/F One Pacific Place<br>88 Queensway<br>Hong Kong | | $682,261.03 |
| Baraka Seari Ltd<br>Rm 1401-2<br>Easey Comercial Bldng<br>253-261 Hennessy Rd<br>Wanchai, Hong Kong | | $657,200.00 |
| Meridian Invst Group Pte<br>138 Cecil Street<br>#12-01A Cecil Court<br>Singapore 069538<br>Singapore | | $442,001.97 |
| Taishin<br>No. 118, Sec 4, Ren-ai Rd<br>Da-an District<br>Taipei City 106<br>Taiwan | | $400,000.00 |
| Deloitte & Touche Fin Adv<br>32/F Once Pacific Place<br>88 Queensway<br>Hong Kong | | $384,615.38 |
| RSM Corp Advisory HK Ltd<br>29th Lee Garden Two<br>28 Yun Ping Road<br>Causeway Bay<br>Hong Kong | | $384,615.38 |
| Guangtai Trading Ltd<br>Trust Company Complex<br>Ajeltake Rd, Majuro<br>Rep of the Marshall Is<br>MH96960 | | $345,552.85 |

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| Sang Il Trading Co Ltd. Rm 504, 125 Wonyang-Ro Seo-Gu, Busan 602-030 South Korea | | $342,854.34 |
| Atl Pacific Fishing Ltd Erf 2347 10th Street East Industrial Area PO Box 658 Walvisbay Republic of Namibia | | $341,149.04 |
| PricewaterhouseCoopersLtd 22/F Prince's Building Central Hong Kong | | $256,410.26 |
| Deloitte Touche Tohmatsu 35/F One Pacific Place 88 Queensway Hong Kong | | $251,282.05 |
| Qingdao Jncai Plgic Fish No. 1 Chang An Rd 4th Fl, Shibei District Qingdao City 266000 Shandong Prov China | | $231,150.26 |
| Rngchng Lngyn Ship Agcy Xixiakou County ChengShan Town RongCheng City Shandong, China | | $209,624.79 |
| Baker & McKenzie 14/F, Hutchison House 10 Harcourt Road Central Hong Kong | | $200,275.17 |

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| Andes Intl Qingdao Shp 4F N67 Yin Chuan Xi Rd Bk D Qingdao Amination Ind Pk ShinanDstQingdaoCty 266000 Shandong Province, China | | $173,231.12 |
| Andes Intl Qingdao Shp 4F N67 Yin Chuan Xi Rd Bk D Qingdao Amination Ind Pk ShinanDstQingdaoCty 266000 Shandong Province, China | | $173,231.12 |
| Sifang Dist Haiynbo Ship Accessories Supply Center No.7 Wen Zhou Rd Qingdao Shandong, China | | $158,265.60 |
| QINGDAO SHNGBNGKN TRD Trde Cntr Chengyang Vil Chengyang Street Chengyang District Qingdao Shandong China | | $148,924.23 |
| Andes Int'l Shpng Agcy N67 Yin Chuan Xi Rd, Bl D Qingdao Amntn Ind Pk 4Fl Qingdao City 266000 Shandong Province, China | | $118,175.80 |
| Qingdao Drfng Gng Co Ltd No.31 Yongping Rd Qingdao, China | | $116,914.30 |
| Rngchng Hetai Shngm Co Rongcheng Bay Street Office Xuangzhen Village Shandong, China | | $115,366.89 |

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| Mourant Ozannes Serv Ltd<br>13/F Entertainment Bldng<br>30 Queen's Road<br>Central<br>Hong Kong | | $110,947.45 |
| City N Dst, Shanghai Elec<br>Huatong Elec Dstr Dept<br>No.232<br>Weihai Road, Qingdao<br>Shandong, China | | $101,884.29 |
| Alatir Ltd.<br>No 80 Raffles Pl, #26-02<br>UOB Plaza One<br>Singapore 048625 | | $104,286,159.88 |
| Epiq Systems Limited<br>1102-1104 Central Plaza<br>18 Harbour Road<br>Wanchai<br>Hong Kong | | $95,668.67 |
| Shell Marine Prod Sing<br>Metropolis Tower 1<br>9N Buona Vsta Dr, 07-01<br>Singapore 138588 | | $83,454.00 |
| Shangong Haoyuntong<br>Nets Technology Co., Ltd<br>No.318 Muyun Rd<br>Shidao, Rongcheng<br>Shandong, China | | $81,545.81 |
| Sang Il Trading Co Ltd<br>Rm 504, 125, Wonyang-Ro<br>Seo-Gu, Busan 602-030<br>South Korea | | $77,827.48 |

| Name of creditor and complete mailing address, including zip code | Indicate if claim is contingent, unliquidated, or disputed | Unsecured Claim Amount[2] |
|---|---|---|
| Perun Ltd.<br>No 80 Raffles Pl, #26-01<br>UOB Plaza One<br>Singapore 048624 | | Unliquidated |