Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, NY 10018
Phone: (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com

*Proposed Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| CHINA FISHERY GROUP LIMITED (CAYMAN), | Case No. 16 – 11895 (JLG) |
| Debtor. | |

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| PACIFIC ANDES INTERNATIONAL HOLDINGS LIMITED (BERMUDA), | Case No. 16 – 11890 (JLG) |
| Debtor. | |

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| N.S. HONG INVESTMENTS (BVI) LIMITED, | Case No. 16 – 11899 (JLG) |
| Debtor. | |

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SOUTH PACIFIC SHIPPING AGENCY LTD. (BVI), | Case No. 16 - 11924 (JLG) |
| Debtor. | |

-------------------------------------------------------------------x

```
-----------------------------------------------------x
```

In re:                                              Chapter 11

**CHINA FISHERIES INTERNATIONAL**                   Case No. 16 - 11896 (JLG)
**LIMITED (SAMOA),**

                        Debtor.

```
-----------------------------------------------------x
```

In re:                                              Chapter 11

**CFGL (SINGAPORE) PRIVATE LIMITED,**               Case No. 16 - 11915 (JLG)

                        Debtor.

```
-----------------------------------------------------x
```

In re:                                              Chapter 11

**CHANERY INVESTMENT INC. (BVI),**                  Case No. 16 - 11921 (JLG)

                        Debtor.

```
-----------------------------------------------------x
```

In re:                                              Chapter 11

**CHAMPION MARITIME LTD (BVI),**                    Case No. 16 - 11922 (JLG)

                        Debtor.

```
-----------------------------------------------------x
```

In re:                                              Chapter 11

**GROWING MANAGEMENT LIMITED (BVI),**               Case No. 16 - 11919 (JLG)

                        Debtor.

```
-----------------------------------------------------x
```

In re:
                                                    Chapter 11

**TARGET SHIPPING LIMITED (HONG KONG),**
                                                    Case No. 16 - 11920 (JLG)
                        Debtor.

```
-----------------------------------------------------x
```

2

---------------------------------------------------------------x

In re:                                              Chapter 11

FORTRESS AGENTS LIMITED (BVI),                      Case No. 16 - 11916 (JLG)

                    Debtor.

---------------------------------------------------------------x

In re:                                              Chapter 11

OCEAN EXPERT INTERNATIONAL                          Case No. 16 - 11917 (JLG)
LIMITED (BVI),

                    Debtor.

---------------------------------------------------------------x

In re:                                              Chapter 11

PROTEIN TRADING LIMITED (SAMOA),                    Case No. 16 - 11923 (JLG)

                    Debtor.

---------------------------------------------------------------x

In re:                                              Chapter 11

CFG PERU INVESTMENTS PTE. LTD.                      Case No. 16 – 11914 (JLG)
(SINGAPORE),

                    Debtor.

---------------------------------------------------------------x

In re:
                                                    Chapter 11

SMART GROUP LIMITED (CAYMAN),
                                                    Case No. 16 - 11910 (JLG)
                    Debtor.

---------------------------------------------------------------x

In re:                                              Chapter 11

SUPER INVESTMENT LIMITED (CAYMAN),                  Case No. 16 - 11903 (JLG)

                    Debtor.

---------------------------------------------------------------x

3

## MOTION OF DEBTORS PURSUANT TO
## FED. R. BANKR. P. 1015(b) FOR ENTRY OF ORDER
## DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

**TO THE HONORABLE JAMES L. GARRITY**
**UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by

their undersigned attorneys Meyer, Suozzi, English & Klein, P.C., as and for their motion for

procedural consolidation and joint administration of these chapter 11 cases, respectfully state as

follows:[1]

### SUMMARY OF MOTION

1.    By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedures (the "**Bankruptcy Rules**"), the Debtors seek entry of an order, substantially in the

form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint

administration of these 16 chapter 11 cases and (b) granting related relief.  Specifically, the

