Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, NY 10018
Phone: (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazer-marino@msek.com
*Proposed Counsel to the Debtors and Debtors in Possession*

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.*, | Case No. 16-11895 (JLG) |
| Debtors.[1] | **(Joint Administration Pending)** |

---

**MOTION OF DEBTORS PURSUANT TO**
**11 U.S.C. § 105(A) AND FED. R. BANKR. P. 1015(C),**
**2002(M), AND 9007 FOR ENTRY OF AN ADMINISTRATIVE**
**ORDER ESTABLISHING CASE MANAGEMENT PROCEDURES**

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

1

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by their undersigned attorneys Meyer, Suozzi, English & Klein, P.C., respectfully submit their motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rules 1015(c), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), establishing certain case management procedures.

In support of this Motion, the Debtors rely upon the *Declaration of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and In Support of Debtors' First Day Motions and Applications* (the "**First Day Declaration**"),[2] filed contemporaneously herewith and incorporated by reference herein.

## BACKGROUND

1.     On the date hereof, each of the 16 Debtors filed cases under chapter 11, title 11 of the United States Code (the "**Bankruptcy Code**").

2.     The Debtors, along with certain non-Debtor affiliated entities, are part of a business group known as the Pacific Andes Group, which is the twelfth largest seafood company in the world and one of the world's foremost vertically integrated seafood companies. The Pacific Andes Group provides seafood products to leading global wholesalers, processors and food service companies and has operations across the seafood value chain.

3.     As part of its business, the Pacific Andes Group engages in harvesting, sourcing, ocean logistics and transportation, food safety testing, processing, marketing and distribution of frozen fish products, as well as fishmeal and fish oil. The Pacific Andes Group's businesses

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

span the globe with major operations in the People's Republic of China, the United States and

Peru, including processing businesses in China, Germany, France, the United States and Peru.

4.      The China Fishery group of companies (the "**CF Group**")[3], comprises a large part

of the Pacific Andes Group.  The CF Group sources, harvests, onboard-processes and delivers a

high quality catch of mackerel to consumers around the world.  The CF Group is also one of the

leading producers of fishmeal and fish oil through its processing plants located along Peru's

coast.

5.      In addition to the entities that comprise the Pacific Andes Group, there are a

number of affiliates of the Debtors that may be the subject of bankruptcy or insolvency

proceedings in courts outside of the United States.

6.      CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable

Fishing Resources, S.A.C. are affiliates of the Debtors, part of the CF Group, and are the subject

of insolvency proceedings in Peru and chapter 15 filings before this Court.

7.      Pacific Andes Resources Development Limited, is also contemplated to be the

subject of insolvency proceedings in Singapore and a chapter 15 proceeding before this Court.

8.      The Debtors are primarily holding companies as the direct and indirect owners of

the CF Group.  PAIH, a Debtor, provides general and administrative support for the other

Debtors and their affiliates.

9.      The Debtors are operating their businesses and managing their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No

request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and

no committees have been appointed or designated.

---

[3] The Debtors in the CF Group are Ocean Expert, CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, and CFGLPL.

10.    Concurrent with the filing of this Motion, the Debtors filed a motion with the Court pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") seeking joint administration of the Debtors' cases.

11.    Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the First Day Declaration.

## JURISDICTION

12.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2011 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Rules 1015(c), 2002(m), and 9007 of the Bankruptcy Rules.

## RELIEF REQUESTED

13.    The Debtors seek entry of an administrative order establishing the case management procedures (the "**Case Management Procedures**") attached as **Exhibit 1** to the Proposed Order.

14.    The proposed Case Management Procedures will permit the orderly and efficient presentation of issues to the Court while conserving the resources of the Court, the Debtors' estates, and parties in interest.  As set forth more fully in the Proposed Order, the Case Management Procedures, among other things:

    i.    provide standards for service of notices of hearing;

    ii.    establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents, and other papers filed in these chapter 11 cases (collectively, "**Documents**"); and

    iii.    fix periodic omnibus hearing dates and set forth mandatory guidelines for scheduling of hearing and briefing.

15.    The Court has approved in other cases substantively identical procedures to each of the proposed Case Management Procedures, which address only those issues likely to require attention based on the size and scope of these cases.  All provisions of the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York ("**Local Rules**"), and the Court's Chambers' Rules shall apply to these chapter 11 cases except as expressly modified in the Case Management Procedures.

