Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, NY 10018
Phone: (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

In re:

**CHINA FISHERY GROUP LIMITED
(CAYMAN), et al.,**

Debtors.[1]

---

Chapter 11

Case No. 16-11895 (JLG)

(Joint Administration Pending)

## DEBTORS' MOTION FOR AN ORDER ENFORCING
## SECTIONS 362, 365(e)(1) AND 525 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by

their undersigned attorneys Meyer, Suozzi, English & Klein, P.C., respectfully submit their

motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit

A (the "**Proposed Order**"), enforcing and restating the automatic stay, *ipso facto* and anti-

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

1

discrimination provisions under sections 362, 365(e)(1) and 525 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

In support of this Motion, the Debtors rely upon the *Declaration of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and In Support of Debtors' First Day Motions and Applications* (the "**First Day Declaration**"),[2] filed contemporaneously herewith and incorporated by reference herein.

## BACKGROUND

1.       On the date hereof, each of the 16 Debtors filed cases under chapter 11, title 11 of the United States Code (the "**Bankruptcy Code**").

2.       The Debtors, along with certain non-Debtor affiliated entities, are part of a business group known as the Pacific Andes Group, which is the twelfth largest seafood company in the world and one of the world's foremost vertically integrated seafood companies.  The Pacific Andes Group provides seafood products to leading global wholesalers, processors and food service companies and has operations across the seafood value chain.

3.       As part of its business, the Pacific Andes Group engages in harvesting, sourcing, ocean logistics and transportation, food safety testing, processing, marketing and distribution of frozen fish products, as well as fishmeal and fish oil.  The Pacific Andes Group's businesses span the globe with major operations in the People's Republic of China, the United States and Peru, including processing businesses in China, Germany, France, the United States and Peru.

4.       The China Fishery group of companies (the "**CF Group**")[3], comprises a large part of the Pacific Andes Group.  The CF Group sources, harvests, onboard-processes and delivers a

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

[3] The Debtors in the CF Group are Ocean Expert, CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, and CFGLPL.

high quality catch of mackerel to consumers around the world.  The CF Group is also one of the leading producers of fishmeal and fish oil through its processing plants located along Peru's coast.

5.      In addition to the entities that comprise the Pacific Andes Group, there are a number of affiliates of the Debtors that may be the subject of bankruptcy or insolvency proceedings in courts outside of the United States.

6.      CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable Fishing Resources, S.A.C. are affiliates of the Debtors, part of the CF Group, and are the subject of insolvency proceedings in Peru and the subject of chapter 15 filings before this Court.  Pacific Andes Resources Development Limited, is also contemplated to be the subject of insolvency proceedings in Singapore and  a chapter 15 proceeding before this Court.

7.      The Debtors are primarily holding companies as the direct and indirect owners of the CF Group.  PAIH, a Debtor, provides general and administrative support for the other Debtors and their affiliates.

8.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

9.      Each Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors filed a motion with the Court pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") seeking joint

administration of the Debtors' cases.  No creditors' committee, trustee, or examiner has been

appointed in these chapter 11 cases.

10.    Additional factual background relating to the Debtors' businesses and the

commencement of these chapter 11 cases is set forth in detail in the First Day Declaration.

## JURISDICTION

11.    The Court has jurisdiction to consider this matter pursuant to U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested

herein are sections 105(a), 362, 365(e)(1) and 525 of the Bankruptcy Code.

## RELIEF REQUESTED

12.    By this Motion, the Debtors request the entry of the Proposed Order enforcing and

restating the automatic stay, *ipso facto* and anti-discrimination provisions of the Bankruptcy

Code.

## BASIS FOR RELIEF

13.    The Debtors' financial and trade creditors, contract counterparties and other

parties in interest are primarily located in various countries outside of the United States.  These

creditors may not be well versed in the protections and restrictions of the Bankruptcy Code.

14.    Some of these creditors do not transact business on a regular basis with

companies that have filed for chapter 11, or are unfamiliar with the scope of a debtor-in-

possession's authority to conduct its business.  These creditors may be unfamiliar with the

operation of the automatic stay and other provisions of the Bankruptcy Code.

15.    Accordingly, the Debtors submit that such circumstances warrant an order

apprising parties—especially non-U.S. customers, creditors and vendors—of sections 362,

365(e)(1) and 525 and the protections provided thereby.

