**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
(212) 839-5300 (tel.)
(212) 839-5599 (fax)
Lee S. Attanasio
Andrew P. Propps

**SIDLEY AUSTIN LLP**
Woolgate Exchange
25 Basinghall Street
London EC2V 5HA
+44 20 7360 3600 (tel.)
+44 20 7626 7937 (fax)
Patrick H. M. Corr
Alice Morgan

*Counsel for Bank of America N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                          :
                                                                :       Chapter 11
**CHINA FISHERY GROUP LIMITED (CAYMAN),**  :
                                                                :       Case No. 16-11895 (JLG)
                                        Debtor.                :
                                                                :       (Joint Administration Pending)
                                                                :
---------------------------------------------------------------- x
In re:                                                          :
                                                                :       Chapter 11
**PACIFIC ANDES INTERNATIONAL**            :
**HOLDINGS LIMTED (BERMUDA),**              :       Case No. 16-11890 (JLG)
                                                                :
                                        Debtor.                :       (Joint Administration Pending)
                                                                :
---------------------------------------------------------------- x
In re:                                                          :
                                                                :       Chapter 11
**N.S. HONG INVESTMENTS (BVI) LIMITED,**   :
                                                                :       Case No. 16-11899 (JLG)
                                        Debtor.                :
                                                                :       (Joint Administration Pending)
                                                                :
---------------------------------------------------------------- x

```
------------------------------------------------------------ x
In re:                                                       :
                                                             :      Chapter 11
SOUTH PACIFIC SHIPPING AGENCY LTD.                           :
(BVI),                                                       :      Case No. 16-11924 (JLG)
                                                             :
                 Debtor.                                     :      (Joint Administration Pending)
                                                             :
------------------------------------------------------------ x
In re:                                                       :
                                                             :      Chapter 11
CHINA FISHERIES INTERNATIONAL LIMITED                        :
(SAMOA),                                                     :      Case No. 16-11896 (JLG)
                                                             :
                 Debtor.                                     :      (Joint Administration Pending)
                                                             :
------------------------------------------------------------ x
In re:                                                       :
                                                             :      Chapter 11
CFGL (SINGAPORE) PRIVATE LIMITED,                            :
                                                             :      Case No. 16-11915 (JLG)
                 Debtor.                                     :
                                                             :      (Joint Administration Pending)
                                                             :
------------------------------------------------------------ x
In re:                                                       :
                                                             :      Chapter 11
CHANERY INVESTMENT INC. (BVI),                               :
                                                             :      Case No. 16-11921 (JLG)
                 Debtor.                                     :
                                                             :      (Joint Administration Pending)
                                                             :
------------------------------------------------------------ x
In re:                                                       :
                                                             :      Chapter 11
CHAMPION MARITIME LTD (BVI),                                 :
                                                             :      Case No. 16-11922 (JLG)
                 Debtor.                                     :
                                                             :      (Joint Administration Pending)
                                                             :
------------------------------------------------------------ x
```

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| **GROWING MANAGEMENT LIMITED (BVI),** | : | |
| | : | Case No. 16-11919 (JLG) |
| Debtor. | : | |
| | : | (Joint Administration Pending) |

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| **TARGET SHIPPING LIMITED (HONG KONG),** | : | |
| | : | Case No. 16-11920 (JLG) |
| Debtor. | : | |
| | : | (Joint Administration Pending) |

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| **FORTRESS AGENTS LIMITED (BVI),** | : | |
| | : | Case No. 16-11916 (JLG) |
| Debtor. | : | |
| | : | (Joint Administration Pending) |

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| **OCEAN EXPERT INTERNATIONAL LIMITED (BVI),** | : | |
| | : | Case No. 16-11917 (JLG) |
| Debtor. | : | (Joint Administration Pending) |

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| **PROTEIN TRADING LIMITED (SAMOA),** | : | |
| | : | Case No. 16-11923 (JLG) |
| Debtor. | : | |
| | : | (Joint Administration Pending) |

```
------------------------------------------------------------- x
In re:                                                        :
                                                              :     Chapter 11
CFG PERU INVESTMENTS PTE. LTD.                                :
(SINGAPORE),                                                  :     Case No. 16-11914 (JLG)
                                                              :
                              Debtor.                         :     (Joint Administration Pending)
                                                              :
------------------------------------------------------------- x
In re:                                                        :
                                                              :
                                                              :     Chapter 11
SMART GROUP LIMITED (CAYMAN),                                 :
                                                              :     Case No. 16-11910 (JLG)
                              Debtor.                         :
                                                              :     (Joint Administration Pending)
                                                              :
------------------------------------------------------------- x
In re:                                                        :
                                                              :     Chapter 11
SUPER INVESTMENT LIMITED (CAYMAN),                            :
                                                              :     Case No. 16-11903 (JLG)
                              Debtor.                         :
                                                              :     (Joint Administration Pending)
                                                              :
------------------------------------------------------------- x
```

