James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C.
Gregory F. Pesce
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 N. LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Senior Noteholder Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHINA FISHERY GROUP LIMITED (CAYMAN), *et al.*,[1] | ) Case No. 16-11895 (JLG) |
| | ) |
| Debtors. | ) (Joint Administration Pending) |
| | ) |

### SENIOR NOTEHOLDER COMMITTEE'S JOINDER TO CLUB LENDER PARTIES' STATEMENT, LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE DEBTORS' FIRST DAY MOTIONS AND REQUEST FOR A SCHEDULING CONFERENCE

The Ad Hoc Committee of Holders of 9.75% Senior Notes due 2019 issued by CFG Investment S.A.C. (the "Senior Noteholder Committee") respectfully submits this joinder and reservation of rights (this "Joinder") regarding the *Club Lender Parties' Statement, Limited Objection and Reservation of Rights to the Debtors' First Day Motions and Request for a*

---

[1] The Debtors are China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), and Super Investment Limited (Cayman).

KE 97467252

*Scheduling Conference* [Docket No. 13] (the "Limited Objection"). In support of the Limited Objection and this Joinder, the Senior Noteholder Committee respectfully represents as follows.

**Introduction**

1. The Senior Noteholder Committee collectively holds approximately 26 percent of the $300 million in original outstanding principal amount of 9.75 percent senior notes due 2019 (collectively, the "Senior Notes") issued by CFG Investment S.A.C. ("CFG Investment") pursuant to an indenture dated July 30, 2012 (as amended and supplemented from time to time) (the "Indenture"). While CFG Investment is not a Debtor in these chapter 11 cases, the Senior Notes are guaranteed by certain Debtors and, as a result, rank *pari passu* with the Debtors' unsecured bank lenders in such circumstances. However, the Senior Notes are the only funded debt obligations of CFG Peru Investments Pte. Ltd.—the Debtor that owns the lucrative fishery business in Peru owned and operated by CFG Investment and certain other affiliated entities that are not Debtors in these chapter 11 cases (collectively, the "Peruvian Business"). Because the Debtors' other funded debt creditors do not hold claims against CFG Peru Investments Pte. Ltd. or its Debtor shareholder, Smart Group Limited (Cayman), the Senior Notes are structurally senior to the Debtors' other funded debt obligations for purposes of these chapter 11 cases.

2. Prior to the commencement of these chapter 11 cases, the Senior Noteholder Committee engaged in discussions with the Debtors as well as their key stakeholders regarding possible strategies to maximize stakeholder value and, in particular, the value of the Peruvian Business. While the Senior Noteholder Committee did not always necessarily agree with the actions taken by the Debtors or their other stakeholders and was not party to the two deeds of undertaking executed in December 2015 and January 2016 (collectively, the "Undertakings"), the Senior Noteholder Committee was generally supportive of the global settlement

2

memorialized in the Undertakings, pursuant to which the Debtors agreed to appoint an independent chief restructuring officer and an independent reporting accountant to ensure transparency and to repay the amounts outstanding under the Senior Notes and certain other debt, no later than July 20, 2016. In an effort to preserve and maximize stakeholder value in connection with a sale of the Peruvian Business, the Senior Noteholder Committee also proposed forbearing from exercising (and/or instructing the Senior Notes trustee to exercise) certain rights and remedies in connection with the occurrence of certain events of default under the Senior Notes beyond July 20, 2016, subject to the Debtors meeting certain milestones in connection with the Peruvian Business sale process. In connection with these proposed forbearance arrangements, the Senior Noteholder Committee was also prepared to accede to the Debtors' requests to consent to the waiver of certain events of default under the Senior Notes and incurrence of additional working capital facilities to support the Peruvian Business during the ongoing fishing season.

3. Also in connection with (and as a condition to) these proposed forbearance arrangements, the Senior Noteholder Committee requested that China Fishery Group Limited ("CFGL"), a Debtor in these chapter 11 cases, comply with its ongoing contractual obligation under the Indenture to procure that Copeinca A/S and its subsidiaries (including Corporacion Pesquera Inca S.A.C. ("Copeinca"), which is seeking chapter 15 relief from this Court) accede to the Indenture and guarantee the Senior Notes. Notwithstanding its contractual obligation under the Indenture, CFGL has (to date) failed to cause Copeinca A/S and its subsidiaries to accede to the Indenture and guarantee the Senior Notes. Accordingly, the proposed forbearance arrangements were never consummated and no obligation of forbearance currently exists between the Debtors and the Senior Noteholder Committee.

KE 97467252

4. The Debtors' commencement of these chapter 11 cases—which the Debtors concede were filed two weeks before the sale milestone provided for in the Undertakings for the purpose of disrupting the ongoing sale process—and disregard for the terms of the Indenture raises significant concerns regarding whether management is capable of maximizing enterprise value for the benefit of all stakeholders.

5. In light of the foregoing, the Senior Noteholder Committee generally supports the arguments set forth in the Limited Objection and believes that it may be appropriate in the near future for the Court to consider the appointment of a chapter 11 trustee or other independent fiduciary to administer the estates. The possible need to appoint a trustee is significant where, as is the case here: (a) the Debtors' most valuable assets are equity interests in the Peruvian Business, which is owned and operated by entities that are not debtors in these chapter 11 cases and are party to fabricated involuntary proceedings pending in Peru; (b) the Debtors do not maintain any corporate presence or operate any business in the United States; and (c) the Debtors admit they have commenced these chapter 11 cases for the purposes of derailing the ongoing Peruvian Business sale process.

6. Accordingly, the Senior Noteholder Committee joins and supports the Limited Objection filed by the Club Lender Parties. Specifically, the Senior Noteholder Committee adopts and incorporates each of the objections, reservations of rights, and arguments set forth in the Limited Objection as if such objections, reservations of rights, and arguments were set forth herein and asserted by the Senior Noteholder Committee as its own.

KE 97467252

**Reservation of Rights**

7. The Senior Noteholder Committee expressly reserves its rights with respect to the relief sought by the Debtors and all issues related thereto as well as its rights to seek any and all relief under applicable non-bankruptcy law.

Dated: July 8, 2016
      New York, New York

*/s/ James H.M. Sprayregen, P.C.*
James H.M. Sprayregen, P.C.
Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Gregory F. Pesce (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 N. LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel to the Senior Noteholder Committee*