UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)**, *et al.*[1] | Case No. 16-11895 (JLG) |
| Debtors. | |

ORDER ENFORCING SECTIONS
362, 365 AND 525 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors"), for entry of an order (this "Order") enforcing and restating the automatic stay, *ipso facto* and anti-discrimination provisions under sections 362, 365(e)(1) and 525 of the Bankruptcy Code; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and no objections to the Motion having been filed; and a hearing having been held to consider the

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

1

relief requested in the Motion on July 11, 2016 and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are stayed, restrained and enjoined from:

    a. commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been initiated before the Debtors' chapter 11 cases commenced;

    b. enforcing against the Debtors, or **property of their respective [JLG]** estates, a judgment obtained before the commencement of these chapter 11 cases;

    c. collecting, assessing, or recovering a claim against the Debtors that arose before the commencement of these chapter 11 cases;

    d. taking any action to obtain possession of property of the estates or of property from the estates or to exercise control over property of the Debtors' estates;

    e. taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

    f. taking any action to create, perfect or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of these chapter 11 cases; and

2

      g.    offsetting any debt owing to the Debtors that arose before the commencement of these chapter 11 cases against any claim against the Debtors.

3.    All persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained and enjoined from in any way seizing, attaching, foreclosing upon, levying against, or in any other way interfering with any and all property of the Debtors or the Debtors' estates, wherever located.

4.    Pursuant to section 365(e)(1) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of these chapter 11 cases solely because of a provision in such contract or lease that is conditioned on:

      a.    the insolvency or financial condition of any of the Debtors at any time before the closing of these chapter 11 cases;

      b.    the commencement of these chapter 11 cases; or

      c.    the appointment of a trustee in these chapter 11 cases.

5.    This Order shall not affect (i) the substantive rights of any party or the availability of any of the exceptions contained in sections 362(b) and 365(e)(1) of the Bankruptcy Code or (ii) the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

6.    Pursuant to section 525 of the Bankruptcy Code, all foreign and domestic governmental units are prohibited and enjoined from (i) denying, revoking, suspending, or

refusing to renew any license, permit, charter, franchise, or other similar grant to, (ii) placing conditions upon such a grant to or (iii) discriminating against any of the Debtors (or another person with whom the Debtors have been associated) solely because any of the Debtors is a debtor under the Bankruptcy Code, or may have been insolvent before or during these chapter 11 cases.

7. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. The requirements set forth in Local Rule 9013-1(b) are satisfied.

9. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy 6004(h) or otherwise.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated:   New York, New York
         July 14, 2016

/s/ *James L. Garrity, Jr.*
JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

1128187