Presentment Date and Time: **August 5, 2016 at noon**
Objection Deadline: **August 2, 2016 at 5:00 p.m.**

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, New York 10018
Telephone:   (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* [1] | Case No. 16-11895 (JLG) |
| Debtors. | Jointly Administered |

---

## DEBTORS' APPLICATION FOR ENTRY OF ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF GOLDIN ASSOCIATES, LLC AS FINANCIAL ADVISOR TO DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**")

hereby submit this application (this "**Application**") for the entry of an order (the "**Order**"),

substantially in the form attached hereto as **Exhibit A,** authorizing the Debtors to retain and

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

employ Goldin Associates, LLC ("**Goldin**"), as their financial advisor effective *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtors rely upon the Declaration Of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and in Support of Debtors' First Day Motions and Applications (the "**First Day Declaration**") [Docket No. 2] filed on June 30, 2016, the declaration of David W. Prager, a Goldin Managing Director (the "**Prager Declaration**"), which is attached hereto as **Exhibit B**, and the "Lar-Dan" Declaration of Ng Joo Chuan on Behalf of Himself and Meridian Investment Group Pte. Ltd. In Connection With The Debtors' Retention Of Certain Professionals (the "**Lar Dan Declaration**"), which is attached hereto as **Exhibit C**.  In further support of this Application, the Debtors respectfully state as follows.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327(a), 328(a) and 329 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**").

## BACKGROUND

4.      On June 30, 2016 (the "**Petition Date**"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  On July 14, 2016, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 27].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.      The Debtors, along with certain non-Debtor affiliated entities, are part of a corporate family known as the Pacific Andes Group, which is one of the world's foremost vertically integrated seafood companies.  The Pacific Andes Group provides seafood products to leading global wholesalers, processors and food service companies and has operations across the seafood value chain.

6.      As part of its business, the Pacific Andes Group engages in (or previously engaged in) harvesting, sourcing, ocean logistics and transportation, food safety testing, processing, marketing and distribution of frozen fish products, as well as fishmeal and fish oil.  The Pacific Andes Group's businesses span the globe with major operations in the People's Republic of China, the United States and Peru, as well as processing businesses in China, Germany, France, the United States and Peru.

7.      The China Fishery group of companies (the "**CF Group**")[2], a subset of the Pacific Andes Group, sources, harvests, onboard-processes and delivers high quality mackerel to consumers around the world.  The CF Group is also one of the leading producers of fishmeal and fish oil through its processing plants located along Peru's coast.

8.      The Debtors are comprised primarily of investment holding companies and non-operating companies that previously were in the business of trading frozen seafood products or providing freight service.  The Debtors also include: Protein Trading, a fishmeal trading

---

[2] The Debtors in the CF Group are Ocean Expert, CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, and CFGLPL.

company; SPSA, which provides shipping agency services; CFGLPL, a property investment company; and CFIL, which provides treasury services to affiliates.

9.      In addition to the Debtors in these chapter 11 cases, other entities included in the Pacific Andes Group may be the subject of bankruptcy, insolvency or equivalent proceedings in courts outside of the United States.

10.     CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable Fishing Resources, S.A.C. (the "**Chapter 15 Debtors**"), affiliates of the Debtors and part of the Pacific Andes Group, and its subset the CF Group, are the subject of insolvency proceedings in Peru and the subject of chapter 15 filings before this Court.

11.     Pacific Andes Resources Development Limited is the subject of insolvency proceedings in Singapore.

12.     Concurrent with the filing of this Application, the Debtors are filing applications for orders authorizing the retention and employment of Meyer, Suozzi, English & Klein P.C. ("**Meyer Suozzi**") as their counsel, and RSR Consulting, LLC ("**RSR**") as their restructuring consultant.

13.     Additional factual background relating to the Debtors, their businesses and the commencement of these chapter 11 cases is set forth in detail in the First Day Declaration.

## RELIEF REQUESTED

14.     By this Application, the Debtors seek the entry of the Order authorizing the retention and employment of Goldin as their financial advisor *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in that certain engagement agreement between the Debtors and Goldin dated June 26, 2016 (the "**Engagement Agreement**"), a copy of which is attached hereto as **Annex 1** to **Exhibit B** to this Application and incorporated herein by reference. *Nunc pro tunc* retention is appropriate because (i) this Application was filed shortly

4

after the Petition Date, (ii) Goldin has provided and will continue to provide services to the Debtors from and after the Petition Date, and (iii) a hearing on this Application will not be conducted, and an order will not be entered, until after the Petition Date.

### FACTS SPECIFIC TO RELIEF REQUESTED

A.    **Goldin's Qualifications**

15.    Goldin is a financial advisory and turnaround firm specializing in underperforming businesses and distressed situations, including financial and operational restructurings, both in and out of court. The firm, which was founded in 1990, provides a range of services to debtors and other constituencies, including financial advisory, interim management, litigation support, forensic financial review and independent oversight. Goldin and its professionals have on numerous occasions advised debtors-in-possession or official and unofficial committees in large and complicated chapter 11 proceedings. For example, Goldin's professionals have been involved in large and complicated bankruptcy proceedings including Adelphia, the Dolan Company, Energy Future Holdings, Enron, Jefferson County, Detroit, Lehman Brothers, Fletcher International, Refco, WorldCom, and Tribune Company. Goldin and its professionals have extensive experience in restructuring food production and distribution companies, including in cases such as Vlassic Foods, Interstate Bakeries, Sea Specialties, Long John Silver's, RAB Foods (Manichewitz, Rokeach, Season, *etc.*), Tom's Foods, Bruno's, the Original Soupman and Sizzler.

16.    The Debtors have selected Goldin to advise them because Goldin's professionals have extensive experience and knowledge in, among other things, debtors' rights, business reorganizations, restructurings and complex financial matters under chapter 11 of the Bankruptcy Code and in serving as a fiduciary and advising fiduciaries, including directors, officers and trustees. Goldin has become familiar with the Debtors' businesses and the progress of these

chapter 11 cases and is well qualified and able to advise and represent the Debtors in their chapter 11 cases.

17.    For the foregoing reasons, the Debtors believe that Goldin is well-qualified to serve as financial advisor to the Debtors in these chapter 11 cases in an efficient and timely manner.

**B.    Services to be Provided**

18.    Subject to further order of the Court, and consistent with the Engagement Agreement, the Debtors request the retention and employment of Goldin to render the following, among other, financial advisory services:

- Prepare financial models for underlying assets and assessment of cash requirements

- Prepare valuation and financial analysis of underlying assets

- Support litigation by providing expert testimony and assistance with document requests

- Provide expert testimony on valuation and/or plan feasibility

- Conduct a site visit of operating entities

- Prepare financial analysis on recovery alternatives to all stakeholders

- Meet with creditors and other stakeholders

- Assist in evaluation of post-petition cash requirements for the Debtors

- Assist with creditor negotiations

- Assist in the development and negotiation of a plan of reorganization

19.    The Debtors do not expect the respective services of Goldin and RSR to overlap. RSR is primarily advising the Debtors as to the specific requirements of chapter 11 and act as liaison between management, on the one hand, and the Court, the Office of the United States Trustee and creditors and other parties in interest, on the other hand. Goldin will provide

complex analysis and strategic financial advice, including with respect to assessments and modeling of restructuring alternatives, as well as valuation services and negotiations of reorganization plans.

**C.    Indemnifications and Reimbursement Provisions**

20.    The Debtors have agreed to indemnify and reimburse Goldin in connection with the Engagement Agreement pursuant to the following terms:

> The Debtors agree to indemnify and hold Goldin harmless against any costs, losses, claims, damages or liabilities, joint or several ("Claims") to which Goldin directly or indirectly may become subject as a result of providing the services that are the subject of the Engagement Agreement. The Debtors agree to reimburse Goldin for any reasonable out-of-pocket legal, investigation and preparation expenses or other reasonable expenses as incurred in connection with investigating or defending against any loss, claim, damage or liability, or responding to any governmental or quasi-governmental inquiry, investigation or review, or any action, proceeding or investigation in respect thereof, with such reimbursement to be made as expenses are incurred. However, the Debtors shall not be liable under the foregoing indemnity and reimbursement provisions in respect of any loss, claim, damage or liability to the extent that a court having jurisdiction shall have determined by final judgment that such loss, claim, damage or liability resulted from the bad faith or gross negligence of Goldin. Absent any such final judgment, The Debtors shall promptly reimburse Goldin for expenses incurred hereunder, subject to any such final judgment, and the assertion by the Debtors that it may have defenses to this indemnification shall not be grounds for refusal to pay or advance expenses hereunder. The foregoing provisions shall survive any termination of the Agreement.

21.    The indemnification and reimbursement provisions reflected in the Engagement Agreement are customary for Goldin and are reasonable terms of employment for a financial advisor providing services described above. The terms of the Engagement Agreement were fully negotiated between the Debtors and Goldin at arm's-length and the Debtors respectfully submit that this indemnification and reimbursement is reasonable and in the best interests of Debtors, their estates, and creditors.

### D.  **Professional Compensation**

22.     The professional services of Goldin are necessary to enable the Debtors to faithfully and competently execute their duties as debtors in possession.  Goldin will work closely with other professionals, taking appropriate steps to avoid duplication of effort.

23.     Goldin intends to apply for compensation for professional services rendered on an hourly basis subject to a minimum monthly fee (as described below) and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Goldin will use in these chapter 11 cases are generally the same as the hourly rates and corresponding rate structure that Goldin uses in other restructuring matters where Goldin charges hourly fees, regardless of whether a fee application is required.  These rates and the rate structure reflect that such advisory and other matters typically involve great complexity and require experienced bankruptcy related advice.

24.     Goldin's current hourly rates for matters related to these chapter 11 cases range as follows:

| | |
|---|---|
| Senior Managing Director | $900-$950 |
| Managing Director/Senior Advisor | $700-$900 |
| Director | $600-$700 |
| Vice President | $500-$600 |
| Associate | $350-$500 |
| Analyst | $250-$350 |

Such rates are the same rates that Goldin generally charges its hourly-billed clients in comparable chapter 11 cases.

25.     These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Goldin will provide notice of any rate increases to the Debtors, the Office of the United States Trustee and the Court.

26.     The Debtors are agreeing to pay Goldin at least $50,000 each calendar month ("Monthly Minimum Fee"), beginning with July 2016, pro-rated for any partial month at the end of the engagement. Thus, such amount will be due and payable regardless of the hours expended by Goldin in a given calendar month. To the extent the hours multiplied by the applicable hourly rate in a given calendar month exceeds $50,000, Goldin shall be entitled to such additional amount. Goldin's restructuring expertise, as well as its specialized skill and knowledge and other opportunities Goldin may need to forgo to assist the Debtors hereunder and/or to provide efficient staffing (creating "peak load" issues for Goldin), were important factors in determining the amount of the fees set forth herein, including, but not limited to the Monthly Minimum Fee, and that the ultimate benefit to the Debtors of Goldin's services hereunder could not be measured merely by reference to the number of hours to be expended by Goldin's professionals in the performance of such services.

27.     The rate structure provided by Goldin is appropriate and not significantly different from (a) the rates that Goldin charges for other similar types of representations or (b) the rates that other comparable financial advisor would charge to do work substantially similar to the work Goldin will perform in these chapter 11 cases.

28.     Goldin charges its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Goldin also charges its clients only the amount actually incurred in connection with such items. Examples of such expenses include long-

distance telephone and telephone conference call charges, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted research, photocopying, airfare, meals, and lodging.

## COMPENSATION RECEIVED BY GOLDIN FROM THE DEBTORS

29.    As noted above, the Debtors executed and delivered the Engagement Agreement on June 26, 2016.    Pursuant to the Engagement Agreement, Goldin received one retainer payment (the "**Retainer**"), on June 27, 2016 of $1.75 million from Debtor NS Hong Investments (BVI) Limited.    On June 29, 2016, Goldin drew down in its retainer $30,000 to cover pre-Petition Date fees and is currently holding $1.72 million.

## THIRD-PARTY FUNDING OF RETAINER AND LAR DAN FACTORS

30.    The Debtors did not have funds sufficient to pay the retainer required by Goldin, as well as the retainers required by Meyer Suozzi and RSR.    Ng Joon Chuan, as 12.5% owner of Debtor NS Hong, caused his wholly owned investment company, Meridian Investment Group Pte. Ltd. ("**Meridian**"), to make capital contributions to NS Hong to fund the professionals' retainers, as follows:

| Professional | Date | Amount |
|---|---|---|
| RSR | June 17, 2016 | $650,000 |
| RSR | June 29, 2016 | $58,500 |
| Goldin | June 27, 2016 | $1.75 million |
| Meyer Suozzi | June 28, 2016 | $1.6 million |

31.    Each of the professionals required both Mr. Ng and Meridian, as well as the Debtors, to make representations, warranties and acknowledgments concerning the factors set forth in *In re Lar Dan Enterprises, Inc.*, 221 B.R. 93 (Bankr. S.D.N.Y. 1998), relating to the required independence of professionals paid by third parties.    In this regard, Mr. Ng, on behalf of himself and Meridian as its sole shareholder, executed each of the professional's engagement

agreements containing such representations, warranties and acknowledgements and made a "Lar Dan" Declaration, which is attached hereto as **Exhibit "C"**.

32.    In sum, in the Lar Dan Declaration, Mr. Ng and Meridian have described their connections with the Debtors, Mr. Ng's ownership of Meridian and percentage ownership in NS Hong, Meridian's status as a creditor of NS Hong, Meridian's funding of the retainers as set forth above in the form of a capital contribution to NS Hong, and the Debtors' consent to such arrangement.  Also in the Lar Dan Declaration, Mr. Ng and Meridian acknowledge and agree that the chapter 11 case professionals retained by the Debtors owe a duty of undivided loyalty the Debtors and no duties to Mr. Ng and Meridian, that the professionals are free to advise the Debtors in ways that may be contrary to Mr. Ng and Meridian's interests, and the professionals may represent the Debtors in court against Mr. Ng and Meridian.  Finally, Mr. Ng and Meridian confirm that they have retained independent U.S. bankruptcy counsel in connection of these cases, that none of the chapter 11 case professionals has ever represented Mr. Ng or Meridian and never will represent them in connection with this matter, and that Mr. Ng and Meridian will disclose any other facts that might be relevant to the Lar Dan concerns, in consultation with their independent counsel.

## NO AGREEMENT TO SHARE
## ANY COMPENSATION WITH THIRD PARTIES

33.    Pursuant to Bankruptcy Rule 2016(b), Goldin has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the employees of Goldin or (b) any compensation another person or party has received or may receive.

## GOLDIN'S DISINTERESTEDNESS

34.     To the best of the Debtors' knowledge and as disclosed herein and in the Prager Declaration, (a) Goldin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Goldin has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Prager Declaration.

35.     Goldin will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Goldin will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## SUPPORTING AUTHORITY

36.     The Debtors seek retention of Goldin as their financial advisor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a).

37.     The Debtors submit that for all the reasons stated above and in the Prager Declaration, the retention and employment of Goldin as financial advisor to the Debtors is warranted. Further, as stated in the Prager Declaration, Goldin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Prager Declaration.

## NOTICE

38.     The Debtors have provided notice of this Application to the following parties: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) creditors holding the fifty largest claims as set forth in the consolidated list filed with the Debtors' petitions; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the Court's website.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

39.     No prior request for relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A,** granting the relief requested herein and granting such other relief as is just and proper.

