Presentment Date and Time:  August 5, 2016 at noon
Objection Deadline: August 2, 2016 at 5:00 p.m.

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, New York 10018
Telephone:   (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **In re:** | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* [1] | Case No. 16-11895 (JLG) |
| | **Jointly Administered** |
| **Debtors.** | |

---

**DEBTORS' APPLICATION FOR ENTRY OF ORDER**
**AUTHORIZING RETENTION AND EMPLOYMENT OF**
**RSR CONSULTING, LLC AS RESTRUCTURING CONSULTANT**
**FOR DEBTORS AND DEBTORS IN POSSESSION**
**EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**")

hereby submit this application (this "**Application**") for the entry of an order (the "**Order**"),

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

substantially in the form attached hereto as **Exhibit A,** authorizing the Debtors to retain and

employ RSR Consulting, LLC ("**RSR**"), as their restructuring consultant effective *nunc pro tunc*

to the Petition Date (as defined herein). In support of this Application, the Debtors rely upon the

Declaration Of Ng Puay Yee Pursuant to  Rule 1007-2 of the Local Bankruptcy Rules for the

Southern District of New York and in Support of Debtors' First Day Motions and Applications

(the "**First Day Declaration**") [Docket No. 2] filed on June 30, 2016, the declaration of Robert

S. Rosenfeld, a member of RSR (the "**Rosenfeld Declaration**"), which is attached hereto as

**Exhibit B,** and the "Lar-Dan" Declaration of Ng Joo Chuan on Behalf of Himself and Meridian

Investment Group Pte. Ltd. In Connection With The Debtors' Retention Of Certain Professionals

(the "**Lar Dan Declaration**"), which is attached hereto as **Exhibit C**.   In further support of this

Application, the Debtors respectfully state as follows.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the Southern District of New York (the

"**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327(a), 328(a) and

329 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"),

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "**Local Bankruptcy Rules**").

**Background**

4.      On June 30, 2016 (the "**Petition Date**"), each of the Debtors filed with the Court

a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   The Debtors are

2

operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 14, 2016, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to the Bankruptcy Rule 1015(b) [Docket No. 27]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.      The Debtors, along with certain non-Debtor affiliated entities, are part of a corporate family known as the Pacific Andes Group, which is one of the world's foremost vertically integrated seafood companies. The Pacific Andes Group provides seafood products to leading global wholesalers, processors and food service companies and has operations across the seafood value chain.

6.      As part of its business, the Pacific Andes Group engages in (or previously engaged in) harvesting, sourcing, ocean logistics and transportation, food safety testing, processing, marketing and distribution of frozen fish products, as well as fishmeal and fish oil. The Pacific Andes Group's businesses span the globe with major operations in the People's Republic of China, the United States and Peru, as well as processing businesses in China, Germany, France, the United States and Peru.

7.      The China Fishery group of companies (the "**CF Group**")[2], a subset of the Pacific Andes Group, sources, harvests, onboard-processes and delivers high quality mackerel to consumers around the world. The CF Group is also one of the leading producers of fishmeal and fish oil through its processing plants located along Peru's coast.

8.      The Debtors are comprised primarily of investment holding companies and non-operating companies that previously were in the business of trading frozen seafood products or

---

[2] The Debtors in the CF Group are Ocean Expert, CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, and CFGLPL.

providing freight service. The Debtors also include:  Protein Trading, a fishmeal trading company; SPSA, which provides shipping agency services; CFGLPL, a property investment company; and CFIL, which provides treasury services to its affiliates.

9.      In addition to the Debtors in these chapter 11 cases, other entities included in the Pacific Andes Group may be the subject of bankruptcy, insolvency or equivalent proceedings in courts outside of the United States.

10.     CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable Fishing Resources, S.A.C. (the "**Chapter 15 Debtors**"), affiliates of the Debtors and part of the Pacific Andres Group, and its subset the CF Group, the subject of insolvency proceedings in Peru and the subject of chapter 15 filings before this Court.

11.     Pacific Andes Resources Development Limited is the subject of insolvency proceedings in Singapore.

12.     Concurrent with the filing of this Application, the Debtors are filing applications for orders authorizing the retention and employment of Meyer, Suozzi, English & Klein P.C. ("**Meyer Suozzi**") as their counsel, and Goldin Associates, LLC ("**Goldin**") as their financial advisors.

13.     Additional factual background relating to the Debtors, their businesses and the commencement of these chapter 11 cases is set forth in detail in the First Day Declaration.

## Relief Requested

14.     By this Application, the Debtors seek the entry of the Order authorizing the retention and employment of RSR as their restructuring consultant *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and RSR dated June 27, 2016 (the "**Engagement Agreement**"), a copy of which is attached hereto as **Exhibit 1** to **Exhibit B** to this Application and incorporated herein by

4

reference. *Nunc pro tunc* retention is appropriate because (i) this Application was filed shortly after the Petition Date, (ii) RSR has provided and will continue to provide services to the Debtors from and after the Petition Date, and (iii) a hearing on this Application will not be conducted, and an order will not be entered, until after the Petition Date.

### Facts Specific to Relief Requested

**A.    RSR's Qualifications**

15.    RSR is a consulting firm focused on providing (i) turnaround, bankruptcy consulting and crisis management, (ii) forensic accounting and litigation consulting, (iii) bankruptcy examiner, and (iv) claims investigation services on behalf of its clients.   RSR provides a broad range of corporate advisory experience including assisting companies, secured lenders, unsecured creditors' committees, trustees, bondholders, attorneys and other parties-in-interest.

16.    The Debtors have selected RSR and Mr. Rosenfeld to provide services as restructuring consultant, to among other things, (a) provide services with respect to the Debtors' complex chapter 11 restructuring activities, (b) provide operational and financial restructuring support in connection with the Debtors' business operations and (c) provide services in managing and advising on various ongoing litigation cases.

17.    RSR has extensive experience in the reorganization and restructuring of troubled companies, both out-of-court and in chapter 11 cases, having advised debtors, creditors, equity constituencies, and government agencies in many complex financial restructurings.

18.    The Debtors seek to retain RSR because of RSR's experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code.   RSR has been actively involved in major chapter 11 cases as a financial and restructuring consultant, chief restructuring officer, trustee, and examiner in the Southern District of New York, the Eastern

District of New York and the District of Delaware, as well as other bankruptcy courts. A sample of such cases include: Chief Restructuring Officer in *In re ATLS Acquisition, LLC et al*, pending in the District of Delaware (Case No. 13-10262 (PJW)); Chief Restructuring Officer in *In re ChemRX Corporation, et al.* pending in the District of Delaware (Case No. 10-11567 (MFW)); Chief Restructuring Officer in *In re Henry Dunay Designs, Inc.* pending in the Southern District of New York (Case No. 09-13969 (SMB)); and Examiner in *In re Southampton Brick & Tile, LLC* pending in the Eastern District of New York (Case No. 11-75928 (DTE)).

19.     For the foregoing reasons, the Debtors believe that RSR is both well-qualified and uniquely able to serve as restructuring consultant for the Debtors in these chapter 11 cases in an efficient and timely manner.

**B.     Services to be Provided**

20.     Subject to further order of the Court, and consistent with the Engagement Agreement, the Debtors request the retention and employment of RSR to allow the firm to render the following, among other, restructuring services:

A.     Review and assist management with the preparation of information required to file the chapter 11 cases and assist the Debtors in fulfilling their responsibilities and financial requirements in the chapter 11 cases and other documents required under the Bankruptcy Code, including:

   a.     Schedules of assets and liabilities

   b.     Statements of financial affairs

   c.     Creditor matrices

   d.     First day pleadings

   e.     Monthly operating reports

   f.     Subsequent motions in the chapter 11 cases

B.     Assist in evaluation of strategic alternatives and planning for the requirements for the chapter 11 cases for the Debtors.

C.    Upon the filing of the chapter 11 cases, assist the Debtors with the following:

    a.    Act as a liaison and coordinate information flow and efforts between management, equity, financial advisors and creditors and their advisors and the U.S. Trustee's office

    b.    Assist management with the coordination and production of information required by various constituents and their legal and financial advisors, claims agent, and other professionals in the cases

    c.    Attend Court hearings and Section 341 meetings with creditors, if required

    d.    Assist the Debtors in the preparation of periodic reporting packages that may be required for the Debtors' creditors

    e.    Provide expert testimony, if required

    f.    Review restructuring alternatives and projections provided by the Debtors' professionals in connection with putting forth plans to the constituents and the Court.

21.    The services RSR shall perform are particularly necessary in these chapter 11 cases, where the Debtors are foreign-based companies, the officers of which are not generally accustomed to operating, let along restructuring, under United States law and will undoubtedly need restructuring advice from an experienced restructuring firm.

22.    The Debtors do not expect the respective services of RSR and Goldin to overlap much, if at all. RSR is primarily advising the Debtors as to how to comply with the requirements of chapter 11 and act as liaison between management, on the one hand, and the Court, the Office of the United States Trustee and creditors and other parties in interest, on the other hand. Goldin's services are more in the nature of financial advice, including with respect to financial analyses and assessments and modeling of restructuring alternatives, as well as valuation services and negotiations of reorganization plans.

**C.    Indemnifications and Reimbursement Provisions**

23.    The Debtors have agreed to indemnify and reimburse RSR in connection with the Engagement Agreement pursuant to the following terms:

7

A.   The Debtors agree to hold RSR harmless from all claims and/or losses to which RSR may become subject in connection with RSR's role in this engagement, and to indemnify RSR against any and all claims, losses and expenses as incurred (including the reasonable expense of investigation and preparation and reasonable legal fees and disbursements) arising out of or in connection with any action or claim, unless it is finally judicially determined that such losses, claims, damages or liabilities resulted from the gross negligence or willful misconduct of RSR. Such commitments shall extend upon the terms set forth in this section to RSR and any controlling person, director, officer, member, employee, subcontractor, agent or affiliate of RSR (collectively, "RSR Indemnitees").

B.   The Debtors agree that the indemnification and reimbursement commitments set forth in this paragraph shall apply whether or not the Debtors or RSR is a formal party to any such lawsuits, investigations, claims or other proceedings and that such commitments shall extend upon the terms set forth in this section to any RSR Indemnitees. The Debtors further agree that, without prior notice to RSR, it will not enter into any settlement of a lawsuit, claim or other proceeding arising out of the engagement or the Engagement Agreement (whether or not RSR or any other RSR Indemnitees is an actual or potential party to such lawsuit, claim or proceeding) unless such settlement includes an explicit and unconditional release from the party bringing such lawsuit, claim or other proceeding of all RSR Indemnitees for any acts or statements related to the engagement or the underlying lawsuit.

C.   The Debtors further agree that the RSR Indemnitees are entitled to retain, at their own cost and expense, separate counsel of their choice in connection with any of the matters in respect of which indemnification, reimbursement or contribution may be sought under this Engagement Agreement. In no event shall RSR be liable for punitive, exemplary, consequential or indirect damages or expenses (including without limitation, lost profits, opportunity costs, etc.), which may be alleged in connection with this Engagement Agreement or the services provided hereunder, except for any such loss or damage resulting from RSR's gross negligence or willful misconduct.

24.    The indemnification and reimbursement provisions reflected in the Engagement Letter are customary and reasonable terms of employment for financial consultants providing the services described above. The terms of the Engagement Letter were fully negotiated between the Debtors and RSR at arm's-length and the Debtors respectfully submit that this indemnification and reimbursement is reasonable and in the best interests of Debtors, their estates, and creditors.

### D.    Professional Compensation

25.    The professional services of RSR are necessary to enable the Debtors to faithfully and competently execute their duties as debtors in possession.  RSR will work closely with other professionals as may be retained by the Debtors, taking appropriate steps to avoid duplication of effort.

26.    RSR intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure RSR will use in these chapter 11 cases are generally the same as the hourly rates and corresponding rate structure that RSR uses in other restructuring matters, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other matters typically involve great complexity and require experienced bankruptcy related advice.

27.    RSR's current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Range |
|---|---|
| Managing Directors | $390.00 |
| Managers & Consultants | $250.00 to $375.00 |

Such rates are the same rates that RSR generally charges all of its clients.

28.    These hourly rates are subject to periodic adjustments to reflect economic and other conditions.  RSR will provide notice of any rate increases to the Debtors, the Office of the United States Trustee and the Court.

29.    These hourly rates are consistent with the rates that RSR charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

30.    The rate structure provided by RSR is appropriate and not significantly different from (a) the rates that RSR charges for other similar types of representations or (b) the rates that other comparable restructuring consultants would charge to do work substantially similar to the work RSR will perform in these chapter 11 cases.

31.    RSR charges its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. RSR also charges its clients only the amount actually incurred in connection with such items. Examples of such expenses include long-distance telephone and telephone conference call charges, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted research, photocopying, airfare, meals, and lodging.

## Compensation Received by RSR from the Debtors

32.    As noted above, the Debtors executed and delivered the Engagement Agreement on June 27, 2016. Pursuant to the Engagement Agreement, RSR received two retainer payments (the "**Retainer**"), specifically one payment on June 17, 2016 of $650,000 and a second on June 29, 2016 of $58,500, each from Debtor NS Hong Investments (BVI) Limited. RSR has not received any other payments from or on behalf of the Debtors. RSR has applied $49,720 of the Retainer to fees and expenses incurred prior to the Petition Date and is holding the remaining $658,780 as a post petition retainer.

## Third-Party Funding of Retainer and Lar Dan Factors

33.    The Debtors did not have funds sufficient to pay the retainer required by RSR, as well as the retainers required by Meyer Suozzi and Goldin. Ng Joon Chuan, as 12.5% owner of Debtor NS Hong, caused his wholly owned investment company, Meridian Investment Group

Pte. Ltd. ("**Meridian**"), to make capital contributions to NS Hong to fund the professionals'

retainers, as follows:

| Professional | Date | Amount |
|---|---|---|
| RSR | June 17, 2016 | $650,000 |
| RSR | June 29, 2016 | $58,500 |
| Goldin | June 27, 2016 | $1.75 million |
| Meyer Suozzi | June 28, 2016 | $1.6 million |

34.    Each of the professionals required both Mr. Ng and Meridian, as well as the

Debtors, to make representations, warranties and acknowledgments concerning the factors set

forth in *In re Lar Dan Enterprises, Inc.*, 221 B.R. 93 (Bankr S.D.N.Y. 1998), relating to the

required independence of professionals who are paid retainers by third parties.  In this regard,

Mr. Ng, on behalf of himself and Meridian as its sole shareholder, executed each of the

professional's engagement agreement containing such representations, warranties and

acknowledgements and made a "Lar Dan" declaration, which is attached hereto as **Exhibit "C"**

(the "**Lar Dan Declaration**").

