Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
Telephone:   (212) 239-4999
Email: hkleinberg@msek.com
Email: elobello@msek.com
Email: jmazermarino@msek.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* [1] | **Case No. 16-11895 (JLG)** |
| Debtors. | **Jointly Administered** |

**FIRST SUPPLEMENTAL DECLARATION OF ROBERT S. ROSENFELD
IN SUPPORT OF THE DEBTORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF RSR CONSULTING, LLC AS RESTRUCTURING
CONSULTANT FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, Robert S. Rosenfeld, hereby declare that the following is true to the best of my knowledge, information and belief:

---

[1] The Debtors are China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), and Super Investment Limited (Cayman).

1.  I am the sole member of the firm RSR Consulting LLC ("**RSR**"), which has its office at 49 Roy Avenue, Massapequa, New York 11758.

2.  I submit this declaration (the "**First Supplemental Declaration**") to supplement the disclosures set forth in my declaration dated July 18, 2016 (the "**Initial Declaration**") [Exhibit B to Docket No. 33] in support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of RSR Consulting, LLC as Restructuring Consultant for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date (the "**Application**").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.  In connection with the proposed retention of RSR as restructuring consultant to the Debtors, I disclosed in the Initial Declaration that RSR had in the past retained Meyer Suozzi (the Debtors' proposed counsel) in several matters to render legal services for RSR and/or its principal, Robert Rosenfeld, in various capacities described therein. Since the Petition Date, RSR has requested legal advice from Meyer Suozzi with respect to a new matter unrelated to the Debtors.

4.  In paragraphs 15 through 17 of my Initial Declaration, I stated my understanding, based on the Debtors' Application and the Lar Dan Declaration made by Ng Joo Chuan attached as Exhibit C thereto, that Mr. Ng, as 12.5% owner of NS Hong, caused his wholly owned investment company Meridian to make capital contributions to NS Hong to fund the Retainer.

5.  In connection with the Debtors' preparation, with the assistance of Meyer Suozzi and RSR, of their Statements of Financial Affairs ("**SOFAs**"), I learned of the information contained in the Part 6, Q.13 Annex to the NS Hong SOFA [Docket No. 16-1 in Case No. 16-

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

11899], a copy of which is attached hereto. In sum, that annex discloses that the Debtors' books and records reflected a loan agreement dated June 24, 2016 for the purpose of funding retainers, and an agreement for NS Hong to exchange a portion of its interest in ACL Limited (BVI) for shares in Meridian belonging to Mr. Ng. As set forth in the annex, NS Hong discloses that neither transaction was consummated and the advances for the professional retainers were made as capital contributions rather than loans under the loan agreement, as stated in Lar Dan declaration.

6. Nothing contained in this Supplemental Declaration affects the conclusions asserted in Paragraphs 26 and 32 of my Initial Declaration as to RSR's disinterestedness.

7. The foregoing constitutes a supplemental statement of RSR pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and RSR will continue to conduct due diligence and will file additional supplemental declarations to the extent necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 17th day of August 2016

_____
Robert S. Rosenfeld

1134435

# N.S HONG INVESTMENT (BVI) LIMITED
# STATEMENT OF FINANCIAL AFFAIRS

## PART 6, Q. 13 ANNEX

On June 24, 2016, NS Hong and Meridian Investment Group (Pte) Limited ("Meridian") entered into a Loan Agreement, pursuant to which Meridian agreed to advance funds on the Debtors behalf for payment of professional retainers. The parties subsequently agreed that such advances should be deemed capital contributions. The Debtor has not yet issued shares to Meridian for such capital contribution. These statements reflect such payment as a capital contribution.

On June 24, 2016, NS Hong and Meridian Investment Group (Pte) Limited ("Meridian") entered into an agreement to swap 61% of the shares of ACL Limited (BVI), currently wholly owned by NS Hong for a 16% interest in Meridian. However, the conditions to such swap were not satisfied and the transaction proposed under the agreement was not consummated. This statement, therefore, does not reflect such exchange.

1134031