UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

**CHINA FISHERY GROUP LIMITED (CAYMAN)**, *et al.*, [1]

Debtors.

---

Chapter 11

Case No. 16-11895 (JLG)

Jointly Administered

ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF GOLDIN ASSOCIATES, LLC, AS FINANCIAL ADVISOR
TO DEBTORS AND DEBTORS IN POSSESSION
EFFECTIVE *NUNC PRO TUNC* TO PETITION DATE

Upon the application (the "**Application**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") authorizing the Debtors to retain and employ Goldin Associates, LLC ("**Goldin**") as their financial advisor effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"); and the Court having reviewed the Application, the Declaration of David W. Prager, a Goldin Managing Director (the "**Prager Declaration"**) and the "Lar Dan" Declaration of Ng Joo Chuan on Behalf of Himself and Meridian Investment Group Pte. Ltd. in Connection with the Debtors' Retention of Certain Professionals (the "**Lar Dan Declaration"**); and the Court having

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Prager Declaration that (a) Goldin does not hold or represent an interest adverse to the Debtors' estates and (b) Goldin is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Goldin as their financial advisor *nunc pro tunc* to the Petition Date (as such term is defined in the Application) in accordance with the terms and conditions set forth in the Application, including the indemnification and reimbursement provisions ("**Indemnification Provisions**"), as modified herein.

3.  Goldin is authorized to provide the Debtors with the professional services as described in the Application. Specifically, but without limitation, Goldin may render the following, among other, financial advisory services:

- Prepare financial models for underlying assets and assessment of cash requirements
- Prepare valuation and financial analysis of underlying assets
- Support litigation by providing expert testimony and assistance with document requests
- Provide expert testimony on valuation and/or plan feasibility
- Conduct a site visit of operating entities
- Prepare financial analysis on recovery alternatives to all stakeholders
- Meet with creditors and other stakeholders
- Assist in evaluation of post-petition cash requirements for the Debtors
- Assist with creditor negotiations
- Assist in the development and negotiation of a plan of reorganization

4.  Goldin shall be compensated for fees and reimbursed for out-of-pocket expenses in accordance with the terms of the Application and Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Goldin, including without limitation the Monthly fee shall be subject to Section 328(a) of the Bankruptcy Code, except as set forth herein.

5.  Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Goldin shall file fee interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, the Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated

December 21, 2010 (General Order M-412), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447) and any other Orders of the Court.

6. All of Goldin's personnel who provide services to or on behalf of the Debtors, with the exception of clerical staff, shall keep contemporaneous records of the services they have performed in one-half hour increments.

7. The United States Trustee retains all rights to respond or object to Goldin's interim and final applications for compensation (including without limitation the Monthly Fee) and reimbursement of out-of-pocket expenses on all grounds including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the United States Trustee's response or objection to Goldin's interim and final fee on all grounds, including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code.

8. Any court-authorized payment of fees and expenses to Goldin, whether pursuant to any monthly fee order, any interim fee award or any final fee award, shall be paid first from any funds held by Goldin as a retainer before payment may be made from non-retainer funds.

9. Goldin is authorized to offset prepetition fees and expenses against the retainer held by Goldin.

10. Prior to any increases in Goldin's rates, Goldin shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to

4

object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

11. The Indemnification Provisions are reasonable terms and conditions of employment as required under Bankruptcy Code Section 328(a), and are hereby approved; provided, however:

- All requests by Goldin for the payment of indemnification as set forth in the Engagement Agreement (as defined in the Application) shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Goldin be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

- In the event Goldin seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records from such attorney shall be included in Goldin's own applications, both interim and final, and such invoices and time records shall be subject to the Local Bankruptcy Rules, any fee and expense guidelines of this Court, and such other procedures as may be fixed by order of the Court, and the approval of the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under Section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code.

12. Notwithstanding anything to the contrary in the Indemnification Provisions or otherwise in the Engagement Agreement, (i) in the event that Goldin is not entitled to indemnification pursuant to the Indemnification Provisions on account of gross negligence, willful misconduct or fraud (whether under the Indemnification Provisions or this Order), it shall also not be entitled to any claim or right of contribution, limitation of liability or exoneration from the Debtors, and (ii) the Court will have jurisdiction over fee applications and matters relating to the Engagement Agreement.

13. Goldin shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

14. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Goldin shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

15. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Debtors' chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

16. To the extent there is inconsistency between the terms of the Engagement Agreement, the Application, and this Order, the terms of this Order shall govern.

17. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

18. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
August 19, 2016

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

Office of the United States Trustee

By: s/Susan Golden
    Susan Golden
    Trial Attorney

1132626