**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**In re:**

**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,*

Debtors.[1]

**Chapter 11**

**Case No. 16-11895 (JLG)**

**(Jointly Administered)**

---

**ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN EXISTING BANK ACCOUNTS**

Upon the motion (the "**Motion**") of the above-captioned debtors (collectively, the "**Debtors**") seeking entry of an order authorizing, but not directing, the Debtors to (a) continue using their existing cash management system, (b) honor or satisfy certain prepetition obligations related thereto, and (c) maintain their existing bank accounts; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of these cases and this Motion in this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and this Court having determined that the legal and factual bases set forth in the Motion and at the

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

1

hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted to the extent provided herein.

2. The Debtors are authorized, in their discretion, to continue to manage the collection and disbursement of their cash utilizing the Cash Management System[2] in a manner consistent with prepetition practices, including but not limited to:

> (a) designating, maintaining and continuing to use any or all of their existing Bank Accounts, including those listed on **Exhibit C** to the Motion, in the names and with the account numbers existing immediately prior to the Petition Date; provided, however, that: (i) the Debtors shall have forty-five days (or such additional time to which the Debtors (in consultation with any official committee of unsecured creditors that may be appointed, the Ad Hoc Senior Noteholder Committee, HSBC, Bank of America, N.A., Malayan Banking Berhad, Hong Kong Branch, and the Club Lender Parties (collectively, the "Creditor Notice Parties")) and the U.S. Trustee may agree) from the entry of this Order to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as are agreed to by the Debtors (in consultation with the Creditor Notice Parties) and the U.S. Trustee and as approved by the Court; and (ii) for any deposit or investment currently insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States, upon the termination or modification of the insurance or guarantee, the Debtors shall have either forty-five days to come into compliance with section 345(b) of the Bankruptcy Code or to seek appropriate relief from the Court;
>
> (b) depositing funds into and withdrawing funds from the Bank Accounts by all usual means, including checks, drafts, wire transfers, ACH Transfers and other debits;
>
> (c) paying any service charges associated with the Bank Accounts;
>
> (d) treating their prepetition Bank Accounts for all purposes as debtors-in-possession bank accounts;
>
> (e) using, in their present form, all correspondence and business forms (including letterhead, purchase orders, and invoices, whether preprinted or generated electronically), without reference to their status as debtors-in-possession, and other documents related to the Bank Accounts; provided, however, that, the Debtors will use reasonable efforts to have electronic checks include the legend referring to the Debtors as "Debtors-In-Possession" as soon as practicable; and

---

[2] Capitalized terms not defined herein have the meanings ascribed in the Motion.

2

provided, further, that if the Debtors generate new checks during the pendency of these chapter 11 cases, such checks shall include a legend referring to the Debtors as "Debtors-In-Possession; and

(f) preserving the reporting and accounting mechanisms used by the Debtors in respect of the Bank Accounts.

3. Effective *nunc pro tunc* to the Petition Date, the banks that hold the Bank Accounts (the "**Banks**") shall be and hereby are authorized to continue to service and administer all Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all wires and drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that nothing contained herein shall authorize any of the Banks to honor any wire or other transfer issued or dated prior to the Petition Date, except as otherwise provided by further order of this Court.

4. The Banks are (a) authorized to accept and honor all representations from the Debtors as to which wires or other items drawn on any Bank Account should be honored or dishonored consistent with any orders of this Court, whether the wires or other items are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is or is not authorized by any orders of this Court; and (b) have no liability to any party on account of following the Debtors' instructions in accordance with this Order.

5. The existing deposit agreements between the Debtors and the Banks shall continue to govern the post-Petition Date banking relationship between the Debtors and the Banks. The provisions of such agreements shall remain in full force and effect, and each of the Banks is authorized, without further order of this Court, to deduct from the appropriate accounts of the Debtors its customary fees and expenses associated with its Bank Accounts, whether arising pre or post Petition Date.

3

6. The Debtors (in consultation with the Creditor Notice Parties) and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, the opening and closing of bank accounts and the Banks and other financial institutions are authorized and directed to honor the Debtors' request to open or close, as the case may be, Bank Accounts or additional bank accounts; <u>provided</u>, <u>however</u>, that any new deposit account shall be with a bank that is insured by the Federal Deposit Insurance Corporation, organized under the laws of the United States, and designated as an Authorized Depository under the UST Operating Guidelines; provided, further, however, that the Debtors shall provide at least three business days' prior written notice to the Creditor Notice Parties of their intention to establish a new deposit account, as well as the name and location of the bank where such deposit account shall be maintained.

