UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
CHINA FISHERY GROUP LIMITED                         :    Case No. 16-11895 (JLG)
(CAYMAN), et al.,                                   :
                                                    :    (Jointly Administered)
                        Debtors.                    :
------------------------------------------------------------x

**AGREED PROTECTIVE ORDER IN CONNECTION WITH THE CLUB LENDER
PARTIES' REVISED MOTION FOR THE ENTRY OF AN ORDER DIRECTING THE
APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §1104(a)(2)**

Coöperatieve Rabobank U.A., Standard Chartered Bank (Hong Kong) Limited, DBS Bank (Hong Kong), Limited, Malayan Banking Berhard, Hong Kong Branch, Bank of America, N.A., Insolvency Administrator of Pickenpack Production Lüneburg GmbH, Pickenpack Europe GmbH, Pickenpack Holding German GmbH, and TST the Seafood Traders, GmbH, Senior Noteholder Committee and the Debtors[1], along with the foreign debtors CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable Fishing Resources S.A.C. in the related chapter 15 proceeding and the Majority Equity Holders of Debtor N.S. Hong Investments (BVI) Limited (individually each a "Party" and collectively, the "Parties"), through their undersigned counsel, hereby stipulate and agree to be bound by the terms of the following Agreed Protective Order (the "Protective Order") in connection with the Club Lender Parties' Revised Motion for the Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2) [Dkt. No. 57] (the "Revised Motion") and submit this Protective Order for the Court's approval.

---

[1] The Debtors are N.S. Hong Investment (BVI) Limited, Super Investment Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), China Fishery Group Limited (Cayman), Smart Group Limited (Cayman), Protein Trading Limited (Samoa), South Pacific Shipping Agency Limited (BVI), CFG Peru Investments Pte. Limited (Singapore), China Fisheries International Limited (Samoa), Growing Management Limited (BVI), Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), CFGL (Singapore) Private Limited, and Ocean Expert International Limited (BVI).

1

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT** this Protective Order shall govern discovery provided by the Parties and any other party or non-party in connection with the Revised Motion, as governed by the Scheduling Order for the Motion, dated August 9, 2016 issued by the Court [Dkt. No. 56], pursuant to the following terms:

1. Any person or entity subject to this Protective Order who receives from any other person or entity any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery related to the Revised Motion) shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder and shall not use such Discovery Material for any purpose other than with respect to the Revised Motion.

2. If any person who provides or has provided Discovery Material in connection with the Revised Motion (the "Producing Party") for inspection or review by another person or entity (the "Receiving Party"), and the Producing Party determines in good faith such Discovery Material contains or discloses proprietary or non-public information of a commercially, financially or personally sensitive nature such as confidential trade secrets, unpublished financial data, confidential business or products plans, or confidential customer information, or that it would pose a very high risk of competitive harm to that Party, or applicable law, court order, regulation or contract requires a Party to maintain the confidentiality of the applicable Discovery Materials, a Producing Party may designate specifically identified Discovery Material as "CONFIDENTIAL" (such material hereinafter referred to as "Confidential Discovery Material"). All Confidential Discovery Material and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal or otherwise disclose such Confidential Discovery Material shall be handled in strict accordance with the terms of this Protective Order.

3.  Copies and/or originals of Confidential Discovery Material that are produced, given or exchanged in connection with the Revised Motion shall be designated as such by the Producing Party by stamping or otherwise clearly marking on the first page of a document or writing "CONFIDENTIAL." When the designation is intended to apply to only a portion of a document or writing, that portion shall be clearly marked "CONFIDENTIAL."

4.  Information contained or revealed in a deposition, whether in a question, answer, or exhibit, in connection with the Revised Motion may be designated on the record as "CONFIDENTIAL." Transcripts of testimony and/or exhibits so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately. A Party may also designate information disclosed at depositions as "CONFIDENTIAL" by notifying counsel for all Parties, in writing, within five (5) days of the conclusion of the deposition of the specific pages and lines of the transcript and/or exhibits which contain "CONFIDENTIAL" information. All depositions and the exhibits thereto shall be treated in their entirety as Confidential Discovery Material for a period of five (5) days after receipt by counsel to the deponent of a transcript. Nothing in this paragraph precludes a deponent from reviewing the entirety of his or her transcript and exhibits thereto at any time.

5.  The inadvertent failure to designate Discovery Material as "CONFIDENTIAL" in accordance with Paragraphs 2, 3 and/or 4 does not constitute a waiver of such right and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be deemed Confidential Discovery Material from the time it is designated "CONFIDENTIAL." Upon receipt of such a supplemental designation, any Receiving Party that disclosed the Discovery Material prior to its designation as "CONFIDENTIAL" shall exercise its reasonable best efforts to (i) to ensure such Confidential Discovery Material, and any

3

information derived therefrom, is used only for the purposes described in this Protective Order, and (ii) to ensure such Confidential Discovery Material is not further disclosed except in accordance with the terms of this Protective Order.

