Hearing Date:  October 25, 2016 at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline: October 18, 2016 at 4:00 p.m. (prevailing Eastern Time)

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
Telephone:      (212) 239-4999
Email: hkleinberg@msek.com
        elobello@msek.com
        jmazermarino@msek.com
*Counsel to China Fishery Group Limited (Cayman), et al.*
*Debtors and Debtors in Possession*

Tracy L. Klestadt, Esq.
John E. Jureller, Jr.
Christopher J. Reilly
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Telephone:      (212) 972-300
Email:  tklestadt@klestadt.com
*Proposed Counsel to Pacific Andes Resources Development Limited*
*Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11895 (JLG)<br>(Jointly Administered) |
| In re:<br><br>**PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED,**<br><br>Debtor. | Chapter 11<br><br>Case No. 16-12739 (JLG) |

---

[1]  The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

**NOTICE OF HEARING ON JOINT MOTION FOR ENTRY OF ORDER (A)
AUTHORIZING PACIFIC ANDES RESOURCES DEVELOPMENT
LIMITED TO CONTINUE TO USE ITS CASH MANAGEMENT SYSTEM,
AS MODIFIED; AND (B) GRANTING THE DEBTORS A LIMITED WAIVER
OF BANKRUPTCY CODE SECTION 345**

      **PLEASE TAKE NOTICE** that a hearing (the "**Hearing**") on the *Joint Motion For Entry Of Order (A) Authorizing Pacific Andes Resources Development Limited To Continue To Use Its Cash Management System, As Modified; And (B) Granting The Debtors A Limited Waiver Of Bankruptcy Code Section 345* (the "**Motion**,") a copy of which is attached hereto, filed on behalf of the above-captioned debtors and debtors in possession, will be held before the Honorable James L. Garrity of the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), in Room 601, One Bowling Green, New York, New York 10004-1408, on **October 25, 2016** at 2:00 p.m.(prevailing Eastern Time).

      **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with two hard copies delivered directly to Chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **October 18, 2016** at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"),by: (a) counsel for China Fishery Group Limited (Cayman), *et al.*, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, P.O. Box 9194, Garden City, New York  11530-9194,  Attn.: Howard B. Kleinberg, Edward J. LoBello and Jil Mazer-Marino; (b) proposed counsel for Pacific Andes Resources Development Limited, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York  10036-7203, Attn.: Tracy L. Klestadt, John E. Jureller, Jr., Christopher J. Reilly; and (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Susan Golden, Esq.

      **PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and any pleadings may be obtained by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

      **PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection

Deadline, submit to the Court an order substantially in the form annexed as **Exhibit 1** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

Dated:  Garden City, New York
October 7, 2016

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By:    */s/ Jil Mazer-Marino*
    Howard B. Kleinberg
    Edward J. LoBello
    Jil Mazer-Marino
1350 Broadway, Suite 501
New York, NY 10018

*Counsel to China Fishery Group Limited (Cayman), et al., Debtors and Debtors in Possession*

*and*

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:    */s/ Tracy L. Klestadt*
    Tracy L. Klestadt
    John E. Jureller, Jr.
    Christopher J. Reilly

200 West 41st Street
17th Floor
New York, New York  10036-7203

*Proposed Counsel to Pacific Andes Resources Development Limited as Debtor and Debtor in Possession*

3

1142697

Hearing Date:  October 25, 2016 at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline: October 18, 2016 at 4:00 p.m. (prevailing Eastern Time)

Howard B. Kleinberg, Esq.
Edward J. LoBello, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
Telephone:    (212) 239-4999
Email: hkleinberg@msek.com
       elobello@msek.com
       jmazermarino@msek.com

*Counsel to China Fishery Group Limited (Cayman), et al.*
*Debtors and Debtors in Possession*