Debtors request that the United States Bankruptcy Court for the Southern District of New York

(the "**Court**") maintain one file and one docket for all of the jointly-administered cases under the

case of China Fishery Group Limited (Cayman) (Case No. 16-11895 (JLG)), and that the cases

be administered under a consolidated caption as follows with a footnote to the caption

identifying all Debtors:

---

[1] The facts and circumstances supporting this Motion are set forth in the *Declaration of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and In Support of Debtors' First Day Motions and Applications* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated by reference herein.  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x

In re:                                                    **Chapter 11**

**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et*    **Case No. 16 - 11895 (JLG)**
*al.*[2]

                                                          **Jointly Administered**
                              **Debtors.**
--------------------------------------------------------------------x

      2.    The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code including waiver of the requirement that Court papers identify each Debtor by the last four digits of their tax identification number. Because the Debtors are foreign corporations, U.S. tax identification numbers are not available.

      3.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of China Fishery Group Limited (Cayman) (Case No. 16-11895 (JLG)):

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of China Fishery Group Limited (Cayman) (Case No. 16-11895); Pacific Andes International Holdings Limited (Bermuda) (Case No. 16-11890); N.S. Hong Kong Investments (BVI) Limited (Case No. 16-11899); South Pacific Shipping Agency Ltd (BVI) (Case No. 16-11924); China Fisheries International Limited (Samoa) (Case No. 16-11896); CFGL (Singapore) Private Limited (Case No. 16-11915); Chanery Investment Inc. (BVI) (Case No. 16-11921); Champion Maritime Ltd. (BVI) (Case No. 16-11922);

---

[2] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

Growing Management Limited (BVI) (Case No. 16-11919); Target Shipping Limited (Hong Kong) (Case No. 16-11920); Fortress Agents Limited (BVI) (Case No. 16-11916); Ocean Expert International Limited (BVI) (Case No. 16-11917); Protein Trading Limited (Samoa) (Case No. 16-11923); CFG Peru Investments Pte. Ltd. (Singapore) (Case No. 16-11914); Smart Group Limited (Cayman) (Case No. 16-11910); and Super Investment Limited (Cayman) (Case No. 16-11903).

All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-11895.

4.      The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**").

## BACKGROUND

8.     On the date hereof, each of the 16 Debtors filed cases under chapter 11, title 11 of the United States Code (the "**Bankruptcy Code**").[3]

9.     The Debtors, along with certain non-Debtor affiliated entities, are part of a business group known as the Pacific Andes Group, which is the twelfth largest seafood company in the world and one of the world's foremost vertically integrated seafood companies. The Pacific Andes Group provides seafood products to leading global wholesalers, processors and food service companies and has operations across the seafood value chain.

10.    As part of its business, the Pacific Andes Group engages in harvesting, sourcing, ocean logistics and transportation, food safety testing, processing, marketing and distribution of frozen fish products, as well as fishmeal and fish oil. The Pacific Andes Group's businesses span the globe with major operations in the People's Republic of China, the United States and Peru, including processing businesses in China, Germany, France, the United States and Peru.

11.    The China Fishery group of companies (the "**CF Group**")[4], comprises a large part of the Pacific Andes Group. The CF Group sources, harvests, onboard-processes and delivers a high quality catch of mackerel to consumers around the world. The CF Group is also one of the leading producers of fishmeal and fish oil through its processing plants located along Peru's coast.

---

[3] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), N.S. Hong Investment (BVI) Limited ("NS Hong"), Super Investment Limited (Cayman) ("Super Investment"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), Smart Group Limited (Cayman) ("Smart Group"), Protein Trading Limited (Samoa) ("Protein Trading"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), China Fisheries International Limited (Samoa) ("CFIL"), Growing Management Limited (BVI) ("Growing Management"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), CFGL (Singapore) Private Limited ("CFGLPL") and Ocean Expert International Limited (BVI) ("Ocean Expert").