16.    The Debtors submit that the Case Management Procedures will facilitate service of Documents that will be less burdensome and costly than serving such Documents by mail on every potentially interested party.  These procedures will maximize the efficiency of these cases while ensuring that appropriate notice is provided, particularly to those parties who have expressed an interest in these cases and those directly affected by a request for relief.

17.    Many of the potentially interested parties are foreign and located around the world.

18.    The Case Management Procedures are intended to:

    (a)    provide for omnibus hearings for the Court to consider Documents in an orderly and efficient manner;

    (b)    assure prompt receipt of appropriate notice affecting parties' interests;

    (c)    allow for electronic notice pursuant to the Court's electronic filing system;

    (d)    reduce the need for emergency hearings and requests for expedited relief;

    (e)    provide parties in interest an ample opportunity to prepare for and respond to matters before the Court;

    (f)    reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these chapter 11 cases;

    (g)    reduce the administrative burdens on the Court and the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York; and

(h)    foster consensual resolution of important matters.

19.    To ensure that parties in interest in these chapter 11 cases are made aware of the Case Management Procedures, the Debtors propose to:   (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures), and (b) make the Case Management Procedures readily available upon request to any creditor or party-in-interest.   In the event the Case Management Procedures are modified during these chapter 11 cases, the Debtors will file notice of the updated versions of the Case Management Procedures on the docket.

## BASIS FOR RELIEF

20.    The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules provide the Court with authority to approve notice, case management and administrative procedures of the type requested herein.  Specifically, Bankruptcy Rule 1015(c) provides that "[w]hen an order for consolidation of joint administration of a joint case of two or more cases is entered pursuant to this rule … the court may enter orders as may tend to avoid unnecessary costs and delays."  Fed. R. Bankr. P. 1015(c).

21.    Joint administration of the Debtors' cases was requested by motion filed on the filing date.   To minimize unnecessary costs and facilitate the joint administration of the chapter 11 cases, the Debtors seek entry of an order establishing the Case Management Procedures under Bankruptcy Rule 1015(c).

22.    Moreover, Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m).  *See also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these

rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."). The Court also has equitable authority to approve the Case Management Procedures in furtherance of the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a) ("The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

23.    The Debtors submit that approval of the Case Management Procedures will further the interests of notice, disclosure, and efficient operation of the Debtors' jointly administered estates, and therefore is in the best interests of the Debtors and their estates. The nature of the Debtors' chapter 11 cases render the Case Management Procedures appropriate. The Case Management Procedures will, for example, assist the Debtors and the Court with orderly and efficient administration of these chapter 11 cases by authorizing omnibus hearing dates and avoiding the substantial time and expense of scheduling separate hearings on multiple days for each discrete matter. The Case Management Procedures will also assist the Debtors by preserving their resources, thereby benefiting the Debtors and their estates.

## NOTICE

24.    Notice of this Motion has been provided to: (a) the Office of the U.S. Trustee for the Southern District of New York and (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis), (c) the Debtors' bank lenders (where sufficient contact information for such bank is available), including the Club Lenders, (d) the indenture trustee for the Debtors' outstanding notes, and (e) counsel for the ad hoc committee of noteholders. The Debtors submit that, in light of the nature of the relief requested, such notice is sufficient and no other or further notice need be given.

## NO PRIOR REQUEST

25.    No prior motion for the relief requested herein has been made to this or any other

Court.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the

Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such

other and further relief as is just and proper.

Dated:    New York, New York
          June 30, 2016

                                        **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**


                                        **By:**  *Howard Kleinberg*
                                               **Howard B. Kleinberg**
                                               **Edward J. LoBello**
                                               **Jil Mazer-Marino**
                                        **1350 Broadway, Suite 501**
                                        **New York, NY 10018**
                                        **Phone: (212) 239-4999**
                                        **Email:  hkleinberg@msek.com**
                                               **elobello@msek.com**
                                        ***Proposed Attorneys for the Debtors and***
                                        ***Debtors-in-Possession***

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)**, *et al.*,[1] | Case No. 16-11895 (JLG) |
| Debtors. | (Joint Administration Pending) |