16.     The filing of these chapter 11 cases triggered an automatic stay under section 362 of the Bankruptcy Code that enjoins all persons and all governmental units from, among other things: (i) commencing or continuing a judicial, administrative or other proceeding against any of the Debtors that was or could have been commenced before these chapter 11 cases were filed or recovering upon a claim against any of the Debtors that arose before the commencement of these chapter 11 cases and (ii) taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of these chapter 11 cases. *See 11 U.S.C. § 362.*

17.     Section 365(e)(1) of the Bankruptcy Code prohibits all parties to executory contracts or unexpired leases with the Debtors from, among other things, terminating or modifying such contract, lease, or any right or obligation under such contract or lease, at any time after the commencement of these chapter 11 cases solely because of a provision in such contract or lease that is conditioned on: (a) the insolvency or financial condition of the Debtors at any time before the closing of these chapter 11 cases, (b) the commencement of these chapter 11 cases or (c) the appointment of a trustee. *See 11 U.S.C. § 365(e)(1).*

18.     Finally, section 525 of the Bankruptcy Code prohibits and enjoins governmental units, with certain limited exceptions not applicable to these chapter 11 cases, from, among other things, denying, revoking, suspending or refusing to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant on, or discriminate with respect to such a grant against, the Debtors solely because the Debtors: (a) are debtors under the Bankruptcy Code, (b) may have been insolvent before the commencement of these chapter 11 cases or (c) may be insolvent during the pendency of these chapter 11 cases. *See 11 U .S.C. § 525.*

19.    The injunctions contained in sections 362, 365(e)(1) and 525 of the Bankruptcy Code are self-executing.  They constitute fundamental debtor protections which, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the essential "breathing spell" necessary to enable the Debtors' smooth and orderly transition into chapter 11.  *See, e.g.,* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977); *Shugrue v. Air Line Pilots Ass 'n, Int'l (In re Ionosphere Clubs, Inc.),* 922 F.2d 984, 989 (2d Cir. 1990) (citations omitted); *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.,* 945 F. Supp. 603, 608 (S.D.N.Y. 1996) ("[Section] 362 is meant to give 'the debtor a breathing spell from his creditors [and permit] the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.") (citations omitted).

20.    The protections in these provisions extend to protect a debtor's property and contracts wherever they are located and by whomever held.  *See SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Made Inv. Secs. LLC),* 474 B.R. 76, 84 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Nakash v. Zur (In re Nakash),* 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("[B]ased upon the applicable Code sections [and] other indicia of congressional intent, … the automatic stay applies extraterritorially."); *In re McLean Indus.,* 74 B.R. 589, 601 (Bankr. S.D.N.Y. 1987) ("The automatic stay applies extraterritorially.").  Accordingly, any actions by third parties to modify or terminate contracts or enforce their terms against the Debtors are prohibited absent court approval.  *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from … enforcing the contract terms" of an executory contract prior to the assumption by the debtor); *U.S. Postal Serv. v. Dewey Freight Sys., Inc.,* 31 F.3d 620, 624

(8th Cir. 1994) ("After a debtor commences a Chapter 11 proceeding, but before executory contracts are assumed or rejected under § 365(a), those contracts remain in existence, *enforceable by the debtor but not against the debtor."*) (emphasis in original).  Thus, a third party must continue to perform under an executory contract until it is assumed or rejected.

21.    Notwithstanding the fundamental, self-executing and global nature of these statutory protections, not all parties affected or potentially affected by the commencement of a chapter 11 case may be aware of their existence.  Nor are all parties cognizant of their significance and impact.  Debtors in bankruptcy often must advise third parties of the existence and effect of sections 362, 365(e)(1) and 525 of the Bankruptcy Code.  Occasionally, a chapter 11 debtor has to initiate adversary proceedings in the bankruptcy court to enforce these protections.  To avoid such unnecessary actions, and to provide notice to parties unfamiliar with the Bankruptcy Code of the scope and effect of the section 362 automatic stay, the section 365(e)(1) prohibition against *ipso facto* clauses and the section 525 anti-discrimination provision, the Debtors respectfully request the Court enter the Proposed Order embodying and restating those provisions.

22.    Such an order is particularly appropriate here.  The Debtors conduct business with parties in jurisdictions worldwide, many of whom are unfamiliar with the U.S. bankruptcy process and the protections afforded to debtors.  In addition, the Debtors are subject to the rules and regulations of numerous governmental authorities, including those in foreign jurisdictions, that may not be familiar with United States bankruptcy law and that, absent such an order, may take precipitous action against the Debtors or their property.

23.     The Proposed Order, by restating the safeguards which sections 362, 365(e)(1) and 525 of the Bankruptcy Code would help protect the Debtors from unwitting violations of these crucial provisions.  The granting of the relief requested will help ensure that the non-debtor parties to unexpired leases and executory contracts with the Debtors will continue to perform and will not unilaterally terminate their contracts, creditors do not seize the Debtors' assets, impose liens or take any other action in violation of the automatic stay and (iii) foreign governmental authorities do not deny, revoke or suspend any licenses or permits solely because the Debtors are in chapter 11.  It would also spare the Debtors from the burden of commencing adversary proceedings to enforce the protections automatically provided by the Bankruptcy Code.  Consequently, such order will assist the Debtors in effecting a prompt and orderly reorganization.