**JOINDER TO THE CLUB LENDER PARTIES' STATEMENT,
LIMITED OBJECTION AND RESERVATION OF RIGHTS, AND
RESERVATION OF RIGHTS, OF BANK OF AMERICA, N.A.**

Bank of America, N.A. ("BoA"), by and through its undersigned counsel, hereby files this Joinder to the Club Lender Parties' Statement, Limited Objection and Reservation of Rights, and Reservation of Rights [Case No. 16-11895 (JLG), ECF No. 13] (the "Club Lender Parties' Statement"). In support hereof, BoA respectfully represents:

**PRELIMINARY STATEMENT**

1. The bankruptcy filings of the debtors in these chapter 11 cases (the "Debtors" and, along with CFG Investment S.A.C. ("CFGI"), Sustainable Fishing Resources S.A.C. ("SFR"), and Corporacion Pesquera Inca S.A.C ("Copeinca"), the "CF Group Debtors") reflect

the CF Group Debtors' disregard for the bankruptcy process, for this Court and other courts around the world, and for their creditors.

2.      If they meet the eligibility requirements under section 109 of title 11 of the United States Code (the "Bankruptcy Code"), and it is far from clear that they do, the CF Group Debtors do so by the skin of their teeth.  Further, the minimalist filings made on June 30, 2016 (the "Petition Date") have been supplemented with nothing more than corrective materials in the eight days that have followed.  As such, the Debtors, who purport to seek to use the Bankruptcy Code to provide them with a "breathing spell" so as to be able to reorganize and put the CF Group Debtors back into profitability, have given this Court and their creditors no indication whatsoever of what they intend to accomplish, or how – or even how they will survive the first 30 days of the case without falling into administrative insolvency.  Full disclosure is key to the bankruptcy process and to the Debtors' being able to obtain the benefits of the automatic stay, and thus far they have demonstrated no intention of giving anything approaching full disclosure – instead, filing the Debtors' Motion for an Order Extending Time to File Lists, Schedules and Statements and Waiving Certain Requirements [Case No. 16-11895 (JLG), ECF No. 4] (the "Schedules Extension Motion") designed to delay the provision of required information.

3.      The CF Group Debtors also appear to be using the bankruptcy process to avoid both an order of the Grand Court of the Cayman Islands (the "Cayman Court") – by which the Cayman Court dismissed a previously-filed winding up proceeding on the basis of China Fisheries International Limited's ("CFIL") and China Fishery Group Limited's ("CFGL") representations and promises in the CF Group Deed of Undertaking (as defined in the Club Lender Parties' Statement) – and any real effort to reorganize or sell the Peruvian Business (as defined in the Club Lender Parties' Statement), by placing CFGI, SFR, and Copeinca, the entities

2

that operate the Peruvian Business (the "Peruvian Opcos"), in an insolvency process in Peru, which itself has no stated purpose given that bids already had been received for the Peruvian Business sufficient to pay the creditors of CFGL and its subsidiaries (the "CF Group") in full. Instead, the Peruvian filings have resulted in the loss of independent oversight that had been provided by GT and the CRO (each as defined below), and may have put at risk those valuable bids. Indeed, it seems clear that the exclusion of the Peruvian Opcos from the chapter 11 filings – the Peruvian Opcos alternatively could have been joined to the filings in this Court – is clearly intended to ensure that those entities will not be subject to the oversight of the US Bankruptcy Court. As such, the value of the CF Group – the only asset around which these Debtors can reorganize – is tied up, standing in the way of any reorganization in these chapter 11 cases.

4.      Full disclosure of what it is the Debtors hope to accomplish and how and when they hope to achieve it must be disclosed as a matter of urgency and appropriate orders considered to ensure that creditors' rights are not prejudiced, particularly as a result of any steps proposed or taken in the Peruvian proceedings.