Dated:   New York, New York
         July 18, 2016

                                             s/Ng Puay Yee
                                             Ng Puay Yee
                                             Authorized Representative for Each of the
                                             Debtors

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* [1] | Case No. 16-11895 (JLG) |
| | **Jointly Administered** |
| Debtors. | |

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF GOLDIN ASSOCIATES, LLC, AS FINANCIAL ADVISOR TO DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO PETITION DATE

Upon the application (the "**Application**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") authorizing the Debtors to retain and employ Goldin Associates, LLC ("**Goldin**") as their financial advisor effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"); and the Court having reviewed the Application, the Declaration of David W. Prager, a Goldin Managing Director (the "**Prager Declaration**") and the "Lar Dan" Declaration of Ng Joo Chuan on Behalf of Himself and Meridian Investment Group Pte. Ltd. in Connection with the Debtors' Retention of Certain Professionals (the "**Lar Dan Declaration**"); and the Court having

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Prager Declaration that (a) Goldin does not hold or represent an interest adverse to the Debtors' estates and (b) Goldin is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Goldin as their financial advisor *nunc pro tunc* to the Petition Date (as such term is defined in the Application) in accordance with the terms and conditions set forth in the Application, including the indemnification and reimbursement provisions ("**Indemnification Provisions**"), as modified herein.

2

3.      Goldin is authorized to provide the Debtors with the professional services as described in the Application. Specifically, but without limitation, Goldin may render the following, among other, financial advisory services:

- Prepare financial models for underlying assets and assessment of cash requirements

- Prepare valuation and financial analysis of underlying assets

- Support litigation by providing expert testimony and assistance with document requests

- Provide expert testimony on valuation and/or plan feasibility

- Conduct a site visit of operating entities

- Prepare financial analysis on recovery alternatives to all stakeholders

- Meet with creditors and other stakeholders

- Assist in evaluation of post-petition cash requirements for the Debtors

- Assist with creditor negotiations

- Assist in the development and negotiation of a plan of reorganization

4.      Goldin shall be compensated for fees and reimbursed for out-of-pocket expenses in accordance with the terms of the Application and Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Goldin, including without limitation the Monthly fee shall be subject to Section 328(a) of the Bankruptcy Code, except as set forth herein.

5.      Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Goldin shall file fee interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, the Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated

3

December 21, 2010 (General Order M-412), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447) and any other Orders of the Court.

6.      All of Goldin's personnel who provide services to or on behalf of the Debtors, with the exception of clerical staff, shall keep contemporaneous records of the services they have performed in one-half hour increments.

7.      The United States Trustee retains all rights to respond or object to Goldin's interim and final applications for compensation (including without limitation the Monthly Fee) and reimbursement of out-of-pocket expenses on all grounds including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the United States Trustee's response or objection to Goldin's interim and final fee on all grounds, including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code.

8.      Any court-authorized payment of fees and expenses to Goldin, whether pursuant to any monthly fee order, any interim fee award or any final fee award, shall be paid first from any funds held by Goldin as a retainer before payment may be made from non-retainer funds.

9.      Goldin is authorized to offset prepetition fees and expenses against the retainer held by Goldin.

10.     Prior to any increases in Goldin's rates, Goldin shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to

4

object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

11.    The Indemnification Provisions are reasonable terms and conditions of employment as required under Bankruptcy Code Section 328(a), and are hereby approved; provided, however:

- All requests by Goldin for the payment of indemnification as set forth in the Engagement Agreement (as defined in the Application) shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Goldin be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

- In the event Goldin seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records from such attorney shall be included in Goldin's own applications, both interim and final, and such invoices and time records shall be subject to the Local Bankruptcy Rules, any fee and expense guidelines of this Court, and such other procedures as may be fixed by order of the Court, and the approval of the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under Section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code.

12.    Notwithstanding anything to the contrary in the Indemnification Provisions or otherwise in the Engagement Agreement, (i) in the event that Goldin is not entitled to indemnification pursuant to the Indemnification Provisions on account of gross negligence, willful misconduct or fraud (whether under the Indemnification Provisions or this Order), its shall also not be entitled to any claim or right of contribution, limitation of liability or exoneration from the Debtors, and (ii) the Court will have jurisdiction over fee applications and matters relating to the Engagement Agreement.

13.    Goldin shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

14.    Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Goldin shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

15.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Debtors' chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

16.    To the extent there is inconsistency between the terms of the Engagement Agreement, the Application, and this Order, the terms of this Order shall govern.

17.    Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

18.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated:  New York, New York
          August __, 2016

                                                      **HONORABLE JAMES L. GARRITY, JR.**
                                                      **UNITED STATES BANKRUPTCY JUDGE**

NO OBJECTION:

Office of the United States Trustee


By: s/Susan Golden
     Susan Golden
     Trial Attorney

**EXHIBIT B**

**Prager Declaration**

Presentment Date and Time:  August 5, 2016 at noon
Objection Deadline: August 2, 2016 at 5:00 p.m.

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, New York 10018
Telephone:   (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* [1] | Case No. 16-11895 (JLG) |
| Debtors. | Jointly Administered |

---

**DECLARATION OF DAVID W. PRAGER**
**IN SUPPORT OF THE DEBTORS' APPLICATION FOR**
**ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF GOLDIN ASSOCIATES, LLC AS FINANCIAL**
**ADVISORS TO THE DEBTORS AND DEBTORS**
**IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, David W. Prager, hereby declare:

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

1.       I am a Managing Director of Goldin Associates, LLC ("Goldin"), with an office located at 350 Fifth Avenue, New York, New York 10118.  I am making this declaration in support of Application for Entry of Order Authorizing Retention and Employment of Goldin Associates, LLC as Financial Advisor to Debtors and Debtors In Possession Effective *Nunc Pro Tunc* to the Petition Date (the "**Application**").  Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

2.       Goldin is a financial advisory and turnaround firm specializing in underperforming businesses and distressed situations, including financial, balance sheet and operational restructurings, both in and out of bankruptcy.  Goldin, which was founded in 1990, provides a range of services to debtors, creditors, shareholders and other interested parties, including financial advisory, interim management, litigation support, forensic financial review and independent oversight services. Goldin and its professionals have on numerous occasions advised debtors-in-possession or official and unofficial committees in large and complicated chapter 11 proceedings.

## Goldin's Qualifications

3.       Goldin has considerable skill and background in performing financial modeling and assessing complex financial structures and transactions.  Goldin has regularly provided such services in connection with representing debtors, creditors, equity holders or other constituents in bankruptcy or as a court-appointed independent fiduciary.  Goldin's professionals have been involved in many large and complicated bankruptcy proceedings, including Adelphia, the Dolan Company, Energy Future Holdings, Enron, Jefferson County, Detroit, Lehman Brothers, Fletcher International, Refco, WorldCom, and Tribune Company.  Goldin and its professionals have extensive experience in restructuring food production and distribution companies, including in

2

cases such as Vlassic Foods, Interstate Bakeries, Sea Specialties, Long John Silver's, RAB Foods

(Manichewitz, Rokeach, Season, *etc.*), Tom's Foods, Bruno's, the Original Soupman and Sizzler.

In preparing for its representation of the Debtors in these chapter 11 cases, Goldin has become

generally familiar with the Debtors' businesses and many of the potential business and financial

issues that may arise in the context of these chapter 11 cases.

## Services to Be Provided

4.      Subject to further order of the Court and the Engagement Agreement, a copy of

which is attached hereto as **Annex 1**, the Debtors retained Goldin to render, without limitation,

the following, among other, financial advisory services:

- Prepare financial models for underlying assets and assessment of cash requirements

- Prepare valuation and financial analysis of underlying assets

- Support litigation by providing expert testimony and assistance with document requests

- Provide expert testimony on valuation and/or plan feasibility

- Conduct a site visit of operating entities

- Prepare financial analysis on recovery alternatives to all stakeholders

- Meet with creditors and other stakeholders

- Assist in evaluation of post-petition cash requirements for the Debtors

- Assist with creditor negotiations

- Assist in the development and negotiation of a plan of reorganization

## Indemnifications and Reimbursement Provisions

5.      The Debtors have agreed to indemnify and reimburse Goldin in connection with

the Engagement Agreement pursuant to the terms set forth therein.

3

6.     Those indemnification and reimbursement provisions are customary for Goldin and reasonable terms of employment for financial advisor providing the services described above. The terms of the Engagement Agreement were fully negotiated between the Debtors and Goldin at arm's length and the Debtors respectfully submit that this indemnification and reimbursement is reasonable and in the best interests of Debtors, their estates, and creditors.

## Professional Compensation

7.     Goldin intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. The hourly rates Goldin will use in these chapter 11 cases are the same as the hourly rates Goldin uses in other debtor and non-debtor bankruptcy-related representations, and are comparable to the hourly rates that Goldin uses for complex restructuring matters whether in court or otherwise for which Goldin is compensated on an hourly basis, and regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring matters often are national in scope and involve great complexity, high stakes, and/or severe time pressures.

8.     Goldin's current standard hourly rates for matters related to these chapter 11 cases range as follows:

| | |
|---|---|
| Senior Managing Director | $900-$950 |
| Managing Director/Senior Advisor | $700-$900 |
| Director | $600-$700 |
| Vice President | $500-$600 |
| Associate | $350-$500 |
| Analyst | $250-$350 |

4

9.     Goldin required a minimum fee of $50,000 each calendar month ("Monthly Minimum Fee"), beginning with July 2016, pro-rated for any partial month at the end of the engagement. Such amount will be due and payable regardless of the hours expended by Goldin in a given calendar month. To the extent the hours multiplied by the applicable hourly rate in a given calendar month exceeds $50,000, Goldin shall be entitled to such additional amount. Goldin's restructuring expertise, as well as its specialized skill and knowledge and other opportunities Goldin may need to forgo to assist the Debtors hereunder and/or to provide efficient staffing (creating "peak load" issues for Goldin), were important factors in determining the amount of the fees set forth herein, including, but not limited to the Monthly Minimum Fee, and that the ultimate benefit to the Debtors of Goldin's services hereunder could not be measured merely by reference to the number of hours to be expended by Goldin's professionals in the performance of such services.

10.     Goldin's hourly rates are set at a level designed to compensate Goldin fairly for the work of its staff and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

11.     It is Goldin's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with the client's matter that would not have been incurred except for representation of that particular client. It is also Goldin's policy to charge its clients only the amount actually incurred by Goldin in connection with such items. Examples of such expenses include long-distance telephone and telephone conference call charges, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

5

12.     Goldin will charge the Debtors $0.07 per page for standard black and white duplication in its offices in accordance with Local Rule 2016-1(a) and the *Amended Guidelines for Fees and Reimbursements for Professionals in Southern District of New York Bankruptcy Cases*. Goldin does not charge its clients for incoming facsimile transmissions.

### Compensation Received by Goldin from the Debtors

13.     On June 27, 2016, Goldin received a payment of $1.75 million (the "**Retainer**") for its retainer from NS Hong. On June 29, 2016, Goldin drew down on the Retainer in the amount of $30,000 for prepetition services. Goldin is currently holding $1.72 million as its Retainer. Goldin has not received any other payments from or on behalf of the Debtors.

14.     As of the Petition Date, the Debtors did not owe Goldin any outstanding amounts for services rendered before the Petition Date. Although certain fees and expenses may have been incurred but not yet applied to Goldin's Retainer, Goldin's Retainer exceeded any outstanding amounts for fees and expenses incurred prior to the Petition Date.

### Third-Party Funding of Retainer and Lar Dan Factors

15.     I understand that the Debtors did not have funds sufficient to pay the retainer required by Goldin. I understand Ng Joon Chuan, as 12.5% owner of Debtor NS Hong, caused his wholly owned investment company, Meridian to make capital contributions to NS Hong to fund the Retainer.

16.     Goldin required both Mr. Ng and Meridian, as well as the Debtors, to make representations, warranties and acknowledgments concerning the factors relating to the required independence of professionals who are paid retainers by third parties. In this regard, Mr. Ng, on behalf of himself and Meridian as its sole shareholder, executed the Engagement Agreement containing such representations, warranties and acknowledgements and made a "Lar Dan" declaration, which is attached to the Application as **Exhibit "C"** (the "**Lar Dan Declaration**").

6

17.    In sum, in the Lar Dan Declaration, Mr. Ng and Meridian have described their connections with the Debtors, Mr. Ng's ownership of Meridian and percentage ownership in NS Hong, Meridian's status as a creditor of NS Hong, Meridian's funding of the retainers as set forth above in the form of a capital contribution to NS Hong, and the Debtors' consent to such arrangement. Also in the Lar Dan Declaration, Mr. Ng and Meridian acknowledged and agreed that the chapter 11 case professionals owe a duty of undivided loyalty the Debtors only and no duties to Mr. Ng and Meridian, that the professionals are free to advise the Debtors in ways that may be contrary to Mr. Ng and Meridian's interests, and the professionals may represent the Debtors in court against Mr. Ng and Meridian. Finally, Mr. Ng and Meridian confirm that they have retained independent U.S. bankruptcy counsel in connection of these cases, that none of the chapter 11 case professionals has ever represented Mr. Ng or Meridian and never will represent them, and that Mr. Ng and Meridian will disclose any other facts that might be relevant to the Lar Dan concerns, in consultation with their independent counsel.

### No Agreement To Share
### Any Compensation With Third Parties

18.    Pursuant to Bankruptcy Rule 2016(b), Goldin has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members and employees of Goldin or (b) any compensation another person or party has received or may receive.

### Goldin's Disinterestedness

19.    In connection with its proposed retention by the Debtors in these chapter 11 cases, Goldin undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, Goldin obtained from the Debtors and their representatives the names of individuals

and entities that may be parties in interest in these chapter 11 cases or otherwise have material connections to these cases (the "**Potential Parties in Interest**") and such parties are listed on **Annex 2** hereto. Goldin inquired about connections to the entities and people listed on **Annex 2** pursuant to its conflicts/connections check procedure. Goldin's research confirmed that Goldin has no connection to the Potential Parties in Interest during the past three (3) years, <u>except to the extent indicated herein or on Annex 2 hereto</u>.

20.    Goldin may have in the past represented, may currently represent, and may in the future represent, entities that may be parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases. The information listed on **Annex 2** may have changed without Goldin's knowledge and may change during the pendency of these chapter 11 cases. Accordingly, I or another representative of Goldin will update this Declaration as necessary and when Goldin becomes aware of additional material information. To the best of my knowledge, (a) Goldin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Goldin has no material connection to the Debtors, their creditors, or other parties in interest, during the past three (3) years, except as may be disclosed on Annex 2 or elsewhere herein. Connections disclosed on Annex 2 apply to all affiliates of such party and may not be repeated for each affiliate.

21.    Senior Goldin personnel have reviewed the list of Interested Parties for any conflicts or connections and based on the conflicts/connections check conducted to date, to the best of my knowledge, neither I nor Goldin, insofar as I have been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective

attorneys and accountants, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, except as disclosed or otherwise described herein or on Annex 2.

22.     Goldin will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Goldin will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

23.     Notwithstanding the foregoing, Goldin has provided services, and likely will continue to provide services, in connection with many chapter 11 cases and out-of-court restructurings. All such matters involve numerous attorneys, professionals, creditors and/or other interested parties, some of whom may have or come to have some role or interest in these chapter 11 cases. Goldin has many clients, past and present, located throughout the United States and abroad—for some of whom Goldin employees may have served as officers—that could themselves (or their creditors, equity holders and/or related professionals) have relationships to the Interested Parties listed on Annex 2. Furthermore, some of those named in Annex 2 and/or their affiliates may be among thousands of trust holders/ beneficiaries or litigants in matters in which Goldin or one or more of its employees serves as a trustee in unrelated matters. Goldin and/or its personnel may use regular commercial products and services made available in the ordinary course of business by one or more of the parties listed on Annex 2 and/or its affiliate.