35.    In sum, in the Lar Dan Declaration, Mr. Ng and Meridian have described their

connections with the Debtors, Mr. Ng's ownership of Meridian and percentage ownership in NS

Hong, Meridian's status as a creditor of NS Hong, Meridian's funding of the retainers as set forth

above in the form of a capital contribution to NS Hong, and the Debtors' consent to such

arrangement.  Also in the Lar Dan Declaration, Mr. Ng and Meridian acknowledged and agreed

that the chapter 11 case professionals retained by the Debtors owe a duty of undivided loyalty the

Debtors only and no duties to Mr. Ng and Meridian, that the professionals are free to advise the

Debtors in ways that may be contrary to Mr. Ng and Meridian's interests, and the professionals

may represent the Debtors in court against Mr. Ng and Meridian.  Finally, Mr. Ng and Meridian

confirm that they have retained independent U.S. bankruptcy counsel in connection of these

cases, that none of the chapter 11 case professionals has ever represented Mr. Ng or Meridian and never will represent them in connection with this matter, and that Mr. Ng and Meridian will disclose any other facts that might be relevant to the Lar Dan concerns, in consultation with their independent counsel.

## No Agreement To Share
## Any Compensation With Third Parties

36.     Pursuant to Bankruptcy Rule 2016(b), RSR has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the employees of RSR or (b) any compensation another person or party has received or may receive.

## RSR's Disinterestedness

37.     To the best of the Debtors' knowledge and as disclosed herein and in the Rosenfeld Declaration, (a) RSR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) RSR has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Rosenfeld Declaration.

38.     RSR will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, RSR will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**Supporting Authority**

39.     The Debtors seek retention of RSR as their restructuring consultants pursuant to

section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor] in carrying out the
> [debtor]'s duties under this title.

11 U.S.C. § 327(a).

40.     The Debtors also seek such retention under Section 328(a), which provides as

follows:

> The trustee, or a committee appointed under section 21102 of this
> title, with the court's approval, may employ or authorize the
> employment of a professional person under section 327 or 1103 of
> this title, as The case may be, on any reasonable terms and
> conditions of employment, including on a retainer, on an hourly
> basis, or a fixed or percentage fee basis, or on a contingent fee
> basis.  Notwithstanding such terms and conditions, the court may
> allow compensation different from the compensation provided
> under such terms and conditions after the conclusion of such
> employment, if such terms and conditions prove to have been
> improvident in light of developments not capable of being
> anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. Section 328(a)

41.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

Fed. R. Bankr. P. 2014(a).

42.    The Debtors submit that for all the reasons stated above and in the Rosenfeld Declaration, the retention and employment of RSR as restructuring consultant to the Debtors is warranted. Further, as stated in the Rosenfeld Declaration, RSR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Rosenfeld Declaration.

## Notice

43.    The Debtors have provided notice of this Application to the following parties: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) creditors holding the fifty largest claims as set forth in the consolidated list filed with the Debtors' petitions; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the Court's website.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## No Prior Request

44.    No prior request for relief sought in this Application has been made to this or any other court.

14

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  New York, New York
        July 18, 2016

                                        s/Ng Puay Yee
                                        Ng Puay Yee
                                        Authorized Representative for Each of the
                                        Debtors

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* [1] | **Case No. 16-11895 (JLG)** |
| | **Jointly Administered** |
| **Debtors.** | |

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF RSR CONSULTING, LLC AS RESTRUCTURING CONSULTANT FOR DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO PETITION DATE

Upon the application (the "**Application**") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "**Order**") authorizing the Debtors to retain and employ RSR Consulting, LLC ("**RSR**") as their restructuring consultant effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"); and the Court having reviewed the Application, the Declaration of Robert S. Rosenfeld, a member of RSR (the "**Rosenfeld Declaration**") and the "Lar-Dan" Declaration of Ng Joo Chuan on Behalf of Himself and Meridian Investment Group Pte. Ltd. In Connection With the Debtors' Retention of Certain Professionals (the "**Lar Dan Declaration**"); and the Court having

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Rosenfeld Declaration that (a) RSR does not hold or represent an interest adverse to the Debtors' estates and (b) RSR is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

The Application is granted to the extent set forth herein.

1.       The Application is granted to the extent set forth herein.

2.       In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ RSR as their restructuring consultant *nunc pro tunc* to the Petition Date (as such term is defined in the Application) in accordance with the terms and conditions set forth in the Application, including the indemnification and reimbursement provisions ("**Indemnification Provisions**"), as modified herein.

2

3.     RSR is authorized to provide the Debtors with the professional services as described in the Application. Specifically, but without limitation, RSR may render the following, among other, restructuring consulting services:

A.    Review and assist management with the preparation of information required to file the chapter 11 cases and assist the Debtors in fulfilling their responsibilities and financial requirements in the chapter 11 cases and other documents required under the Bankruptcy Code, including:

   a.    Schedules of assets and liabilities

   b.    Statements of financial affairs

   c.    Creditor matrices

   d.    First day pleadings

   e.    Monthly operating reports

   f.    Subsequent motions in the chapter 11 cases

B.    Assist in evaluation of strategic alternatives and planning for the requirements for the chapter 11 cases for the Debtors.

C.    Upon the filing of the chapter 11 cases, assist the Debtors with the following:

   a.    Act as a liaison and coordinate information flow and efforts between management, equity, financial advisors and creditors and their advisors and the U.S. Trustee's office

   b.    Assist management with the coordination and production of information required by various constituents and their legal and financial advisors, claims agent, and other professionals in the cases

   c.    Attend Court and Section 341 hearings and meetings with creditors, if required

   d.    Assist the Debtors in the preparation of periodic reporting packages that may be required for the Debtors' creditors

   e.    Provide expert testimony, if required

   f.    Review restructuring alternatives and projections provided by the Debtors' professionals in connection with putting forth plans to the constituents and the Court.

3

4.      RSR shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 and effective February 5, 2013, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, and any other Orders of the Court.

5.      All of RSR's personnel who provide services to or on behalf of the Debtors, with the exception of clerical staff, shall keep contemporaneous records of the services they have performed in one-half hour increments.

6.      Any court-authorized payments of fees and expenses to RSR, whether pursuant to any monthly fee order, any interim fee award or any final fee award, shall be paid first from any funds held by RSR as a retainer before payment may be made from non-retainer funds.

7.      RSR is authorized to offset prepetition fees and expenses against the retainer held by RSR.

8.      Prior to any increases in RSR's rates, RSR shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard

provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

9.    The Indemnification Provisions are reasonable terms and conditions of employment as required under Bankruptcy Code Section 328(a), and are hereby approved; provided, however:

- All requests by RSR for the payment of indemnification as set forth in the Engagement Agreement (as defined in the Application) shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall RSR be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any) gross negligence or willful misconduct.

- In the event RSR seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records from such attorney shall be included in RSR's own applications, both interim and final, and such invoices and time records shall be subject to the Local Bankruptcy Rules, any fee and expense guidelines of this Court, and such other procedures as may be fixed by order of the Court, and the approval of the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under Section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code.

10.    Notwithstanding anything to the contrary in the Indemnification Provisions or otherwise in the Engagement Agreement, (i) in the event that RSR is not entitled to indemnification pursuant to the Indemnification Provisions on account of gross negligence, willful misconduct or fraud (whether under the Indemnification Provisions or this Order), its shall also not be entitled to any claim or right of contribution, limitation of liability or exoneration from the Debtors, and (ii) the Court will have jurisdiction over fee applications and matters relating to the Engagement Agreement.

5

11.     RSR shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

12.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Debtors' chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

13.     To the extent there is inconsistency between the terms of the Engagement Agreement, the Application, and this Order, the terms of this Order shall govern.

14.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

15.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
        August __, 2016

_____
**HONORABLE JAMES L. GARRITY, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

NO OBJECTION:

Office of the United States Trustee

By:s/Susan Golden
   Susan Golden
   Trial Attorney

6

**<u>EXHIBIT B</u>**

**<u>Rosenfeld Declaration</u>**

Presentment Date and Time: August 5, 2016 at noon
Objection Deadline: August 2, 2016 at 5:00 p.m.

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
Telephone: (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CHINA FISHERY GROUP LIMITED (CAYMAN), *et al.*,[1] | Case No. 16-11895 (JLG) |
| | Jointly Administered |
| Debtors. | |

DECLARATION OF ROBERT S. ROSENFELD
IN SUPPORT OF THE DEBTORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF RSR CONSULTING, LLC AS RESTRUCTURING
CONSULTANT FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, Robert Rosenfeld, hereby declare:

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

1.      I am the only member in the restructuring firm of RSR Consulting, LLC ("**RSR**") located at, among other places, 49 Roy Avenue, Massapequa, NY 11758.

2.      I submit this declaration (the "**Declaration**") in support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of RSR Consulting, LLC as Restructuring Consultant for the Debtors and Debtors in Possession Effective *Nunc Pro Tunc* to the Petition Date (the "**Application**").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### RSR's Qualifications

3.      The Debtors seek to retain RSR because of RSR's experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code. RSR has been actively involved in major chapter 11 cases as a financial and restructuring consultant, chief restructuring officer, trustee, and examiner in the Southern District of New York, the Eastern District of New York and the District of Delaware, as well as other bankruptcy courts. A sample of such cases include: Chief Restructuring Officer in In re ATLS Acquisition, LLC et al, pending in the District of Delaware (Case No. 13-10262 (PJW)); Chief Restructuring Officer in In re ChemRX Corporation, et al. pending in the District of Delaware (Case No. 10-11567 (MFW)); Chief Restructuring Officer in In re Henry Dunay Designs, Inc. pending in the Southern District of New York (Case No. 09-13969 (SMB)); and Examiner in In re Southampton Brick & Tile, LLC pending in the Eastern District of New York (Case No. 11-75928 (DTE)).

4.      In preparing for its representation of the Debtors in these chapter 11 cases, RSR has become generally familiar with the Debtors' businesses and many of the potential business and financial issues that may arise in the context of these chapter 11 cases.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

## Services to Be Provided

5.      Subject to further order of the Court and the Engagement Agreement, a copy of which is attached hereto as **Exhibit 1**, the Debtors retained RSR to render, without limitation, the following, among other, restructuring services:

A.     Review and assist management with the preparation of information required to file the chapter 11 cases and assist the Debtors in fulfilling their responsibilities and financial requirements in the chapter 11 cases and other documents required under the Bankruptcy Code, including:

     a.      Schedules of assets and liabilities

     b.      Statements of financial affairs

     c.      Creditor matrices

     d.      First day pleadings

     e.      Monthly operating reports

     f.      Subsequent motions in the chapter 11 cases

B.     Assist in evaluation of strategic alternatives and planning for the requirements for the chapter 11 cases for the Debtors.

C.     Upon the filing of the chapter 11 cases, assist the Debtors with the following:

     a.      Act as a liaison and coordinate information flow and efforts between management, equity, financial advisors and creditors and their advisors and the U.S. Trustee's office

     b.      Assist management with the coordination and production of information required by various constituents and their legal and financial advisors, claims agent, and other professionals in the cases

     c.      Attend Court and Section 341 hearings and meetings with creditors, if required

     d.      Assist the Debtors in the preparation of periodic reporting packages that may be required for the Debtors' creditors

     e.      Provide expert testimony, if required

3

      f.     Review restructuring alternatives and projections provided by the Debtors' professionals in connection with putting forth plans to the constituents and the Court.

## Indemnifications and Reimbursement Provisions

6.     The Debtors have agreed to indemnify and reimburse RSR in connection with the

Engagement Agreement pursuant to the following terms:

A.     The Debtors agree to hold RSR harmless from all claims and/or losses to which RSR may become subject in connection with RSR's role in this engagement, and to indemnify RSR against any and all claims, losses and expenses as incurred (including the reasonable expense of investigation and preparation and reasonable legal fees and disbursements) arising out of or in connection with any action or claim, unless it is finally judicially determined that such losses, claims, damages or liabilities resulted from the gross negligence or willful misconduct of RSR. Such commitments shall extend upon the terms set forth in this section to RSR and any controlling person, director, officer, member, employee, subcontractor, agent or affiliate of RSR (collectively, "RSR Indemnitees").

B.     The Debtors agree that the indemnification and reimbursement commitments set forth in this paragraph shall apply whether or not the Debtors or RSR is a formal party to any such lawsuits, investigations, claims or other proceedings and that such commitments shall extend upon the terms set forth in this section to any RSR Indemnitees. The Debtors further agree that, without prior notice to RSR, it will not enter into any settlement of a lawsuit, claim or other proceeding arising out of the engagement or the Engagement Agreement (whether or not RSR or any other RSR Indemnitees is an actual or potential party to such lawsuit, claim or proceeding) unless such settlement includes an explicit and unconditional release from the party bringing such lawsuit, claim or other proceeding of all RSR Indemnitees for any acts or statements related to the engagement or the underlying lawsuit.

C.     The Debtors further agree that the RSR Indemnitees are entitled to retain, at their own cost and expense, separate counsel of their choice in connection with any of the matters in respect of which indemnification, reimbursement or contribution may be sought under this Engagement Agreement. In no event shall RSR be liable for punitive, exemplary, consequential or indirect damages or expenses (including without limitation, lost profits, opportunity costs, etc.), which may be alleged in connection with this Engagement Agreement or the services provided hereunder, except for any such loss or damage resulting from RSR's gross negligence or willful misconduct.

7.     The indemnification and reimbursement provisions reflected in the Engagement

Letter are customary and reasonable terms of employment for financial consultants providing the

4

services described above. The terms of the Engagement Letter were fully negotiated between the
Debtors and RSR at arm's-length and the Debtors respectfully submit that this indemnification
and reimbursement is reasonable and in the best interests of Debtors, their estates, and creditors.