7. The Debtors shall provide no later than the last business day of each month to the professional advisers to the Creditor Notice Parties with the Debtors': (a) journal entries of intercompany transfers between the Debtors and their Debtor and non-Debtor affiliates during the immediately prior month, which journal entries shall include: (i) the date of the journal entry; (ii) the relevant company or unit codes; (iii) the general ledger account; and (iv) the amount of the intercompany transfer or balance; and (b) a schedule of intercompany balances as of the end of the immediately preceding month. The professionals to the Creditor Notice Parties reserve the right to request further detail from the Debtors with respect to journal entries reflecting material transactions. To the extent the Debtors have not already provided the professionals to the Creditor Notice Parties with all of the information described in clause (b) of this paragraph from the period from July 1, 2016, to the date of entry of this Order, the Debtors shall provide such information within 30 days of entry of this Order.

8. The Debtors and the Creditor Notice Parties each reserve all rights with respect to any prepetition transfers by the Debtors.

9. No administrative claim shall arise from the provision of funding to the Debtors by any party without further order of the Court. Further, nothing herein shall entitle non-Debtor affiliates to assert intercompany claims entitled to administrative priority expense treatment under Sections 364, 503 or other relevant provision of the Bankruptcy Code, or reduce any intercompany claim owed by a non-Debtor affiliate to a Debtor, without further order of Court. Further, the Debtors shall not pay any pre-petition claim of a non-Debtor affiliate without further order of the Court. Finally, any claim of a non-Debtor affiliate asserted against the Debtors arising from a postpetition transaction, other than for funding ordinary course Debtor expenses up to an aggregate of $500,000 for the duration of these chapter 11 cases (the "Cap"), shall be subordinated to existing claims of creditors of the Debtors absent prior order of the Court to the contrary approving any funding or increasing the Cap. The Creditor Notice Parties' rights are fully reserved regarding the validity, priority or characterization of any non-Debtor affiliate claims.

10. On a weekly basis by the Thursday of the next week, the Debtors shall provide the professionals to the Creditor Notice Parties with a rolling 13-week cash flow forecast (which shall be retained by Creditor Notice Parties on an "advisors' eyes only" basis).

11. On a monthly basis on or before the last business day of the next month, the Debtors shall provide the professionals to the Creditor Notice Parties (which shall be retained by Creditor Notice Parties on "advisors' eyes only" basis) with (a) the cash bank balance as reflected on bank statements of each Debtor and those non-Debtor affiliates listed on Schedule A to this Order (which shall include at a minimum all obligors of the Creditor Notice Parties), that

5

has cash over $75,000.00; and (b) a schedule of intercompany balances between each Debtor and such non-Debtor affiliate, in each case, as of the end of the immediately preceding month; provided, however, that any such bank balances for the non-Debtor affiliates for which bank statements were received in August shall not be due until September 15, 2016.

12. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: New York, New York
       August 19, 2016

/s/ *James L. Garrity, Jr.*
HON. JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

SCHEDULE A

PACIFIC ANDES/CHINA FISHERY GROUP
Non-Debtor Affiliates

1.   Clamford Holding Limited
2.   Pacific Andes Resources Development Limited
3.   Richtown Development Limited
4.   Golden Target Pacific Limited
5.   PARD Trade Limited
6.   Pacific Andes Enterprises (BVI) Limited
7.   Natprop Investments Limited
8.   Pacos Trading Limited (Cayman)
9.   New Millennium Group Holdings Limited
10.  Davis Limited
11.  Paco Alpha Limited
12.  Paco Beta Limited
13.  Quality Food (Singapore) Pte. Limited
14.  Andes Agency Limited
15.  Paco Gamma Limited
16.  Champion Shipping Limited
17.  Parkmond Group Limited
18.  Emerald Nirwana Sdn. Bhd.
19.  Pacific Andes Food (Hong Kong) Company Limited
20.  Lions City Investment Inc.
21.  Well Hope International Limited
22.  Zhonggang Fisheries Limited
23.  Pacos Trading Limited (Cyprus)
24.  Paco (HT) Limited
25.  Paco (ET) Limited
26.  Paco (GT) Limited
27.  Qingdao New Millennium Food Co Ltd
28.  Turbo (Asia) Ltd
29.  China Cold Chain Group Limited
30.  Pacific Andes Vegetables, Inc.
31.  Qingdao Pacific Andes Farm Co Ltd
32.  Conred Limited
33.  Concept China Investment Limited
34.  Alliance Capital Enterprises Limited
35.  Fantastic Buildings limited
36.  Paco Sigma Limited
37.  Grandwell Investment Group Limited
38.  Grand Success Investment (Singapore) Private Limited
39.  Copeinca SAC Peru (Corporacion Pesquera Inca S.A.C. (Peru))