6. Confidential Discovery Material shall not be disclosed directly or indirectly by a Receiving Party to persons other than:

(a) Parties, including their employees, directors and officers and affiliated counsel;

(b) Outside counsel retained specifically for the Revised Motion, and regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) for use in accordance with this Protective Order;

(c) Experts or consultants engaged to assist outside counsel retained specifically for the Revised Motion, subject to the conditions and procedures listed in Paragraph 9;

(d) Witnesses or deponents and their counsel, during the course of, or to the extent necessary to prepare for, depositions or testimony, subject to the conditions and procedures listed in Paragraph 7 if not otherwise included in this Paragraph 6.

(e) Any person indicated on the face of a document to be the author, addressee, or an actual or intended receiving party of the document;

(f) Stenographers engaged to transcribe depositions conducted with respect to the Revised Motion;

(g) The Court and any appellate court having jurisdiction over the Revised Motion, its support personnel; and/or

(h) Any other person upon order of the Court or with the written consent of the party producing the Confidential Discovery Material.

7. Prior to the disclosure of Confidential Discovery Material in a deposition, all persons present at the deposition not included in Paragraph 6(a)-(g) and who wish to remain shall first execute a Non-Disclosure Affidavit in the form annexed as Exhibit A hereto (the "Affidavit") (the "Affidavit"), agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Protective Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted herein. Persons who are required, pursuant to the terms of this Protective Order, to execute the Affidavit, and have failed to do so, shall be excluded from the deposition during the disclosure of Confidential Discovery Material. Moreover, any Party may object to a person not included in Paragraph 6(a)-(g) to be present at a deposition on the basis that such person should not have access to any Confidential Discovery Material likely to be disclosed, in which case such person shall not be allowed to participate in such portions of the deposition covering such Confidential Discovery Material on which the Party bases its obligation, absent an agreement from the objecting Party or an order from this Court allowing the person to be present for such portions.

8. The Parties expect that Confidential Discovery Material will likely include material non-public information ("MNPI"). No material shared with the Noteholder Group's counsel (including material shared with Kirkland & Ellis LLP) will be deemed shared with any member of the Noteholder Group, provided that counsel for the Noteholder Group may share such material with members of the Noteholder Group if such counsel determines that it is not MNPI, subject to the terms of this Protective Order.

9. Notwithstanding Paragraphs 6(c) and 6(d) above, Confidential Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or

5

consultant to prepare a written opinion, to prepare to testify, or to assist outside counsel retained specifically for the Revised Motion, provided that such expert or consultant is using said materials solely for such purposes, and further provided that such expert or consultant first executes the Affidavit, agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Protective Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted herein. All persons listed in Paragraphs 6(c) and 6(d) above, who are given access to Confidential Discovery Material or information contained therein, shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by first executing the Affidavit.

10. Nothing in this Protective Order shall be construed to limit in any way any Party's use of its own Confidential Discovery Material, nor shall it affect any person's or entity's subsequent waiver of its own prior designation with respect to its own Confidential Discovery Material.

11. All Confidential Discovery Material ~~filed with the Court~~, and all portions of pleadings, motions or other papers ~~filed with the Court~~ that disclose such Confidential Discovery Material **to be filed with the Court**, shall be filed under seal **pursuant to Court order,** in accordance with **applicable** Chamber's Rules**, Bankruptcy Rules, and the Bankruptcy Code. [JLG]** ~~on Sealing Orders.~~

12. Any Receiving Party who objects to any designation of confidentiality may at any time prior to trial on the Revised Motion serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. Thereafter, the Parties must confer in good faith regarding such designations. If agreement cannot be reached within two (2) days of

6

the receipt of the written notice, counsel for the Receiving Party may seek a ruling from the Court that such Discovery Material should not be treated as "CONFIDENTIAL," provided that the burden shall be on the Producing Party to justify the claim that the disputed Discovery Material has been properly designated. The designation of Discovery Material as "CONFIDENTIAL" shall remain in full force and effect until the dispute is resolved by agreement of the parties or ruled upon by the Court.

13. Any Party who in extraordinary circumstances requests additional limits on disclosure (such as "attorneys' eyes only" or similarly heightened designations of protection) may, at any time prior to the trial of this matter, serve upon counsel for the ~~recipient~~ **Receiving** Parties a written notice stating with particularity the grounds for the request. If the Parties cannot promptly reach an agreement on the request for additional limitations on disclosure, counsel for all Parties shall immediately address the dispute to the Court in a manner consistent with the terms of paragraph **12** above. **[JLG]**

14. Subject to paragraph 11 hereof, this Protective Order shall not apply to the treatment to be given at any trial or evidentiary hearing to any Confidential Discovery Material. Such treatment shall be subject to subsequent order of this Court issued prior to trial.

15. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized disclosure of such Confidential Discovery Material.

16. This Protective Order shall survive the termination of all proceedings in connection with the Revised Motion. Within thirty (30) days of the final disposition of the Revised Motion (including any appellate proceedings), all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing Party, or, upon permission of the Producing Party, destroyed. If a Receiving Party chooses to destroy, rather than return, all

Confidential Discovery Material it shall provide a certification of such destruction to the Producing Party's counsel within thirty (30) days of the final disposition of all proceedings in connection with the Revised Motion. With regard to documents that have been received electronically and that cannot be returned or destroyed, the Receiving Party must take reasonable measures to ensure that (i) the documents are electronically deleted, including from "trash" files and (ii) unauthorized persons do not have access to Confidential Discovery Material resident on the recipient's computer server and back-up media. A Party disposing of Confidential Information in a manner consistent with the immediately preceding sentence shall provide a certification of such disposition to the producing Party's counsel within thirty (30) days of final disposition of proceedings arising from the Revised Motion.

17.  If any Receiving Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Discovery Material, the Receiving Party shall give written notice by e-mail, hand or overnight delivery promptly, and in no event later than three (3) business days after receipt of such subpoena or document demand, to the Producing Party that identifies the Confidential Discovery Material sought and encloses a copy of the subpoena or discovery request/s. Except as ordered otherwise by a court of competent jurisdiction, the Receiving Party shall refrain from producing any Confidential Discovery Material in response to such a subpoena or document demand until the earlier of (i) receipt of written notice from the Producing Party that such party does not object to production of the Confidential Discovery Material or (ii) resolution of any timely objection asserted by the Producing Party either by agreement or by order of the court with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the subpoena shall fall solely upon the Producing Party. Nothing herein shall be construed as

8

requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order directing production of Confidential Discovery Material covered by this Protective Order, or to subject himself, herself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that Discovery Material containing Confidential Discovery Material is produced to a non-party, the Parties to this Protective Order shall continue to treat such Discovery Materials as "CONFIDENTIAL." Notwithstanding the foregoing, the Parties agree that that no notification shall be required for disclosure to regulatory authorities having jurisdiction over the Receiving Party.

18. A person or entity from whom discovery is sought, or enters an appearance in in connection with the Revised Motion, may join this Protective Order, thereby becoming an additional Party hereto, by executing and filing the Joinder, attached hereto as Exhibit B, and agreeing to be bound by the terms and provisions of this Protective Order.

19. Each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto.

20. In the event of additional, non-Revised Motion related proceedings in the Bankruptcy Proceedings, the Parties may agree in writing **to be so ordered by the Court, [JLG]** that this Protective Order will also govern the treatment of discovery material and confidential information in connection therewith.

21. A Party needing relief from the provisions of this Protective Order may, if agreement between or among the Parties cannot be reached, seek appropriate relief from the Court upon notice to the other Parties.

22. Nothing contained in this Protective Order will be construed as: (a) a waiver by a Party of its right to object to any discovery request propounded; (b) a waiver of any privilege or

protection available under the controlling law; or (c) a waiver of any Party's right to object to the admissibility at trial of any document, testimony or other evidence.

23. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

STIPULATED AND AGREED:
Dated: New York, New York

August 17, 2016

| **DLA PIPER LLP (US)** | **MAYER BROWN LLP** |
|---|---|
| By: _/s/Bevin Brennan_ | By: _/s/ Frederick Hyman_ |
| R. Craig Martin (RM-1971) | Frederick D. Hyman (FH7832) |
| Mordechai Y. Sutton (MS5781) | Christine A. Walsh (CW9533) |
| 1251 Avenue of the Americas | 1221 Avenue of the Americas |
| New York, New York 10020 | New York, New York 10020 |
| Telephone: (212) 335-4500 | Telephone: (212) 506-2500 |
| Facsimile: (212) 335-4501 | Facsimile: (212) 262-1910 |
| | |
| Richard A. Chesley | *Counsel to Malayan Banking Berhad, Hong Kong Branch* |
| John K. Lyons | |
| Jeffrey Torosian | |
| Bevin Brennan | |
| 203 North LaSalle Street, Suite 1900 | |
| Chicago, Illinois 60601 | |
| Telephone: (312) 368-4000 | |
| Facsimile: (312) 236-7516 | |