Tracy L. Klestadt, Esq.
John E. Jureller, Jr., Esq.
Christopher J. Reilly, Esq.
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York  10036-7203
Telephone:    (212) 972-300
Email: tklestadt@klestadt.com

*Proposed Counsel to Pacific Andes Resources Development Limited*
*Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* | |
| | Case No. 16-11895 (JLG) |
| | (Jointly Administered) |
| Debtors.[1] | |

---

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| **PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED,** | |
| | Case No. 16-12739 (JLG) |
| Debtor. | |

---

[1] The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

**JOINT MOTION FOR ENTRY OF ORDER (A) AUTHORIZING PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED TO CONTINUE TO USE ITS CASH MANAGEMENT SYSTEM, AS MODIFIED; AND (B) GRANTING THE DEBTORS A LIMITED WAIVER OF BANKRUPTCY CODE SECTION 345**

CFGL and the debtors and debtors in possession that are jointly administered with CFGL (collectively, the "**Original Debtors**"), by their counsel Meyer, Suozzi, English & Klein, P.C., and Pacific Andes Resources Development Limited ("**PARD**" and together with the Original Debtors the "**Debtors**") by its proposed counsel Klestadt Winters Jureller Southard & Stevens, LLP, as and for their joint motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit 1**, (a) authorizing PARD to continue to use its cash management system, as modified; and (b) granting the Debtors a limited waiver of Bankruptcy Code section 345, respectfully set forth as follows:

**PRELIMINARY STATEMENT**

1.      Under the *Order Authorizing the Debtors to (A) Continue their Cash Management System, (B) Honor Certain Prepetition Obligations Related thereto, and (C) Maintain Existing Bank Accounts,* entered August 19, 2016 [Dkt. No. 93] (the "**First Cash Management Order**"), the Original Debtors were permitted to continue to use their existing Bank Accounts[2] and consolidated Cash Management System.  In addition, the First Cash Management Order granted the Original Debtors a forty-five day extension to comply with Bankruptcy Code section 345 but that period could be extended (in consultation with the Creditor Notice Parties) with the consent of the Office of the United States Trustee.[3]

2.      There have been two developments that require modification of First Cash Management Order:

---

[2] Capitalized terms not defined herein have the meanings ascribed in the *Debtors' Motion for Entry of Order Authorizing the Debtors to (A) Continue their Cash Management System, (B) Honor Certain Prepetition Obligations Related thereto, and (C) Maintain Existing Bank Accounts,* filed July 15, 2016 [Dkt. No. 29] (the "**Cash Management Motion**").

[3] On September 29, 2016, the Office of the United States Trustee for Region 2 consented to a thirty day extension of the deadline for the Original Debtors to comply with Bankruptcy Code section 345.

(a) First, PARD, an affiliate of the Original Debtors, filed a chapter 11 petition for relief with this Court on September 29, 2016. Historically, as described in the Cash Management Motion, PARD participated in the Original Debtors' Cash Management System. The Debtors request modification of the First Cash Management Order to amend the definition of "Debtors" to include PARD so that PARD is authorized to continue to participate in the Cash Management System and directed to comply with the periodic reporting requirements set forth in the First Cash Management Order.

(b) Second, the Debtors have determined that it is in the best interests of their estates and creditors to continue to use, on a limited basis, certain foreign Bank Accounts. Pre-petition, none of the Debtors' Bank Accounts were situate in the United States. CFIL recently opened an account with Signature Bank in New York. PAIH is in the process of opening an account with Signature Bank and expects it will be opened shortly. With certain exceptions set forth below, the Debtors are transferring the cash on deposit in the Bank Accounts to CFIL's and PAIH's Signature Bank accounts and will deposit all additional cash into those accounts. The Debtors intend to close those Bank Accounts that have a zero or negative balance or that are not used currently. The Debtors believe it is in the best interests of the estates to continue to use certain Bank Accounts to pay payroll and certain other expenses, such as payments for bunker fuel. As set forth below, requiring the Debtors to pay those expenses from a United States bank account would be unduly burdensome. Further, permitting the Debtors to use the Payroll and Expense Accounts (defined below) will not prejudice the Debtors' creditors because protections are in place to insulate creditors from the potential risks associated with bank accounts outside the United States. Accordingly, by this Motion, the Debtors are requesting a limited waiver of Bankruptcy Code section 345, authorizing the Debtors to continue to use the Payroll and Expense Accounts.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The bases for the relief requested herein are sections 105(a), 345(b), 363(b), 363(c), 364(a), and 364(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