[4] The Debtors in the CF Group are Ocean Expert, CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, and CFGLPL.

12.     In addition to the entities that comprise the Pacific Andes Group, there are a number of affiliates of the Debtors that may be the subject of bankruptcy or insolvency proceedings in courts outside of the United States.

13.     CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable Fishing Resources, S.A.C. are affiliates of the Debtors, part of the CF Group, the subject of insolvency proceedings in Peru and the subject of chapter 15 filings before this Court.

14.     Pacific Andes Resources Development Limited, is also contemplated to be the subject of insolvency proceedings in Singapore and a chapter 15 proceeding before this Court.

15.     The Debtors are comprised primarily of investment holding companies and non-operating companies that previously were in the business of trading frozen seafood products or providing freight service.   The Debtors also include: Protein Trading, a fishmeal trading company; SPSA, which provides shipping agency services; CFGLPL, a property investment company; and CFIL.

16.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### BASIS FOR RELIEF

17.     Joint administration will allow for the efficient and convenient administration of the Debtors' 16 interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

18.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f ... two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates"

as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

19.     Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

20.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g., In re Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re Genco Shipping & Trading Ltd.*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).

21.     Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

22.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.    Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.    Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## NOTICE

23.    Notice of this Motion has been provided to: (a) the Office of the U.S. Trustee for the Southern District of New York, (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis), (c) the Debtors' bank lenders (where sufficient contact information for such bank is available), including the Club Lenders, (d) the indenture trustee for the Debtors' outstanding notes, and (e) counsel for the *ad hoc* committee of noteholders.    The Debtors submit that, in light of the nature of the relief requested, such notice is sufficient and no other or further notice need be given.

## NO PRIOR REQUEST

24.    No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of the proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting the Debtors such other relief as this Court may deem just and proper.

Dated:   New York, New York
         June 30, 2016

                              **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**


                              By:   *Howard Kleinberg*
                                    Howard B. Kleinberg
                                    Edward J. LoBello
                                    Jil Mazer-Marino
                              1350 Broadway, Suite 501
                              New York, NY 10018
                              Phone: (212) 239-4999
                              Email:  hkleinberg@msek.com
                                      elobello@msek.com
                              *Proposed Attorneys for the Debtors and*
                              *Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| CHINA FISHERY GROUP LIMITED (CAYMAN), | Case No. 16 – 11895 (JLG) |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| PACIFIC ANDES INTERNATIONAL HOLDINGS LIMITED (BERMUDA), | Case No. 16 - 11890 (JLG) |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| N.S. HONG INVESTMENTS (BVI) LIMITED, | Case No. 16 - 11899 (JLG) |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SOUTH PACIFIC SHIPPING AGENCY LTD. (BVI), | Case No. 16 – 11924 (JLG) |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| CHINA FISHERIES INTERNATIONAL LIMITED (SAMOA), | Case No. 16 - 11896 (JLG) |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| CFGL (SINGAPORE) PRIVATE LIMITED, | Case No. 16 - 11915 (JLG) |
| Debtor. | |

-------------------------------------------------------------x

------------------------------------------------------------x

In re:                                                  Chapter 11

CHANERY INVESTMENT INC. (BVI),                          Case No. 16 - 11921 (JLG)

                        Debtor.

------------------------------------------------------------x

In re:                                                  Chapter 11

CHAMPION MARITIME LTD (BVI),                            Case No. 16 - 11922 (JLG)

                        Debtor.

------------------------------------------------------------x

In re:                                                  Chapter 11

GROWING MANAGEMENT LIMITED (BVI),                       Case No. 16 - 11919 (JLG)

                        Debtor.

------------------------------------------------------------x

In re:
                                                        Chapter 11
TARGET SHIPPING LIMITED (HONG KONG),
                                                        Case No. 16 - 11920 (JLG)
                        Debtor.