---

### ORDER PURSUANT TO 11 U.S.C. § 105(A) AND
### FED. R. BANKR. P. 1015(C), 2002(M), AND 9007
### ESTABLISHING CASE MANAGEMENT PROCEDURES

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession in the above-captioned cases (each a "**Debtor**," and collectively, the "**Debtors**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c), 2002(m), and 9007, for entry of an administrative order establishing certain case management procedures ("**Case Management Procedures**"); this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and no other or further notice being necessary; and objections (if any) to the Motion having been withdrawn or overruled on the merits; and a

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

hearing having been held to consider the relief requested in the Motion and upon the record of

the hearing and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, their creditors and other parties-in-interest; and that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Case Management Procedures attached hereto as <u>Exhibit 1</u> are approved and

shall govern all applicable aspects of the Debtors' chapter 11 cases, except as otherwise ordered

by the Court.

3.      The first three Omnibus Hearing Dates are scheduled on:

_____, 2016 at \_\_\_\_ \_\_\_\_\_.m ET,

_____, 2016 at \_\_\_\_ \_\_\_\_\_.m ET, and

_____, 2016 at \_\_\_\_ \_\_\_\_\_.m ET.

4.      The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

5.      The Debtors shall serve a copy of this Order within five (5) business days after

entry hereof on the Master Service List.

6.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

7.      This Court shall retain jurisdiction with respect to any matters, claims, rights or

disputes arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated:    July ____, 2016
          New York, New York

_____
James L. Garrity
United States Bankruptcy Judge

**<u>EXHIBIT 1</u>**

**<u>Case Management Procedures</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.*,[1] | Case No.  16-11895 (JLG) |
| Debtors. | **(Joint Administration Pending)** |

---

## CASE MANAGEMENT PROCEDURES

In the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of the debtors and debtors-in-possession (each a "**Debtor**," and collectively, the "**Debtors**"), the United States Bankruptcy Court for the Southern District of New York (the "**Court**") has entered an order (the "**Case Management Order**") approving these case management procedures ("**Case Management Procedures**").  The Case Management Procedures shall apply in the Chapter 11 Cases and all adversary proceedings filed in connection therewith ("**Adversary Proceedings**"). All provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and the Court's Chambers' Rules shall apply to the Chapter 11 cases and Adversary Proceedings except as expressly modified herein.

## GENERAL CASE ADMINISTRATION AND PLEADINGS

1.    All documents filed in these Chapter 11 Cases, including, but not limited to, all notices, motions, applications, other requests for relief, and all briefs, memoranda, affidavits,

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

1

declarations, and other documents filed in support of such documents (collectively, "**Pleadings**"), objections or responses to the Pleadings (the "**Objections**"), statements related thereto ("**Statements**"), and replies thereto ("**Replies**," and together with the Pleadings, the Objections and the Statements, the "**Documents**") shall be filed electronically with the Court on the docket of *In re China Fishery Group Limited (Cayman), et al.*, Case No. 16-11895 (the "**Docket**"), pursuant to the Court's General Order M-399 (available at *www.nysb.uscourts.gov/sites/default/files/m399.pdf*), by users of the Court's electronic filing system in searchable portable document format ("**PDF**"), Microsoft Word, or any other Windows-based word processing format. Documents that relate to an Adversary Proceeding shall be filed only on the docket for that adversary proceeding.

2.      A "**Notice of Motion and Hearing**" shall be filed and served concurrently with all Pleadings and shall include the following: (a) the title of the Pleading; (b) the parties upon whom any Objection to the Pleading is required to be served; (c) the date and time of the applicable objection deadline; (d) the date of the hearing at which the Pleading shall be considered by the Court; and (e) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served.

3.      Unless prior permission has been granted, briefs, memoranda of law or motions with embedded argument in support of requests for relief and objections thereto are each limited to twenty-five (25) pages, and briefs or memoranda of law in support of replies are limited to ten (10) pages, exclusive of the table of contents and table of authorities. All Documents shall be double-spaced, 12-point font, with margins of at least one inch. Briefs or memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities.