24.     The Court has the authority to grant the requested relief pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, especially in cases having international implications.  Section 105(a) provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  The purpose of section 105(a) is "to assure the bankruptcy courts' power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."  2 *COLLIER ON BANKRUPTCY* ¶ 105.01 at 105-06 (15th ed. Rev. 2008).  Such power conforms to the bankruptcy courts' inherent equitable authority.  *See, e.g., United States v. Energy Res. Co.,* 495 U.S. 545, 549 (1990).  In fact, courts have noted that "[t]he power of the Court to stay actions against Non-Debtors, pursuant to section 105(a), is clear." *In re Philadelphia Newspapers, LLC,* 407 B.R. 606, 616 (E.D. Pa. 2009).  The relief requested herein is both necessary and appropriate to allow the Debtors to successfully

administer these chapter 11 cases, to optimize their post-petition business performance and to maximize the value of their estates.

25.     Relief similar to that requested herein has previously been granted by courts in this and other districts in large chapter 11 cases.  *See, e.g., In re Global Maritime Investments Cyprus Limited, et al.,* Case No. 15-12552 (SMB) (Bankr. S.D.N.Y. Sept. 21, 2015); *In re Nautilus Holdings Limited, et al.,* Case No. 14-22885 (RDD) (Bankr. June 25, 2014); *In re Excel Maritime Carriers Ltd., et al.,* Case No. 13-23060 (RDD) (July 3, 2013).

## NOTICE

26.     No creditors' committee, trustee, or examiner has been appointed in these chapter 11 cases.

27.     Notice of this Motion has been provided to:  (a) the Office of the U.S. Trustee for the Southern District of New York and (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis), (c) the Debtors' bank lenders (where sufficient contact information for such bank is available), including the Club Lenders, (d) the indenture trustee for the Debtors' outstanding notes, and (e) counsel for the ad hoc committee of noteholders.  The Debtors submit that, in light of the nature of the relief requested, such notice is sufficient and no other or further notice need be given.

## NO PRIOR REQUEST

28.     No prior motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated:   New York, New York
         June 30, 2016

                         **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

                         By:   *Howard Kleinberg*
                               **Howard B. Kleinberg**
                               **Edward J. LoBello**
                               **Jil Mazer-Marino**
                               **1350 Broadway, Suite 501**
                               **New York, NY 10018**
                               **Phone: (212) 239-4999**
                               **Email:  hkleinberg@msek.com**
                               **        elobello@msek.com**

                               *Proposed Attorneys for the Debtors and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,*[1] | Case No. 16-11895 (JLG) |
| | **Joint Administration Pending** |
| Debtors. | |

# ORDER ENFORCING SECTIONS
## 362, 365 AND 525 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors"), for entry of an order (this "Order") enforcing and restating the automatic stay, *ipso facto* and anti-discrimination provisions under sections 362, 365(e)(1) and 525 of the Bankruptcy Code; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are stayed, restrained and enjoined from:

    a.       commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been initiated before the Debtors' chapter 11 cases commenced;

    b.       enforcing, against the Debtors or their estates, a judgment obtained before the commencement of these chapter 11 cases;

    c.       collecting, assessing, or recovering a claim against the Debtors that arose before the commencement of these chapter 11 cases;

    d.       taking any action to obtain possession of property of the estates or of property from the estates or to exercise control over property of the Debtors' estates;

    e.       taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

    f.       taking any action to create, perfect or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of these chapter 11 cases; and

g.  offsetting any debt owing to the Debtors that arose before the commencement of these chapter 11 cases against any claim against the Debtors.

3.  All persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained and enjoined from in any way seizing, attaching, foreclosing upon, levying against, or in any other way interfering with any and all property of the Debtors or the Debtors' estates, wherever located.

4.  Pursuant to section 365(e)(1) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of these chapter 11 cases solely because of a provision in such contract or lease that is conditioned on:

a.  the insolvency or financial condition of the debtor at any time before the closing of these chapter 11 cases;

b.  the commencement of these chapter 11 cases; or

c.  the appointment of a trustee in these chapter 11 cases.

5.  This Order shall not affect (i) the substantive rights of any party or the availability of any of the exceptions contained in sections 362(b) and 365(e)(1) of the Bankruptcy Code or (ii) the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

6.  Pursuant to section 525 of the Bankruptcy Code, all foreign and domestic governmental units are prohibited and enjoined from (i) denying, revoking, suspending, or

refusing to renew any license, permit, charter, franchise, or other similar grant to, (ii) placing conditions upon such a grant to or (iii) discriminating against any of the Debtors (or another person with whom the Debtors have been associated) solely because any of the Debtors is a debtor under the Bankruptcy Code, or may have been insolvent before or during these chapter 11 cases.

7.    The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8.    The requirements set forth in Local Rule 9013-1(b) are satisfied.

9.    This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy 6004(h) or otherwise.

10.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated:   New York, New York
         July ___, 2016

_____
**JAMES L. GARRITY**
**UNITED STATES BANKRUPTCY JUDGE**

4

1125920