## BACKGROUND

5.      BoA is a creditor of CFIL and South Pacific Shipping Agency Limited ("SPSA") (together the "Obligors") under a US$35 million facility letter dated August 26, 2014 (the "CF Facility Letter"). Together, the Obligors owe, on a joint and several basis, the principal sum of US$27,885,960.59, plus accrued interest and fees and expenses (including legal fees). The amounts outstanding to BoA under the CF Facility Letter are guaranteed by CFGL.

6.      A demand letter for such amounts was sent to the Obligors on November 23, 2015. As no payment was forthcoming from the Obligors, a demand letter was sent to CFGL on November 24, 2015 in respect of the same outstanding amounts. No payments have been made

3

to BoA by either the Obligors or CFGL pursuant to the demand letters relating to the CF Facility Letter.

7. BoA also is the lender under a separate US$15 million facility letter dated August 26, 2014 between, among others, Pacific Andes Enterprises (BVI) Limited ("PAE") and BoA (the "PAE Facility Letter"). BoA is owed the principal sum of US$14,853,576.41, plus accrued interest and fees and expenses (including legal fees) under the PAE Facility Letter. The amounts outstanding to BoA under this facility are guaranteed by Pacific Andes Resources Development Limited ("PARD"), a limited company incorporated in Bermuda.

8. A demand letter for such amounts was sent to PAE on November 23, 2015. As no payment was forthcoming from PAE, a demand letter was sent to PARD on November 24, 2015 in respect of the same outstanding amounts. No payments have been made to BoA by either PAE or PARD pursuant to the demand letters relating to the PAE Facility Letter.

9. The majority shareholder of PARD, Pacific Andes International Holdings Limited ("PAIH") and the direct parent company of PAIH, N.S. Hong Investment (BVI) Limited ("NS Hong"), are among the Debtors who have filed chapter 11 petitions in this Court. In addition, a number of the other Debtors, including CFGL, CFIL and SPSA are indirect subsidiaries of PARD. Neither PARD nor PAE have filed petitions for bankruptcy in the United States, although on the Petition Date, PARD sought relief in the Republic of Singapore for itself (and requested that its moratorium be extended to PAE).

10. In addition, as described in the Club Lender Parties' Statement (¶¶ 1-2), the Peruvian Opcos commenced insolvency proceedings on the Petition Date in Peru through collusion with local creditors and filed chapter 15 petitions in this Court on the same day.

4

11. As explained in the Club Lender Parties' Statement (¶ 4), these chapter 11 cases follow prior Cayman insolvency proceedings instituted by HSBC, which resulted in the CF Group Deed of Undertaking, a court-approved document CFGL and CFIL have violated in multiple respects. The CF Group Deed of Undertaking was entered into in exchange for HSBC agreeing not to appeal the vacating of the provisional liquidators who were appointed by the High Court of the Hong Kong Special Administrative Region (the "Hong Kong Court") and to seek an order terminating of the Cayman provisional liquidators (the "JPLs"). Under the CF Group Deed of Undertaking, CFGL and CFIL undertook, among other things, (i) to appoint Mr. Paul Brough as the Chief Restructuring Officer ("CRO") of CFGL, (ii) to engage Grant Thornton Recovery & Reorganisation Limited ("GT") as independent monitoring accountants, and (iii) the full repayment of all amounts owed to BoA, the Club Lenders and the Bondholders by the CF Group by the Repayment Date, defined in the CF Group Deed of Undertaking as July 20, 2016 (although the CF Group Deed of Undertaking also provides that it will terminate on the earliest of, among other criteria, (i) the date on which all amounts owed to BoA, the Club Lenders and the Bondholders by the CF Group are paid in full or (ii) July 15, 2016 or such later date as HSBC and BoA may agree in writing). Put simply, the Deed of Undertaking reflected the CF Group's agreements to ensure independent oversight and to a sale process that would pay off the CF Group creditors in full.

12. While GT was appointed as independent monitoring accountant in respect of CFGL and its subsidiaries on January 20, 2016 and Mr. Paul Brough was appointed as CRO and director of CFGL on January 21, 2016, following the Debtors' filing for chapter 11, the CRO resigned and GT's engagement was terminated. Both of these actions are contrary to the

5

undertakings given in the CF Group Deed of Undertaking, undertakings that were given not only to HSBC but also to BoA, the Hong Kong Court and the Cayman Court.