9

24.    Goldin and/or its professionals have previously received appointments from Bankruptcy Judges in the Southern District of New York and the United States Trustee in unrelated matters.

### Specific Disclosures

25.    None of the representations described herein and/or on **Annex 2** is materially adverse to the interests of the Debtors' estates. Moreover, pursuant to section 327(c) of the Bankruptcy Code, I understand Goldin is not disqualified from acting as the Debtors' financial advisor merely because it represents certain of the Debtors' creditors or other entities that may be parties in interest in matters unrelated to the Debtors or these chapter 11 cases.

### Affirmative Statement of Disinterestedness

26.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Goldin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Goldin has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  Executed the 18th day of July, 2016

s/David W. Prager
David W. Prager

**PRAGER DECLARATION ANNEX 1**

**ENGAGEMENT AGREEMENT**



**GoldinAssociates**ᴸᴸᶜ

350 Fifth Avenue
The Empire State Building
New York, New York 10118

T    212.593.2255
F    212.888.2841

www.goldinassociates.com

PRIVILEGED AND CONFIDENTIAL

June 26, 2016

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein, P.C.
990 Stewart Avenue Suite 300
Garden City, New York 11530-9194
tslome@msek.com

VIA EMAIL

   Re: Pacific Andes Financial Advisory Services

Dear Tom:

   This letter agreement ("Agreement") sets forth the terms and conditions pursuant to which Goldin Associates, LLC ("Goldin") is being retained by NS Hong Investment (BVI) Limited, Pacific Andes International Holdings, Super Investment Limited (Cayman), China Fishery Group Limited (Cayman), Smart Group Limited (Cayman), CFG Peru Investment Pte. Ltd., Protein Trading Limited, South Pacific Shipping Agency Ltd., Premium Choice Group Limited, China Fisheries International Limited, Ringston Holdings Limited, Chanery Investment Inc., Champion Maritime Ltd., Target Shipping Limited, Fortress Agents Limited, Ocean Expert International Limited, CFGL (Singapore) Private Limited (collectively, "Clients" or "Companies") to provide financial advisory services in connection with the financial restructuring of one or more of the Companies (the "Engagement").

1. <u>Term.</u> The Engagement commenced as the date of this Agreement and shall continue until terminated by Goldin or Clients on fifteen days' notice (the "Engagement Period").

2. <u>Scope of Services.</u> Goldin shall assist Clients' counsel, Meyer, Suozzi, English & Klein, P.C., ("Counsel") by providing the restructuring advisory services set forth on Exhibit A hereto. Restructuring advisory services not set forth on Exhibit A are outside the scope of this Agreement and are to be separately procured by Clients.

3. <u>Retainer.</u> Prior to commencing work hereunder, Goldin shall receive a retainer of $1,750,000 ("Retainer"). Goldin shall deduct for payment to itself charges for professional fees and expenses from said Retainer ("Incurred Fees and Expenses"). Goldin shall hold the retainer, except for amounts paid to Goldin for Incurred Fees and Expenses, during the pendency of any proceeding under Title 11 of the United States Code (the "Bankruptcy Code") to which one or

1

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

more of the Companies is subject. At the end of the Engagement Period, Goldin shall return the
unused portion, if any, of the Retainer.

NS Hong Investments (BVI) Limited ("Payor"), shall make the Retainer payment on behalf
of itself and all the other Companies. It is understood and agreed that the Payor will obtain the
funds necessary to make the Retainer payment to Goldin from an unencumbered capital
contribution to the Payor made by Meridian Investment Group Pte. Ltd. ("Meridian"), an entity
wholly owned by Ng Joo Chuan ("NJC"), a shareholder of Payor. It is also understood that the
Retainer payment may be transferred directly by Meridian to Goldin, but the Companies, NJC and
Meridian acknowledge and agree that such direct payment is being made on behalf of Payor as
part of such capital contribution. The Payor, NJC and Meridian represent and warrant to Goldin
that the funds contributed as capital to the Payor and provided to Goldin are free and clear of all
liens and claims. NJC and Meridian represent and warrant that, both prior to and taking into
account the payment of the Retainer, (i) NJC's and Meridian's respective assets exceed their
respective debts and liabilities; (ii) NJC and Meridian can meet their respective debt obligations
on time as they become due; (iii) Meridian has no liabilities, including without limitation, based
on guarantees existing or potential causes of action, whether statutory based or under common
law; and (iv) no basis exists, under any applicable law, which would afford NJC or Meridian or
any person or entity the right or opportunity to claw back or otherwise make any claim to some or
all of the funds the Payor is using hereunder to make the Retainer payment. Notwithstanding the
foregoing, NJC, Meridian and the Companies agree that after the conclusion of the matter any
unused portion of the Retainer shall be transferred to the Payor, which will distribute such amount
in equal shares among the Companies, and not to NJC or Meridian. NJC, Meridian, the Companies
and Goldin agree that despite making agreements, acknowledgements, representations and
warranties set forth in Sections 3 and 4 of this Agreement, upon which Goldin and others are
entitled to rely, NJC and Meridian have no rights under this Agreement.

4.    Representations and Warranties. NJC, Meridian and the Companies represent, warrant and
agree that: (1) all aspects of the economic arrangements relating to Retainer payment by or on
behalf of the Payor have been disclosed to the Companies; (2) the Companies expressly consent
to such arrangements; (3) NJC and Meridian have independent legal and financial advisors in
connection with those arrangements and the contemplated filings of one or more of the Companies
under the Bankruptcy Code; (4) the professional duty of Goldin hereunder is one of undivided
loyalty owed exclusively to all the Companies; (5) NJC, Meridian and the Companies will fully
disclose to the Court at the outset of any filing by any of the Companies under the Bankruptcy
Code the factual and legal relationship among NJC, Meridian, the Payor and the other Companies,
as well as identifying relevant professionals and related financial arrangements; and (6) there are
no facts that otherwise create non-disinterestedness, actual conflict or impermissible potential for
a conflict of interest. It is understood and agreed among NJC, Meridian, Payor and all other
Companies that in the event a Bankruptcy Court were to deny Goldin's retention pursuant to In re
Lar Dan Enterprises, Inc., 221 B.R. 93 (Bankr. S.D.N.Y. 1998), or any other basis related to the
representations and warranties in this paragraph, Goldin shall nonetheless be entitled to any and all
Incurred Fees and Expenses. Goldin shall pay itself such Incurred Fees and Expenses from the Retainer

2

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

immediately upon any such denial and shall have no further obligations to any of the Companies hereunder.

5.     Compensation.  For the services Goldin is to provide in connection with the Engagement, the Companies will pay Goldin its usual and customary hourly fees, subject to a monthly minimum amount of USD $50,000 ("Monthly Minimum Fee").  The Monthly Minimum Fee is to be paid by Goldin to itself from the Retainer in advance of each month.  At the end of each month, Goldin shall provide a bill to Clients' Counsel for hourly charges, if any, incurred during the prior month above the Monthly Minimum Fee ("Additional Hourly Charges"), as well as reasonable out-of-pocket expenses incurred ("Expenses").  Goldin will pay itself from the Retainer the amount of such Additional Hourly Charges and Expenses.  In the event insufficient funds remain in the Retainer to cover any fees or expenses hereunder, Goldin will submit a bill to Counsel, which shall be payable promptly upon receipt.  In the event the Retainer is exhausted during the Engagement Period and not replenished in an amount satisfactory to Goldin in its discretion, Goldin may terminate this Agreement and cease providing services hereunder without any ongoing obligation or liability.

It is understood that as of this date Goldin has not arrived at any conclusions respecting any matters relating to the Engagement.  Payment of Monthly Minimum Fees, Additional Hourly Fees or any other compensation ("Compensation") and reimbursement of Expenses will not be contingent in any way on the content of Goldin's analysis, reports, advice, testimony or on the outcome of any litigation.  Goldin shall be entitled to Compensation hereunder in the event it is not asked to provide testimony or in the event the Court determines, for any reason, not to permit Goldin to provide testimony or to qualify Goldin's testimony.  Goldin will not provide requested testimony (oral or written testimony or a report for submission, filing or disclosure) until all due and owing Compensation and Expenses have been paid.

Each of the Companies shall be joint and severally liable for all obligations hereunder and deemed to have received the full value of the services provided.  Counsel shall have no responsibility for the payment of any financial obligation hereunder.

6.     Bankruptcy Filing.  In the event that one or more of the Companies (a "Company") is or becomes a debtor under the Bankruptcy Code, the Company shall use its best efforts to promptly apply to the bankruptcy court having jurisdiction over the relevant case or cases ("Bankruptcy Court") for the approval pursuant to sections 327 and 328 of the Bankruptcy Code of (A) this Agreement and (B) Goldin's retention by the Company under the terms of this Agreement and subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.  The Company shall supply Goldin with a draft of such application and any proposed order authorizing Goldin's retention sufficiently in advance of the filing of such application and proposed order to enable Goldin to review and comment thereon.  Goldin shall have no obligation to provide any services under this Agreement in the event that the Company becomes a debtor under the Bankruptcy Code unless Goldin's retention under the terms of this Agreement is approved under section 328(a) of the Bankruptcy Code by a final order of the Bankruptcy Court no longer subject to appeal, rehearing, reconsideration or petition for certiorari, and which order is reasonably acceptable to Goldin in all respects.  If the Company becomes a debtor under the Bankruptcy Code and Goldin's

3

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

engagement is approved by the Bankruptcy Court, the Company shall pay all fees and expenses of Goldin hereunder as promptly as practicable in accordance with the terms hereof. Prior to commencing a case under the Bankruptcy Code, the Company shall pay all due and owing Compensation and Expenses to Goldin.

With respect to Goldin's retention under sections 327 or 328 of the Bankruptcy Code, the Companies acknowledge and agree that Goldin's restructuring expertise, as well as its specialized skill and knowledge and other opportunities Goldin may need to forgo to assist the Companies hereunder and/or to provide efficient staffing (creating "peak load" issues for Goldin), were important factors in determining the amount of the fees set forth herein, including, but not limited to the Monthly Minimum Fee, and that the ultimate benefit to the Companies of Goldin's services hereunder could not be measured merely by reference to the number of hours to be expended by Goldin's professionals in the performance of such services. The Companies agree that the fee arrangements hereunder are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

Each Company shall use its best efforts to provide for the payment in full, in cash, of any fees and expenses described in this section in any plan submitted to the Bankruptcy Court for confirmation; however, Goldin recognizes a Company's ability to make such payments may be subject to approval and entry of an order by the Bankruptcy Court. In the event that a restructuring is consummated pursuant to a plan, all fees payable to Goldin hereunder with respect thereto shall be deemed earned and payable in full upon the effective date of the plan.

7.   Additional Terms. The attached Additional Terms and Conditions are incorporated in their entirety into this Agreement and set forth material additional terms of this Agreement.

8.   Multiple Originals. This Agreement may be signed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. This Agreement may be executed and delivered by facsimile or email of a pdf counterpart signature.

Very truly yours,

David W. Prager
Managing Director

4

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

## GOLDIN ASSOCIATES, LLC
## STANDARD TERMS AND CONDITIONS OF ENGAGEMENT

Unless otherwise defined, capitalized terms in these Additional Terms and Conditions shall have the same meaning as set forth elsewhere in the Agreement. The term "Pacific Andes" refers to each and all of the Companies, individually and collectively, as well as their respective predecessors, assigns, successors and affiliates.

Scope of Services. Goldin will not perform audit, accounting compilation, legal, asset appraisal, investment advising, tax preparation or tax advisory services. Goldin will provide no assurance of the future financial performance or historical results of Pacific Andes or any other entity and takes no responsibility for the achievability of any results. Goldin does not conduct audits or provide evaluations of or opinions relating to accounting processes or procedures. Goldin makes no representation or warranty that the analysis or any advice or work product provided hereunder ("Work Product") is adequate or sufficient for any particular purpose. The Work Product will not comply with standards established by the American Institute of Certified Public Accountants. It may be that in the event an audit or other more extensive review were to be performed, improprieties, irregularities or other issues might be identified that might not be identified as part of the limited review involved in preparing the Work Product. Furthermore, Goldin will not determine the possible effect on Pacific Andes or the relevant market of future contingencies and will not assume any obligation for updating the Work Product after its delivery.

No party may rely on the Work Product in making any investment, lending or other commercial decision. Goldin will assume for purposes of preparing the Work Product that the documents or other information provided by Pacific Andes or third parties ("Documents") are authentic and Goldin will not attempt to investigate or otherwise provide assurance relating thereto. Goldin should not be regarded as having in any way warranted or given any assurance as to the completeness, accuracy or integrity of the Documents. Goldin makes no representation regarding the contents of any Documents, taken as a whole, as to the adequacy of disclosures or whether any material facts have been omitted. Goldin takes no responsibility for modifications to the Documents of which Goldin has not been made aware.

Pursuant to Internal Revenue Service Circular 230 (if applicable), be advised that any discussion of U.S. federal tax issues contained or referred to in any Work Product is not intended or written to be used, for the purpose of: (A) avoiding penalties that may be imposed under the internal Revenue code; nor (B) promoting, marketing or recommending to another party any transaction or matter addressed.

Goldin does not conduct activities that are, under applicable laws and regulations, exclusive to broker-dealers. Upon written further written agreement, in the discretion of all parties involved, such activities may be undertaken by Goldin's broker-dealer affiliate, which is a member of FINRA and SIPC.

5

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

Reimbursement of Expenses.  Goldin will be reimbursed for all documented out-of-pocket expenses, at cost, reasonably incurred in connection with its services hereunder, including, but not limited to, travel (coach class, unless unavailable, for flights of four or fewer hours, and business class for flights of four or more hours), messengers, telecommunications, duplication, research charges/materials and the like.  Certain expenses, such as duplication and fax, may be charged on a per page or per unit basis at rates charged to other Goldin clients.

Confidentiality.  Excepting public information, documents and information provided to Goldin by Counsel or Pacific Andes are to be treated as confidential and not divulged or disseminated to persons other than those at Goldin, Counsel and Pacific Andes in connection with the engagement. Documents Goldin prepares or any discussions that Goldin personnel may have with Counsel or Pacific Andes in connection with the engagement may be subject to the attorney-client privilege and/or attorney work-product protection, and are to be kept confidential.  Goldin shall not be required to return or destroy, but shall maintain as confidential, in accordance herewith a set of its work papers from the engagement, including work papers containing or reflecting confidential information, in accordance with its archival practice.

Counsel and Pacific Andes recognize and confirm that Goldin will be using and relying on publicly available information and on data, material and information provided by the Company, other entities or their professionals, as well as by third parties ("Available Information").  It is understood that in performing services hereunder, Goldin may reasonably assume and rely upon the accuracy and completeness of, and is not assuming any responsibility for independent verification of, Available Information.  Pacific Andes expressly agrees that Goldin will not be liable in any way for any damage resulting from any inaccuracies or errors in any information provided to or obtained by Goldin.

If any person or entity, including any government agency, to which disclosure has not been authorized by the Pacific Andes, requests, subpoenas or otherwise seeks to obtain any theories, opinions, facts, data, information, documents or other materials within Goldin's possession or control that have been acquired or generated in the course of the Engagement, Goldin shall make reasonable efforts to promptly inform Counsel prior to any disclosure.  Except for measures requiring immediate action to preserve the status quo, Goldin shall consult with Counsel prior to taking any legal actions in connection with any such request or subpoena.  Should legal measures prove necessary, Counsel shall have the right (provided it is not, in Goldin's view, subject to an actual or potential conflict or otherwise legally or ethically precluded from assuming the engagement), but not the obligation, to represent Goldin (at Pacific Andes' sole expense) in connection with such legal measures to the extent that they involve materials, documents or information provided or generated in connection with this Engagement.  Goldin shall be entitled to receive from Pacific Andes prompt reimbursement or, at Goldin's election, advances of payments for all expenses (including but not limited to attorneys' fees and related litigation expenses, if applicable) incurred as a result of Goldin's compliance with this paragraph or otherwise making good-faith efforts to protect confidentiality of information, the disclosure of which has not been authorized by Pacific Andes.