### Professional Compensation

8.      RSR intends to apply for compensation for professional services rendered on an
hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases,
subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy
Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures
and orders of the Court. The hourly rates RSR will use in these chapter 11 cases are the same as
the hourly rates RSR uses in other debtor and non-debtor bankruptcy-related representations, and
are comparable to the hourly rates that RSR uses for complex restructuring matters whether in
court or otherwise, and regardless of whether a fee application is required. These rates and the
rate structure reflect that such restructuring matters often are national in scope and involve great
complexity, high stakes, and/or severe time pressures.

9.      RSR's current hourly rates for matters related to these chapter 11 cases range as
follows:

| Billing Category | U.S. Range |
|---|---|
| Managing Directors | $390 |
| Managers & Consultants | $250-$375 |

These are the same rates that RSR generally charges all of its clients, for all matters and
wherever the services are provided.

10.     RSR's hourly rates are set at a level designed to compensate RSR fairly for the
work of its members and staffs and to cover fixed and routine expenses. Hourly rates vary with

the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

11.     It is RSR's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with the client's matter that would not have been incurred except for representation of that particular client. It is also RSR's policy to charge its clients only the amount actually incurred by RSR in connection with such items. Examples of such expenses include long-distance telephone and telephone conference call charges, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

12.     RSR will charge the Debtors $0.10 per page for standard black and white duplication in its offices in accordance with Local Rule 2016-1(a) and the *Amended Guidelines for Fees and Reimbursements for Professionals in Southern District of New York Bankruptcy Cases*. RSR does not charge its clients for incoming facsimile transmissions.

## Compensation Received by RSR from the Debtors

13.     The Debtors executed and delivered the Engagement Agreement on June 27, 2016.   Pursuant to the Engagement Agreement, RSR received two retainer payments (the "**Retainer**"), specifically one payment on June 17, 2016 of $650,000 and a second on June 29, 2016 of $58,500, each from Debtor NS Hong.  RSR has not received any other payments from or on behalf of the Debtors.  RSR has applied $49,720 of the Retainer to fees and expenses incurred prior to the Petition Date and is holding the remaining $658,780 as a post petition retainer.

14.     As of the Petition Date, the Debtors did not owe RSR any amounts for restructuring services rendered before the Petition Date. Although certain expenses may have been incurred but not yet applied to RSR's Retainer, RSR's Retainer always exceeded any amounts for expenses incurred prior to the Petition Date.

6

## Third-Party Funding of Retainer and Lar Dan Factors

15.     I understand that the Debtors did not have funds sufficient to pay the retainer required by RSR.  I further understand that Ng Joon Chuan, as 12.5% owner of Debtor NS Hong, caused his wholly owned investment company, Meridian to make capital contributions to NS Hong to fund the Retainer.

16.     RSR required both Mr. Ng and Meridian, as well as the Debtors, to make representations, warranties and acknowledgments concerning the factors set forth in *In re Lar Dan Enterprises, Inc.*, 221 B.R. 93 (Bankr S.D.N.Y. 1998), relating to the required independence of professionals who are paid retainers by third parties.  In this regard, Mr. Ng, on behalf of himself and Meridian as its sole shareholder, executed the Engagement Agreement containing such representations, warranties and acknowledgements and made a "Lar Dan" declaration, which is attached to the Application as **Exhibit "C"** (the "**Lar Dan Declaration**").

17.     In sum, in the Lar Dan Declaration, Mr. Ng and Meridian have described their connections with the Debtors, Mr. Ng's ownership of Meridian and percentage ownership in NS Hong, Meridian's status as a creditor of NS Hong, Meridian's funding of the retainers as set forth above in the form of a capital contribution to NS Hong, and the Debtors' consent to such arrangement.  Also in the Lar Dan Declaration, Mr. Ng and Meridian acknowledged and agreed that the professionals owe a duty of undivided loyalty the Debtors only and no duties to Mr. Ng and Meridian, that the professionals are free to advise the Debtors in ways that may be contrary to Mr. Ng and Meridian's interests, and the professionals may represent the Debtors in court against Mr. Ng and Meridian.  Finally, Mr. Ng and Meridian confirm that they have retained independent U.S. bankruptcy counsel in connection of these cases, that none of the case professionals has ever represented Mr. Ng or Meridian and never will represent them, and that

Mr. Ng and Meridian will disclose any other facts that might be relevant to the Lar Dan concerns, in consultation with their independent counsel.

18.    On June 16, 2016, the Debtors executed a substantially similar version of the Engagement Agreement. The Engagement Agreement eliminated as signatories the Chapter 15 Debtors because RSR's services were not be needed for them, and incorporated the foregoing Lar Dan representations, warranties and acknowledgments.

### No Agreement To Share
### Any Compensation With Third Parties

19.    Pursuant to Bankruptcy Rule 2016(b), RSR has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members and employees of RSR or (b) any compensation another person or party has received or may receive.

### Statement Regarding U.S. Trustee Guidelines

20.    RSR shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

### RSR's Disinterestedness

21.    In connection with its proposed retention by the Debtors in these chapter 11 cases, RSR undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, RSR obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases or otherwise have material connections to

8

these cases (the "**Potential Parties in Interest**") and such parties are listed on **Schedule 1** hereto. RSR has searched its electronic database for its connections to the entities and people listed on **Schedule 1**.  RSR has also had **Schedule 1** reviewed by its sole member, Robert Rosenfeld, in order to ascertain all of RSR's connections to those entities and people on **Schedule 1**.

22.    RSR may have in the past represented, may currently represent, and may in the future represent, entities that may be parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases. The information listed on **Schedule 1** may have changed without RSR's knowledge and may change during the pendency of these chapter 11 cases. Accordingly, I will update this Declaration as necessary and when RSR becomes aware of additional material information. The following is a list of the categories of entities and people that RSR has searched to the extent RSR was able to ascertain relevant names:[3]

**Schedule Category**

| | |
|---|---|
| 1(a) | Debtors and Related Companies |
| 1(b) | Officers and Directors |
| 1(c) | Top Equity Holders (5% or More for Publicly Traded Entities) |
| 1(d) | Noteholders & Counsel |
| 1(e) | Debtors' Professionals |
| 1(f) | Creditors of Debtors |
| 1(g) | Litigation Parties & Related Counsel/Professionals |
| 1(h) | Credit Facility & Depositary Banks |
| 1(i) | Labor Unions/Employees |
| 1(j) | Creditors (Chapter 15 Entities) |
| 1(k) | Bankruptcy Court Judges |

---

[3] RSR's inclusion of parties in the following Schedules is solely to illustrate RSR's conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in any schedules or has a claim or legal relationship to the Debtors of the nature described in **Schedule 1**.

9

1(l)        United States Trustee's Office

1(m)        Clerk and Deputy Clerk of the Bankruptcy Court for the Sourthern District of
New York

I do not believe that RSR has any connections to the Office of the United States Trustee or any key court personnel for the Southern District of New York, other than on a purely professional basis.

23.      To the best of my knowledge, (a) RSR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) RSR has no material connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in this Declaration.

24.      Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I nor RSR, insofar as I have been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, except as disclosed or otherwise described herein.

25.      RSR will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, RSR will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10

**Specific Disclosures**

26.     None of the representations described below are materially adverse to the interests of the Debtors' estates. Moreover, pursuant to section 327(c) of the Bankruptcy Code, RSR is not disqualified from acting as the Debtors' restructuring consultant merely because it represents certain of the Debtors' creditors or other entities that may be parties in interest in matters unrelated to the Debtors or these chapter 11 cases.

**Connection to Professionals.**

27.     As part of its practice, RSR has worked with and may continue to work with certain of the attorneys and financial advisors in matters unrelated to these chapter 11 cases.

28.     I am presently aware of the following such instances in which I have been retained by or have retained certain of the Debtors' other professionals. I had previously retained the Debtors' proposed counsel, Meyer, Suozzi, in several matters to render legal services for RSR and/or myself in various capacities. Those roles have included: the chief restructuring officer for CRC Parent Corporation, f/k/a Chem Rx Corporation, and its affiliated chapter 11 debtors in cases that were pending in the District of Delaware, which have since been closed; the chief restructuring officer for ATLS Acquisition, LLC et. al, in cases that are currently pending in the District of Delaware; in my role as court-appointed examiner in a case unrelated to these cases that was pending in the Eastern District of New York, and for which my and Meyer Suozzi's roles have been completed; and other matters that are not publicly filed, subject to confidentiality provisions, and are entirely unrelated to the Debtors' cases. Thomas R. Slome, a shareholder of Meyer Suozzi, retained RSR as his financial consultant in a matter where he was the examiner in case that was pending in the Southern District of New York, titled Madison 92nd Street Associates, LLC. Mr. Slome and RSR have completed their respective roles in that

11

matter. Both RSR and MSEK have been professionals for the same client in a completed state court litigation entirely unrelated to these matters.

29.    I have been retained by Mayer Brown (US) in previous but now closed matters.

## Connections to Affiliates.

30.    Certain interrelationships exist among the Debtors. Nevertheless, RSR believes that the Debtors' relationships to each other do not pose any conflict of interest because of the general unity of interest among the Debtors. Insofar as I have been able to ascertain, I know of no conflict of interest that would preclude RSR's joint representation of the Debtors in these chapter 11 cases.

## Relationships with Certain Creditors.

31.    As part of its practice, RSR has worked with and may continue to work with certain of the Debtors' creditors, other parties in interest in matters unrelated to these Chapter 11 cases. For example, my firm has previously been retained as a financial consultant to HSBC, through its counsel. I am currently the Liquidating Trustee of the ATLS Creditors' Liquidating Trust, a matter pending in Delaware. Grant Thornton Tax is the tax advisor to the trust.

## Affirmative Statement of Disinterestedness

32.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) RSR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) RSR has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed herein.

12

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Executed this 18th day of July 2016

s/Robert S. Rosenfeld
Robert S. Rosenfeld

## **EXHIBIT 1**

**Engagement Letter**

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

June 27, 2016

**To The Directors of the Companies
Listed on Annex 1:**

RE: **RSR Consulting, LLC Retention and Letter Agreement**

This letter agreement (the "Agreement") confirms and sets forth the terms and conditions of the engagement between RSR Consulting, LLC ("RSR"), and each of the companies, effective as of June 16, 2016 listed on Annex 1 attached hereto and made a part hereof, (collectively, the "Companies"), including the scope of the services to be performed and the basis of compensation for those services (the "Engagement"). Upon execution of this letter by each of the parties below this letter will constitute an agreement between the Companies and RSR.   Each signatory hereto represents and warrants to RSR that it has the requisite authority to execute this Agreement on behalf of the Companies for which it has executed this Agreement.   All references in this Agreement to RSR shall include directors, officers, members, managers, agents, and employees of RSR, and independent contractors retained by RSR, if any. RSR shall report to the Companies' Boards of Directors (the "Boards") and shall serve on the following terms:

## 1.    Scope of Professional Services

RSR will be engaged as a restructuring consultant to assist the Companies with the evaluation and implementation of strategic alternatives, including if necessary the filing of Chapter 11 cases under the United States Bankruptcy Code ("Chapter 11 Cases") in the Southern District of New York (Manhattan), including the following:

    i.    Review and assist management with the preparation of information required to file the Chapter 11 Cases and assist the Companies in fulfilling their responsibilities and financial requirements in the Chapter 11 Cases and other documents required under the Bankruptcy Code, including:

- o  Schedules of Assets and Liabilities
- o  Statements of Financial Affairs
- o  Creditor matrices
- o  First day pleadings
- o  Monthly Operating Reports
- o  Subsequent motions in the Chapter 11 Cases

1

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

    ii.    Assist in evaluation of strategic alternatives and planning for the requirements for the Chapter 11 Cases for the Companies.

    iii.    Upon the filing of the Chapter 11 Cases, assist the Companies with the following:

    o    Act as a liaison and coordinate information flow and efforts between management, equity, financial advisors and creditors and their advisors and the U.S. Trustee's office.

    o    Assist management with the coordination and production of information required by various constituents and their legal and financial advisors, claims agent, and other professionals in the cases.

    o    Attend Court and 341 hearings and meetings with creditors, if required

    o    Assist the Companies in the preparation of periodic reporting packages that may be required for the Companies' creditors

    o    Provide expert testimony, if required

    o    Review restructuring alternatives and projections provided by the Debtors' professionals in connection with putting forth plans to the constituents and the Court

    iv.    Other services, as mutually agreed upon by the parties

    c.    RSR is hereby authorized by the Companies to communicate directly with all of the Companies' constituents, including their creditors and shareholders, in the performance of RSR's services under this Engagement, provided however, RSR is not authorized to bind or otherwise obligate the Companies. RSR shall use its best efforts to coordinate with the Companies' financial advisors, so as to minimize the duplication of efforts.

## 2.    Performance of Service

Management will direct the Companies' personnel to make available to RSR access to the Companies books and records and all other information as may be necessary to assist RSR in the performance of its services.

RSR's work will not constitute an audit as defined by the American Institute of Certified Public Accountants. Accordingly, RSR will not express an opinion on any information provided to RSR, as such term is defined by generally accepted auditing standards. RSR will assume any financial information RSR receives has been prepared in accordance with generally accepted accounting principles. The Engagement cannot be relied upon to detect errors and irregularities, including fraud or defalcations that may exist. However, RSR will inform the Companies of any irregularities that may come to RSR's attention.

2

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

The Companies acknowledge that all advice (written or oral) given by RSR to the Companies in connection with this Engagement is intended solely for the benefit and use of the Companies (limited to the boards of directors and management) in considering the actions to which it relates. The Companies agree that no such advice shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks and programs referred to herein or discussions with the Companies' creditors and customers, without RSR's prior approval except as required by law. This agreement will survive the termination of the Engagement.