40. Premium Choice Group Limited
41. Ringston Holdings Ltd
42. CJSC Invest Group
43. LLC Investment Company Kredo
44. Brandberg (Mauritius) Investments Hldg Ltd. (Formerly Andeshali Resources Holding Limited)
45. Andeshali Namibia Investment Holdings (Proprietary) Limited
46. Brandberg Namibia Investments Company (Pty) Ltd
47. Atlantic Pacific Fishing Company (Pty) Limited
48. CFG Investments Shanghai Ltd.
49. CFG Investment S.A.C.
50. Sustainable Pelagic Fishery S.A.C.
51. Sustainable Fishing Resources S.A.C.
52. J. Wiludi & Asociados Consultores En Pesca SAC
53. Macro Capitales S.A.
54. Consorcio Vollmacht S.A.C.
55. Corporation Pesquera Frami S.A.C.
56. Immobilaria Y Constructora Pahk S.A.C.
57. Inversiones Pesqueras West S.A.C.
58. Chiksano Management Limited
59. Hill Cosmos International Limited
60. Gain Star Management Limited
61. Powertech Engineering (Qingdao) Co Ltd
62. Nippon Fishery Holdings Limited
63. Admired Agents Limited
64. Toyama Holdings Limited
65. Excel Concept Limited
66. Loyal Mark Holdings Limited
67. Metro Island Int'l Limited
68. Mission Excel International Limited
69. Superb Choice Int'l Limited
70. Nidaro International Limited
71. Sea Capital International Limited
72. Pioneer Logistics Ltd
73. Shine Bright Management Limited
74. Pacific Andres International Holdings (BVI) Limited
75. Pacific Andres Treasury Management Limited
76. Fastact Group Limited
77. Nouvelle Foods International Limited
78. Sevenseas Enterprises Limited
79. Ocean Kingdom Enterprises Limited
80. PA Capital Investment Limited
81. Trade Ocean limited
82. Paco Kappa Limited
83. Pacific Andes Food (BVI) Limited

8

84. Waton Enterprises Limited
85. Paco Zeta Limited
86. Best Concept (Far East) Limited
87. Pacific Andes Food Limited
88. 太平洋恩利國際貿易有限公司
    (Qingdao Pacific Andes International Trading Company Limited)
89. 恩利(上海)食品貿易有限公司
    (Pacific Andes (Shanghai) Food Company Limited)
90. Qingdao Pacific Andes International Trading Company Limited
91. Value Food Supply Limited
92. Eurofish Limited Company
93. Kyoshoku Marketing Co. Limited
94. Kyoshoku Company Limited
95. Paco Theta Limited
96. Peaklane Development Limited
97. Pacific Andes Development Limited
98. NFS Management Ltd
99. Vision Invest Limited
100. China Cold Chain Food Products Trade Development Limited
101. Wealthy Nation Holdings Limited
102. Orient Ocean Limited
103. Xinxing Foodstuffs (Qingdao) Company Limited
104. Pacific Andes (Europe) Limited
105. Pacific Andes (EP) Limited
106. Pacific Andes (HP) Limited
107. Pacos Processing Limited (Cayman)
108. Pacos Processing Limited (Cyprus)
109. Paco-EP Limited
110. Paco-HP Limited
111. Paco-GP Limited
112. Pacos (QP) Limited
113. Bestmate Investments Limited
114. Europaco Limited
115. Europaco (EP) Limited
116. Europaco (GP) Limited
117. Europaco (BP) Limited
118. Europaco (QP) Limited
119. Europaco (HP) Limited
120. Europaco (AP) Limited
121. Poweroute Limited
122. Pelican Food Limited
123. Qingdao Canning Foodstuff Co Limited
124. Onn Profits Limited
125. Rich Reward Assets Limited

126. Aqua Management Limited
127. Aqua Foods (Qingdao) Co Ltd
128. Join Power Assets Limited
129. Heng Holdings (BVI) Limited
130. Rich System Limited
131. Bonaire Developments Limited
132. Glorious Ocean Limited
133. Grandluck Enterprises Limited
134. ACE Field Limited
135. Fortune Midas Limited
136. Grandway Capital Resources Limited
137. Pacific Andes Enterprises (Hong Kong) Limited
138. Chasterton Group Limited
139. Dynamic Choice Limited
140. Full Enrich Limited
141. Peaksville Limited
142. Rawsley Trading Limited
143. National Fish and Seafood Inc.
144. National Fish and Seafood Ltd
145. Pacific Andes Development Sdn. Bhd.
146. Global Research Group Inc
147. Global Research Services Inc
148. Modern Energy Holdings Limited
149. Pacific Andes Treasury Management Limited (BV)
150. Paramount Holdings Limited (HK)
151. PAE Limited (HK)
152. Copeinca AS (Norway)
153. Copeinca International S.A. (Spain)
154. PFB Fisheries BV (Netherlands)
155. Immobiliaria Gainesville S.A.C. (Peru)
156. Any other currently existing or hereafter formed non-individual entity that meets both of the following criteria: (a) a Debtor has an ownership interest, direct or indirect, of not less than 20% in such entity; and (b) a Debtor has actual control of such entity sufficient to allow it to obtain the financial information required by this Order from such non-Debtor affiliate in the ordinary course of business of such non-Debtor affiliate (i.e., not requiring legal process or other extraordinary means to obtain such information).

1128375