*Counsel to Coöperatieve Rabobank U.A., Standard Chartered Bank (Hong Kong) Limited, and DBS Bank (Hong Kong), Limited*

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **SIDLEY AUSTIN LLP** |
| By: */s/ Gregory Pesce* <br> James H.M. Sprayregen <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Telephone: (212) 446-4800 <br> Facsimile: (212) 446-4900 <br><br> Patrick J. Nash, Jr., P.C. <br> Gregory F. Pesce <br> 300 North LaSalle Street <br> Chicago, Illinois 60654 <br> Telephone: (312) 862-2000 <br> Facsimile: (312) 862-2200 <br><br> *Counsel to the Senior Noteholder Committee* | By: */s/ John Hutchinson* <br> Lee S. Attanasio <br> John G. Hutchinson <br> Andrew P. Propps <br> 787 Seventh Avenue <br> New York, New York 10019 <br> Telephone: (212) 839-5300 <br> Facsimile: (212) 839-5599 <br><br> *Counsel to Bank of America, N.A.* |
| **CURTIS, MALLETT-PREVOST COLT & MOSLE LLP** | **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.** |
| By: */s/Turner Smith* <br> L.P. Harrison, III <br> Turner P. Smith <br> Peter J. Buenger <br> 101 Park Avenue <br> New York, New York 10178 <br> Telephone: (212) 696-6000 <br> Facsimile: (212) 697-1559 <br><br> *Counsel to the Pickenpack Group* | By: */s/Howard B. Kleinberg* <br> Howard B. Kleinberg <br> Edward J. LoBello <br> Jil Mazer-Marino <br> Thomas R. Slome <br> 990 Stewart Avenue, Suite 300 <br> Garden City, New York 11530 <br> Telephone: (516) 741-6565 <br> Facsimile: (516) 741-6706 <br><br> *Counsel to the Debtors and Debtors in Possession* |

11

| | |
|---|---|
| **KELLEY DRYE & WARREN LLP** | **LOWENSTEIN SANDLER LLP** |
| By: ＿＿*/s/James S. Carr*＿＿＿＿＿＿ | By:＿＿*/s/ Gerald Bender*＿＿＿＿＿＿ |
| James S. Carr | Gerald C. Bender |
| Jason R. Adams | Paul Kizel |
| William S. Gyves | 1251 Avenue of the Americas |
| 101 Park Avenue | New York, NY  10020 |
| New York, New York 10178 | Telephone:  (212) 262-6700 |
| Telephone:  (212) 808-7800 | Facsimile:  (212) 262-7402 |
| Facsimile:  (212) 808-7897 | |
| | |
| *Special Litigation Counsel to CFG Investment, S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable Fishing Resources S.A.C.* | *Counsel to Majority Equity Holders of Debtor N.S. Hong Investments (BVI) Limited* |

Dated:  August 19, 2016
            New York, NY

SO ORDERED:

/s/ *James L. Garrity, Jr.*
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| **CHINA FISHERY GROUP LIMITED** : | Case No. 16-11895 (JLG) |
| **(CAYMAN), et al.,** : | |
| : | (Jointly Administered) |
| Debtors. : | |

-------------------------------------------------------------x

### EXHIBIT A: NON-DISCLOSURE AFFIDAVIT TO ATTEND DEPOSITION

I, _____, under the penalty of perjury, hereby declare:

1. I hereby agree to be bound by the terms and conditions of the Agreed Protective Order in Connection with the Club Lender Parties' Revised Motion for the Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2) as entered by the Court [Dkt. No. __] ("Protective Order").

2. I hereby consent to the jurisdiction of the Court for purposes of enforcement of the terms of this Protective Order.

3. I agree not to disclose or use any Discovery Material or Confidential Discovery Material for purposes other than those permitted by the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____, 2016

_____
Name:

Title:

Company:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **CHINA FISHERY GROUP LIMITED** | : | Case No. 16-11895 (JLG) |
| **(CAYMAN), et al.,** | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |

------------------------------------------------------------x

**EXHIBIT B:  JOINDER TO AGREED PROTECTIVE ORDER IN
CONNECTION WITH THE CLUB LENDER PARTIES' REVISED MOTION FOR THE
ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A
CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §1104(a)(2)**

I, _____, under the penalty of perjury, hereby declare:

1. I hereby agree on behalf of _____ to join the Agreed Protective Order in Connection with the Club Lender Parties' Revised Motion for the Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2) as entered by the Court [Dkt. No. __] ("Protective Order").

2. I am duly authorized to enter into this Joinder on behalf of _____.

3. By signing and filing this Joinder, _____ agrees to all of its terms and conditions and to be treated as a Party to the Protective Order as defined therein.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  _____, 2016

_____
Name:

Title:

Company:

1134021