A.     **The Debtors Chapter 11 Cases**

6.     On June 30, 2016, each of the Original Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Original Debtors

are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no creditors' committee has been appointed in these chapter 11 cases.

7.    On July 14, 2016, this Court entered the *Order Directing Joint Administration of Chapter 11 Cases* [Dkt. No. 27], directing the joint administration of the Original Debtors' chapter 11 cases for procedural purposes only.

8.    On August 9, 2016, certain of the Debtors' creditors filed a *Motion for the Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2)* [ECF Doc. No. 57]. The Trustee Motion was opposed by the Original Debtors and several creditors, and, as of the date hereof, is *sub judice*.

9.    On July 1, 2016[4], as part of the Pacific Andes Group's global reorganization efforts, PARD commenced reorganization efforts in Singapore (the "**Singapore Proceedings**") by filing an application under Section 210 of the Singapore Companies Act under the supervision of the High Court of the Republic of Singapore (the "**Singapore Court**").[5]

10.    On July 1, 2016, the Singapore Court entered an order restraining all enforcement actions against PARD (and three (3) of its subsidiaries) with a view to facilitating the implementation of PARD's reorganization in Singapore. The moratorium under the Singapore Court's order was further extended by order dated August 8, 2016. However, upon application of certain creditors and in connection with PARD's application to extend the moratorium which was due to expire on September 13, 2016, the Singapore Court, by an oral judgment on September 26, 2016,[6] limited the moratorium on enforcement actions

---

[4] Due to the difference in time zones, the filing occurred on June 30, 2016 in New York.

[5] On September 29, 2016, PARD filed an affidavit notifying the Singapore Court of its decision to withdraw from the Singapore Proceedings.

[6] The Singapore Court handed down the written grounds for its decision on September 28, 2016.

against PARD to within the territorial confines of Singapore and as a result no longer provided PARD with the global protections it required.[7]  In fact, within hours of the Singapore Court's decision, certain lenders to PARD, in particular Mayalan Banking Berhad and Cooperatieve Rabobank U.A., took actions against PARD by filing a winding up petition in the Supreme Court of Bermuda, and applying for the immediate appointment of provisional liquidators.

11.    On September 29, 2016, PARD filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  PARD is operating its businesses and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12.    The Debtors anticipate that they will seek an order providing for PARD's chapter 11 case to be jointly administered with the Original Debtors' chapter 11 cases.

**B.    The Debtors' Businesses**

13.    The Debtors, along with certain non-Debtor affiliated entities, are part of a corporate family known as the Pacific Andes Group, which is one of the world's foremost vertically integrated seafood companies.  The Pacific Andes Group provides seafood products to leading global wholesalers, processors and food service companies and has operations across the seafood value chain.

14.    As part of its business, the Pacific Andes Group engages in (or previously engaged in) harvesting, sourcing, ocean logistics and transportation, food safety testing, processing, marketing and distribution of frozen fish products, as well as fishmeal and fish oil. The Pacific Andes Group's businesses span the globe with major operations in the People's

---

[7] The Singapore court found that it did not have jurisdiction to grant any relief in respect of the three indirect subsidiaries of PARD, namely, Pacific Andes Enterprises (BVI) Limited, Parkmond Group Limited and Pacific Andes Food (Hong Kong) Limited.

Republic of China, the United States and Peru, as well as processing businesses in China, the United States and Peru.