------------------------------------------------------------x

In re:
                                                        Chapter 11
FORTRESS AGENTS LIMITED (BVI),
                                                        Case No. 16 - 11916 (JLG)
                        Debtor.

------------------------------------------------------------x

In re:
                                                        Chapter 11
OCEAN EXPERT INTERNATIONAL
LIMITED (BVI),                                          Case No. 16 - 11917 (JLG)

                        Debtor.

------------------------------------------------------------x

2

------------------------------------------------------------x

In re:                                          Chapter 11

PROTEIN TRADING LIMITED (SAMOA),                Case No. 16 - 11923 (JLG)


                        Debtor.

------------------------------------------------------------x

In re:                                          Chapter 11

CFG PERU INVESTMENTS PTE. LTD.                  Case No. 16 – 11914 (JLG)
(SINGAPORE),

                        Debtor.
------------------------------------------------------------x

In re:
                                                Chapter 11
SMART GROUP LIMITED (CAYMAN),
                                                Case No. 16 - 11910 (JLG)
                        Debtor.

------------------------------------------------------------x

In re:                                          Chapter 11

SUPER INVESTMENT LIMITED (CAYMAN),              Case No. 16 - 11903 (JLG)


                        Debtor.

------------------------------------------------------------x

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, for entry of an order: (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors and their estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

> **IT IS HEREBY ORDERED THAT:**

> 1.    The Motion is granted as set forth herein.

> 2.    The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 16-11895.

> 3.    The caption of the jointly administered cases should read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.*[1] | **Case No.  16 – 11895 (JLG)** |
| | **Jointly Administered** |
| **Debtors.** | |

-------------------------------------------------------------------x

---

[1]   The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion

Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"),
Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean
Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein
Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited
(Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

4.    The foregoing caption satisfies the requirements set forth in section 342(c)(1) of

the Bankruptcy Code.

5.    A docket entry, substantially similar to the following, shall be entered on the

docket of each of the Debtors other than China Fishery Group Limited (Cayman) (Case No. 16-

11895 (JLG) to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure directing the procedural
> consolidation and joint administration of the chapter 11 cases of
> Pacific Andes International Holdings Limited (Bermuda) (Case
> No. 16-11890); N.S. Hong Kong Investments (BVI) Limited (Case
> No. 16-11899); China Fishery Group Limited (Cayman) (Case No.
> 16-11895); South Pacific Shipping Agency Ltd (BVI) (Case No.
> 16-11924); China Fisheries International Limited (Samoa) (Case
> No. 16-11896); CFGL (Singapore) Private Limited (Case No. 16-
> 11915); Chanery Investment Inc. (BVI) (Case No. 16-11921);
> Champion Maritime Ltd. (BVI) (Case No. 16-11922); Growing
> Management Limited (BVI) (Case No. 16-11919); Target Shipping
> Limited (Hong Kong) (Case No. 16-11920); Fortress Agents
> Limited (BVI) (Case No. 16-11916); Ocean Expert International
> Limited (BVI) (Case No. 16-11917); Protein Trading Limited
> (Samoa) (Case No. 16-11923); CFG Peru Investments Pte. Ltd.
> (Singapore) (Case No. 16-11914); Smart Group Limited (Cayman)
> (Case No. 16-11910); and Super Investment Limited (Cayman)
> (Case No. 16-11903).
>
> All further pleadings and other papers shall be filed in and all
> further docket entries shall be made in Case No. 16-11895.

6.    One consolidated docket, one file, and one consolidated service list shall be

maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice

and claims agent retained by the Debtors in these chapter 11 cases.

7.    The Debtors may file their monthly operating reports by the *Operating Guidelines
and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee,

by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor in each monthly operating report.

8.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

11.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    New York, New York
          July ___, 2016


                                        _____
                                        **HONORABLE JAMES L. GARRITY**
                                        **UNITED STATES BANKRUPTCY JUDGE**

6

1125969