2

## PARTIES ENTITLED TO AND MANNER OF SERVICE

4.      The Debtors shall maintain a master service list (the "**Master Service List**"),

which shall include the following parties:

(a)      proposed counsel to the Debtors, Meyer, Suozzi, English & Klein, P.C., 1350 Broadway, Suite 501, New York, New York   10018 (Attn: Howard B. Kleinberg (hkleinberg@msek.com) and Edward J. LoBello (elobello@msek.com));

(b)      the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan Golden, Esq.);

(c)      the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis);

(d)      the Debtors' bank lenders (where sufficient contact information for such bank is available), including the Club Lenders;

(e)      the indenture trustee for the Debtors' outstanding notes; and

(f)      counsel for the ad hoc committee of noteholders.[2]

5.      All Documents shall also be served, in the manner described herein, on any

person or entity with a particularized interest in the subject matter of a certain Document (an

"**Affected Party**").

6.      Any party in interest that wishes to receive service of Documents in the

chapter 11 cases and wishes to be added to the Master Service List shall file a notice of

appearance ("**Notice of Appearance**") and request for service of papers in accordance with

Bankruptcy Rules 2002 and 9010(b).  The Notice of Appearance shall include the following:

(a) the requesting party's name and address; (b) the name of the client, if applicable; (c) the

requesting party's telephone number; (d) the requesting party's email address for service by

electronic transmission; (e) the requesting party's address for service by U.S. mail, hand

---

[2] In the event an official statutory committee of unsecured creditors (a "**Committee**") is formed, the Debtors shall substitute counsel to the Committee in lieu of the holders of the 50 largest unsecured creditors.

delivery, and/or reputable delivery service; and (f) the requesting party's facsimile number for service by facsimile.

7.       The Master Service List shall contain addresses, facsimile numbers, and email addresses.  The Debtor shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Master Service List and any updates thereto shall be filed electronically with the Court.  The Debtor shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same.

8.       Notices and Documents filed in connection with an adversary proceeding need be served only on the parties to that Adversary Proceeding, the Debtors, and any other Affected Party.[3]

9.       Service and delivery of all Documents shall be made electronically, other than service of a summons and complaint in an Adversary Proceeding, except that (a) if any individual or entity certifies, in the Notice of Appearance, that such individual or entity does not maintain and cannot practically maintain an email address; or (b) if an email address is not available in the Debtors' Master Service List, then the Documents shall be served upon such individual or entities by U.S. mail, by reputable delivery service, or by facsimile, at the discretion of the party who is serving the relevant Document.  For the avoidance of doubt, the service of all Documents upon the U.S. Trustee must be accomplished by regular mail, overnight mail, facsimile or hand delivery.

10.      Service by email shall be effective as of the date the Document is sent to the email address provided by the party.  If service is made by email, the serving party shall not be

---

[3] In the event a Committee is formed, counsel to the Committee shall also receive notices and Documents filed in any Adversary Proceeding.

required to serve a paper copy of the Documents on interested parties and email service shall satisfy the Court's rules for service.

11.    One hard copy of each Document, including those filed electronically, shall be delivered to chambers at the time of service.

## **SCHEDULING**

12.    The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "**Omnibus Hearings**") at which matters shall be heard.  Upon scheduling, the Debtor shall post the date of the Omnibus Hearings on the docket.  The Court will schedule additional Omnibus Hearings on request of the Debtors.  Any party in interest may contact the Debtors' Counsel for information concerning all scheduled Omnibus Hearings.

13.    Unless otherwise ordered by the Court for good cause shown, all matters will be heard initially at these Omnibus Hearings; provided, however, approval of a disclosure statement, confirmation of a plan, evidentiary hearings or trials, or any other Pleading filed by the Debtors may be scheduled on a non-Omnibus Hearing date with prior permission from the Court.

14.    If a document is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the applicable notice period has expired, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the such inconsistent filing.

15.    The Case Management Procedures are without prejudice to the right of any party in interest to seek the scheduling of a matter on an expedited or emergency basis.  Any party making a request for such scheduling shall first attempt to reach agreement with attorneys for the Debtors

and the Affected Parties as to the need for an expedited hearing.  All requests for expedited relief shall comply with the Bankruptcy Rules and the Local Bankruptcy Rules.