13. The importance of oversight here is not merely theoretical. In addition to the transactions noted in the Club Lender Parties' Statement, at ¶ 3, reports produced by GT identify disturbing financial transactions, including (i) substantial prepayments made to certain suppliers at the CFGL Group level for commercial reasons which remain unclear and which repayments are unlikely to be repaid in full, if at all, and (ii) enormous intercompany transactions that do not appear typical of a business of this nature and further are not fully identified or explained in the Debtors' filings.  Other independent reviews, including by PriceWaterhouseCooper ("PwC"), which was appointed as independent reporting accountants to the lender group in respect of PAIH and PARD, have raised similar issues.  Regarding the sale process, the Debtors acknowledge in the CF Group Deed of Undertaking, Recital E, that "[a]ll parties agree that a sale of the Peruvian business and/or assets ("Peruvian Business") of CFGL and its subsidiaries ("CF Group") must now be pursued in order to address CF Group's financial issues." The CF Group Deed of Undertaking was executed in part on the basis of representations from the CF Group that a sale of the Peruvian Business could be concluded on an expedited basis since the group had received two Memoranda of Understanding ("MoUs") after the appointment of the JPLs. The MoUs ascribed an enterprise value of US$1.7 billion to the Peruvian Business, which is in line with the estimated market value placed on the CF Group by Deloitte of US$1.6 to US$1.7 billion. *See* Declaration of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and in Support of Debtors' First Day Motions and

6

Applications, dated June 30, 2016 [Case No. 16-11895 (JLG), ECF No. 2] (the "Ng Declaration") ¶ 113.[1]

15. Upon execution of the CF Group Deed of Undertaking and the appointment of the CRO, a formal sales process commenced under the supervision of the CRO and CITIC-CLSA, which was engaged specifically with an M&A mandate (although BoA understands the engagement was terminated following the Debtors' filing for chapter 11). As noted in the Club Lenders Parties' Statement, in April 2016, an information memorandum for the sale of the Peruvian Business was sent to target purchasers. Several non-binding indicative bids for the Peruvian Business were received, more than half of which were considered to be worth progressing to phase 2 of the sales process, which involved those bidders having access to a data room to conduct due diligence. On June 8, 2016 GT reported to the Club Lenders and BoA that it understood that certain of the offers that had been received at that time would, if concluded as presented, have been sufficient to repay all of the debt owed by the CF Group.

15. Immediately prior to the commencement of the chapter 11 cases, at a meeting held in Hong Kong on June 30, 2016, PwC and the CRO of PARD informed BoA and the Club Lenders (as defined in the Club Lender Parties' Statement) that they wished to put forward an alternative restructuring proposal on behalf of management, evidence that despite the bidder interest, there was no commitment to the sales process from the ultimate shareholders of the group. The filing of these chapter 11 cases followed immediately on the heels of a series of meetings held on June 30, 2016, including that unsuccessful meeting.

---

[1] Mr. Ng swore to the High Court of the Republic of Singapore (in support of the application of PARD for a moratorium) that the appointment of the JPLs was seen as an opportunity to "*obtain the Peruvian Business in a 'fire-sale' for the lowest price possible*." Affidavit of Ng Puay Yee, dated June 30, 2016 ¶ 68 (emphasis added). As shown by the value in the MoUs delivered after appointment of the JPLs, these statements could not be further from the truth.

7

**JOINDER**

16. BoA incorporates the arguments in the Club Lender Parties' Statement. Specifically, BoA has meaningful concerns about the agreed, and court-ordered, sale process, given the CF Group Debtors' parking of the Peruvian Opcos in a non-transparent Peruvian process, when those entities could have been filed as chapter 11 debtors just like the remainder of the CF Group Debtors, and about the elimination of all independent fiduciary oversight that had been negotiated with creditors.

17. In these proceedings, the Debtors have failed to file a single substantive motion (including a cash management motion or a DIP financing motion), and the one substantive filing the Debtors did make belies any opportunity that they may claim to have to be able to survive the next month, much less actually to reorganize.

18. In the Ng Declaration, the Debtors advance information purportedly in satisfaction of Local Rule 1007-2. However, even a cursory review of the data in some of the exhibits to the declaration reveals significant problems. First, as pointed out in the Club Lender Parties' Statement (*see* ¶ 13), it appears that substantially all of the Debtors' cash is held in accounts outside the United States, in violation of section 345(b) of the Bankruptcy Code. *See* Ng Decl. Exs. C (Balance Sheets as of May 28, 2016), E (Summary of Assets Located Outside the United States, including 74 bank accounts – for eleven of the Debtors – in Hong Kong or Singapore, holding US$304,509.49).