6

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

Apart from any materials made publicly available with the consent of Goldin, any advice or Work Product provided by Goldin pursuant to this Agreement is intended solely for the benefit and use of Counsel in connection with the Engagement and Counsel and Pacific Andes agree that such advice may not be disclosed publicly or made available to third parties (other than attorneys, accountants and other professional advisors of Pacific Andes) without the prior written consent of Goldin.

Standard of Care; Limitation on Liability. Counsel and Pacific Andes agree that they will have no claims against Goldin relating to this Agreement other than any arising directly out of bad faith or gross negligence on the part of Goldin, and total payment by Goldin in connection with any such claim or claims shall be limited to amounts paid in fees to Goldin hereunder. Goldin shall have no liability for actions taken in reliance upon Pacific Andes' professionals or for any error in judgment or action taken in good faith.

Indemnification. Pacific Andes agrees to indemnify and hold Goldin harmless against any costs, losses, claims, damages or liabilities, joint or several, ("Claims") to which Goldin directly or indirectly may become subject as a result of providing the services that are the subject of the Agreement. Pacific Andes agrees to reimburse Goldin for any reasonable out-of-pocket legal, investigation and preparation expenses or other reasonable expenses as incurred in connection with investigating or defending against any loss, claim, damage or liability, or responding to any governmental or quasi-governmental inquiry, investigation or review, or any action, proceeding or investigation in respect thereof, with such reimbursement to be made as expenses are incurred. However, Pacific Andes shall not be liable under the foregoing indemnity and reimbursement provisions in respect of any loss, claim, damage or liability to the extent that a court having jurisdiction shall have determined by final judgment that such loss, claim, damage or liability resulted from the bad faith or gross negligence of Goldin. Absent any such final judgment, Pacific Andes shall promptly reimburse Goldin for expenses incurred hereunder, subject to any such final judgment, and the assertion by Pacific Andes that it may have defenses to this indemnification shall not be grounds for refusal to pay or advance expenses hereunder. The foregoing provisions shall survive any termination of the Agreement. In the event that one or more of the Companies is or becomes a debtor under the Bankruptcy Code, the Company shall use its best efforts to include in the court-approved retention of Goldin indemnification terms that are satisfactory to Goldin in its discretion.

Terms Surviving Termination. The terms of the Agreement that by their context are intended to be performed after termination or expiration of the Engagement, including but not limited to those relating to the use of information and confidentiality, limitations on liability, indemnification and the like, shall continue to bind all parties after termination of this Agreement.

Remedies. If Goldin does not timely receive any payment due under the Agreement, it may, at its election, immediately suspend services or terminate the Agreement and have no further obligations hereunder, except those that survive termination. Goldin's failure to exercise such remedy (or any other remedy) at any time does not constitute a waiver of its right to do so at any future time. In the event of termination based upon failure to pay or other breach of contract by Pacific Andes, Goldin shall remain entitled to receive any unpaid earned compensation (and reimbursement for

7

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

incurred fees), and Goldin's right to receive any benefit under the Agreement (including, without limitation, any limitation on liability) shall remain in full force and effect.

Dispute Resolution.  Except to the extent that any dispute between Pacific Andes and/or Counsel, on the one hand, and Goldin, on the other hand ("Dispute"), must be brought before a Bankruptcy Court pursuant to the Bankruptcy Code, such Dispute, whether relating to the Agreement or the relationship among the parties and whether involving alleged claims in contract, tort or otherwise, will be submitted to final, binding arbitration, in accordance with the Federal Arbitration Act, in New York County before JAMS or if JAMS is unable to arbitrate, before the American Arbitration Association (or if the American Arbitration Association is also unable to arbitrate, another nationally recognized arbitration tribunal mutually agreed to by the parties to the dispute).  The Arbitration shall be conducted before a single arbitrator, unless the parties agree otherwise in writing, in accordance with the then-existing most streamlined available rules of the selected arbitral forum.  The arbitrator may award the prevailing party, as determined by the arbitrator, the prevailing party's reasonable expenses, including, but not limited to, attorneys' fees and expenses and arbitration costs and the fees and costs of the arbitrator and the tribunal.  In no event, shall the arbitrator award punitive damages.  No party hereto, including Pacific Andes, nor any successor or assignee, may bring any action or proceeding arising under or otherwise concerning this Engagement or the related relationship between the parties more than one year after the termination of the Engagement, except that Goldin may bring an action or proceeding for non-payment up until one year after the date the last payment is due to it.

Jury Trial Waiver.  The parties hereto have agreed to the dispute resolution provision set forth herein and, therefore, it is the parties' intention that disputes will not be heard in a court of law.  Nothing herein, however, is intended or should be construed to preclude any party from seeking in a court of competent jurisdiction emergency or preliminary injunctive relief or relief in aid of or to compel arbitration.  In the event that any dispute relating to this matter should become subject to a proceeding before any court (such as without limitation the above-described actions or an action to enforce an arbitration award or pursuant to the Bankruptcy Code) THE PARTIES EXPRESSLY, IRREVOCABLY AND UNCONDITIONALLY AGREE TO WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS ENGAGEMENT OR THE SERVICES PROVIDED HEREUNDER.  The parties' agreement in this regard is a material part of the consideration received by Goldin, and Goldin would not consent to perform services or enter into the Agreement without such agreement.

Assignment.  No party may assign, transfer or delegate any of its rights or obligations pursuant to the Agreement without the prior written consent of the other parties.

Non-Solicitation of Employment.  Pacific Andes agrees that it will not, within twelve months of termination of this Agreement, employ or make an offer of employment to, respectively, any Goldin personnel performing services hereunder.

Severability.  In the event that any term or provision of the Agreement shall be held to be invalid, void or unenforceable, then the remainder of the Agreement shall not be affected, and each such

8

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

Entire Agreement. This Agreement constitutes the entire agreement of the parties concerning the subject matter of the Agreement and any related issues. The Agreement may not be amended or modified except in writing. Each party represents and warrants that it is a sophisticated party that was represented by counsel in connection with this Agreement. No party is relying in any way on any representation or warranty, written or oral, not expressly set forth herein.

Authority. Each signatory represents and warrants that he or she possesses all required legal authority to enter into this Agreement on behalf of the entity for which he is signing and to bind that entity to the terms hereof.

Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to New York's conflicts of laws or choice of laws principles. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing this Agreement or any part hereof to be drafted. Any headings contained herein are for convenience purposes only and not to be used in interpreting or construing the terms of the Agreement.

*    *    *    *

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

9

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

AGREED AND ACCEPTED:

Goldin Associates, LLC                    Meyer, Suozzi, English & Klein, P.C.

By: _____              By: _____
    Name: David W. Prager                    Name: Thomas R. Slome
    Title: Managing Director                 Title: Shareholder

AGREED AND ACCEPTED:

| Debtor Entity | Signatory Name | Signatory Title | Signature |
|---|---|---|---|
| NS Hong Investment (BVI) Limited | | | |
| Pacific Andes International Holdings | | | |
| Super Investment Limited (Cayman) | | | |
| China Fishery Group Limited (Cayman) | | | |
| Smart Group Limited (Cayman) | | | |
| CFG Peru Investment Pte. Ltd (Singapore) | | | |
| Protein Trading Limited (Samoa) | | | |
| South Pacific Shipping Agency Ltd. (BVI) | | | |
| Premium Choice Group Limited (BVI) | | | |
| China Fisheries International Limited (Samoa) | | | |
| Ringston Holdings Limited (Cyprus) | | | |
| Chanery Investment Inc. (BVI ) | | | |
| Champion Maritime Ltd (BVI) | | | |
| Growing Management Limited (BVI) | | | |
| Target Shipping Limited (HK) | | | |
| Fortress Agents Limited (BVI) | | | |
| Ocean Expert International Limited (BVI) | | | |
| CFGL (Singapore) Private Limited | | | |

AGREED AND ACCEPTED:

Meridian Investment Group Pte. Ltd.          Ng Joo Chuan

By: _____              _____
    Name:
    Title:

10

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

AGREED AND ACCEPTED:
Goldin Associates, LLC                        Meyer, Suozzi, English & Klein, P.C.

By:_____                      By:_____
   Name: David W. Prager                          Name:
   Title: Managing Director                       Title:

AGREED AND ACCEPTED:

| Debtor Entity | Signatory Name | Signatory Title | Signature |
|---|---|---|---|
| NS Hong Investment (BVI) Limited | Ng Puay Yee | Director | |
| Pacific Andes International Holdings | Ng Puay Yee | Managing Director | |
| Super Investment Limited (Cayman) | Ng Puay Yee | Director | |
| China Fishery Group Limited (Cayman) | Ng Puay Yee | CEO | |
| Smart Group Limited (Cayman) | Ng Puay Yee | Director | |
| CFG Peru Investment Pte. Ltd (Singapore) | Ng Puay Yee | Director | |
| Protein Trading Limited (Samoa) | Ng Puay Yee | Director | |
| South Pacific Shipping Agency Ltd. (BVI) | Ng Puay Yee | Director | |
| Premium Choice Group Limited (BVI) | Ng Puay Yee | Director | |
| China Fisheries International Limited (Samoa) | Ng Puay Yee | Director | |
| Ringston Holdings Limited (Cyprus) | Ng Puay Yee | Director | |
| Chanery Investment Inc. (BVI ) | Ng Puay Yee | Director | |
| Champion Maritime Ltd (BVI) | Ng Puay Yee | Director | |
| Growing Management Limited (BVI) | Ng Puay Yee | Director | |
| Target Shipping Limited (HK) | Ng Puay Yee | Director | |
| Fortress Agents Limited (BVI) | Ng Puay Yee | Director | |
| Ocean Expert International Limited (BVI) | Ng Puay Yee | Director | |
| CFGL (Singapore) Private Limited | Ng Puay Yee | Director | |

AGREED AND ACCEPTED:
Meridian Investment Group Pte. Ltd.          Ng Joo Chuan


By:_____                      _____
   Name:
   Title:

10

Thomas R. Slome, Esq.
Meyer, Suozzi, English & Klein P.C.
June 26, 2016

<u>Exhibit A</u>

- Preparation of financial models for underlying assets and assessment of cash requirements

- Preparation of valuation and financial analysis of underlying assets

- Support litigation by providing expert testimony and assistance with document requests

- Provide expert testimony on valuation and/or plan feasibility

- Conduct a site visit of operating entities

- Prepare financial analysis on recovery alternatives to all stakeholders

- Meet with creditors and other stakeholders

- Assist in evaluation of post-petition cash requirements for the Debtors

- Assist with creditor negotiations

- Assist in the development and negotiation of a plan of reorganization

11

**PRAGER DECLARATION ANNEX 2**

**POTENTIALLY INTERESTED PARTIES LIST**

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| | |
| **1(a) Debtors and Related Companies** | |
| ACE Field Limited (BVI) | |
| Admitted Agents Limited (BVI) | |
| Alliance Capital Enterprises Limited (HK) | |
| Andes Agency Limited (HK) | |
| Aqua Foods (Qingdao) Ct. Ltd. (PRC) | |
| Aqua Management Limited (BVI) | |
| Atlantic Pacific Fishing (Pty) Ltd | |
| Best Concept (Far East) Limited (HK) | |
| Bestmate Investments Limited (Samoa) | |
| Bonaire Developments Limited (BVI) | |
| Brandberg (Mauritius) Investments | |
| Brandberg Namibia Investments Compa | |
| CFG Investment S.A.C. (Peru) | |
| CFG Investments Shanghai Ltd. (PRC) | |
| CFG Peru Investments Pte. Ltd. (Singapore) | |
| CFGL (Singapore) Private Limited | |
| Champion Maritime Ltd (BVI) | |
| Champion Shipping Limited (BVI) | |
| Chanery Investment Inc. (BVI) | |
| Chasterton Group Limited (BVI) | |
| Chiksano Management Ltd | |
| China Cold Chain Food Products Trade Development Limited (BVI) | |
| China Cold Chain Group Limited (BVI) | |
| China Fisheries International Limited | |
| China Fishery Group Limited (Cayman) | |
| China Fishery Group Limited (HK) | |
| CJSC Invest Group | |
| Clamford Holding Limited (BVI) | |
| Concept China Investment Limited (HK) | |
| Conred Limited (HK) | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Consorcio Vollmacht S.A.C. (Peru) | |
| Copeinca AS (Norway) | |
| Copeinca International S.L.U. (Spain) | |
| Copeinca SAC (Peru) | |
| Corporacion Pesquera Frami S.A.C. (Peru) | |
| Corporacion Pesquera Inca S.A.C. (Peru) | |
| Davis Limited (HK) | |
| Dynamic Choice Limited (HK) | |
| Emerald Nirwana Sdn. Bhd. (Malaysia) | |
| Eurofish Limited Company (BVI) | |
| Europaco (AP) Limited (BVI) | |
| Europaco (BP) Limited (BVI) | |
| Europaco (EP) Limited (BVI) | |
| Europaco (GP) Limited (BVI) | |
| Europaco (HP) Limited (Hong Kong) | |
| Europaco (QP) Limited (Samoa) | |
| Europaco Limited (BVI) | |
| Excel Concept Ltd | |
| Fantastic Buildings Limited (BVI) | |
| Fastact Group Limited (BVI) | |
| Fortress Agents Limited (BVI) | |
| Fortune Midas Limited (BVI) | |
| Full Enrich Limited (HK) | |
| Gain Star Management Ltd | |
| Gelmer SAS (France) | |
| Global Research Group Inv. (BVI) | |
| Global Research Services Inc. (BVI) | |
| Glorious Ocean Limited (HK) | |
| Golden Target Pacific Limited | |
| Grand Success Investment (Singapore) | |
| Grandluck Enterprises Limited (HK) | |
| Grandway Capital Resources Limited (HK) | |
| Grandwell Investment Group Ltd | |
| Growing Management Limited (BVI) | |
| Heng Holdings (BVI) Limited | |
| Hill Cosmos International Ltd | |
| Immobiliarie Y Constructora Pahk S.A.C. | |
| Inmobiliaria Gainesville S.A.C. (Peru) | |
| Inversiones Pesqueras West S.A.C. (Peru) | |

3

| Individual/Entity | Disclosure (if Relevant) |
| --- | --- |
| J. Wiludi & Asociados SAC (Peru) | |
| J. Wiludi & Asociados Consultores En Pesca SAC (Peru) | |
| Join Power Assets Limited (BVI) | |
| Kyoshoku Marketing Co. Limited (Japan) | |
| Lions City Investment Inc. (BVI) | |
| LLC Investment Company Kredo (Russia) | |
| Loyal Mark Holdings Ltd | |
| Macro Capitales S.A. (Panama) | |
| Metro Island International Ltd | |
| Mission Excel International Ltd | |
| Modern Energy Holdings Limited (BVI) | |
| N.S. Hong Investment (BVI) Limited | |
| National Fish and Seafood Inc. (US) | |
| National Fish and Seafood Ltd (HK) | |
| Natprop Investments Limited (Coop Islands) | |
| New Millennium Group Holdings Limited (BVI) | |
| NFS Management Ltd (HK) | |
| Nidaro International Limited (BVI) | |
| Nippon Fishery Holdings Limited (BVI) | |
| Nouvelle Foods International Limited (BVI) | |
| Ocean Expert International Limited (BVI) | |
| Ocean Kingdom Enterprises Limited (HK) | |
| Onn Profits Limited (BVI) | |
| Orient Ocean Limited (BVI) | |
| PA Capital Investment Limited (BVI) | |
| Pacific Andes (EP) Limited (BVI) | |
| Pacific Andes (Europe) Limited (BVI) | |
| Pacific Andes (HP) Limited (HK) | |
| Pacific Andes Development Limited (BVI) | |
| Pacific Andes Development Sdn. Bhd. (Malaysia) | |
| Pacific Andes Enterprises (BVI) Limited | |