3.       **Projections; Reliance: Limitations of Duties**

The Companies understand that the services to be rendered by RSR personnel may include the preparation of projections and other forward-looking statements, and that numerous factors can affect the actual results of the Companies' operations, which may materially and adversely differ from those projections and other forward-looking statements. In addition, RSR and its personnel will be relying on information provided by other members of the Companies' management in the preparation of those projections and other forward-looking statements. RSR personnel and RSR are entitled to rely on the accuracy and validity of the data disclosed to them or supplied to them by employees and representatives of the Companies. RSR personnel and RSR are under no obligation to update data submitted to them or review any other areas unless specifically requested by the Board to do so. RSR will not be responsible for independently verifying the accuracy of any information provided to RSR by the Companies or its agents (the "Information") and shall not be liable for inaccuracies in any Information provided to RSR by or at the direction of the Companies.

Neither RSR personnel nor RSR makes any representation or guarantee that an appropriate restructuring proposal or strategic alternative can be formulated for the Companies, that any restructuring proposal or strategic alternative presented to the Companies will be more successful than all other possible restructuring proposals or strategic alternatives, that restructuring is the best course of action for the Companies or, if formulated, that any proposed restructuring plan or strategic alternative will be accepted by any of the Companies' creditors, shareholders, members and other constituents. Further, neither RSR nor its personnel, assumes responsibility for the selection of any restructuring proposal or strategic alternative that any officer or party assists in formulating and presenting to the Companies, and RSR and its personnel shall be responsible for assisting the Companies in implementing only the proposal or alternative approved by the Board and only to the extent and in the manner authorized and directed by the Board.

In undertaking to provide the services set forth herein, RSR does not guarantee or otherwise provide any assurances that it will obtain any guaranteed recovery amounts for the assets or full satisfaction of the Companies' debts. The Companies' obligation to pay RSR's compensation and reimbursement of expenses set forth herein shall not be conditioned upon any particular results being achieved by RSR.

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

4.    **Compensation of Services**

For its services, RSR will be compensated on an hourly basis in accordance with the schedule set forth herein,  The current hourly rates, which are adjusted annually effective January 1, are as follows:

| | |
|---|---|
| Managing Directors | $390 |
| Managers & Consultants | $250 to $375 |

RSR shall be reimbursed for all reasonable out-of-pocket expenses incurred in carrying out the terms of this Agreement, including travel, courier, postage, overnight shipping, and attorneys' fees.

Billings will be rendered by RSR to the Companies each week for services provided by RSR personnel and for out-of-pocket expenses incurred during the term of this Agreement, as discussed below.

It is our policy to hold a retainer in such matters.  RSR will be provided an advance payment retainer of $650,000 (the "Retainer") via wire transfer upon execution of this retention agreement to be applied to fees, costs and disbursements and all amounts owed or to become owing to RSR under the Engagement or this Agreement.  RSR will bill against the retainer, apply the retainer to its weekly invoices and will periodically require replenishment thereof.  Prior to the filing of any Chapter 11 Cases, the Retainer shall be replenished so that after application to all outstanding fees and expenses of RSR through the filing of the Chapter 11 Cases, the Retainer is equal to or greater than $650,000.  If the retainer is exceeded by our time and disbursement charges, additional billings will be made on a periodic basis, also at our customary rates, as outlined above and shall be a joint and several obligation of each entity constituting the Companies.  We would expect any additional billings to be paid promptly.  If a bill is not paid promptly, we reserve the right to terminate this agreement.  We will always require the retainer to exceed the anticipated value of services to be rendered in the relevant period.  Any unused portion of the Retainer will be refunded to the Companies after the conclusion of the matter and the satisfaction of all obligations hereunder.

NS Hong Investments (BVI) Limited ("Payor"), made the Retainer payment on behalf of itself and all the other Companies to RSR on June 17, 2016.  It is understood and agreed that the Payor obtained the funds necessary to make the Retainer payment to RSR from an unencumbered capital contribution to the Payor made by Meridian Investment Group Pte. Ltd. ("Meridian"), an entity wholly owned by Ng Joo Chuan ("NJC"), a shareholder of Payor.  It is also understood that the Retainer payment may be transferred directly by Meridian to RSR, but the Companies, NJC and Meridian acknowledge and agree that such direct payment was made on behalf of Payor as part of such capital contribution.  The Payor, NJC and Meridian represent and warrant to RSR that the funds contributed as capital to the Payor and provided to RSR are free and clear of all liens and claims.  NJC and Meridian represent and warrant that, both prior to and

4

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

taking into account the payment of the Retainer, (i) NJC's and Meridian's respective assets exceed their respective debts and liabilities; (ii) NJC and Meridian can meet their respective debt obligations on time as they become due; (iii) Meridian has no liabilities, including without limitation, based on guarantees existing or potential causes of action, whether statutory based or under common law; and (iv) no basis exists, under any applicable law, which would afford NJC or Meridian or any person or entity the right or opportunity to claw back or otherwise make any claim to some or all of the funds the Payor is using hereunder to make the Retainer payment.  Notwithstanding the foregoing, NJC, Meridian and the Companies agree that after the conclusion of the matter any unused portion of the Retainer shall be transferred to the Payor, which will distribute such amount in equal shares among the Companies, and not to NJC or Meridian.  NJC, Meridian, the Companies and RSR agree that despite making agreements, acknowledgements, representations and warranties set forth in Sections 4 and 5 of this Agreement, upon which RSR and others are entitled to rely, NJC and Meridian have no rights under this Agreement.

5.    <u>Representations and Warranties</u>.  NJC, Meridian and the Companies represent, warrant and agree that: (1) all aspects of the economic arrangements relating to Retainer payment by or on behalf of the Payor have been disclosed to the Companies; (2) the Companies expressly consent to such arrangements; (3) NJC and Meridian have independent legal and financial advisors in connection with those arrangements and the contemplated filings of one or more of the Companies under the Bankruptcy Code; (4) the professional duty of RSR hereunder is one of undivided loyalty owed exclusively to all the Companies; (5) NJC, Meridian and the Companies will fully disclose to the Court at the outset of any filing by any of the Companies under the Bankruptcy Code the factual and legal relationship among NJC, Meridian, the Payor and the other Companies, as well as identifying relevant professionals and related financial arrangements; and (6) there are no facts that otherwise create non-disinterestedness, actual conflict or impermissible potential for a conflict of interest.  It is understood and agreed among NJC, Meridian, Payor and all other Companies that in the event a Bankruptcy Court were to deny RSR's retention pursuant to <u>In re Lar Dan Enterprises, Inc.</u>, 221 B.R. 93 (Bankr. S.D.N.Y. 1998), or any other basis related to the representations and warranties in this paragraph, RSR shall nonetheless be entitled to any and all fees, expenses, and obligations due and owing under this Agreement.  RSR shall pay itself such fees, expenses, and obligations due and owing under this Agreement from the Retainer immediately upon any such denial and shall have no further obligations to any of the Companies hereunder.

All billings are due upon receipt of each invoice and shall be paid no later than three business days from receipt via wire transfer to the following account:

5

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

**Wire Transfer instructions are as follows:**

**Signature Bank**
**565 Fifth Avenue, FL 12**
**New York, NY  10017**
**Account Name:  RSR CONSULTING, LLC**
**Routing Number 026013576**
**Account # 1502155748**
**SWIFT Code is SIGNUS33**

6.    **Term of Engagement**

The Engagement shall commence on June 16, 2016 and may be terminated by either party without cause by giving 15 days written notice to the other party. RSR may withdraw immediately and without prior notice for good cause without the Companies' consent subject to approval of the Bankruptcy Court for withdrawal during the pendency of the Chapter 11 Cases.  Good cause includes the Companies' breach of this Agreement (including the Companies' failure to pay any appropriate invoice or indemnity obligation when due), the Companies' failure or refusal to cooperate with RSR, the Companies' failure to retain a financial advisory firm acceptable to RSR, or any fact or circumstance that would render RSR's continuing representation unlawful or unethical.  Without limiting its rights or remedies, RSR shall have the right to halt or terminate its services entirely if payment is not received in strict accordance with the payment terms stated above.  RSR shall also have the right to terminate its services if Court approval of this Agreement, pursuant to a final order in form and substance to RSR, and Court approval of the retention of a financial advisor reasonably acceptable to RSR, is not entered within 21 days of the Companies' commencement of the Chapter 11 Cases, which period may be extended by RSR in its sole discretion.  In the event of termination payment shall be made to RSR for all fees and expenses incurred through termination.

In the event of the Companies' default of the obligations stated herein, the Companies shall be liable to RSR for RSR's costs and expenses, including reasonable attorneys' fees, related to recovery of amounts due under this Agreement. The Companies' obligation to pay RSR's compensation and reimbursement of expenses set forth herein shall not be conditioned upon any particular results being achieved by RSR or actions pursued by the Companies.

7.    **Conflicts of Interest**

RSR confirms that no member of RSR or its staff has any financial interest or business connection with the Companies, and RSR is aware of no conflicts in connection with this Engagement.  Since RSR is a consulting firm that serves clients both in and out of court, it is possible that RSR may have rendered services to or have business associations with other entities or people which had or have or may have relationships with

6

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

the Companies, including creditors of the Companies. In the event that the Companies accept the terms of this Engagement, RSR will not represent, and RSR warrants that RSR has not represented, the interests of any such entities or persons in connection with this matter. RSR shall monitor its records for possible conflicts that could arise during the course of the Engagement. RSR reserves the right to resign from this Engagement at any time if conflicts of interest arise or become known to it that, in its judgment, would impair its ability to perform objectively subject to approval of the Bankruptcy Court for withdrawal during the pendency of the Chapter 11 cases.

**8.    Responsibility for Assignment/Obligations of RSR Solely to the Companies**

The services herein provided are to be rendered solely to the Companies. They are not being rendered by RSR as an agent or as a fiduciary of Meridian or NJC or the shareholders or creditors of the Companies and RSR shall not have any liability or obligation with respect to its services hereunder to Meridian, shareholders, creditors, or to any officers, directors, members, employees or any other person or entity, other than the Companies.

**9.    Indemnification; Limitation on Liability**

A.    By signing a copy of this Agreement, the Companies agree to hold RSR harmless from all claims and/or losses to which RSR may become subject in connection with RSR's role in this Engagement, and to indemnify RSR against any and all claims, losses and expenses as incurred (including the reasonable expense of investigation and preparation and reasonable legal fees and disbursements) arising out of or in connection with any action or claim, unless it is finally judicially determined that such losses, claims, damages or liabilities resulted from the gross negligence or willful misconduct of RSR. Such commitments shall extend upon the terms set forth in this section to RSR and any controlling person, director, officer, member, employee, subcontractor, agent or affiliate of RSR (collectively, "RSR Indemnitees").

B.    The Companies agree that the indemnification and reimbursement commitments set forth in this paragraph shall apply whether or not the Companies or RSR is a formal party to any such lawsuits, investigations, claims or other proceedings and that such commitments shall extend upon the terms set forth in this section to any RSR Indemnitees. The Companies further agree that, without prior notice to RSR, it will not enter into any settlement of a lawsuit, claim or other proceeding arising out of the Engagement or the Agreement (whether or not RSR or any other RSR Indemnitees is an actual or potential party to such lawsuit, claim or proceeding) unless such settlement includes an explicit and unconditional release from the party bringing such lawsuit, claim or other proceeding of all RSR Indemnitees for any acts or statements related to the Engagement or the underlying lawsuit.

The Companies further agree that the RSR Indemnitees are entitled to retain, at their own cost and expense, separate counsel of their choice in connection with any of the matters in respect of which indemnification, reimbursement or contribution may be sought under this Agreement. In no event shall RSR be liable for punitive, exemplary, consequential or indirect damages or expenses (including without

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

limitation, lost profits, opportunity costs, etc.), which may be alleged in connection with this Agreement or the services provided hereunder, except for any such loss or damage resulting from RSR's gross negligence or willful misconduct.

The terms of this section (Indemnification; Limitation on Liability; Insurance section) shall survive the expiration or termination of this Agreement.

**10.    Entire Agreement, Governing Laws and Jurisdiction, Etc.**

This Agreement and terms and conditions set forth above represent the entire understanding of the parties relating to the subject matter hereof and supersedes and cancels any prior communications, understandings and agreements between the parties. This Agreement cannot be terminated or changed, nor can any of its provisions be waived, except by written agreement signed by all parties hereto, except to the extent provided expressly herein. This Agreement shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of the Companies and RSR.

If at any time after the termination of this Agreement, any personnel of RSR are called upon to expend time or devote resources directly or indirectly relating to the Engagement for matters beyond the services contemplated herein (including, but not limited to, producing documents, answering interrogatories, giving depositions, giving expert or other testimony, whether by agreement, subpoena or otherwise), the Companies shall pay RSR's then current hourly rates for the persons involved for the time expended in rendering such services, including, but not limited to, for meetings, conferences, preparation and travel, and all related costs and expenses, including the reasonable legal fees and expenses of RSR's counsel.

This Agreement, and any other related document or any transaction contemplated hereby or thereby, shall be construed, and the obligations of the parties hereunder shall be determined, in accordance with the laws of the State of New York, without regard to any conflict of law provisions thereof. THE PARTIES (BY THEIR RESPECTIVE ACCEPTANCES HEREOF) MUTUALLY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION. PROCEEDING. CLAIM OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT.

The parties agree that the Supreme Court, State of New York, County of New York or the United States District Court for the Southern District of New York shall have exclusive jurisdiction over this Agreement, the subject matter of this Agreement and over the parties with respect to this Agreement, to hear and determine any and all disputes arising under, relating to or concerning this Agreement, and the parties hereby consent to the personal and subject matter jurisdiction of such court for all such purposes, except to any extent that the United States Bankruptcy Court has jurisdiction.

We look forward to working with you on this assignment and are prepared to start work immediately. If the foregoing is in accordance with your understanding, please sign this letter in the space provided and return it to us.

8

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas • Suite 23A
New York, New York 10019
212 658-0300 • Fax 212 658-0347

A telecopy or electronic transmission via e-mail of a signed original of this Agreement shall be sufficient to bind the parties whose signatures appear hereon.