15.     The China Fishery group of companies (the "**CF Group**")[8], a subset of the Pacific Andes Group, sources, harvests, onboard-processes and delivers high quality mackerel to consumers around the world. The CF Group is also one of the leading producers of fishmeal and fish oil through its processing plants located along Peru's coast.

**C.     Other Insolvency Proceedings**

16.     In addition to the Debtors in these chapter 11 cases, other entities included in the Pacific Andes Group are the subject of bankruptcy, insolvency or equivalent proceedings in courts outside of the United States.

17.     CFG Investment S.A.C., Corporacion Pesquera Inca S.A.C. and Sustainable Fishing Resources, S.A.C. (the "**Chapter 15 Debtors**"), affiliates of the Debtors and part of the Pacific Andes Group, and its subset the CF Group, are the subject of insolvency proceedings in Peru and the subject of chapter 15 filings before this Court.

18.     Richtown Development Limited is the subject of insolvency proceedings in the British Virgin Islands.

19.     As set forth above, PARD and certain of its subsidiaries were previously participating in the Singapore Proceedings but PARD has notified the Singapore Court of its decision to withdraw from such proceedings.

**D.     The Debtors' Cash Management System**

20.     The First Cash Management Order approved the Debtors' Cash Management System, a complex system that consolidated revenues from the Debtors and non-Debtor

---

[8] The Debtors in the CF Group are Ocean Expert, CFGL, Smart Group, Protein Trading, SPSA, CFG Peru Singapore, CFIL, Growing Management, Chanery, Champion, Target Shipping, Fortress, and CFGLPL.

affiliates into three treasury companies that, in turn, managed disbursements, accounting, and certain financial oversight functions for both the Debtors and the non-Debtor affiliates.

21.    The Debtors' Cash Management System operates through two centralized sub-systems, (a) the Accounting and Financial Reporting System and (b) the Treasury Company System.

(i)    The Accounting and Financial Reporting System

22.    The Accounting and Financial Reporting System for all the entities included in the Pacific Andes Group is managed by non-Debtor affiliate, Pacific Andes Enterprises (Hong Kong) Limited ("**PAE-HK**")[9]. PAE-HK employs approximately 60 employees and provides services that include: (a) maintaining the accounting system that houses the Debtors' books and records and the general ledgers for each Debtor; (b) managing cash disbursement and collection functions; and (c) preparing monthly bank reconciliations and monthly, quarterly and annual financial reporting. As set forth more fully below, although the Debtors' administrative functions are performed by PAE-HK's personnel, no checks, wire transfers or disbursements can be made by the Debtors without authorization by at least one of the Debtor's directors. Each Debtor has separate books and records, most have dedicated bank accounts, and all disbursements must be approved by directors of the disbursing entity and paid against approved invoices. PAE-HK utilizes a Systems Application Programming ("**SAP**") system for its accounting, finance, human resource and planning needs. The SAP system records are updated contemporaneously when payments are made.

---

[9] PAE-HK is an indirect wholly owned subsidiary of PAIH.

7

(ii)    The Treasury Company System

23.    The Treasury Company System is comprised of three companies: non-Debtor

PAE-HK; non-Debtor Pacific Andes Enterprises (BVI) Limited ("**PAE-BVI**")[10]; and Debtor

CFIL (collectively, the "**Treasury Companies**") that were established to centralize collecting

revenue and processing and paying accounts payable; albeit, certain entities kept small cash

balances on hand to pay their operating expenses.    The chart attached to the Cash

Management Motion as **Exhibit B** sets forth the Debtor and non-Debtor affiliates for which

each Treasury Company provides services.

(iii)    Bank Accounts

24.    Prior to the commencement of their Chapter 11 Cases, and in the ordinary

course of their business, the Debtors maintained bank accounts (the "**Bank Accounts**") with

Hong Kong and Shanghai Banking Corporation Limited, Rabobank Hong Kong, The

Development Bank of Singapore Limited (DBS), Bank of China, Standard Chartered Bank,

China CITIC Bank International, Maybank Malayan Banking Berhad-Hong Kong Branch

and United Overseas Bank.