16.     If a Pleading seeks relief of a kind described in Bankruptcy Rule 2002(a) or (b), the hearing to consider such request for relief shall be set in accordance with the time period set forth in Bankruptcy Rules 2002(a) and (b) and 9006.  For all other requests for relief, with the exception of requests for relief filed pursuant to the Presentment Procedures (as hereinafter defined), requests for relief shall not be considered unless filed and served at least fourteen (14) calendar days before the next applicable Omnibus Hearing date; provided that if the Document is served by regular U.S. mail only, the request for relief must be filed and served at least seventeen (17) calendar days before the next applicable hearing; and provided further that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rule 9006(b) and (c).

17.     A party may settle or present a proposed order for approval by the Court in accordance with Local Bankruptcy Rule 9074-1; provided that the presentment of a proposed order pursuant to Local Bankruptcy Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least ten (10) calendar days before the presentment date (the "**Presentment Procedures**").

18.     The deadline to file an Objection (the "**Objection Deadline**") to any Pleading shall be (a) no later than 4:00 p.m. Eastern Time at least seven (7) calendar days before the applicable hearing date or (b) any date otherwise ordered by the Court.  The Objection Deadline may be extended with the consent of the movant or applicant.  If such an extension has been agreed upon, the parties shall provide notice of the extension to the Court.

19.     The deadline to file a Reply (the "**Reply Deadline**") in support of any Pleading shall be (a) no later than 4:00 p.m. Eastern Time two (2) business days before the applicable hearing date or (b) any date otherwise ordered by the Court.

20.     If any Pleading is adjourned in accordance with the Case Management Procedures or the Court's Chambers' Rules, the Objection Deadline with respect thereto shall be extended to 4:00 p.m. Eastern Time on the date that is seven (7) calendar days prior to the applicable hearing date and the Reply Deadline shall be at least two (2) business days prior to the applicable hearing date.

### HEARING PROCEDURES AND TELEPHONIC APPEARANCES

21.     By noon Eastern Time two (2) business days prior to any scheduled hearing, the Debtors shall file with the Court an agenda for the hearing (the "**Agenda**") and shall serve such agenda in accordance with the Case Management Procedures; provided, however, that an Agenda shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

22.     The Agenda shall include, to the extent known by the Debtors:  (a) the docket number and title of each matter scheduled to be heard at the hearing, including the initial Pleading and any Objections, Replies, or other Documents related thereto; (b) whether the matter is contested or uncontested; (c) whether the matter has been settled or is proposed to be continued; and (d) other comments that will assist the Court; provided that the matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings such as Notices of Appearance and affidavits of service.

23.     Parties may, by consent, agree to adjourn matters from a scheduled Omnibus Hearing to a new hearing date, provided that adjournments under the following circumstances are not permitted without the prior approval of the Court:  (a) adjournments agreed to after the

time when the Agenda is due; (b) adjournments longer than thirty (30) days; or (c) adjournments that have been preceded by two or more prior adjournments.  The relevant Agenda may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

24.    A party who wishes to participate via a live telephone line must notify the Debtors and must request permission from the Court at least forty-eight (48) hours prior to the scheduled hearing.  A party who wishes to participate via a listen-only telephone line need not request permission from the Court and need only provide such advance notice as is required by Court Call procedures.

25.    If a party is permitted to participate telephonically, the party must arrange such telephonic participation with Court Call, adhering to the Case Management Procedures for telephonic participation as well as those procedures required by the Court.

26.    The initial hearing on all Pleadings will be a non-evidentiary hearing, unless (i) the motion is of a type specified in Local Bankruptcy Rule 9014-2(c), (d), or (e); or (ii) the Court otherwise directs in advance of the hearing.

### DISCOVERY

27.    Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation.

28.    Parties are required in the first instance to attempt to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers.  The Court will make itself available for such calls, but such calls will not be scheduled unless and until the parties have first tried and failed to resolve the disputed matters themselves.  Unless otherwise ordered by the Court, no motion with respect to a

discovery or due diligence dispute may be filed unless the parties have first conferred in good

faith to resolve it and also sought to resolve the matter by conference call with the Court.

## OTHER CASE MANAGEMENT PROCEDURES

29.     Nothing in the Case Management Procedures shall prejudice the rights of any

party in interest to seek an amendment or waiver of the provisions of the Case Management

Procedures upon a showing of good cause.

30.     The Debtors may seek to amend or supplement the Case Management Procedures

from time to time during the Chapter 11 Cases.

1125965