19. Second, CFIL, PAIH, and CFGL each include a number of employees whom they expect to pay over the first 30 days of the chapter 11 cases. *See* Ng Decl. Ex. H. CFIL expects to pay its employees US$31,615.01 – while it appears to have only US$20,078 as of June 27, 2016. PAIH expects to pay its employees US$102,564.10 (compared to US$47,889.50 in its

8

accounts as of June 27, 2016). Finally, CFGL expects to pay its employees US$15,618.62 (compared to US$15,298.47 as of June 27, 2016). It is unclear whether any of these amounts are for pre-petition periods, such that court authority should have been sought. Moreover, without additional cash infusions, none of these entities will be able to make payroll regardless of the timing of accrual.

20.     The Debtors do not show any expectation of such cash infusions. In the Ng Declaration, the Debtors state that

> a number of the direct or indirect subsidiaries of certain of the Debtors are the subject of the Peruvian Restructuring Proceedings. These entities generate a substantial portion of the Debtors' revenue. In light of the Peruvian Restructuring Proceedings, it is unclear how much cash will be available to the Debtors during the pendency of these cases.

Ng Decl. ¶ 147. This is a direct admission the Debtors have no idea whether they will have a penny of income during these chapter 11 cases. Indeed, the 30-day cash flow projections attached to the Ng Declaration indicate that six of the 16 Debtors will have *negative* cash after 30 days (totaling negative US$1,417,888); another four will have zero cash. *See* Ng Decl. Ex. H. Even if the Debtors were permitted to pool their cash and to draw from it as needed – which might be permitted through a cash management order, although no such order has been sought – the Debtors still would have cash of negative US$425,192. *See id.*

21.     This, however, does not tell the whole story. The Debtors' filing projects that CFIL will receive US$874,000 in interest income from related party loans. *See* Ng Decl. Ex. H. However, a note to that figure – on a different page – indicates that this represents 30 days of interest on a US$261,875,000 loan to CFG Investment S.A.C., one of the Peruvian Opcos – one of the same entities which the Debtors admitted may or may not pay anything to the Debtors during the Peruvian proceedings. And further in the note the Debtors state that "[t]otal interest accrued and unpaid through 6/30/16 is $11,818,307.62" – roughly 13 ½ months of interest. CFG

9

Investment S.A.C. has over a full year of interest that it has not paid to CFIL, but the Debtors apparently expect it now, in the context of the Peruvian insolvency proceedings, to begin paying interest as it becomes due. As with so much else in the CF Group Debtors' filings, the financial information included with the Ng Declaration is at best wishful thinking.

22.    The Debtors have provided no useful information for creditors or this Court, failings that must be remedied at the very outset of these proceedings.

## RESERVATION OF RIGHTS

23.    BoA reserves all rights to pursue any Threshold Motions (as defined in the Club Lender Parties' Statement) or any other motions for appropriate relief, whether on the time frames suggested therein or on another appropriate time frame. BoA further reserves all rights with regard to all arguments regarding first-day and other motions presented by the Debtors or any other party, and to present additional argument or evidence at any hearing on those motions.

**CONCLUSION**

WHEREFORE, for the reasons stated in the Club Lender Parties' Statement and the additional reasons stated herein, BoA respectfully requests that this Court (a) deny the Schedules Extension Motion; (b) compel the Debtors to comply with section 345 of the Bankruptcy Code; (c) set a schedule with respect to any Threshold Motions; and (d) grant such other and further relief as the Court deems equitable and proper.

Dated: New York, New York  
      July 8, 2016

SIDLEY AUSTIN LLP

By: /s/ *Lee S. Attanasio*  
Lee S. Attanasio  
(lattanasio@sidley.com)  
Andrew P. Propps  
(apropps@sidley.com)  
787 Seventh Avenue  
New York, NY 10019  
(212) 839-5300 (tel)  
(212) 839-5599 (fax)

Patrick H. M. Corr  
(pcorr@sidley.com)  
Alice Morgan  
(alice.morgan@sidley.com)  
Woolgate Exchange  
25 Basinghall Street  
London EC2V 5HA  
+44 20 7360 3600 (tel.)  
+44 20 7626 7937 (fax)

*Counsel for Bank of America N.A.*