4

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Pacific Andes Enterprises (Hong Kong) | |
| Pacific Andes Food (BVI) Limited | |
| Pacific Andes Food (Hong Kong) Company Limited | |
| Pacific Andes Food Limited (PRC) | |
| Pacific Andes International Holdings | |
| Pacific Andes International Holdings (BVI) | |
| Pacific Andes Resources Development | |
| Pacific Andes Treasury Management Ltd | |
| Pacific Andes Vegetables, Inc. (BVI) | |
| Pacific Fruit Trading Limited (HK) | |
| Paco Alpha Limited (BVI) | |
| Paco Beta Limited (BVI) | |
| Paco Gamma Limited (BVI) | |
| Paco Kappa Limited (BVI) | |
| Paco Sigma Limited (BVI) | |
| Paco Theta Limited (BVI) | |
| Paco Zeta Limited (BVI) | |
| Paco-EP Limited (Cyprus) | |
| Paco-GP Limited (Cyprus) | |
| Paco-HP Limited (Cyprus) | |
| Pacos (QP) Limited (Cyprus) | |
| Pacos Processing Limited (Cayman) | |
| Pacos Trading Limited (Cayman) | |
| PAE Ltd. | |
| PARD Trade Limited (BVI) | |
| Parkmond Group Limited (BVI) | |
| Peaklane Development Limited (BVI) | |
| Peaksville Limited (UK) | |
| Pelican Food Limited (BVI) | |
| PFB Fisheries BV (Netherlands) | |
| Pickenpack Europe GmbH | |
| Pickenpack Holding Germany GmbH | |
| Pickenpack Production Lüneburg GmbH | |
| Pioneer Logistics Ltd. (BVI) | |
| Poweroute Limited (BVI) | |
| Powertech Engineering (Qingdao) Co. | |
| Premium Choice Group Limited (BVI) | |
| Protein Trading Limited (Samoa) | |
| Qingdao Canning Foodstuff Co. | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Limited (PRC) | |
| Qingdao New Millennium Food Co. Ltd. (PRC) | |
| Qingdao Pacific Andes Farm Co. Ltd. (PRC) | |
| Quingdao Pacific Andes Food Limited | |
| Qingdao Pacific Andes International Trading Company Limited (BVI) | |
| Quality Food (Singapore) Pte. Limited (Singapore) | |
| Rawley Trading Limited (BVI) | |
| Rich Reward Assets Limited (BVI) | |
| Rich System Limited (HK) | |
| Richtown Development Limited (BVI) | |
| Ringston Holdings Limited (Cyprus) | |
| Sahara Investment Group Limited | |
| Sea Capital International Ltd | |
| Sevenseas Enterprises Limited (BVI) | |
| Superb Choice Int't Limited (BVI) | |
| Trade Ocean Limited (BVI) | |
| TST The Seafood Traders GmbH | |
| Turbo (Asia) Ltd. (HK) | |
| Shine Bright Management Ltd | |
| Smart Group Limited (Cayman) | |
| South Pacific Shipping Agency Ltd. (BVI) | |
| Super Investment Limited (Cayman) | |
| Sustainable Fishing Resources SAC | |
| Sustainable Pelagic Fishery S.A.C. (Peru) | |
| Target Shipping Limited (HK) | |
| Toyama Holding Ltd | |
| Value Food Supply Limited (BVI) | |
| Vision Invest Limited (BVI) | |
| Waton Enterprises Limited (HK) | |
| Wealthy Nation Holdings Limited (BVI) | |
| Well Hope International Limited (BVI) | |
| Xinxing Foodstuffs (Qingdao) Company Limited (PRC) | |
| Zhonggane Fisheries Limited | |
| | |
| **1(b) Officers and Directors (including Joint** | |

6

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| **Provisional Liquidators)** | |
| Alexandrou, Yianna | |
| Beighton, Kris | |
| Brough, Paul Jeremy | |
| Chan, Tak Hei | |
| Lawson, Alexander | |
| Lew, V. Robert | |
| Lim, Soon Hock | |
| Middleton, Edward Simon | |
| Ng, Joo Kwee | |
| Ng, Joo Thieng | |
| Ng, Joo Puay | |
| Ng, Joo Puay, Frank | |
| Ng, Puay Yee | |
| Ng, Puay Yee, Annie | |
| Ng, Weng Sin | |
| Nguyen, Van Tu, Peter | |
| Power, Fergal Thomas | |
| Quck, Wee Lin | |
| Sung, Yu Ching | |
| Tao, Kwok Lau, Clement | |
| Tan, Ngiap Joo | |
| Teh, Hong Eng | |
| Tse, Man Bun | |
|  | |
| **1(c) Top Equity Holders (5% or More for Publicly Traded Entities)** | |
| Carlyle | |
| Chan, Yiu Fai | |
| Jade China | |
| JCNG Investment Limited | |
| Lee, Po Chun | |
| Ng, Joo Puay | |
| Ng, Joo Thieng | |
| Ng, Joo Yau | |
| NJK Investment Ltd. | |
| Pacific Innovation (BVI) Limited | |
| R & J Investment Limited | |
| Teh, Hong Eng | |
|  | |
| **1(d) Noteholders & Counsel** | |
|  | |
| Arkkan Capital Management Ltd | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Cowell & Lee Advisors Limited | |
| Citicorp International Limited (as Trustee) | Citibank and/or affiliates ("Citi") retained Goldin through a law firm in a recently concluded, unrelated matter.  Goldin is currently working as an expert in an unrelated litigated matter on behalf of a client adverse to Citi.  Goldin, its affiliates and certain of its professionals maintain banking and credit relationships with Citi.  Citi has played roles in unrelated restructuring matters in which Goldin has been involved, including being a lender to clients of Goldin in unrelated matters.  Citi is adverse to a client of Goldin's in an unrelated matter.  A Goldin employee may be adverse to Citi in his capacity as a trustee in an unrelated matter. |
| Davidson Kempner Capital Management | Davidson Kempner and/or affiliates ("DK") was a client of Goldin's in an unrelated matter.  DK was an investor in an unrelated entity for which Goldin provided interim management services. |
| Kirkland & Ellis | Kirkland & Ellis and/or affiliates represents opposing and/or aligned parties in one or more unrelated bankruptcy matters where Goldin represents a party in interest. |
| Och-Ziff Capital Management Group LLC | Och Ziff and/or affiliates was a client of Goldin's in an unrelated matter. |
| Serica Partners Limited | |
| TMF Trustee Limited | |
| Value Partners Group Ltd | |
| | |
| **1(e) Debtors' Professionals** | |
| | |
| Ashurst LLP | |
| ASW Law Limited | |
| Drew & Napier LLC | |
| Forbes Hare LLP | |
| Goldin Associates, LLC | |
| Leung Wai Law Firm | |
| Meyer, Suozzi, English & Klein, P.C. | |
| Osterling Abogados | |
| RSR Consulting, LLC | |
| | |
| **1(f) Creditors of Debtors** | |
| | |
| Alatir Limited | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Alfa Laval (China) Ltd | |
| Andes Int'l (Qingdao) Shipping Agency | |
| Baker & McKenzie | |
| Baraka Seari Limited | |
| Boardroom Corporate & Advisory Services | |
| Boardroom Corporate Services (HK) | |
| Business Consultants Limited | |
| Cistar Tech Hk Ltd. | |
| City North District, Shanghai Electricity Huatong Electrical Distribution Department | |
| Creation One Management Limited | |
| David Lim & Partners | |
| Deloitte & Touche Financial Advisory | Deloitte and/or affiliates has played roles in unrelated restructuring matters in which Goldin has been involved. |
| Deloitte Touche Tohmatsu | |
| Epiq Systems Limited | Epiq Systems Limited and/or its affiliates provides services to an unrelated client of Goldin. |
| Fuji Trading Co., Ltd. | |
| G.F Marine Service Co., Ltd | |
| GenNex Financial Media Limited | |
| Grant Thornton Recovery | Grant Thornton and/or affiliates ("GT") has played roles in unrelated restructuring matters in which Goldin has been involved. GT is adverse to a client of Goldin in an unrelated matter. |
| Guangtai Trading Ltd. | |
| Haldanes | |
| Hon & Co | |
| HongKong Haichen International | |
| Indokru Pratama Samudra | |
| Industrial and Commercial Bank of China | |
| International Paint (Hong Kong) Ltd | |
| Jimo Huifengyuan Labour Supply Center | |
| Jiu Li Rope Co.,Ltd | |
| JSC DOBROVOLNIY FLOT | |
| Jsi Pacific, Inc. | |
| KCS Corporate Services Pte. Ltd. | |
| Kwok Yih & Chan | |
| Lap Wai Paper Products Investment | |

9

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Lianyungang Zhonglian Fishery Co. Ltd | |
| Limited Liability Co. "Albatros" | |
| Meridian Investment Group Pte Limited | |
| Moody's Investors Service Hong Kong | |
| Mourant Ozannes Service (Hong Kong) | |
| Nantong Antarctic Marine Equipment Co., | |
| Newbon Marine Co., Ltd. | |
| NLC Law Asia LLC | |
| Pacific Marine Supply Co.,Ltd | |
| Paramount Holdings Limited | |
| Perun Limited | |
| PICC Property & Casualty Co Ltd. | |
| PricewaterhouseCoopers Ltd | PriceWaterhouseCoopers and/or affiliates has played roles in unrelated restructuring matters in which Goldin has been involved. |
| Qingdao Aodujianuo Trade Co., Ltd | |
| Qingdao Deerfeng Gongmou Co Ltd | |
| Qingdao Dingsheng Ship Fittings Co., Ltd | |
| Qingdao Hanguang Packaging | |
| Qingdao Juncai Pelagic Fishery Co., Ltd | |
| Qingdao Jundelong Packing Co. Ltd | |
| Qingdao Lixin Labor Limited Supplies | |
| QINGDAO SHANGBINGKUN | |
| Qingdao Sigang Chunlin Stainless Steel | |
| Qingdao Taihengrui Maringe Co. Ltd | |
| Qingdao Tianhe Pharmaceutical Group | |
| QINGDAO YINGZE HUAGONG | |
| Qingdao Yue Hai Tong Hotel Supplies | |
| Rikky & Associates Engineering | |
| Rongcheng Double Super Mechanical Ang | |
| Rongcheng Hetai Shangmao Co. Ltd. | |
| Rongcheng Longyan Shipping Agency | |
| RSM Corporate Advisory (HK) Ltd | |
| Saga Marine Co., Ltd | |
| Sang Il Trading Co., Ltd. | |
| Sea Trader International Ltd. | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Seaquest Systems | |
| Shandong Boxing Huachen Steel Plate | |
| Shangong Haoyuntong Nets Technology | |
| Shell Marine Products Singapore | |
| Sifang District Haiyuanbo Ship Accessories | |
| Singapore Exchange Securities | |
| Sinwa (China) Marine Service | |
| Strategic Financial Relations Limited | |
| TaiZhou HaiGuang Machinery Produce | |
| The Government of the HKSAR | |
| The Hongkong Electric Co., Ltd. | |
| The Incorporated Owners of Hong | |
| Trade Ocean Shipping Services | |
| Tricor Secretaries Limited | |
| Tsm Technical Services & Marine | |
| UAB "Tralu servisas" | |
| Xi Hai Tong Da Marine Service | |
| Xi Hai Tong Da Marine Service Co., Ltd | |
| Ymuiden Stores Holland B.V. | |
| | |
| **1(g) Litigation Parties & Related Counsel/Professionals** | |
| | |
| Baker & McKenzie International | Baker& McKenzie and/or affiliates was former counsel to a client of Goldin in an unrelated matter. |
| Clifford Chance | |
| DLA Piper Hong King | Goldin has been retained previously by DLA and/or affiliates ("DLA") and has retained DLA in unrelated matters.  DLA has been adverse to clients of Goldin in one or more unrelated matters. |
| Deloitte & Touche Financial Advisory | |
| FTI Consulting | FTI and/or affiliates has played roles in unrelated restructuring matters in which Goldin has been involved, including roles on behalf of adverse clients. A Goldin employee may be adverse to FTI in his capacity as a trustee in an unrelated matter. |
| Haldanes | |
| Korea Development Bank | |
| KPMG | KPMG and/or affiliates has played roles in unrelated restructuring matters in which Goldin has been involved.  A Goldin employee may be adverse to Citi |

11

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
|  | in his capacity as a trustee in an unrelated matter. A Goldin employee was formerly a junior level employee of KMPG. |
| Luskin & Stern | Goldin has been hired by Luskin & Stern and worked with Luskin & Stern on behalf of common clients in unrelated matters |
| Linklaters |  |
| Mayer Brown JSM |  |
| Praxis Energy Agents LLC |  |
| S C Chan & Co. |  |
| The Hongkong and Shanghai Banking |  |
| Walkers |  |
|  |  |
| **1(h) Credit Facility & Depositary Banks** |  |
|  |  |
| Agricultural Bank of China |  |
| Banco de Credito del Peru Copeinca |  |
| Bank of America, N.A. | Bank of America and/or affiliates ("BAC") is adverse to clients of Goldin in unrelated matters; is or was part of a group of institutions whose counsel retained Goldin to provide litigation support in an unrelated matter; hired Goldin in an unrelated matter; is a lender and banking services provider to clients of Goldin's in unrelated matters; and was represented in an unrelated matter by an employee of Goldin as counsel, when he worked for a previous firm. |
| Bank of Communications |  |
| Bank of Panshin |  |
| Chailease International Financial Services |  |
| Chang Hwa Commercial Bank, Ltd. |  |
| China CITIC Bank International Limited |  |
| China Minsheng Banking Corp, Ltd. |  |
| Coöperatieve Centrale Raiffeisen- |  |
| DBS Bank (Hong Kong) Limited |  |
| Deutsche Bank Luxembourg S.A. | Deutsche Bank and/or affiliates ("DB") has been a client of GA in unrelated matters.  Deutsche Bank and/or affiliates is on the advisory board of a trust that is a client of Goldin's in an unrelated matter. A Goldin employee is the trustee of that trust.  DB is custodian for a trust or post reorganization debtor for which a Goldin employee is trustee or plan |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| | administrator. |
| Entie Commercial Bank Co. | |
| First Commercial Bank, Ltd. | |
| Fubon Bank (Hong Kong) Limited | |
| Huaxia Bank | |
| HSBC | HSBC and/or affiliates was a client of Goldin in an unrelated matter and was part of a bank group that retained Goldin through counsel in a prior unrelated matter. |
| Industrial and Commercial Bank of China | |
| KBC Bank Limited | KBC Bank and/or affiliates has previously retained Goldin in unrelated matters. |
| Malayan Banking Berhad, Hong Kong | |
| Rabobank International (Hong Kong | Rabobank and/or affiliates has had an interest that may have been adverse to those of a Goldin client in an unrelated matter. |
| Standard Chartered Bank (Hong Kong) | |
| Taiwan Cooperative Bank, Ltd. | |
| Taiwan Shin Kong Commercial Bank | |
| Taishin International Bank | |
| Taipei Fubon Commerical Bank Co., Ltd. | |
| The Hongkong and Shanghai Banking | |
| TMF Trustee Limited | |
| UniCredit Bank AG | |
| United Overseas Bank Limited (Hong | |
| | |
| **1(i) Labor Unions / Employees** | |
| Emelyanov, Roman | |
| Goh, Grace | |
| Paniagua Jara, Francisco Javier | |
| Savichev, Alexander | |
| Tarikovics, Vladiir | |
| Tirado, Jose Miguel | |
| | |
| **1(j) Creditors (Chapter 15 Entities)** | |
| A & A Const. E.I.R.L. | |
| A & C Eng & Tech S.A. | |
| A & R  Remisse Eirl | |
| A Sillon Servicios Eirl | |
| A Y C Diesel E.I.R.L. | |
| A&M Seguridad Y Superviven En El Ma | |