RSR CONSULTING, LLC

By: _____

Robert S. Rosenfeld
Managing Director of RSR

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

**ANNEX I**

| Debtor Entities |
|---|
| Pacific Andes International Holdings Limited (Bermuda) |
| N.S. Hong Investment (BVI) Limited |
| China Fishery Group Limited (Cayman) |
| South Pacific Shipping Agency Ltd. (BVI) |
| China Fisheries International Limited (Samoa) |
| CFGL (Singapore) Private Limited |
| Ringston Holdings Limited (Cyprus) |
| Chanery Investment Inc. (BVI) |
| Champion Maritime Ltd (BVI) |
| Growing Management Limited (BVI) |
| Target Shipping Limited (HK) |
| Fortress Agents Limited (BVI) |
| Ocean Expert International Limited (BVI) |
| Premium Choice Group Limited (BVI) |
| Protein Trading Limited (Samoa) |
| CFG Peru Investment Pte. Ltd. (Singapore) |
| Smart Group Limited (Cayman) |
| Super Investment Limited (Cayman) |

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

**N.S. Hong Investment (BVI) Limited**

By: _____
Name:  Ng Puay Yee
Title:  Director

**Pacific Andes International Holdings Limited (Bermuda)**

By: _____
Name:  Ng Puay Yee
Title:  Managing Director

**Super Investment Limited (Cayman)**

By: _____
Name:  Ng Puay Yee
Title:  Director

**China Fishery Group Limited (Cayman)**

By: _____
Name:  Ng Puay Yee
Title:  Chief Executive Officer

**Smart Group Limited (Cayman)**

By: _____
Name:  Ng Puay Yee
Title:  Director

11

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

**CFG Peru Investment Pte. Ltd. (Singapore)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**Protein Trading Limited (Samoa)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**South Pacific Shipping Agency Ltd. (BVI)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**Premium Choice Group Limited (BVI)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**China Fisheries International Limited (Samoa)**

By: _____
Name:    Ng Puay Yee
Title:    Director

12

*NY 245930032v2*

## RSR CONSULTING, LLC

1330 Avenue of the Americas • Suite 23A
New York, New York 10019
212 658-0300 • Fax 212 658-0347

**Ringston Holdings Limited (Cyprus)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**Chanery Investment Inc. (BVI)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**Champion Maritime Ltd (BVI)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**Growing Management Limited (BVI)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**Target Shipping Limited (HK)**

By: _____
Name:    Ng Puay Yee
Title:    Director

**Fortress Agents Limited (BVI)**

13

*NY 245930032v2*

# RSR CONSULTING, LLC

1330 Avenue of the Americas · Suite 23A
New York, New York 10019
212 658-0300 · Fax 212 658-0347

By: _____
Name:  Ng Puay Yee
Title:  Director

**Ocean Expert International Limited (BVI)**

By: _____
Name:  Ng Puay Yee
Title:  Director

**CFGL (Singapore) Private Limited**

By: _____
Name:  Ng Puay Yee
Title:  Director

Acknowledged and Agreed to
By Meridian Investment Group Pte. Ltd.

By: _____
Name:  Ng Joo Chuan
Title:  Director

Acknowledged and Agreed to
By Ng Joo Chuan

By: _____

Name:  Meridian Investment Group Pte Ltd.
Title:  Director

14

*NY 245930032v2*

**<u>SCHEDULE 1</u>**

## SCHEDULE 1

### Potentially Interested Parties List

#### 1(a) Debtors and Related Entities

ACE Field Limited (BVI)
Admitted Agents Limited (BVI)
Alliance Capital Enterprises Limited (HK)
Andes Agency Limited (HK)
Aqua Foods (Qingdao) Ct. Ltd. (PRC)
Aqua Management Limited (BVI)
Atlantic Pacific Fishing (Pty) Ltd
Best Concept (Far East) Limited (HK)
Bestmate Investments Limited (Samoa)
Bonaire Developments Limited (BVI)
Brandberg (Mauritius) Investments
    Holding Ltd
Brandberg Namibia Investments Compa
CFG Investment S.A.C. (Peru)
CFG Investments Shanghai Ltd. (PRC
CFG Peru Investments Pte. Ltd.
    (Singapore)
CFGL (Singapore) Private Limited
Champion Maritime Ltd (BVI)
Champion Shipping Limited (BVI)
Chanery Investment Inc. (BVI)
Chasterton Group Limited (BVI)
Chiksano Management Ltd
China Cold Chain Food Products Trade
    Development Limited (BVI)
China Cold Chain Group Limited (BVI)
China Fisheries International Limited
    (Samoa)
China Fishery Group Limited (Cayman)
China Fishery Group Limited (HK)
CJSC Invest Group
Clamford Holding Limited (BVI)
Concept China Investment Limited (HK)
Conred Limited (HK)
Consorcio Vollmacht S.A.C. (Peru)
Copeinca AS (Norway)
Copeinca International S.L.U. (Spain)
Copeinca SAC (Peru)
Corporacion Pesquera Frami S.A.C. (Peru)
Corporacion Pesquera Inca S.A.C. (Peru)

Davis Limited (HK)
Dynamic Choice Limited (HK)
Emerald Nirwana Sdn. Bhd. (Malaysia)
Eurofish Limited Company (BVI)
Europaco (AP) Limited (BVI)
Europaco (BP) Limited (BVI)
Europaco (EP) Limited (BVI)
Europaco (GP) Limited (BVI)
Europaco (HP) Limited (Hong Kong)
Europaco (QP) Limited (Samoa)
Europaco Limited (BVI)
Excel Concept Ltd
Fantastic Buildings Limited (BVI)
Fastact Group Limited (BVI)
Fortress Agents Limited (BVI)
Fortune Midas Limited (BVI)
Full Enrich Limited (HK)
Gain Star Management Ltd
Gelmer SAS (France)
Global Research Group Inv. (BVI)
Global Research Services Inc. (BVI)
Glorious Ocean Limited (HK)
Golden Target Pacific Limited
Grand Success investment (Singapore)
    Pte Ltd
Grandluck Enterprises Limited (HK)
Grandway Capital Resources Limited (HK)
Grandwell Investment Group Ltd
Growing Management Limited (BVI)
Heng Holdings (BVI) Limited
Hill Cosmos International Ltd
Immobilaria Y Constructora Pahk S.A.C.
    (Peru)
Immobiliarie Gainesville S.A.C. (Peru)
Inversiones Pesqueras West S.A.C. (Peru)
J. Wiludi & Asociados SAC (Peru)
J. Wiludi & Asociados Consultores En
    Pesca SAC (Peru)
Join Power Assets Limited (BVI)
Kyoshoku Marketing Co. Limited (Japan)
Lions City Investment Inc. (BVI)
LLC Investment Company Kredo (Russia)

Loyal Mark Holdings Ltd
Macro Capitales S.A. (Panama)
Metro Island International Ltd
Mission Excel International Ltd
Modern Energy Holdings Limited (BVI)
N.S. Hong Investment (BVI) Limited
National Fish and Seafood Inc. (US)
National Fish and Seafood Ltd (HK)
Natprop Investments Limited (Coop
    Islands)
New Millennium Group Holdings Limited
    (BVI)
NFS Management Ltd (HK)
Nidaro International Limited (BVI)
Nippon Fishery Holdings Limited (BVI)
Nouvelle Foods International Limited
    (BVI)
Ocean Expert International Limited (BVI)
Ocean Kingdom Enterprises Limited (HK)
Onn Profits Limited (BVI)
Orient Ocean Limited (BVI)
PA Capital Investment Limited (BVI)
Pacific Andes (EP) Limited (BVI)
Pacific Andes (Europe) Limited (BVI)
Pacific Andes (HP) Limited (HK)
Pacific Andes Development Limited (BVI)
Pacific Andes Development Sdn. Bhd.
    (Malaysia)
Pacific Andes Enterprises (BVI) Limited
Pacific Andes Enterprises (Hong Kong)
    Ltd.
Pacific Andes Food (BVI) Limited
Pacific Andes Food (Hong Kong)
    Company Limited
Pacific Andes Food Limited (PRC)
Pacific Andes International Holdings
    Limited (Bermuda)
Pacific Andes International Holdings (BVI)
    Limited
Pacific Andes Resources Development
    Limited
Pacific Andes Treasury Management Ltd
    (BVI)
Pacific Andes Vegetables, Inc. (BVI)
Pacific Fruit Trading Limited (HK)
Paco Alpha Limited (BVI)
Paco Beta Limited (BVI)
Paco Gamma Limited (BVI)

Paco Kappa Limited (BVI)
Paco Sigma Limited (BVI)
Paco Theta Limited (BVI)
Paco Zeta Limited (BVI)
Paco-EP Limited (Cyprus)
Paco-GP Limited (Cyprus)
Paco-HP Limited (Cyprus)
Pacos (QP) Limited (Cyprus)
Pacos Processing Limited (Cayman)
Pacos Trading Limited (Cayman)
PAE Ltd.
PARD Trade Limited (BVI)
Parkmond Group Limited (BVI)
Peaklane Development Limited (BVI)
Peaksville Limited (UK)
Pelican Food Limited (BVI)
PFB Fisheries BV (Netherlands)
Pickenpack Europe GmbH
Pickenpack Holding Germany GmbH
    (Germany)
Pickenpack Production Lüneburg GmbH
Pioneer Logistics Ltd. (BVI)
Poweroute Limited (BVI)
Powertech Engineering (Qingdao) Co.
Premium Choice Group Limited (BVI)
Protein Trading Limited (Samoa)
Qingdao Canning Foodstuff Co. Limited
    (PRC)
Qingdao New Millennium Food Co. Ltd.
    (PRC)
Qingdao Pacific Andes Farm Co. Ltd.
    (PRC)
Quingdao Pacific Andes Food Limited
    (PRC)
Qingdao Pacific Andes International
    Trading Company Limited (BVI)
Quality Food (Singapore) Pte. Limited
    (Singapore)
Rawley Trading Limited (BVI)
Rich Reward Assets Limited (BVI)
Rich System Limited (HK)
Richtown Development Limited (BVI)
Ringston Holdings Limited (Cyprus)
Sahara Investment Group Limited
Sea Capital International Ltd
Sevenseas Enterprises Limited (BVI)
Superb Choice Int't Limited (BVI)
Trade Ocean Limited (BVI)

3

TST The Seafood Traders GmbH
Turbo (Asia) Ltd. (HK)
Shine Bright Management Ltd
Smart Group Limited (Cayman)
South Pacific Shipping Agency Ltd. (BVI)
Super Investment Limited (Cayman)
Sustainable Fishing Resources SAC
Sustainable Pelagic Fishery S.A.C. (Peru)
Target Shipping Limited (HK)
Toyama Holding Ltd
Value Food Supply Limited (BVI)
Vision Invest Limited (BVI)
Waton Enterprises Limited (HK)
Wealthy Nation Holdings Limited (BVI)
Well Hope International Limited (BVI)
Xinxing Foodstuffs (Qingdao) Company
    Limited (PRC)
Zhonggang Fisheries Limited

**1(b) Officers and Directors (including Joint Provisional Liquidators)**

Alexandrou, Yianna
Beighton, Kris
Brough, Paul Jeremy
Chan, Tak Hei
Lawson, Alexander
Lew, V. Robert
Lim, Soon Hock
Middleton, Edward Simon
Ng, Joo Kwee
Ng, Joo Thieng
Ng, Joo Puay
Ng, Joo Puay, Frank
Ng, Puay Yee
Ng, Puay Yee, Annie
Ng, Weng Sin
Nguyen, Van Tu, Peter
Power, Fergal Thomas
Quck, Wee Lin
Sung, Yu Ching
Tao, Kwok Lau, Clement
Tan, Ngiap Joo
Teh, Hong Eng
Tse, Man Bun

**1(c) Top Equity Holders (5% or More for Publicly Traded Entities)**

Carlyle
Chan, Yiu Fai
Jade China
JCNG Investment Limited
Lee, Po Chun
Ng, Joo Puay
Ng, Joo Thieng
Ng, Joo Yau
NJK Investment Ltd.
Pacific Innovation (BVI) Limited
R & J Investment Limited
Teh, Hong Eng

**1(d) Noteholders & Counsel**

Arkkan Capital Management Ltd
Cowell & Lee Advisors Limited
Citicorp International Limited (as Trustee)
Davidson Kempner Capital Management
Kirkland & Ellis
Och-Ziff Capital Management Group LLC
Serica Partners Limited
TMF Trustee Limited
Value Partners Group Ltd

**1(e) Debtors' Professionals**

Ashurst LLP
ASW Law Limited
Drew & Napier LLC
Forbes Hare LLP
Goldin Associates, LLC
Leung Wai Law Firm
Meyer, Suozzi, English & Klein, P.C.
Osterling Abogados
RSR Consulting, LLC

**1(f) Creditors of Debtors**

Alatir Limited
Alfa Laval (China) Ltd
Andes Int'l (Qingdao) Shipping Agency
Ashurst Hong Kong
Baker & McKenzie
Baraka Seari Limited

4

Boardroom Corporate & Advisory Services Pte Ltd
Boardroom Corporate Services (HK)
Business Consultants Limited
Cistar Tech Hk Ltd.
City North District, Shanghai Electricity Huatong Electrical Distribution Department
Creation One Management Limited
David Lim & Partners
Deloitte & Touche Financial Advisory Service Ltd
Deloitte Touche Tohmatsu
Epiq Systems Limited
Fuji Trading Co., Ltd.
G.F Marine Service Co., Ltd
GenNex Financial Media Limited
Grant Thornton Recovery
Guangtai Trading Ltd.
Haldanes
Hon & Co
HongKong Haichen International Logistics Ltd
Indokru Pratama Samudra
Industrial and Commercial Bank of China
International Paint (Hong Kong) Ltd
Jimo Huifengyuan Labour Supply Center
Jiu Li Rope Co.,Ltd
JSC DOBROVOLNIY FLOT
Jsi Pacific, Inc.
KCS Corporate Services Pte. Ltd.
Kwok Yih & Chan
Lap Wai Paper Products Investment
Lianyungang Zhonglian Fishery Co. Ltd
Limited Liability Co. "Albatros"
Meridian Investment Group Pte Limited
Moody's Investors Service Hong Kong Limited
Mourant Ozannes Service (Hong Kong) Ltd
Nantong Antarctic Marine Equipment Co., Ltd
Newbon Marine Co., Ltd.
NLC Law Asia LLC
Pacific Marine Supply Co.,Ltd
Paramount Holdings Limited
Perun Limited
PICC Property & Casualty Co Ltd.
PricewaterhouseCoopers Ltd

Qingdao Aodujianuo Trade Co., Ltd
Qingdao Deerfeng Gongmou Co Ltd
Qingdao Dingsheng Ship Fittings Co., Ltd
Qingdao Hanguang Packaging Equipment Co., Ltd
Qingdao Juncai Pelagic Fishery Co., Ltd
Qingdao Jundelong Packing Co. Ltd
Qingdao Lixin Labor Limited Supplies
QINGDAO SHANGBINGKUN TRADING CO.,LTD
Qingdao Sigang Chunlin Stainless Steel Products Business
Qingdao Taihengrui Maringe Co. Ltd
Qingdao Tianhe Pharmaceutical Group
QINGDAO YINGZE HUAGONG CO.,LTD
Qingdao Yue Hai Tong Hotel Supplies Co., Ltd
Rikky & Associates Engineering
Rongcheng Double Super Mechanical Ang Electrical Co., Ltd
Rongcheng Hetai Shangmao Co. Ltd.
Rongcheng Longyan Shipping Agency Co., Ltd
RSM Corporate Advisory (HK) Ltd
Saga Marine Co., Ltd
Sang Il Trading Co., Ltd.
Sea Trader International Ltd.
Seaquest Systems
Shandong Boxing Huachen Steel Plate Co., Ltd
Shangong Haoyuntong Nets Technology Co., Ltd
Shell Marine Products Singapore
Sifang District Haiyuanbo Ship Accessories Supply Center
Singapore Exchange Securities Trading Limited
Sinwa (China) Marine Service
Strategic Financial Relations Limited
TaiZhou HaiGuang Machinery Produce Co., Ltd
The Government of the HKSAR
The Hongkong Electric Co., Ltd.
The Incorporated Owners of Hong Kong Plaza
Trade Ocean Shipping Services
Tricor Secretaries Limited

Tsm Technical Services & Marine
UAB "Tralu servisas"
Xi Hai Tong Da Marine Service
Xi Hai Tong Da Marine Service Co., Ltd
Ymuiden Stores Holland B.V.