25.    The Bank Accounts are used as collection accounts, payroll accounts,

operating accounts and to pay expenses in Hong Kong Dollars, US Dollars, Euros, Japanese

Yen, and Singapore Dollars.    A list of each Bank Account, by Debtor, and its respective

business purpose is attached as **Exhibit C** to the Cash Management Motion.

26.    Each check and wire transfer from each Bank Account requires the signatures

of two authorized signors.    Disbursements can be signed by any two of the disbursing

Debtors' directors or any one director together with the signature of either Susanna Fong

(Director's Assistant) or Heidi Ng (Administrative Manager).    Ms. Fong and Ms. Ng are the

only personnel at PAE-HK that are authorized signatories for any of the Bank Accounts.

---

[10] PAE-BVI Ltd is an indirect wholly owned subsidiary of Pacific Andes Resources Development Ltd
("PARD"), an indirect entity majority owned by PAIH.

Prior to the commencement of PARD's chapter 11 case, PARD participated as a non-Debtor affiliate in the Cash Management System. Now that PARD is a debtor and debtor in possession it requires bankruptcy court approval of its participation in the Cash Management System.

(v) <u>The Debtors' Existing Business Forms and Checks</u>

27.    In the ordinary course of business, the Debtors use a variety of business forms, including, but not limited to, various check types, correspondence letterhead, purchase orders and invoices (collectively, the "**Business Forms**"). The Business Forms reflect, among other things, the Debtors' prepetition names and logos. The Debtors keep a large quantity of Business Forms on hand at their offices and facilities. The First Cash Management Order permitted the Original Debtors to continue to use their Business Forms; provided, however, that the Original Debtors use reasonable efforts to have electronic checks include the legend referring to the Debtors as "Debtors-In-Possession" as soon as practicable; and <u>provided, further</u>, that if the Original Debtors generate new checks during the pendency of these chapter 11 cases, such checks shall include a legend referring to the Debtors as "Debtors-In-Possession."

28.    By this motion, PARD is seeking authority to continue to use its existing forms, subject to the restrictions included in the First Cash Management Order.

(vi)    <u>Financial Reporting Under the First Cash Management Order</u>

29.    The First Cash Management Order required, among other things, that the Original Debtors provide the Creditor Notice Parties with (a) thirteen week cash flow projections; (b) monthly bank account balances for the Original Debtors and non-Debtor affiliates; and (c) monthly reports of intercompany accounts receivable and journal entries. The Original Debtors have complied with all reporting obligations under the First Cash Management Order. Because PARD was previously a non-Debtor affiliate, the Creditor

9

Notice Parties have received information regarding PARD's bank account balances. If this motion is approved, and PARD is made party to the First Cash Management Order, the Creditor Notice Parties will also be provided with PARD's 13 week cash flow projections and intercompany accounts receivable and journal entries.

        (v)      Restrictions on Dealings between the Original Debtors and
                   Non-Debtor Affiliates Contained in the First Cash Management Order

        30.     The First Cash Management Order restricted dealings between the Original Debtors and the non-Debtor affiliates and provided that the Debtors shall not pay any pre-petition claim of a non-Debtor affiliate without further order of the Court. The order also provided that any claim of a non-Debtor affiliate asserted against the Debtors arising from a postpetition transaction, other than for funding ordinary course Debtor expenses up to an aggregate of $500,000 for the duration of these chapter 11 cases (the "**Cap**"), shall be subordinated to existing claims of creditors of the Original Debtors absent prior order of Court to the contrary approving any funding or increasing the Cap. Further, the order stated that no administrative claim shall arise from the provision of funding to the Debtors by any party without further order of the Court. Lastly, the order stated that nothing therein shall entitle non-Debtor affiliates to assert intercompany claims entitled to administrative priority expense treatment under Sections 364, 503 or other relevant provision of the Bankruptcy Code, or reduce any intercompany claim owed by a non-Debtor affiliate to a Debtor, without further order of the Court. If this Motion is granted, the restrictions contained in the First Cash Management Order would apply to PARD.