13

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| A.P.A.P.P.Emb Del Puerto | |
| Abast. Const. Y Serv. Peru Sac | |
| Abconser Peru Sac | |
| Abs Import Y Represent | |
| Ac Tours S.A.C. | |
| Aceros Navales Vidal E.I.R.L. | |
| Actividades Electromecanicas | |
| Acuícola Mares Del Sur S.A.C. | |
| Adecco Peru S.A. | |
| Aire Con Technologia Sac | |
| Airelav S.A.C. | |
| Albemarco Sac. | |
| Albites Corzo Ynes Aurelia | |
| Albujar De Sanchez Brigida | |
| Albujar Dsanchez Brigidab | |
| Alcamp Services S.A.C. | |
| Aldea Cordova Erica Jacqu | |
| Alfa Laval S A | |
| Allemant Asoc.Peritos Val | |
| Almacenera Del Peru S A | |
| Alvarez Eche Flora | |
| America Express S.A. | |
| America Movil Peru S.A.C. | |
| Amrop Peru S.A.C. | |
| Amsumar S.A.C. | |
| Andina De Desarrollo Ande | |
| Andrew Llabal Johnny Chicoma Cruz | |
| Anixter Jorvex S.A.C. | |
| Aom Suministros Indust | |
| Apang Rodz Dequiroga Lucy Elvira | |
| Apapp Emb Dl Prto Tmbo Demora | |
| Apminsur Sac | |
| Aprochicama | |
| Aproferrol S.A. | |
| Apropisco S.A.C | |
| Aptein Sac | |
| Arana Cuyate Ronald Carlos | |
| Arana Gutrz Jrge Mercedes | |
| Araujo Lescano Genaro Ale | |
| Araujo Lscno Gnro Aljndro | |
| Arellan Tarazona Julio Cesar | |
| Arellano Invst. De Mkting | |
| Aremar S.R.L. | |

14

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Armas Garcia Ana Ysabel | |
| Arocutipa Pco Karina Jdth | |
| Arroyo Chavez Gaby Mabel | |
| Ars Ruber Compani S.A.C. | |
| Asap Consulting Group S.A.C | |
| Ascde.Pescad.Artes.Dpto Mal. | |
| Asintep S.A.C. | |
| Asoc De Pescad Artes De P | |
| Asoc De Prod De Harina | |
| Asoc De Product De Ha | |
| Asociacion De Productores De Harina | |
| Ass'n Depescadores Artsn | |
| Assn Deprtva Lima Mrna Clb | |
| Austral Group S.A.A | |
| Av Enriq Canaval Moreyra | |
| Aviles Zapata Carlos Stalin | |
| Ayala Quiñones Roberto Jesus | |
| Azabache Caracciolo Eirl | |
| Badinotti Peru S.A. | |
| Bafing S.A.C. | |
| Bello Herrera Crls Albrto | |
| Beltran Gris Y Asociados | |
| Bernable Zarate Marlin | |
| Bernuy Curo Carlos Danilo | |
| Blas Oliva Emerita Jsfna | |
| Blondet Medina Armando | |
| Blondet Torres Raul Arm. | |
| Blue Pacific Oils S.A. | |
| Bonavista S.A.C. | |
| Borja De Pach. Nely Edelm. | |
| Boss-Tech Sociedad Anonima Cerrada | |
| Bp Servicios Globales S.A.C. | |
| Bpo Tank Terminals S.A.C | |
| Caballero Otoya Jaime | |
| Cabrera Bertini Patricia | |
| Cadenas Industriales S.A | |
| Calizaya Pastor Rosa Elvira | |
| Callao Yache De Hinojosa | |
| Cantuarias Ortz Ls Hbrto | |
| Caporal Ramos Juan Andres | |
| Carnero Eguil. Carmn Lind | |
| Carnero Eguiluz Carmen Lindaura | |
| Carnero Eguiluz Raul Mart | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Carrizales De Jimenez María | |
| Carrizales Dejimenez Maria Del Rosario | |
| Caryant E.I.R.L. | |
| Caycho Dulanto Margarita | |
| Cayo Morales Victor Ramon | |
| Cert Del Peru S A Cerper | |
| Certificaciones Del Peru S A Cerper | |
| Cfg Investment S.A.C. | |
| Cgia Ambiental Eirl | |
| Chavez Felipa Yov. Magdl. | |
| Chavez Felipa Yovana Mag | |
| Chicoma Cruz Andrew L | |
| Chicoma Cruz Andrw Llabal Johnny | |
| Chinchay Caballa Serapio | |
| Chirinos Delfin Carlos Al | |
| Chirinos Delfin Carlos Alberto | |
| Chirinos Delfin Crls Albrto | |
| Chumpitaz Fritz Service S.R.L. | |
| Cia Importadora Derteano & Stucker | |
| Cia.Indust De Pisco S.A.C. | |
| Citra Usa Inc. | |
| Climber World Peru S.A.C. | |
| Climber World Peru S.R.L | |
| Cm Reparaciones Navales Indust. Sac | |
| Cntrl Remoto Y Seguridad Hasac Sociedad Anonima Cerrada - Coreseha S.A.C. | |
| Co Almacenera S.A. | |
| Code Serv Gen Soc De R.L | |
| Coesti S.A. | |
| Coesti Sa | |
| Coinbiser S.R.L. | |
| Collantes Salv. Nat. Dina | |
| Colpex Intl S.A.C. | |
| Com Lorens Sac | |
| Com Paolas E.I.R.L. | |
| Com Prov  Yesica S.R.L | |
| Comercial Del Acero S A | |
| Comercial Proveeduria Yesica S.R.L. | |
| Comercializadora Lorens S.A.C. | |
| Comercializadora Sachun S.A.C. | |
| Comercializadora Y Servicios Bodser | |
| Comercl. Paolas Eirl | |

16

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Comercl. Sol Y Mar Eirl | |
| Comercl. Y Servs Bodserg | |
| Comfer S A | |
| Compañia Almacenera S.A. | |
| Comtrate S.A.C. | |
| Con Turis Host El Bumerang | |
| Conf Atlanta Srltda | |
| Conf Cardenas S.A. | |
| Confecciones Atlanta Srltda | |
| Confecciones Cardenas S.A. | |
| Conmetal E.I.R.L. | |
| Consorcio Joviza S.A | |
| Consorcio Serv S.A.C. | |
| Consorcio Servimport Sac | |
| Consrcio Turistico Hostal El Bumerang E.I.R.L. | |
| Const Y Serv M & S Ei | |
| Const Y Serv Milla Eirl | |
| Constr E Inmobiliaria Sta | |
| Constr Y Repar Marinas | |
| Constr. Y Negocios Multiples Kayros Sac | |
| Construccion Y Servicios Milla E.I. | |
| Construcciones E Inmobiliaria Jj S. | |
| Constructora E Inmobiliaria Standar | |
| Constructora War Sac | |
| Constructora Y Comercializadora Dal | |
| Contugas Sac | |
| Cooperativa De Ahorro Y Credito Efi | |
| Copemargi S.A.C. | |
| Copemary S.A.C. | |
| Coremasa S.A.C. | |
| Corp De Lab De Ensay Clin | |
| Corp E Invers Mar Azul | |
| Corp Hidraulica Tecnica | |
| Corp Horus Mar S.A.C. | |
| Corp Mega Gourmet Sac | |
| Corp Palvar S.A.C | |
| Corp Pesquera Inca Sac | |
| Corp South Naval S.A. | |
| Corp T & T S.A.C. | |
| Corp Walter S.A.C. | |
| Corporacion E Inversiones Mar Azul | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Corporacion Empresarial D & B S.A.C. | |
| Corporacion Hidraulica Tecnica Sac | |
| Corporacion Mara S.A. | |
| Corporacion Mega Gourmet S.A.C. | |
| Corporacion Mg Sac | |
| Corporacion Palvar Sac | |
| Corporacion Pesquera Edc Sac | |
| Corporacion Pesquera Herma Sac | |
| Corporacion T & T Sac | |
| Corporacion Walter Sac | |
| Cortijo Hj Manuel Antonio | |
| Costa Gas Chimbote S.A.C. | |
| Costamar Travel Cruise & Tours S.A.C. | |
| Criterium Peru S.A.C. | |
| Critical Sac | |
| Critical Solutions S.A.C. | |
| Csi Renting Peru S.A.C. | |
| Dasha Service E.I.R.L. | |
| Data Consulting Empresa Individual | |
| Dayana Import Peru Sac | |
| De La Cruz Martinez Felix | |
| De La Torre Cadenas Rosa | |
| De Rivero Castro Roberto Victor | |
| Decaman Group Eirl | |
| Denver Ingenieros S.A.C. | |
| Des Pesq Artes De Chancay | |
| Desembarcadero Pesq Artesanal De Chancay | |
| Det Norske Veritas Sociedad Anonima | |
| Detroit Diesel - Mtu Peru S.A.C. | |
| Dextra Sociedad Anonima Cerradant | |
| Dicomersa S.A.C. | |
| Diez Representaciones Sa | |
| Directv Peru S.R.L. | |
| Disergor S.R.Ltda. | |
| Dist Stefany E.I | |
| Dist Villar E I | |
| Distr Ancash Srl | |
| Distr Cummins Peru S.A.C. | |
| Distr Las Dunas S | |
| Distribuidora Ancash S R L | |
| Distribuidora Cummins Peru S.A.C | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Dme Consulting E.I.R.L. | |
| Don Fernando Sac | |
| Donayre Becerra Carlos Jv | |
| Dsd Ingenieros Asociados S.A.C. | |
| Dulanto Huertas Mayra | |
| E & L Florian Servicios G | |
| E & L Florian Servicios Generales S.R.L. | |
| E&J Martinez Ingenieria & Construccion S.R.L. | |
| Eartec E.I.R.L. | |
| Ebisu Consulting S.A.C. | |
| Eca Martinez Pedro Pablo | |
| Eca Temoche David | |
| Eche Sanchez Gregorio | |
| Echeandia Paiva Augusto | |
| Ecrafys S.R.L. | |
| Eficiencia Electrica E Ingenieria Importadores Sociedad Comercial De Responsabilidad | |
| El Kebir S.A.C | |
| El Pacif.Vida Cia De Seguros Y Reaseg.Sa | |
| El Pacifico Peruano-Suiza Cia Seg Y Rea | |
| El Parque Restaurant S.A.C | |
| El Portillo S.R.L. | |
| Electro Ferro Centro S.A.C. | |
| Electrodata S.A.C. | |
| Electrodunas | |
| Electromecanic Service E.I.R.L. | |
| Electronic Systems International S. | |
| Ellen Chirinos Oswaldo Al | |
| Emapisco S.A | |
| Emj Serv. Mult Srl | |
| Emj Serv. Multiples S.R.L. | |
| Emp Comercializadora | |
| Emp De Serv Mlti Arturo | |
| Emp De Serv Mult La Sol. | |
| Emp De Serv Multiples La | |
| Emp De Serv Tiburon S.A.C. | |
| Emp De Servicios Mult | |
| Emp Nacional De Puertos S A | |
| Emp Pesquera Andrecalix | |

19

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Emp Pesquera Narcisa De J | |
| Emp Transp Cruz Del Norte | |
| Emp.De Transp Y Mult Grup | |
| Emp.De Transp.Y Multis.Grupo Leo Sa | |
| Emp.Reg.Serv.Pub.Elect.Electrosur S.A. | |
| Emp.Trans.Serv.Grls.Quiromi S.C.R.L. | |
| Empresa De Ingen Y Montaj | |
| Empresa De Servicios Guerrero S.A.C | |
| Empresa De Servicios Tiburon S.A.C. | |
| Empresa De Trans Cruz Del Norte Sac | |
| Empresa De Transp Aur Eirlo | |
| Empresa De Transp Turist | |
| Empresa De Transporte Turistico Olano S.A. | |
| Empresa De Transportes Anticona S.R.L. | |
| Empresa De Transportes Baby Tours S.A.C | |
| Empresa Pesquera Branimar Sac | |
| Empresa Pesquera En Ti Confio Srl | |
| Empresa Pesquera Jesus En Ti Confio Srl | |
| Empresa Pesquera Joalmi Srl | |
| Empresa Pesquera Maria Del Rocio Srl | |
| Empresa Pesquera Saliente Marina Sac | |
| Empresa Pesquera Salomi | |
| Empresa Pesquera Tio Caramelo Srl | |
| Energias Del Mar S.A.C. | |
| Energroup S.A. | |
| Enerkory S.A.C. | |
| Enrique Cassinelli E Hijo | |
| Enrique Cassinelli E Hijos | |
| Enrique Cassinelli E Hijos Sac | |
| Entel Peru S.A. | |
| Entregas Rapidas S.A.C. | |
| Equip De Sistemas Metalic | |
| Equip Y Controles Indust | |
| Equipos Y Controles Industriales Sa | |
| Ernst & Young Ases S.Civ. De | Ernst & Young and/or affiliates has played roles in unrelated restructuring matters in which Goldin has been involved. |
| Ernst & Young Asesores S.Civil De R. | |

20

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| L. | |
| Esc.Nac.De Marina Merc. Alm.Miguel | |
| Espnza Fbre Oswldo Mart | |
| Est Luis Echecopar Garcia | |
| Estacion De Servicio Samoa | |
| Estacion De Servicios Samoa S.A.C. | |
| Estructuras Industriales Ega S A | |
| Estudio Luis Echecopar Garcia S.R.L | |
| Estudio Muñiz S.A.C. | |
| Estudio Osterling S. Civ | |
| Extintores Coimser S.A.C. | |
| Extintores Coimser S.A.C. | |
| F Eberhardt S A | |
| Fab.Montajes Y Serv Armij | |
| Fabricaciones Indust D&Fe | |
| Faco Ing Soc'd Anonma Cer | |
| Faco Ingenieros Sociedad Anonma Cer | |
| Factoria Agromar S.A.C. | |
| Factoria Miguel Grau S.R.L. | |
| Faemgu E.I.R.L. | |
| Fajas Y Empaquetaduras Gutierrez E. | |
| Famegah Contr Gen S.A. | |
| Fameinduz Sac | |
| Fameinduz Sociedad Anonima Cerrada | |
| Fca Nac De Acum Etna S A | |
| Felipa De Ascona Luisa Ju | |
| Fer Pacifico S.R.L. | |
| Fernandez Heraud & Sanchez Abogados | |
| Ferreyros S.A. | |
| Ferreyros Soc'd Anonima | |
| Fibras Marinas Sa | |
| Fiestas Periche Norberto Rolando | |
| Fiestas Querevalu Percy Roland | |
| Fiestas Querevalu Raul Wilfredo | |
| Fishman S.A.C. | |
| Fitcon Group S.A.C. | |
| Flores Taxi K & A S.A.C. | |
| Flottweg Peru S.A.C. | |
| Flow Machines S.A.C. | |
| Flujomatica S.R.L. | |
| Fmrem S.R.L. | |
| Force Seals Security S.A.C. | |