**1(g) Litigation Parties & Related Counsel/Professionals**

Baker & McKenzie International
Clifford Chance
DLA Piper Hong King
Deloitte & Touche Financial Advisory
    Services Limited
FTI Consulting
Haldanes
Korea Development Bank
KPMG
Linklaters
Mayer Brown JSM
Praxis Energy Agents LLC
S C Chan & Co.
The Hongkong and Shanghai Banking
    Corporation Limited
Walkers

**1(h) Credit Facility & Depositary Banks**

Agricultural Bank of China
Banco de Credito del Peru Copeinca
Bank of America, N.A.
Bank of Communications
Bank of Panshin
Chailease International Financial Services
    Co.
Chang Hwa Commercial Bank, Ltd.
China CITIC Bank International Limited
China Minsheng Banking Corp, Ltd.
Coöperatieve Centrale Raiffeisen-
    Boerenleenbank B.A.
DBS Bank (Hong Kong) Limited
    Institutional Banking Group
Deutsche Bank Luxembourg S.A.
Entie Commercial Bank Co.
First Commercial Bank, Ltd.
Fubon Bank (Hong Kong) Limited
Huaxia Bank
HSBC

Indenture Trustee: TMF Trustee Limited
Industrial and Commercial Bank of China
KBC Bank Limited
Malayan Banking Berhad, Hong Kong
    Branch
Rabobank International (Hong Kong
    Branch)
Standard Chartered Bank (Hong Kong)
    Limited
Taiwan Cooperative Bank, Ltd.
Taiwan Shin Kong Commercial Bank
    Company Limited
Taishin International Bank
Taipei Fubon Commerical Bank Co., Ltd.
The Hongkong and Shanghai Banking
    Corporation Limited
UniCredit Bank AG
United Overseas Bank Limited (Hong
    Kong Branch)

**1(i) Labor Unions / Employees**

Emelyanov, Roman
Goh, Grace
Paniagua Jara, Francisco Javier
Savichev, Alexander
Tarikovics, Vladiir
Tirado, Jose Miguel

**1(j) Creditors (Chapter 15 Entities)**

A & A Const. E.I.R.L.
A & C Eng & Tech S.A.
A & R  Remisse Eirl
A Sillon Servicios Eirl
A Y C Diesel E.I.R.L.
A&M Seguridad Y Superviven En El Ma
A.P.A.P.P.Emb Del Puerto
Abast. Const. Y Serv. Peru Sac
Abconser Peru Sac
Abs Import Y Represent
Ac Tours S.A.C.
Aceros Navales Vidal E.I.R.L.
Actividades Electromecanicas
Acuícola Mares Del Sur S.A.C.
Adecco Peru S.A.
Aire Con Technologia Sac
Airelav S.A.C.

Albemarco Sac.
Albites Corzo Ynes Aurelia
Albujar De Sanchez Brigida
Albujar Dsanchez Brigidab
Alcamp Services S.A.C.
Aldea Cordova Erica Jacqu
Alfa Laval S A
Allemant Asoc.Peritos Val
Almacenera Del Peru S A
Alvarez Eche Flora
America Express S.A.
America Movil Peru S.A.C.
Amrop Peru S.A.C.
Amsumar S.A.C.
Andina De Desarrollo Ande
Andrew Llabal Johnny Chicoma Cruz
Anixter Jorvex S.A.C.
Aom Suministros Indust
Apang Rodz Dequiroga Lucy Elvira
Apapp Emb Dl Prto Tmbo Demora
Apminsur Sac
Aprochicama
Aproferrol S.A.
Apropisco S.A.C
Aptein Sac
Arana Cuyate Ronald Carlos
Arana Gutrz Jrge Mercedes
Araujo Lescano Genaro Ale
Araujo Lscno Gnro Aljndro
Arellan Tarazona Julio Cesar
Arellano Invst. De Mkting
Aremar S.R.L.
Armas Garcia Ana Ysabel
Arocutipa Pco Karina Jdth
Arroyo Chavez Gaby Mabel
Ars Ruber Compani S.A.C.
Asap Consulting Group S.A.C
Ascde.Pescad.Artes.Dpto Mal.
Asintep S.A.C.
Asoc De Pescad Artes De P
Asoc De Prod De Harina
Asoc De Product De Ha
Asociacion De Productores De Harina
Ass'n Depescadores Artsn
Assn Deprtva Lima Mrna Clb
Austral Group S.A.A
Av Enriq Canaval Moreyra
Aviles Zapata Carlos Stalin

Ayala Quiñones Roberto Jesus
Azabache Caracciolo Eirl
Badinotti Peru S.A.
Bafing S.A.C.
Bello Herrera Crls Albrto
Beltran Gris Y Asociados
Bernable Zarate Marlin
Bernuy Curo Carlos Danilo
Blas Oliva Emerita Jsfna
Blondet Medina Armando
Blondet Torres Raul Arm.
Blue Pacific Oils S.A.
Bonavista S.A.C.
Borja De Pach. Nely Edelm.
Boss-Tech Sociedad Anonima Cerrada
Bp Servicios Globales S.A.C.
Bpo Tank Terminals S.A.C
Caballero Otoya Jaime
Cabrera Bertini Patricia
Cadenas Industriales S.A
Calizaya Pastor Rosa Elvira
Callao Yache De Hinojosa
Cantuarias Ortz Ls Hbrto
Caporal Ramos Juan Andres
Carnero Eguil. Carmn Lind
Carnero Eguiluz Carmen Lindaura
Carnero Eguiluz Raul Mart
Carrizales De Jimenez María
Carrizales Dejimenez Maria Del Rosario
Caryant E.I.R.L.
Caycho Dulanto Margarita
Cayo Morales Victor Ramon
Cert Del Peru S A Cerper
Certificaciones Del Peru S A Cerper
Cfg Investment S.A.C.
Cgia Ambiental Eirl
Chavez Felipa Yov. Magdl.
Chavez Felipa Yovana Mag
Chicoma Cruz Andrew L
Chicoma Cruz Andrw Llabal Johnny
Chinchay Caballa Serapio
Chirinos Delfin Carlos Al
Chirinos Delfin Carlos Alberto
Chirinos Delfin Crls Albrto
Chumpitaz Fritz Service S.R.L.
Cia Importadora Derteano & Stucker
Cia.Indust De Pisco S.A.C.
Citra Usa Inc.

7

Climber World Peru S.A.C.
Climber World Peru S.R.L
Cm Reparaciones Navales Indust. Sac
Cntrl Remoto Y Seguridad Hasac Sociedad
Anonima Cerrada - Coreseha S.A.C.
Co Almacenera S.A.
Code Serv Gen Soc De R.L
Coesti S.A.
Coesti Sa
Coinbiser S.R.L.
Collantes Salv. Nat. Dina
Colpex Intl S.A.C.
Com Lorens Sac
Com Paolas E.I.R.L.
Com Prov  Yesica S.R.L
Comercial Del Acero S A
Comercial Proveeduria Yesica S.R.L.
Comercializadora Lorens S.A.C.
Comercializadora Sachun S.A.C.
Comercializadora Y Servicios Bodser
Comercl. Paolas Eirl
Comercl. Sol Y Mar Eirl
Comercl. Y Servs Bodserg
Comfer S A
Compañia Almacenera S.A.
Comtrate S.A.C.
Con Turis Host El Bumerang
Conf Atlanta Srltda
Conf Cardenas S.A.
Confecciones Atlanta Srltda
Confecciones Cardenas S.A.
Conmetal E.I.R.L.
Consorcio Joviza S.A
Consorcio Serv S.A.C.
Consorcio Servimport Sac
Consrcio Turistico Hostal El Bumerang
E.I.R.L.
Const Y Serv M & S Ei
Const Y Serv Milla Eirl
Constr E Inmobiliaria Sta
Constr Y Repar Marinas
Constr. Y Negocios Multiples Kayros Sac
Construccion Y Servicios Milla E.I.
Construcciones E Inmobiliaria Jj S.
Constructora E Inmobiliaria Standar
Constructora War Sac
Constructora Y Comercializadora Dal
Contugas Sac

Cooperativa De Ahorro Y Credito Efi
Copemargi S.A.C.
Copemary S.A.C.
Coremasa S.A.C.
Corp De Lab De Ensay Clin
Corp E Invers Mar Azul
Corp Hidraulica Tecnica
Corp Horus Mar S.A.C.
Corp Mega Gourmet Sac
Corp Palvar S.A.C
Corp Pesquera Inca Sac
Corp South Naval S.A.
Corp T & T S.A.C.
Corp Walter S.A.C.
Corporacion E Inversiones Mar Azul
Corporacion Empresarial D & B S.A.C.
Corporacion Hidraulica Tecnica Sac
Corporacion Mara S.A.
Corporacion Mega Gourmet S.A.C.
Corporacion Mg Sac
Corporacion Palvar Sac
Corporacion Pesquera Edc Sac
Corporacion Pesquera Herma Sac
Corporacion T & T Sac
Corporacion Walter Sac
Cortijo Hj Manuel Antonio
Costa Gas Chimbote S.A.C.
Costamar Travel Cruise & Tours S.A.C.
Criterium Peru S.A.C.
Critical Sac
Critical Solutions S.A.C.
Csi Renting Peru S.A.C.
Dasha Service E.I.R.L.
Data Consulting Empresa Individual
Dayana Import Peru Sac
De La Cruz Martinez Felix
De La Torre Cadenas Rosa
De Rivero Castro Roberto Victor
Decaman Group Eirl
Denver Ingenieros S.A.C.
Des Pesq Artes De Chancay
Desembarcadero Pesq Artesanal De
Chancay
Det Norske Veritas Sociedad Anonima
Detroit Diesel - Mtu Peru S.A.C.
Dextra Sociedad Anonima Cerradant
Dicomersa S.A.C.
Diez Representaciones Sa

8

Directv Peru S.R.L.
Disergor S.R.Ltda.
Dist Stefany E.I
Dist Villar E I
Distr Ancash Srl
Distr Cummins Peru S.A.C.
Distr Las Dunas S
Distribuidora Ancash S R L
Distribuidora Cummins Peru S.A.C
Dme Consulting E.I.R.L.
Don Fernando Sac
Donayre Becerra Carlos Jv
Dsd Ingenieros Asociados S.A.C.
Dulanto Huertas Mayra
E & L Florian Servicios G
E & L Florian Servicios Generales S.R.L.
E&J Martinez Ingenieria & Construccion
S.R.L.
Eartec E.I.R.L.
Ebisu Consulting S.A.C.
Eca Martinez Pedro Pablo
Eca Temoche David
Eche Sanchez Gregorio
Echeandia Paiva Augusto
Ecrafys S.R.L.
Eficiencia Electrica E Ingenieria
Importadores Sociedad Comercial De
Responsabilidad
El Kebir S.A.C
El Pacif.Vida Cia De Seguros Y Reaseg.Sa
El Pacifico Peruano-Suiza Cia Seg Y Rea
El Parque Restaurant S.A.C
El Portillo S.R.L.
Electro Ferro Centro S.A.C.
Electrodata S.A.C.
Electrodunas
Electromecanic Service E.I.R.L.
Electronic Systems International S.
Ellen Chirinos Oswaldo Al
Emapisco S.A
Emj Serv. Mult Srl
Emj Serv. Multiples S.R.L.
Emp Comercializadora
Emp De Serv Mlti Arturo
Emp De Serv Mult La Sol.
Emp De Serv Multiples La
Emp De Serv Tiburon S.A.C.
Emp De Servicios Mult