**E.**     **Debtors' Efforts to Comply with Bankruptcy Code Section 345**

        31.     CFIL has opened an account at Signature Bank in New York. PAIH is in the process of opening a Signature Bank account and expects the account will be open shortly. With the exception of three Bank Accounts, the Debtors are in the process of moving all amounts on deposit in the Bank Accounts to CFIL's or PAIH's Signature Bank account. Two

10

Bank Accounts maintained at Standard Chartered Bank will continue to hold deposits (approximately US$150,000 each) that collateralize certain guarantees issued by Standard Chartered Bank. The guarantees were issued in connection with lawsuits pending in China and Bangladesh, to which an Original Debtor is a party. One Bank Account, maintained at United Overseas Bank, receives monthly payments of rent (approximately $11,500) related to real property leased by the Debtors, those modest amounts will remain in the Debtors' United Overseas Bank to pay expenses of the Debtors.

32.    The Debtors believe it is in the best interests of their estates from a business operations perspective to retain those Bank Accounts used to pay payroll and certain critical expenses. By this Motion, the Debtors are requesting a waiver of the requirements of Bankruptcy Code section 345 to the extent necessary to permit the Debtors to continue to use the Bank Accounts set forth on **Exhibit 2** (the "**Payroll and Expense Accounts**"), which accounts are used for payroll and payment of certain other critical expenses.

33.    None of the Debtors' employees are employed in the United States and making payroll from a United States bank will unduly complicate the payroll process. In addition, to avoid burdensome administration, the Debtors intend to continue to fund certain other expenses, like payments for bunker fuel, from their existing Bank Accounts. As most of the expenses are local expenses, it will be more efficient to make those payments from existing Bank Accounts. Employees and vendors could have difficulty negotiating checks from a United States bank account, which, in turn, could disrupt the Debtors' operations and making those payments via wire transfer would subject the Debtors to unnecessary wire transfer fees.

34.    If permitted to maintain the Payroll and Expense Accounts, the Debtors will transfer funds to CFIL's accounts in Hong Kong equal to the Debtors' projected monthly cash flow needs. As needed, the Debtors may transfer funds from the Signature Bank

accounts to the Payroll and Expense Accounts for disbursements to third parties. The Debtors intend to close many of the Bank Accounts that have either have a zero or negative balance or are not used in the Debtors' businesses.

## RELIEF REQUESTED

35.    By this Motion, and pursuant to sections 105(a), 345, 363(c), 364(b), 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors seek entry of an order (a) modifying the definition of Debtors in the First Cash Management Order to include PARD and authorizing PARD to continue using the Cash Management System as modified by, and its existing Business Forms subject to the restrictions set forth in, the First Cash Management Order and (b) waiving the requirements of Bankruptcy Code section 345 and authorizing the Debtors to continue to use the Payroll and Expense Accounts.

## BASIS FOR RELIEF

**A.    PARD Should be Permitted to Continue to use
the Cash Management System, as Modified**

36.    The First Cash Management Order permitted the Debtors to continue to use their existing Cash Management System for the reasons set forth in the First Cash Management Motion. Historically, PARD was an important part of the Original Debtors' Cash Management System. The Original Debtors included PARD in their reports to the Creditor Notice Parties. The Debtors anticipate that PARD's chapter 11 case will be jointly administered with the Original Debtors' chapter 11 cases. The Debtors submit that PARD should be authorized to continue to use the Cash Management System, with the modifications set forth in this Motion.