21

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Full Pak Peru Bulk Containers S.A | |
| Fund Y Maestranza Ind Srl | |
| Fyr Inversiones Comerc | |
| G.I. Industria Peru S.A.C | |
| Gallo Barrios Pickmann Sociedad Civil De Responsabilidad Limitada | |
| Galvezrissozegarra & Asoc | |
| Garrido E.I.R.L. | |
| Generavapor S.A. | |
| Gewalt Peru Sac | |
| Gmc Servicios Industriales S.A.C. | |
| Goalco Ingenieros S.A.C. | |
| Gobierno Regional Piura | |
| Gonzales De Valderrama Maria Magdalena | |
| Gordillo Jacinto Toribia | |
| Grados Dulanto Susana Hortencia | |
| Grafica Montenegro S.A.C | |
| Green Care Del Peru S.A. | |
| Grupo Hierro S.A.C. | |
| Grupo Shanoc S.A | |
| Grupo Tecnologico Del Peru S.A. | |
| Grupo Tranex S.A.C. | |
| Grupo Venture S.A.C | |
| Gs-Hydro Hong Kong Ltd | |
| Guadiamos Garcia Luis Alberto | |
| Guerra Li¥An Fernando Cesar | |
| Gyakiva Business S.A.C | |
| Haarslev Industries S.A.C. | |
| Hamburg Sud | |
| Hanjin Shipping Co, Ltd | |
| Henry Alvarez Cano Eir | |
| Hidrandina S.A. | |
| Hidroquimica Industrial S.A | |
| Hidrostal S A | |
| High Power S.A. | |
| High Service International S A C | |
| Hnos. Panta Alvarez S.R.L | |
| Hora, Robas-Cassinelli & Gonzales-Mendez Abogados S.A.C. | |
| Host Y Turis El Parque Ii | |
| Hostal - Rest El Candelabro | |
| Hostal - Restaurant El Candelabro S.A.C. | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Hostal Los Flamencos Sac | |
| Hostal Rey E I R L | |
| Hostales Y Turismo El Parque Ii Sociedad Anonima Cerrada | |
| Hotel Buenos Aires S.R.L. | |
| Hotel Chiribaya S.R.L. | |
| Hotel Nuevo Amanecer E.I.R.L. | |
| Hotel Playa Escondida S.A.C | |
| Huaman Arbulu Jose Julio | |
| Huanri Lopez Sergio | |
| Hydraulic & Hidrostatic Eirl | |
| I Mabri Films S.A.C. | |
| Iberoamericana De Plastic | |
| Iberoamericana De Plasticos S.A.C. | |
| Ibm Del Peru S.A.C. | |
| Iffo Rs Limited | |
| Imp De Rodamientos S.A.C. | |
| Imp Rios Mechan Diessel S | |
| Imp Sihi Chile Ltd Suc Per | |
| Imp Y Repres Orellana S R | |
| Import 360 S.A.C. | |
| Import Y Repres Orellana S R Ltda | |
| Importaciones Gelco Sac | |
| Importaciones Rios Mechan Diessel S | |
| Importadora Sihi Chile Ltda.Suc. Pe | |
| Indust Vetsi Intl S.A. | |
| Industrial Vetsi Internacional S.A. | |
| Industrias De Transformaciones Meta | |
| Industrias Zinke  S. A. | |
| Infinito Consultores De Imagen Y Es | |
| Ingenier.Mecanico Metalurg & Consul | |
| Ingenieria, Fabricacion Y Montaje S | |
| Inmaculada Virgen De Guad | |
| Inmaculada Virgen De Guadalupe Sac | |
| Innovaquimica S.A. | |
| Insmersac | |
| Inspect Serv Peru S.A.C. | |
| Inspectorate Services Peru S.A.C. | |
| Inst Mec Y Repar Navales | |
| Instel Maco E.I.R.L. | |
| Inter Test Serv Peru S.A | |
| Inver Divino Cautivo Sac | |
| Inver Karina Eirl | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Inver Mares Peru S.A.C. | |
| Inver Pesqueras Don Max S | |
| Inver Pesqueras Snta Hilaria | |
| Inver Seval E.I.R.L. | |
| Inver Turist Marzuq Sac | |
| Inver Turisticas Marzuq | |
| Inver Y Nego Don Julio E | |
| Inver Y Serv La Roca Ete | |
| Invers. Peru Platinum De Chimbote S | |
| Inversiones Flash Eirl | |
| Inversiones Karina Eirl | |
| Inversiones Mares Peru S.A.C. | |
| Inversiones Mav E.I.R.L. | |
| Inversiones Pesqueras Junior Sac | |
| Inversiones Pesqueras Mi Ketty Sac | |
| Inversiones Seval E.I.R.L. | |
| Inversiones Y Proveedor | |
| Inversiones Y Proveedores Amalia Sa | |
| Inversiones Y Serv.La Roca Eterna E | |
| Inversiones Y Servicios De Los Ande | |
| Inversiones Y Servicios Generales S | |
| Ione Finc'l Press Limited | |
| Irish Stock Exchange | |
| Isabel Herrera Abogados S. Civil De | |
| Isopetrol Lubricants Del Peru S.A.C | |
| Italmecan S.A.C. | |
| Itgh S.A.C. | |
| Ittsa | |
| J & M Refrigeracion E.I.R.L. | |
| J N Aceros S A | |
| Jacinto Panta Crescencio | |
| Jacinto Panta Cresencio | |
| Jacinto Panta Victorino | |
| Jahesa S.A. | |
| Jf Hillebrand Chile Ltda | |
| Jrb Consultores Sac | |
| Js Lab Support S.A.C. | |
| Julca Sanchez Reynaldo Trinidad | |
| Kalypzus Services S.A.C | |
| Kalypzus Trading Sac | |
| Kemars E.I.R.L. | |
| Kurmi Color S.A.C. | |
| L.A Electric E.I.R.L. | |

24

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| La Llave S.A. | |
| Lamartrade Peru S.A.C. | |
| Laos De Lama Eduardo Jose Atilio | |
| Lasaponara Distr S.A. | |
| Lau Chung Carlos | |
| Level 3 Peru S.A. | |
| Limtek Servicios Integral | |
| Limtek Servicios Integrales S.A. | |
| Linde Gas Peru S.A. | |
| Lomote Tamayo Isaac Cecilio | |
| Lopez Avalos Efrain Cirilo | |
| Lopez Avalos Efrain Cirilo | |
| Lopez Diaz Yicenia Carolina | |
| Lsm E.I.R.L. | |
| M & M Trading S.R.Ltda. | |
| M & Ñ Sociedad Comercial De | |
| M Y G Transportes Y Servi | |
| Maclau Servicios Eirl | |
| Macrotecnica S.A.C. | |
| Madueño Calizaya Teodoro Maximo | |
| Man Diesel & Turbo Peru S.A.C. | |
| Mang. Hidraul Y Agricolas E | |
| Mangueras Hidraulicas Y Agricolas E | |
| Mannucci Diesel Sac | |
| Mar De Guerra Del Peru | |
| Mar Nort Invers E.I.R.L. | |
| Mar Seguro Group Sac | |
| Marco Peruana S A | |
| Marco Peruana S A | |
| Mariluz Benites Percy Ceferino | |
| Marines Force S.A.C. | |
| Marnets S.A.C. | |
| Marnets Soc'd Anonima Cer | |
| Martin & Mauricci Consultores Emp.A | |
| Mc Trade S.A.C. | |
| Mediterranean Shipping Co | |
| Mediterranean Shipping Company S.A. | |
| Medrano Rosas Carmen Roci | |
| Mendez Silva Elva Carla | |
| Meneses Bermudez Ruth Elena | |
| Meneses Mostajo Lourdes Soledad | |
| Menzala Motors Sociedad Anonima Cer | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Meprotec S.A.C. | |
| Merino Diaz Evelyn Del Rosario | |
| Messer Gases Del Peru Sa | |
| Metalprotec S.A.C. | |
| Metalurgica Quimica Sac | |
| Metro E Ingenieria Lino Sac | |
| Meza Sagastegui Pablo | |
| Min De Transp Y Comu | |
| Ministerio De La Produccion | |
| Miranda Chaves Juan Jose Domingo | |
| Mitsui Osk Lines. Ltd | |
| Mondeo Trading S.A.C. | |
| Monsante Eirl | |
| Montanez Munoz Reynaldo Miguel | |
| Montero Anton Basilides | |
| Montesinos Gomez Marino Primitivo | |
| Moran Muñoz Ever Francisco | |
| Moreno Sandoval Fallon Janina | |
| Mostacero Fajardo Henry Milton | |
| Movitecnica S A | |
| Msiceres S.A.C. | |
| Mu¥Oz Diaz Vicente | |
| Multiservicios Giomar S.R.L. | |
| Multiservicios Tav Eirl | |
| Mun Distr De Chancay | |
| Munayco Valdez, Luis Fernando | |
| Municipalidad Distrital D | |
| Municipalidad Distrital De Chancay | |
| Municipalidad Provincial De Sechura | |
| Municipalidad Provincial Del Santa | |
| Munoz Diaz Vicente | |
| Mys Fabr Y Montajes Eirl | |
| Mys Fabric Y Montajes | |
| N & J Serger S.R.Ltda | |
| Nadia S.A.C | |
| Nautilius  Service E.I.R.L. | |
| Navales S.A.C. | |
| Negociaciones Marinas Del Sur E.I.R | |
| Negocios Corp Suarez Sac | |
| Negocios Pesqueros Maxomar Eirl | |
| Negocios Xiomy & Chavely Eirl | |
| Nellagroup S.A.C. | |
| Neptunia | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Nesinper S.R.L. | |
| Nexo Lubricantes S.A. | |
| Norsac S.A. | |
| North Atlantic Eirl | |
| Oceanico Group Sea Eirl | |
| Oleaginosa Huacho S.A.C. | |
| Oleotanks Paita S.A.C. | |
| Olva Courier S.A.C | |
| Omnia Solution S.A.C. | |
| Org Negocios Generales Sa | |
| Oxi Venta Alquiler Y Serv | |
| P & Q Tecnica S.A.C. | |
| Pacifico S.A. Ent. Prestadora De Sa | |
| Paggi Eirl | |
| Paitan S.A.C. | |
| Paitan Sac | |
| Paiva Martinez Eliseo | |
| Panta Ipanaque Venancio | |
| Panta Panta Eduardo | |
| Panta Panta Hector | |
| Panta Panta Leonardo | |
| Panta Panta Pablo Cesar | |
| Panta Periche Crescencio | |
| Panta Periche Froilan | |
| Pazo Reyes Silvestre | |
| Peña Adrianzen Basilides | |
| Perales & Asociados Abogados S.C.R. | |
| Perales & Asociados, Abogados Socie | |
| Perez Acasiete Viviana Aurelia | |
| Perez Trillo Katherine Da | |
| Perez Trillo Katherine Dassna | |
| Periche E.P. Celestino | |
| Periche Inga Jose Feliciano | |
| Peru Broker S A | |
| Pesq Mi Yahve Grp Eirl | |
| Pesquera Caral S.A. | |
| Pesquera Cent S.A.C. | |
| Pesquera Dar Sac | |
| Pesquera Diamante S.A. | |
| Pesquera Don Adolfo Eirl | |
| Pesquera Dona Carolina Sa | |
| Pesquera Doña Paula Eirl | |
| Pesquera Escar S.A.C. | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Pesquera Faipa Srl | |
| Pesquera Gregoria Eirl | |
| Pesquera Hayduk  S.A. | |
| Pesquera Jesus Sobre Las Aguas Srl | |
| Pesquera Jose Isidro Sac | |
| Pesquera Kellymar S.R.L. | |
| Pesquera Llenmar E.I.R.L. | |
| Pesquera Mi Carmelita Srl | |
| Pesquera Mi Chalponcito Eirl | |
| Pesquera Mi Herminia Srl | |
| Pesquera Rosario Sa | |
| Pesquera Tambo Srl | |
| Pesquera Zemar Sac | |
| Petrol Del Peru Petroperu | |
| Petroleos Del Peru Petroperu Sa | |
| Pfc Ent Prestadora De Sa | |
| Pinter Peru S.A.C. | |
| Pinturas International Peru S.A.C. | |
| Polimetales S.A.C. | |
| Port Logistics S.A.C. | |
| Potomac Enterprise S.A.C. | |
| Predictivo Total S.A.C | |
| Premium Choice Grp Ltd | |
| Prentice Segura Enrique | |
| Primelink | |
| Procables S.A. | |
| Productos Perforados Sac | |
| Profish Trading S.A.C. | |
| Promar Sac Brokers | |
| Prov St Teresita E.I.R.L. | |
| Proveedora Comercial S.A. | |
| Proveeduria Angela E.I.R.L. | |
| Proveeduria Juan E.I.R.L. | |
| Proveeduria Santa Teresita E.I.R.L. | |
| Pss Peru Sociedad Anonima Cerrada | |
| Quimica San Andres S.A.C. | |
| Quimicos Goicochea S.A.C. | |
| Quimtia S.A. | |
| Quipu Energia Y Telecom | |
| Quiroz Casta¥Eda Robinson | |
| Quispe Cruz Laura Natividad | |
| R.A. Maquinarias S.A.C | |
| Ragen S.A. | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Ramirez Chavez Victor Raul | |
| Ramirez V.P. Luis | |
| Recubrimientos Marinos | |
| Recubrimientos Marinos S.A.C | |
| Redicat Sac | |
| Redimar S.A.C. | |
| Refractarios Peruanos S A | |
| Reinfha S.A.C. | |
| Renova S.A.C. | |
| Rentaequipos Leasing Peru S.A. | |
| Renting S A C | |
| Rep Dorita S.A.C. | |
| Rep Indust Generales Sa | |
| Rep Tyg Sac. | |
| Rep Westfalia Separato | |
| Repar Y Serv Navales Ch | |
| Reparac.Y Servic.Navales Chaval Srl | |
| Reparaciones Mijagui S.A.C. | |
| Reparaciones Navales E Ind.Wrpi Srl | |
| Representaciones Dorita S.A.C. | |
| Representaciones T Y G S.A.C. | |
| Repsol Comercial Sac | |
| Restaurant Mi Estrella Sac | |
| Restaurant Y Servicios Jhire S.R.L. | |
| Rimac Peritos - Ingenieros S.R.L. | |
| Rimac Seguros Y Reaseguro | |
| Rimac Seguros Y Reaseguros | |
| Rivera Carnero Johnny | |
| Rivera Carnero Raul Martin | |
| Robinson Marine Electronics S.R.L. | |
| Rodimport S.R.L. | |
| Rodriguez Crisostomo Fern | |
| Rokasa Sac | |
| Romero Bartusiak Ninel | |
| Roncal Ortiz Amparo Cruz | |
| Rosales Zumaran David | |
| Ruesa Rectificaciones Sac | |
| S. G. Yiyos E.I.R.L. | |
| S.G Natclar S.A.C | |
| Salus Laboris S.A.C. | |
| San Fernando S.A. | |
| Sanchez  Damian Carlos Santiago | |
| Sanchez Sipiran Noelia Te | |