Emp Nacional De Puertos S A
Emp Pesquera Andrecalix
Emp Pesquera Narcisa De J
Emp Transp Cruz Del Norte
Emp.De Transp Y Mult Grup
Emp.De Transp.Y Multis.Grupo Leo Sa
Emp.Reg.Serv.Pub.Elect.Electrosur S.A.
Emp.Trans.Serv.Grls.Quiromi S.C.R.L.
Empresa De Ingen Y Montaj
Empresa De Servicios Guerrero S.A.C
Empresa De Servicios Tiburon S.A.C.
Empresa De Trans Cruz Del Norte Sac
Empresa De Transp Aur Eirlo
Empresa De Transp Turist
Empresa De Transporte Turistico Olano
S.A.
Empresa De Transportes Anticona S.R.L.
Empresa De Transportes Baby Tours S.A.C
Empresa Pesquera Branimar Sac
Empresa Pesquera En Ti Confio Srl
Empresa Pesquera Jesus En Ti Confio Srl
Empresa Pesquera Joalmi Srl
Empresa Pesquera Maria Del Rocio Srl
Empresa Pesquera Saliente Marina Sac
Empresa Pesquera Salomi
Empresa Pesquera Tio Caramelo Srl
Energias Del Mar S.A.C.
Energroup S.A.
Enerkory S.A.C.
Enrique Cassinelli E Hijo
Enrique Cassinelli E Hijos
Enrique Cassinelli E Hijos Sac
Entel Peru S.A.
Entregas Rapidas S.A.C.
Equip De Sistemas Metalic
Equip Y Controles Indust
Equipos Y Controles Industriales Sa
Ernst & Young Ases S.Civ. De
Ernst & Young Asesores S.Civil De R. L.
Esc.Nac.De Marina Merc. Alm.Miguel
Espnza Fbre Oswldo Mart
Est Luis Echecopar Garcia
Estacion De Servicio Samoa
Estacion De Servicios Samoa S.A.C.
Estructuras Industriales Ega S A
Estudio Luis Echecopar Garcia S.R.L
Estudio Muñiz S.A.C.
Estudio Osterling S. Civ

9

Extintores Coimser S.A.C.
Extintores Coimser S.A.C.
F Eberhardt S A
Fab.Montajes Y Serv Armij
Fabricaciones Indust D&Fe
Faco Ing Soc'd Anonma Cer
Faco Ingenieros Sociedad Anonma Cer
Factoria Agromar S.A.C.
Factoria Miguel Grau S.R.L.
Faemgu E.I.R.L.
Fajas Y Empaquetaduras Gutierrez E.
Famegah Contr Gen S.A.
Fameinduz Sac
Fameinduz Sociedad Anonima Cerrada
Fca Nac De Acum Etna S A
Felipa De Ascona Luisa Ju
Fer Pacifico S.R.L.
Fernandez Heraud & Sanchez Abogados
Ferreyros S.A.
Ferreyros Soc'd Anonima
Fibras Marinas Sa
Fiestas Periche Norberto Rolando
Fiestas Querevalu Percy Rolanod
Fiestas Querevalu Raul Wilfredo
Fishman S.A.C.
Fitcon Group S.A.C.
Flores Taxi K & A S.A.C.
Flottweg Peru S.A.C.
Flow Machines S.A.C.
Flujomatica S.R.L.
Fmrem S.R.L.
Force Seals Security S.A.C.
Full Pak Peru Bulk Containers S.A
Fund Y Maestranza Ind Srl
Fyr Inversiones Comerc
G.I. Industria Peru S.A.C
Gallo Barrios Pickmann Sociedad Civil De
Responsabilidad  Limitada
Galvezrissozegarra & Asoc
Garrido E.I.R.L.
Generavapor S.A.
Gewalt Peru Sac
Gmc Servicios Industriales S.A.C.
Goalco Ingenieros S.A.C.
Gobierno Regional Piura
Gonzales De Valderrama Maria Magdalena
Gordillo Jacinto Toribia
Grados Dulanto Susana Hortencia

Grafica Montenegro S.A.C
Green Care Del Peru S.A.
Grupo Hierro S.A.C.
Grupo Shanoc S.A
Grupo Tecnologico Del Peru S.A.
Grupo Tranex S.A.C.
Grupo Venture S.A.C
Gs-Hydro Hong Kong Ltd
Guadiamos Garcia Luis Alberto
Guerra Li¥An Fernando Cesar
Gyakiva Business S.A.C
Haarslev Industries S.A.C.
Hamburg Sud
Hanjin Shipping Co, Ltd
Henry Alvarez Cano Eir
Hidrandina S.A.
Hidroquimica Industrial S.A
Hidrostal S A
High Power S.A.
High Service International S A C
Hnos. Panta Alvarez S.R.L
Hora, Robas-Cassinelli & Gonzales-
Mendez Abogados S.R.L.
Host Y Turis El Parque Ii
Hostal - Rest El Candelabro
Hostal - Restaurant El Candelabro S.A.C.
Hostal Los Flamencos Sac
Hostal Rey E I R L
Hostales Y Turismo El Parque Ii Sociedad
Anonima Cerrada
Hotel Buenos Aires S.R.L.
Hotel Chiribaya S.R.L.
Hotel Nuevo Amanecer E.I.R.L.
Hotel Playa Escondida S.A.C
Huaman Arbulu Jose Julio
Huanri Lopez Sergio
Hydraulic & Hidrostatic Eirl
I Mabri Films S.A.C.
Iberoamericana De Plastic
Iberoamericana De Plasticos S.A.C.
Ibm Del Peru S.A.C.
Iffo Rs Limited
Imp De Rodamientos S.A.C.
Imp Rios Mechan Diessel S
Imp Sihi Chile Ltd Suc Per
Imp Y Repres Orellana S R
Import 360 S.A.C.
Import Y Repres Orellana S R Ltda

Importaciones Gelco Sac
Importaciones Rios Mechan Diessel S
Importadora Sihi Chile Ltda.Suc. Pe
Indust Vetsi Intl S.A.
Industrial Vetsi Internacional S.A.
Industrias De Transformaciones Meta
Industrias Zinke  S. A.
Infinito Consultores De Imagen Y Es
Ingenier.Mecanico Metalurg & Consul
Ingenieria, Fabricacion Y Montaje S
Inmaculada Virgen De Guad
Inmaculada Virgen De Guadalupe Sac
Innovaquimica S.A.
Insmersac
Inspect Serv Peru S.A.C.
Inspectorate Services Peru S.A.C.
Inst Mec Y Repar Navales
Instel Maco E.I.R.L.
Inter Test Serv Peru S.A
Inver Divino Cautivo Sac
Inver Karina Eirl
Inver Mares Peru S.A.C.
Inver Pesqueras Don Max S
Inver Pesqueras Snta Hilaria
Inver Seval E.I.R.L.
Inver Turist Marzuq Sac
Inver Turisticas Marzuq
Inver Y Nego Don Julio E
Inver Y Serv La Roca Ete
Invers. Peru Platinum De Chimbote S
Inversiones Flash Eirl
Inversiones Karina Eirl
Inversiones Mares Peru S.A.C.
Inversiones Mav E.I.R.L.
Inversiones Pesqueras Junior Sac
Inversiones Pesqueras Mi Ketty Sac
Inversiones Seval E.I.R.L.
Inversiones Y Proveedor
Inversiones Y Proveedores Amalia Sa
Inversiones Y Serv.La Roca Eterna E
Inversiones Y Servicios De Los Ande
Inversiones Y Servicios Generales S
Ione Finc'l Press Limited
Irish Stock Exchange
Isabel Herrera Abogados S. Civil De
Isopetrol Lubricants Del Peru S.A.C
Italmecan S.A.C.
Itgh S.A.C.

Ittsa
J & M Refrigeracion E.I.R.L.
J N Aceros S A
Jacinto Panta Crescencio
Jacinto Panta Cresencio
Jacinto Panta Victorino
Jahesa S.A.
Jf Hillebrand Chile Ltda
Jrb Consultores Sac
Js Lab Support S.A.C.
Julca Sanchez Reynaldo Trinidad
Kalypzus Services S.A.C
Kalypzus Trading Sac
Kemars E.I.R.L.
Kurmi Color S.A.C.
L.A Electric E.I.R.L.
La Llave S.A.
Lamartrade Peru S.A.C.
Laos De Lama Eduardo Jose Atilio
Lasaponara Distr S.A.
Lau Chung Carlos
Level 3 Peru S.A.
Limtek Servicios Integral
Limtek Servicios Integrales S.A.
Linde Gas Peru S.A.
Lomote Tamayo Isaac Cecilio
Lopez Avalos Efrain Cirilo
Lopez Avalos Efrain Cirilo
Lopez Diaz Yicenia Carolina
Lsm E.I.R.L.
M & M Trading S.R.Ltda.
M & Ñ Sociedad Comercial De
M Y G Transportes Y Servi
Maclau Servicios Eirl
Macrotecnica S.A.C.
Madueño Calizaya Teodoro Maximo
Man Diesel & Turbo Peru S.A.C.
Mang. Hidraul Y Agricolas E
Mangueras Hidraulicas Y Agricolas E
Mannucci Diesel Sac
Mar De Guerra Del Peru
Mar Nort Invers E.I.R.L.
Mar Seguro Group Sac
Marco Peruana S A
Marco Peruana S A
Mariluz Benites Percy Ceferino
Marines Force S.A.C.
Marnets S.A.C.

11

Marnets Soc'd Anonima Cer
Martin & Mauricci Consultores Emp.A
Mc Trade S.A.C.
Mediterranean Shipping Co
Mediterranean Shipping Company S.A.
Medrano Rosas Carmen Roci
Mendez Silva Elva Carla
Meneses Bermudez Ruth Elena
Meneses Mostajo Lourdes Soledad
Menzala Motors Sociedad Anonima Cer
Meprotec S.A.C.
Merino Diaz Evelyn Del Rosario
Messer Gases Del Peru Sa
Metalprotec S.A.C.
Metalurgica Quimica Sac
Metro E Ingenieria Lino Sac
Meza Sagastegui Pablo
Min De Transp Y Comu
Ministerio De La Produccion
Miranda Chaves Juan Jose Domingo
Mitsui Osk Lines. Ltd
Mondeo Trading S.A.C.
Monsante Eirl
Montanez Munoz Reynaldo Miguel
Montero Anton Basilides
Montesinos Gomez Marino Primitivo
Moran Muñoz Ever Francisco
Moreno Sandoval Fallon Janina
Mostacero Fajardo Henry Milton
Movitecnica S A
Msiceres S.A.C.
Mu¥Oz Diaz Vicente
Multiservicios Giomar S.R.L.
Multiservicios Tav Eirl
Mun Distr De Chancay
Munayco Valdez, Luis Fernando
Municipalidad Distrital D
Municipalidad Distrital De Chancay
Municipalidad Provincial De Sechura
Municipalidad Provincial Del Santa
Munoz Diaz Vicente
Mys Fabr Y Montajes Eirl
Mys Fabric Y Montajes
N & J Serger S.R.Ltda
Nadia S.A.C
Nautilius  Service E.I.R.L.
Navales S.A.C.
Negociaciones Marinas Del Sur E.I.R

Negocios Corp Suarez Sac
Negocios Pesqueros Maxomar Eirl
Negocios Xiomy & Chavely Eirl
Nellagroup S.A.C.
Neptunia
Nesinper S.R.L.
Nexo Lubricantes S.A.
Norsac S.A.
North Atlantic Eirl
Oceanico Group Sea Eirl
Oleaginosa Huacho S.A.C.
Oleotanks Paita S.A.C.
Olva Courier S.A.C
Omnia Solution S.A.C.
Org Negocios Generales Sa
Oxi Venta Alquiler Y Serv
P & Q Tecnica S.A.C.
Pacifico S.A. Ent. Prestadora De Sa
Paggi Eirl
Paitan S.A.C.
Paitan Sac
Paiva Martinez Eliseo
Panta Ipanaque Venancio
Panta Panta Eduardo
Panta Panta Hector
Panta Panta Leonardo
Panta Panta Pablo Cesar
Panta Periche Crescencio
Panta Periche Froilan
Pazo Reyes Silvestre
Peña Adrianzen Basildes
Perales & Asociados Abogados S.C.R.
Perales & Asociados, Abogados Socie
Perez Acasiete Viviana Aurelia
Perez Trillo Katherine Da
Perez Trillo Katherine Dassna
Periche E.P. Celestino
Periche Inga Jose Feliciano
Peru Broker S A
Pesq Mi Yahve Grp Eirl
Pesquera Caral S.A.
Pesquera Cent S.A.C.
Pesquera Dar Sac
Pesquera Diamante S.A.
Pesquera Don Adolfo Eirl
Pesquera Dona Carolina Sa
Pesquera Doña Paula Eirl
Pesquera Escar S.A.C.