**B.    Waiver of Bankruptcy Code Section 345**

37.    With certain exceptions, Bankruptcy Code section 345 generally requires a debtor in possession's deposits and investments be (a) insured or guaranteed by the United States or by a United States department, agency, or instrumentality; (b) covered by a bond in

12

favor of the United States, secured by an approved corporate surety, and conditioned upon a proper accounting; or (c) collateralized by certain eligible securities. *See* Bankruptcy Code section 345.

38.     Signature Bank is on the United States Trustee's list of approved bank depositories and the Signature Bank accounts comply with Bankruptcy Code section 345. With limited exceptions described above, the Debtors' cash will remain on deposit in the Signature Bank accounts.

39.     Further, the Debtors are closing many of the Bank Accounts, which accounts are not compliant with Bankruptcy Code section 345 because the Bank Accounts are with foreign banks.

40.     The Debtors are seeking a limited waiver of Bankruptcy Code section 345 only to the extent necessary to permit the Debtors to continue to use the Payroll and Expense Accounts as explained above.   The Debtors believe that closing the Payroll and Expense Accounts would cause an undue burden on the estate.   In addition, the Debtors believe that permitting them to continue to use those accounts poses minimal risk to creditors because the Debtors are providing extensive reports to the Creditor Notice Parties concerning the Payroll and Expense Accounts, the Debtors' cash will remain in the Signature Bank accounts unless and until cash is needed to fund expenses that will be paid through the Payroll and Expense Accounts, and the Payroll and Expense Accounts are with reputable banks.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

41.     Given the nature of the relief requested herein, the Debtors respectfully request a waiver of (a) the notice requirements under Bankruptcy Rule 6004(a) and (b) the 14-day stay under Bankruptcy Rule 6004(h), to the extent that either rule is applicable.

## NOTICE

42.     The Debtors have provided notice of this Motion to the following parties: (a) the Office of the U.S. Trustee for Region 2; (b) creditors holding the fifty largest claims as set forth in the consolidated list filed with the Original Debtors' petitions; (c) all known creditors of PARD; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; and (g) any party that has requested notice in the Debtors' cases pursuant to Bankruptcy Rule 2002. A copy of this Motion is also available on the Court's website. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

43.     No prior motion for the relief requested herein has been made to this or any other Court.

14

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as **Exhibit 1** granting the relief requested herein, and (b) grant such other and further relief as the Court may deem just and appropriate.

Dated: Garden City, New York
October 7, 2016

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By:    */s/ Jil Mazer-Marino*
  **Howard B. Kleinberg**
  **Edward J. LoBello**
  **Jil Mazer-Marino**
**1350 Broadway, Suite 501**
**New York, NY 10018**

*Counsel to China Fishery Group Limited (Cayman), et al., Debtors and Debtors in Possession*

*and*

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:    */s/ Tracy L. Klestadt*
  **Tracy L. Klestadt**
  **John E. Jureller, Jr.**
  **Christopher J. Reilly**

**200 West 41st Street**
**17th Floor**
**New York, New York 10036-7203**

*Proposed Counsel to Pacific Andes Resources Development Limited as Debtor and Debtor in Possession*

15

.

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

CHINA FISHERY GROUP LIMITED
(CAYMAN), *et al.*,

Debtors.[1]

Chapter 11

Case No. 16-11895 (JLG)
(Jointly Administered)

In re:

PACIFIC ANDES RESOURCES
DEVELOPMENT LIMITED,

Debtor.