29

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Saneamiento Ecol?Gico E.I.R.L. | |
| Santiva¥Ez  Abogados  S.A. | |
| Santo Domingo Cont Gen | |
| Sapiensa Consultores Limitada | |
| Sedalib S.A. | |
| Sedisa S.A.C. | |
| Segemind Sac | |
| Sermurep E.I.R.L. | |
| Serv Gen Capricornio Srl | |
| Serv Gen P&J Ingenieros Sac | |
| Serv Indust De La Marina | |
| Serv Indust Navales | |
| Serv Prof De Buceo Y | |
| Serv Y Represent Gen Esla | |
| Serv Y Transp Olaechea | |
| Serv. Gen. Mi Ni¥O Del Milagro Aron | |
| Serv. Industriales Navales Reinaldo | |
| Serv. Y Represent. Generales Esla S | |
| Servicios Generales Business Consul | |
| Servicios Generales Dunyor Sac | |
| Servicios Generales P & J | |
| Servicios Generales Soltec S.R.L. | |
| Servicios Industriales De La Marina | |
| Servicios Industriales Emily E.I.R. | |
| Servicios Miv E.I.R.L. | |
| Servicios Tecnicos Mecanicos Culqui | |
| Servicios Trujillo S.R.L | |
| Servicios Turisticos Marias S.R.L. | |
| Servicios Turisticos Takahuay Eirl | |
| Servicios Y Ventas Industriales S.R | |
| Servillantas San Juan S.R.Ltda | |
| Servitransortega E.I.R.L. | |
| Sew Eurodrive Del Peru | |
| Sgs Del Peru S.A.C. | |
| Sigelec S.A.C. | |
| Silva Tafur De Leon Donatila Ofelia | |
| Simons Abogados Soc'd | |
| Sistemas De Telecomunicaciones Eirl | |
| Skandiaverken America S.A.C. | |
| Soc'd Nac'l De Pesqueria | |
| Sociedad Nacional De Pesqueria | |
| Soluciones Termicas Y Acusticas E.I | |
| Sonimar Servicios E.I.R.L. | |

30

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Spectrum Consulting S.A.C | |
| Spider S.R.L. | |
| Sucesion Intestada Sumar | |
| Sumaj Traveling S.A.C | |
| Syb Ingenieros Sac Syb Sa | |
| Tacch E.I.R.L. | |
| Taxi A La Vista  Srltda | |
| Taxi Crucero S.A.C. | |
| Taxi Ya Setar S.A. | |
| Tec De Separacion Sac | |
| Tec Integ De Pesaje Peru | |
| Tec Naval E Ind Ja & Dan | |
| Tecn Y Proyecto Peru Sac | |
| Tecnifajas S.A. | |
| Tecnipesca Eirl | |
| Tecnologia Integral De Pesaje E.I.R | |
| Tecnologias De Separacion S.A.C. | |
| Tecnologica De Alimentos S.A. | |
| Telefonica Del Peru Saa | |
| Telefonica Gestion De Servicios Com | |
| Telsat Peru S.A.C. | |
| Temoche Amaya Manuel | |
| Temoche Eche Eusebio Calixto | |
| Temoche Eche Santos Leonardo | |
| Temoche Eche Santos Vicente | |
| Tencologica Alimentos S.A. | |
| Term Portuario Paracas | |
| Terminal Portuario Paracas S.A. | |
| Termodinamica Sa | |
| The Best Option Eirl | |
| The Marine Ingred Org | |
| Top Metal Constr Sac | |
| Tp Consulting Peru Sa | |
| Trabajo Maritimo Celendin S.A.C. | |
| Tradi S A | |
| Transfar Supplies Comp Sa | |
| Transfar Supplies Computer S A | |
| Transp El Pino Sac | |
| Transp Rengifo Unidos Sr Ltd | |
| Transp Y Comerc Widachk | |
| Transp Y Maniobras Scrl | |
| Transp Y Serv Olaechea | |
| Transp Y Serv. Gener. | |

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Transp Y Servicios M Y E | |
| Transp. Y Servic. Generales Joselit | |
| Transporte El Pino Sac. | |
| Transporte Esperanza Orpi Eirl | |
| Transporte Rengifo Unidos S.R.Ltda | |
| Transporte Y Gruas Chimbote S.R.L. | |
| Transporte Y Turismo Latino S.A.C. | |
| Transportes Esperanza Orpi E.I.R.L. | |
| Transportes Jesus Delgado | |
| Transportes Jk S.A.C. | |
| Transportes L.D.A. Gonzales S.A.C. | |
| Transportes Via Sac | |
| Transportes Y Servicios O | |
| Trio S.A. | |
| Triton Trading S.A | |
| Truly Peru S.A.C. | |
| Ts Net S.A. | |
| Turismo Express Del Norte S.A.C. | |
| Umi Jidosha S.R.L. | |
| Unilever Andina Peru S.A. | |
| V & F Servicios Generales Sac | |
| V&F Serv Gen S.A.C. | |
| Valdivia Sanchez Rosario Luzgarda | |
| Vaneco E.I.R.Ltda. | |
| Vaportec S.A.C. | |
| Vargas De Palma Maria Del Socorro | |
| Vargas Medina Juan Albert | |
| Vargas Medina Juan Alberto | |
| Veg Inversiones S.R.L. | |
| Velebit Group S.A.C. | |
| Vend S.A.C. | |
| Villatty Chavez Luis Albe | |
| Villatty Chavez Luis Alberto | |
| Vision It E.I.R.L. | |
| Vite Group Eirl | |
| Vite Zeta Merardo | |
| Vulco Peru S.A. | |
| Wolters Kluwer Financial Services, | |
| World Integ Logistic Sac | |
| World Integral Logistic S.A.C. | |
| World Survey Services Peru S.A.C. | |
| Yahve Yihre S.R.L. | |
| Yancari Castro Lizzet Paola | |

32

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Zambrano Falcon De Perez | |
| Zambrano Falcon De Perez Juana | |
| Zeta Gas Andino S.A. | |
| Zurfel E.I.R.L. | |
| Zurfel Eirl | |
| | |
| **2(a) Bankruptcy Judges of the Southern District of New York** | |
| | |
| Chief Judge Cecelia G. Morris | |
| Judge Stuart M. Bernstein | |
| Judge Shelley C. Chapman | |
| Judge Robert D. Drain | |
| Judge James L. Garrity | The General Counsel of Goldin is a member of the Bankruptcy & Reorganization Committee of the Association of the Bar of the City of New York (the "City Bar Bankruptcy Committee"). Judge Garrity is also a member of the City Bar Bankruptcy Committee. The City Bar Bankruptcy Committee's work sometimes includes interfacing with Judge Garrity and other Judges in the Southern District on various substantive and procedural issues of bankruptcy law and practice, including with respect to local rules or court guidelines. |
| Judge Martin Glenn | |
| Judge Robert E. Grossman | |
| Judge Sean H. Lane | |
| Judge Mary Kay Vyskocil | |
| Judge Michael E. Wiles | |
| | |
| **2(b) United States Trustee's Office** | |
| William K. Harrington | The General Counsel of Goldin is a member of the City Bar Bankruptcy Committee. William K. Harrington is also a member of the City Bar Bankruptcy Committee. In addition to the work with the Judges of the district described above, the work of the City Bar Bankruptcy Committee sometimes includes interfacing with Mr. Harrington and others within the Office of the United States Trustee on various substantive and procedural issues of bankruptcy law and practice, including with respect to local rules or court guidelines. |
| Linda Riffkin | |
| Alicia Leonhard | |

33

| Individual/Entity | Disclosure (if Relevant) |
|---|---|
| Lisa Penpraze | |
| Joseph Allen | |
| Christine Black | |
| Kathleen Schmitt | |
| Guy A. Van Baalen | |
| Victor Abriano | |
| Susan Arbeit | |
| Amanda Cassara | |
| Maria Catapano | |
| Danny A. Choy | |
| Myrna R. Fields | |
| Susan Golden | |
| Nadkarni Joseph | |
| Anna M. Martinez | |
| Brian S. Masumoto | |
| Ercilia A. Mendoza | |
| Mary V. Moroney | |
| Richard C. Morrissey | |
| Serene Nakano | |
| Cheuk M. Ng | |
| Ilusion Rodriquez | |
| Andrea B. Schwartz | The General Counsel of Goldin is a member of the City Bar Bankruptcy Committee. Andrea Schwartz is also a member of the City Bar Bankruptcy Committee. |
| Paul K. Schwartzberg | |
| Andy Velez-Rivera | |
| Greg M. Zipes | |
| | |
| **2(c) Clerk and Deputy Clerk of the Bankruptcy Court for the Southern District of New York** | |
| Vito Genna | |
| Una O'Boyle | The General Counsel of Goldin is a member of the City Bar Bankruptcy Committee, and Una O'Boyle, while not a member of the City Bar Bankruptcy Committee, often attends its meetings and works with members on various substantive and procedural issues of bankruptcy law and practice, including with respect to local rules or court guidelines, and particularly those that may be of interest to the Clerk of the Bankruptcy Court of the Southern District of New York. |

34

**EXHIBIT C**

**LAR-DAN DECLARATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                    Chapter 11

CHINA FISHERY GROUP LIMITED (CAYMAN)[1],    Case No. 16 – 11895

                                    Debtors.        Joint Administration Pending

------------------------------------------------------------x


### "LAR-DAN" DECLARATION OF NG JOO CHUAN ON BEHALF OF HIMSELF AND MERIDIAN INVESTMENT GROUP PTE. LTD. IN CONNECTION WITH THE DEBTORS' RETENTION OF CERTAIN PROFESSIONALS

I, Ng Joo Chuan, pursuant to 28 U.S.C. 1746, hereby declares as follows:

1.    I am one of the owners of N.S. Hong Investments (BVI) Limited ("N.S. Hong"), one of the chapter 11 debtors in these jointly administered cases. N.S. Hong is the direct or indirect parent holding company of the other debtors in these cases (the "Debtors"). I am a beneficial owner of 12.5% of the shares of N.S. Hong. The other beneficial owners in N.S. Hong are Teh Hong Eng, NJK Investment Ltd, R & J Investment Limited, Ng Joo Puay, Pacific Innovation (BVI) Limited, JCNG Investment Limited, Lee Po Chun, Ng Joo Yau and Ng Joo Thieng. Teh Hong Eng is my mother, and the other shareholders of N.S. Hong are my brothers, sister and their respective spouses.

---

[1] The Debtors in these chapter 11 cases are: Pacific Andes International Holdings Limited (Bermuda) (Case No. 16-_____); N.S. Hong Investments (BVI) Limited (Case No. 16-_____); China Fishery Group Limited (Cayman) (Case No. 16-_____); South Pacific Shipping Agency Ltd (BVI) (Case No. 16-_____); China Fisheries International Limited (Samoa) (Case No. 16-_____); CFGL (Singapore) Private Limited (Case No. 16-_____); Ringston Holdings Limited (Cyprus) Limited (Case No. 16-_____); Chanery Investment Inc. (BVI) (Case No. 16-_____); Champion Maritime Ltd. (BVI) (Case No. 16-_____); Growing Management Limited (BVI) (Case No. 16-_____); Target Shipping Limited (Hong Kong) (Case No. 16-_____); Fortress Agents Limited (BVI) (Case No. 16-_____); Ocean Expert International Limited (BVI) (Case No. 16-_____); Premium Choice Group Limited (BVI) (Case No. 16-_____); Protein Trading Limited (Samoa) (Case No. 16-_____); CFG Peru Investment Pte. Ltd. (Singapore) (Case No. 16-_____); Smart Group Limited (Cayman) (Case No. 16-_____); and Super Investment Limited (Cayman) (Case No. 16-_____).

2.    I am also the 100% owner of Meridian Investment Group Pte. Ltd. ("Meridian"), a
non-debtor in this case and a company which is affiliated with N.S. Hong in that I wholly own
Meridian and own 12.5% of a beneficial interest in N.S. Hong.  Meridian is a creditor of N.S.
Hong in the amount of $442,000 due to a loan made by Meridian to N.S. Hong for the purposes
of paying non-U.S. professional fees and expenses of N.S. Hong because N.S. Hong did not have
sufficient funds to make these payments.  Meridian is not a creditor or shareholder of any of the
other Debtors.

3.    I submit this Declaration in connection with the Debtors' applications (the
"Retention Applications") to retain Meyer, Suozzi, English & Klein, P.C.  ("Meyer Suozzi") as
their general bankruptcy counsel, Goldin Associates, LLC ("Goldin") as their financial advisor,
and RSR Consulting, LLC ("RSR") as their financial consultant (together, the "Proposed
Professionals")

4.    As disclosed in the three declarations of Ng Puay Yee, one filed in support of each of
the Proposed Professionals' Retention Applications, I have caused Meridian to fund, prior to the
commencement of the Debtors' cases, the retainers required by each of the Proposed
Professionals, specifically $1.6 million for Meyer Suozzi, $1.75 million for Goldin and $708,500
for RSR.  I caused Meridian to provide such funding because the Debtors did not have funds
sufficient to make these retainer payments (the "Retainer Payments").  Meridian funded the
Retainer Payments by direct wire transfer or transfers of such payments to the applicable
Proposed Professional, but in the form of a capital contribution which capital contribution is
being documented.  Further disclosure will be provided as appropriate or requested.

5.    I have been advised that the Debtors expressly consent to Meridian's funding of the
Retainer Payments.  The Debtors each signed engagement agreements with the Proposed

2

Professionals. Meridian and I affixed our consents to the engagement agreements for the purpose of various representations, warranties, acknowledgements and covenants relating to Meridian's funding of the Retainer Payments.

6.    Meridian and I each acknowledge and agree that the professional duty of the Proposed Professionals is one of undivided loyalty owed exclusively to the Debtors and such duties do not run to me or Meridian in any way, shape or form.

7.    Meridian and I each further acknowledge that to the extent that the interests of the Debtors, on one hand, diverge from my or Meridian's interests, on the other hand, Meyer Suozzi, Goldin and RSR shall each represent the interests of the Debtors only, and not represent any interests of either of us.  To the extent that any of the Proposed Professionals must represent or advise any of the Debtors in ways that might be contrary to my and/or Meridian's interests, or adverse to such interests, including in any contested matters or adversary proceedings, I acknowledge and agree, on behalf of myself and Meridian, that the Proposed Professionals may represent and advise the Debtors, and appear in Court as counsel or advisor for, and to testify in favor of, the Debtors, and against me and/or Meridian.

8.    I and Meridian have retained U.S. bankruptcy counsel, Thaler Law Firm PLLC ("TLF"), independent of Meyer Suozzi to advise us with respect to the Debtors' bankruptcy cases and any matters that might arise in the cases concerning me or Meridian, including review and execution of this Declaration.

9.    None of the Proposed Professionals has ever been my or Meridian's counsel or advisor and, each of the Proposed Professionals has informed the Debtors, me and Meridian that it shall not be my or Meridian's counsel or advisor in connection with the Declaration, the Debtors' cases or any other matter.

3

10. The foregoing describes all aspects of the arrangements relating to the Retainer Payments. I am not aware of any other facts with respect to the arrangements concerning the Retainer Payments that might be relevant to any potential for a conflict of interest of the Proposed Professionals or in any compromise of the Retained Professionals' respective duties of undivided loyalty to the Debtors.

11. I have been advised by TLF that if any facts should arise, or that I may become aware of, which might indicate that a conflict of interest exists or potentially may exist relating to me, Meridian or any of the Proposed Professionals, or that might in any way compromise the Proposed Professionals' respective duties of undivided loyalties to the Debtors, notwithstanding the facts disclosed and acknowledgments and agreements in this Declaration, I will consult with TLF in connection with this matter for guidance regarding further disclosures to the Court and make all additional disclosures that may be necessary or appropriate.

12. Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on ___01/07/2016___
In the Republic of Singapore

_____
Ng Joo Chuan, Individually and as Sole Shareholder
of Meridian Investment Group Pte. Ltd.

4