12

Pesquera Faipa Srl
Pesquera Gregoria Eirl
Pesquera Hayduk  S.A.
Pesquera Jesus Sobre Las Aguas Srl
Pesquera Jose Isidro Sac
Pesquera Kellymar S.R.L.
Pesquera Llenmar E.I.R.L.
Pesquera Mi Carmelita Srl
Pesquera Mi Chalponcito Eirl
Pesquera Mi Herminia Srl
Pesquera Rosario Sa
Pesquera Tambo Srl
Pesquera Zemar Sac
Petrol Del Peru Petroperu
Petroleos Del Peru Petroperu Sa
Pfc Ent Prestadora De Sa
Pinter Peru S.A.C.
Pinturas International Peru S.A.C.
Polimetales S.A.C.
Port Logistics S.A.C.
Potomac Enterprise S.A.C.
Predictivo Total S.A.C
Premium Choice Grp Ltd
Prentice Segura Enrique
Primelink
Procables S.A.
Productos Perforados Sac
Profish Trading S.A.C.
Promar Sac Brokers
Prov St Teresita E.I.R.L.
Proveedora Comercial S.A.
Proveeduria Angela E.I.R.L.
Proveeduria Juan E.I.R.L.
Proveeduria Santa Teresita E.I.R.L.
Pss Peru Sociedad Anonima Cerrada
Quimica San Andres S.A.C.
Quimicos Goicochea S.A.C.
Quimtia S.A.
Quipu Energia Y Telecom
Quiroz Casta¥Eda Robinson
Quispe Cruz Laura Natividad
R.A. Maquinarias S.A.C
Ragen S.A.
Ramirez Chavez Victor Raul
Ramirez V.P. Luis
Recubrimientos Marinos
Recubrimientos Marinos S.A.C
Redicat Sac

Redimar S.A.C.
Refractarios Peruanos S A
Reinfha S.A.C.
Renova S.A.C.
Rentaequipos Leasing Peru S.A.
Renting S A C
Rep Dorita S.A.C.
Rep Indust Generales Sa
Rep Tyg Sac.
Rep Westfalia Separato
Repar Y Serv Navales Ch
Reparac.Y Servic.Navales Chaval Srl
Reparaciones Mijagui S.A.C.
Reparaciones Navales E Ind.Wrpi Srl
Representaciones Dorita S.A.C.
Representaciones T Y G S.A.C.
Repsol Comercial Sac
Restaurant Mi Estrella Sac
Restaurant Y Servicios Jhire S.R.L.
Rimac Peritos - Ingenieros S.R.L.
Rimac Seguros Y Reaseguro
Rimac Seguros Y Reaseguros
Rivera Carnero Johnny
Rivera Carnero Raul Martin
Robinson Marine Electronics S.R.L.
Rodimport S.R.L.
Rodriguez Crisostomo Fern
Rokasa Sac
Romero Bartusiak Ninel
Roncal Ortiz Amparo Cruz
Rosales Zumaran David
Ruesa Rectificaciones Sac
S. G. Yiyos E.I.R.L.
S.G Natclar S.A.C
Salus Laboris S.A.C.
San Fernando S.A.
Sanchez  Damian Carlos Santiago
Sanchez Sipiran Noelia Te
Saneamiento Ecol?Gico E.I.R.L.
Santiva¥Ez  Abogados  S.A.
Santo Domingo Cont Gen
Sapiensa Consultores Limitada
Sedalib S.A.
Sedisa S.A.C.
Segemind Sac
Sermurep E.I.R.L.
Serv Gen Capricornio Srl
Serv Gen P&J Ingenieros Sac

13

Serv Indust De La Marina
Serv Indust Navales
Serv Prof De Buceo Y
Serv Y Represent Gen Esla
Serv Y Transp Olaechea
Serv. Gen. Mi Ni¥O Del Milagro Aron
Serv. Industriales Navales Reinaldo
Serv. Y Represent. Generales Esla S
Servicios Generales Business Consul
Servicios Generales Dunyor Sac
Servicios Generales P & J
Servicios Generales Soltec S.R.L.
Servicios Industriales De La Marina
Servicios Industriales Emily E.I.R.
Servicios Miv E.I.R.L.
Servicios Tecnicos Mecanicos Culqui
Servicios Trujillo S.R.L
Servicios Turisticos Marias S.R.L.
Servicios Turisticos Takahuay Eirl
Servicios Y Ventas Industriales S.R
Servillantas San Juan S.R.Ltda
Servitransortega E.I.R.L.
Sew Eurodrive Del Peru
Sgs Del Peru S.A.C.
Sigelec S.A.C.
Silva Tafur De Leon Donatila Ofelia
Simons Abogados Soc'd
Sistemas De Telecomunicaciones Eirl
Skandiaverken America S.A.C.
Soc'd Nac'l De Pesqueria
Sociedad Nacional De Pesqueria
Soluciones Termicas Y Acusticas E.I
Sonimar Servicios E.I.R.L.
Spectrum Consulting S.A.C
Spider S.R.L.
Sucesion Intestada Sumar
Sumaj Traveling S.A.C
Syb Ingenieros Sac Syb Sa
Tacch E.I.R.L.
Taxi A La Vista  Srltda
Taxi Crucero S.A.C.
Taxi Ya Setar S.A.
Tec De Separacion Sac
Tec Integ De Pesaje Peru
Tec Naval E Ind Ja & Dan
Tecn Y Proyecto Peru Sac
Tecnifajas S.A.
Tecnipesca Eirl

Tecnologia Integral De Pesaje E.I.R
Tecnologias De Separacion S.A.C.
Tecnologica De Alimentos S.A.
Telefonica Del Peru Saa
Telefonica Gestion De Servicios Com
Telsat Peru S.A.C.
Temoche Amaya Manuel
Temoche Eche Eusebio Calixto
Temoche Eche Santos Leonardo
Temoche Eche Santos Vicente
Tencologica Alimentos S.A.
Term Portuario Paracas
Terminal Portuario Paracas S.A.
Termodinamica Sa
The Best Option Eirl
The Marine Ingred Org
Top Metal Constr Sac
Tp Consulting Peru Sa
Trabajo Maritimo Celendin S.A.C.
Tradi S A
Transfar Supplies Comp Sa
Transfar Supplies Computer S A
Transp El Pino Sac
Transp Rengifo Unidos Sr Ltd
Transp Y Comerc Widachk
Transp Y Maniobras Scrl
Transp Y Serv Olaechea
Transp Y Serv. Gener.
Transp Y Servicios M Y E
Transp. Y Servic. Generales Joselit
Transporte El Pino Sac.
Transporte Esperanza Orpi Eirl
Transporte Rengifo Unidos S.R.Ltda
Transporte Y Gruas Chimbote S.R.L.
Transporte Y Turismo Latino S.A.C.
Transportes Esperanza Orpi E.I.R.L.
Transportes Jesus Delgado
Transportes Jk S.A.C.
Transportes L.D.A. Gonzales S.A.C.
Transportes Via Sac
Transportes Y Servicios O
Trio S.A.
Triton Trading S.A
Truly Peru S.A.C.
Ts Net S.A.
Turismo Express Del Norte S.A.C.
Umi Jidosha S.R.L.
Unilever Andina Peru S.A.

14

V & F Servicios Generales Sac
V&F Serv Gen S.A.C.
Valdivia Sanchez Rosario Luzgarda
Vaneco E.I.R.Ltda.
Vaportec S.A.C.
Vargas De Palma Maria Del Socorro
Vargas Medina Juan Albert
Vargas Medina Juan Alberto
Veg Inversiones S.R.L.
Velebit Group S.A.C.
Vend S.A.C.
Villatty Chavez Luis Albe
Villatty Chavez Luis Alberto
Vision It E.I.R.L.
Vite Group Eirl
Vite Zeta Merardo
Vulco Peru S.A.
Wolters Kluwer Financial Services,
World Integ Logistic Sac
World Integral Logistic S.A.C.
World Survey Services Peru S.A.C.
Yahve Yihre S.R.L.
Yancari Castro Lizzet Paola
Zambrano Falcon De Perez
Zambrano Falcon De Perez Juana
Zeta Gas Andino S.A.
Zurfel E.I.R.L.
Zurfel Eirl

Lisa Penpraze
Joseph Allen
Christine Black
Kathleen Schmitt
Guy A. Van Baalen
Victor Abriano
Susan Arbeit
Amanda Cassara
Maria Catapano
Danny A. Choy
Myrna R. Fields
Susan Golden
Nadkarni Joseph
Anna M. Martinez
Brian S. Masumoto
Ercilia A. Mendoza
Mary V. Moroney
Richard C. Morrissey
Serene Nakano
Cheuk M. Ng
Ilusion Rodriquez
Andrea B. Schwartz
Paul K. Schwartzberg
Andy Velez-Rivera
Greg M. Zipes

### 1(m) Clerk and Deputy Clerk

Vito Genna
Una O'Boyle

### 1(k) Bankruptcy Court Judges

Chief Judge Cecelia G. Morris
Judge Stuart M. Bernstein
Judge Shelley C. Chapman
Judge Robert D. Drain
Judge James L. Garrity
Judge Martin Glenn
Judge Robert E. Grossman
Judge Sean H. Lane
Judge Mary Kay Vyskocil
Judge Michael E. Wiles

### 1(l) United States Trustee's Office

William K. Harrington
Linda Riffkin
Alicia Leonhard

15

**EXHIBIT C**

**LAR-DAN DECLARATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re:                                                                    **Chapter 11**

**CHINA FISHERY GROUP LIMITED (CAYMAN)[1],**        **Case No.  16 – 11895**

                                    **Debtors.**               **Joint Administration Pending**

--------------------------------------------------------x

### "LAR-DAN" DECLARATION OF NG JOO CHUAN ON BEHALF OF HIMSELF AND MERIDIAN INVESTMENT GROUP PTE. LTD. IN CONNECTION WITH THE DEBTORS' RETENTION OF CERTAIN  PROFESSIONALS

I, Ng Joo Chuan, pursuant to 28 U.S.C. 1746, hereby declares as follows:

1.    I am one of the owners of N.S. Hong Investments (BVI) Limited ("N.S. Hong"), one of the chapter 11 debtors in these jointly administered cases.  N.S. Hong is the direct or indirect parent holding company of the other debtors in these cases (the "Debtors"). I am a beneficial owner of 12.5% of the shares of N.S. Hong.  The other beneficial owners in N.S. Hong are Teh Hong Eng, NJK Investment Ltd, R & J Investment Limited, Ng Joo Puay, Pacific Innovation (BVI) Limited, JCNG Investment Limited, Lee Po Chun, Ng Joo Yau and Ng Joo Thieng. Teh Hong Eng is my mother, and the other shareholders of N.S. Hong are my brothers, sister and their respective spouses.

---

[1] The Debtors in these chapter 11 cases are: Pacific Andes International Holdings Limited (Bermuda) (Case No. 16-_____); N.S. Hong Investments (BVI) Limited (Case No. 16-_____); China Fishery Group Limited (Cayman) (Case No. 16-_____); South Pacific Shipping Agency Ltd (BVI) (Case No. 16-_____); China Fisheries International Limited (Samoa) (Case No. 16-_____); CFGL (Singapore) Private Limited (Case No. 16-_____); Ringston Holdings Limited (Cyprus) Limited (Case No. 16-_____); Chanery Investment Inc. (BVI) (Case No. 16-_____); Champion Maritime Ltd. (BVI) (Case No. 16-_____); Growing Management Limited (BVI) (Case No. 16-_____); Target Shipping Limited (Hong Kong) (Case No. 16-_____); Fortress Agents Limited (BVI) (Case No. 16-_____); Ocean Expert International Limited (BVI) (Case No. 16-_____); Premium Choice Group Limited (BVI) (Case No. 16-_____); Protein Trading Limited (Samoa) (Case No. 16-_____); CFG Peru Investment Pte. Ltd. (Singapore) (Case No. 16-_____); Smart Group Limited (Cayman) (Case No. 16-_____); and Super Investment Limited (Cayman) (Case No. 16-_____).

2.   I am also the 100% owner of Meridian Investment Group Pte. Ltd. ("Meridian"), a

non-debtor in this case and a company which is affiliated with N.S. Hong in that I wholly own

Meridian and own 12.5% of a beneficial interest in N.S. Hong. Meridian is a creditor of N.S.

Hong in the amount of $442,000 due to a loan made by Meridian to N.S. Hong for the purposes

of paying non-U.S. professional fees and expenses of N.S. Hong because N.S. Hong did not have

sufficient funds to make these payments. Meridian is not a creditor or shareholder of any of the

other Debtors.

3.   I submit this Declaration in connection with the Debtors' applications (the

"Retention Applications") to retain Meyer, Suozzi, English & Klein, P.C. ("Meyer Suozzi") as

their general bankruptcy counsel, Goldin Associates, LLC ("Goldin") as their financial advisor,

and RSR Consulting, LLC ("RSR") as their financial consultant (together, the "Proposed

Professionals")

4.   As disclosed in the three declarations of Ng Puay Yee, one filed in support of each of

the Proposed Professionals' Retention Applications, I have caused Meridian to fund, prior to the

commencement of the Debtors' cases, the retainers required by each of the Proposed

Professionals, specifically $1.6 million for Meyer Suozzi, $1.75 million for Goldin and $708,500

for RSR. I caused Meridian to provide such funding because the Debtors did not have funds

sufficient to make these retainer payments (the "Retainer Payments"). Meridian funded the

Retainer Payments by direct wire transfer or transfers of such payments to the applicable

Proposed Professional, but in the form of a capital contribution which capital contribution is

being documented. Further disclosure will be provided as appropriate or requested.

5.   I have been advised that the Debtors expressly consent to Meridian's funding of the

Retainer Payments. The Debtors each signed engagement agreements with the Proposed

2

Professionals. Meridian and I affixed our consents to the engagement agreements for the purpose of various representations, warranties, acknowledgements and covenants relating to Meridian's funding of the Retainer Payments.

6.    Meridian and I each acknowledge and agree that the professional duty of the Proposed Professionals is one of undivided loyalty owed exclusively to the Debtors and such duties do not run to me or Meridian in any way, shape or form.

7.    Meridian and I each further acknowledge that to the extent that the interests of the Debtors, on one hand, diverge from my or Meridian's interests, on the other hand, Meyer Suozzi, Goldin and RSR shall each represent the interests of the Debtors only, and not represent any interests of either of us. To the extent that any of the Proposed Professionals must represent or advise any of the Debtors in ways that might be contrary to my and/or Meridian's interests, or adverse to such interests, including in any contested matters or adversary proceedings, I acknowledge and agree, on behalf of myself and Meridian, that the Proposed Professionals may represent and advise the Debtors, and appear in Court as counsel or advisor for, and to testify in favor of, the Debtors, and against me and/or Meridian.

8.    I and Meridian have retained U.S. bankruptcy counsel, Thaler Law Firm PLLC ("TLF"), independent of Meyer Suozzi to advise us with respect to the Debtors' bankruptcy cases and any matters that might arise in the cases concerning me or Meridian, including review and execution of this Declaration.

9.    None of the Proposed Professionals has ever been my or Meridian's counsel or advisor and, each of the Proposed Professionals has informed the Debtors, me and Meridian that it shall not be my or Meridian's counsel or advisor in connection with the Declaration, the Debtors' cases or any other matter.

3

10. The foregoing describes all aspects of the arrangements relating to the Retainer Payments. I am not aware of any other facts with respect to the arrangements concerning the Retainer Payments that might be relevant to any potential for a conflict of interest of the Proposed Professionals or in any compromise of the Retained Professionals' respective duties of undivided loyalty to the Debtors.

11. I have been advised by TLF that if any facts should arise, or that I may become aware of, which might indicate that a conflict of interest exists or potentially may exist relating to me, Meridian or any of the Proposed Professionals, or that might in any way compromise the Proposed Professionals' respective duties of undivided loyalties to the Debtors, notwithstanding the facts disclosed and acknowledgments and agreements in this Declaration, I will consult with TLF in connection with this matter for guidance regarding further disclosures to the Court and make all additional disclosures that may be necessary or appropriate.

12. Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on ___01/07/2016___
In the Republic of Singapore

_____
Ng Joo Chuan, Individually and as Sole Shareholder
of Meridian Investment Group Pte. Ltd.

4