Chapter 11

Case No. 16-12739 (JLG)

ORDER (A) AUTHORIZING PACIFIC ANDES RESOURCES
DEVELOPMENT LIMITED TO CONTINUE TO USE ITS CASH
MANAGEMENT SYSTEM, AS MODIFIED; AND (B) GRANTING THE
DEBTORS A LIMITED WAIVER OF BANKRUPTCY CODE SECTION 345

Upon the motion, dated July 15, 2016 [Dkt No. 29] (the "**First Cash Management**

**Motion**") of China Fishery Group Limited (Cayman), et al., debtors and debtors in possession

(the "**Original Debtors**") seeking entry of an order authorizing, but not directing, the Original

Debtors to (a) continue using their existing cash management system, (b) honor or satisfy certain

prepetition obligations related thereto, and (c) maintain their existing bank accounts; and upon

the Order, entered August 19, 2016 [Dkt. No. 93] (the "**First Cash Management Order**") that

granted the First Cash Management Motion and directed the Debtors to provide certain periodic

reporting to the Creditor Notice Parties (as defined in the First Cash Management Order); and

---

[1]  The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

1

upon the joint motion, dated October 7, 2016 [Dkt. No. ___] (the "**Supplemental Cash Management Motion**") filed on behalf of the Original Debtors and Pacific Andes Resources Development Limited ("**PARD**" and together with the Original Debtors, the "**Debtors**"), a debtor and debtor in possession and an affiliate of certain of the Original Debtors for an Order (a) authorizing PARD to continue to use its cash management system, as modified; and (b) granting the Debtors a limited waiver of section 345 of title 11 of the United States Code (the "**Bankruptcy Code**");  and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Supplemental Cash Management Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of the Debtors' cases and the Supplemental Cash Management Motion in this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Supplemental Cash Management Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and a hearing on the Supplemental Cash Management Motion having been held on October 25, 2016 (the "**Hearing**"); and notice of the Supplemental Cash Management Motion and the Hearing appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and this Court having determined that the legal and factual bases set forth in the Supplemental Cash Management Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Supplemental Cash Management Motion is granted to the extent provided herein.

2.      The First Cash Management Order shall remain in full force and effect, except as supplemented and otherwise modified by this Order.

3.    The definition of "Debtors" in the First Cash Management Order is hereby modified to mean the Original Debtors and PARD.

4.    PARD's obligation to provide the information set forth in paragraphs 7, 10, and 11 of the First Cash Management Order shall commence with the period starting November 1, 2016.  Such information shall be provided by PARD on an "advisors' eyes only" basis.

5.    Notwithstanding Bankruptcy Code section 345, the Debtors are authorized to continue to use their Payroll and Expense Accounts (as such term is defined in the Supplemental Cash Management Motion).

6.    This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

7.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated:  New York, New York
        October __, 2016

_____
        HON. JAMES L. GARRITY
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

EXHIBIT 2

BANK ACCOUNTS THAT DEBTORS WILL CONTINUE TO USE

| Debtor | Bank | Location | A/C No. | Rationale For Continuance |
|--------|------|----------|---------|---------------------------|
| PAIH | Bank of China | HK | XXXXX6063-hkd | Payment of expenses in HKD |
|  | Bank of China | HK | XXXXX1244-usd | Payment of expenses in USD |
|  | Bank of China | HK | XXXXX1244-eur | Payment of expenses in Euro |
| CFIL | China CITIC | HK | XXXXX5001-usd | Payment of expenses in USD |
|  | China CITIC | HK | XXXXX5028-eur | Payment of expenses in Euro |
|  | HSBC | HK | XXXXX1001-hkd | Payment of expenses in HKD |
|  | HSBC | HK | XXXXf7761-sgd | Payment of expenses in SGD |
|  | HSBC | HK | XXXXf7761-usd | Payment of expenses in USD |
| Champion Maritime | SCB | HK | XXXXX1796-usd | The account holds a deposit that secures Standard Chartered Bank's guarantee issued in connection with court cases in China and Bangladesh. |
| Growing Management | SCB | HK | XXXXX3253-usd | The account holds a deposit that secures Standard Chartered Bank's guarantee issued in connection with court cases in China and Bangladesh. |
| CFGL (Singapore) Private | United Overseas Bank | Sing | XXXXX6644-sgd | Receipt of rental income and payment of expenses in Singapore |