**Hearing Date:  October 25, 2016 at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: October 18, 2016 at 4:00 p.m. (prevailing Eastern Time)**

**Howard B. Kleinberg, Esq.**
**Edward J. LoBello, Esq.**
**Jil Mazer-Marino, Esq.**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**1350 Broadway, Suite 501**
**New York, New York 10018**
**Telephone:      (212) 239-4999**
**Email:  hkleinberg@msek.com**
            elobello@msek.com
            jmazermarino@msek.com

*Counsel to China Fishery Group Limited (Cayman), et al.*
*Debtors and Debtors in Possession*

         and

**Tracy L. Klestadt, Esq.**
**Klestadt Winters Jureller Southard & Stevens, LLP**
**200 West 41st Street**
**17th Floor**
**New York, New York  10036-7203**
**Telephone:      (212) 972-3000**
**Email:  tklestadt@klestadt.com**

*Proposed Counsel to Pacific Andes Resources Development Limited*
*Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)**, *et al.*, | **Case No. 16-11895 (JLG)** |
| Debtors.[1] | **(Jointly Administered)** |
| **In re:** | **Chapter 11** |
| **PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED,** | **Case No. 16-12739 (JLG)** |

---

[1] The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

                **Debtor.**
_____

## JOINT MOTION FOR AN ORDER AMENDING THE COURT'S ORIGINAL JOINT ADMINISTRATION ORDER TO INCLUDE AND INCORPORATE PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED

CFGL and the debtors and debtors in possession that are jointly administered with CFGL (collectively, the "Original Debtors"), by their counsel Meyer, Suozzi, English & Klein, P.C., and Pacific Andes Resources Development Limited ("PARD" and together with the Original Debtors the "Debtors") by its proposed counsel Klestadt Winters Jureller Southard & Stevens, LLP as and for their joint motion (the "Motion") for an order amending the Court's Original Joint Administration Order (defined later herein), which directed the procedural consolidation and joint administration of the Original Debtors' chapter 11 bankruptcy cases under Case No. 16-11895 (JLG) (the "Original Chapter 11 Cases"), to include and incorporate PARD's bankruptcy case therein, and respectfully states as follows:

### SUMMARY OF MOTION

1.    By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A, (a) amending and expanding the Original Joint Administration Order to include and incorporate PARD's bankruptcy case as one of the jointly-administered cases under the case of China Fishery Group Limited (Cayman) (Case No. 16-11895 (JLG)), and (b) granting related relief. It is respectfully requested that PARD's bankruptcy case be administered under the consolidated caption as follows with a footnote to the caption identifying all affiliated Debtors to these cases:

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re:                                                                  Chapter 11

**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.*[2]     Case No. 16 - 11895 (JLG)

                                                                        Jointly Administered
                           Debtors.
------------------------------------------------------------------------x

    2.    The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code including waiver of the requirement that Court papers identify each of the Debtors by the last four digits of their tax identification number. Because the Debtors are foreign corporations, U.S. tax identification numbers are not available.

    3.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of PARD's case:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of China Fishery Group Limited (Cayman) (Case No. 16-11895); Pacific Andes International Holdings Limited (Bermuda) (Case No. 16-11890); N.S. Hong Kong Investments (BVI) Limited (Case No. 16-11899); South Pacific Shipping Agency Ltd (BVI) (Case No. 16-11924); China Fisheries International Limited (Samoa) (Case No. 16-11896); CFGL (Singapore) Private Limited (Case No. 16-11915); Chanery Investment Inc. (BVI) (Case No. 16-11921); Champion Maritime Ltd. (BVI) (Case No. 16-11922); Growing Management Limited (BVI) (Case No. 16-11919); Target Shipping

---

[2] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"),Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD").

3

> Limited (Hong Kong) (Case No. 16-11920); Fortress Agents Limited (BVI) (Case No. 16-11916); Ocean Expert International Limited (BVI) (Case No. 16-11917); Protein Trading Limited (Samoa) (Case No. 16-11923); CFG Peru Investments Pte. Ltd. (Singapore) (Case No. 16-11914); Smart Group Limited (Cayman) (Case No. 16-11910);Super Investment Limited (Cayman) (Case No. 16-11903); and Pacific Andes Resources Development Limited (Case No. 16-12739).
>
> All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-11895.

4. PARD also seeks authority to file its monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each of the Debtors into one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## FACTUAL BACKGROUND

8. On June 30, 2016, each of the 16 Original Debtors filed cases under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

4

9. On June 30, 2016, the Original Debtors filed the *Motion of Debtors Pursuant To Fed. R. Bankr. P. 1015(b) for Entry of Order Directing Joint Administration of Chapter 11 Cases* (the "Joint Administration Motion") [Docket No. 3].

10. By Order dated July 14, 2016 (the "Original Joint Administration Order"), the Court granted the Original Debtors' Joint Administration Motion and consolidated the Original Debtors' chapter 11 cases for procedural purposes only and directed that the cases should be jointly administered by the Court under Case No. 16-11865 [Docket No. 27].

11. On September 29, 2016, PARD filed its Chapter 11 bankruptcy case

12. The facts and circumstances supporting, *inter alia*, PARD's chapter 11 case and this Motion are set forth in the *Declaration of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and In Support of Debtor's First Day Motions and Applications* (the "PARD First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein, as well as in the Declaration of *Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and in Support of the First Day Motions and Applications* filed in the Original Chapter 11 Cases, filed on June 30, 2016 and incorporated by reference herein. Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the PARD First Day Declaration. PARD is a member of the corporate family of companies known as the Pacific Andes Group, inclusive of the Original Debtors and certain non-debtor affiliates.

13. As set forth in the First Day Declaration, on June 30, 2016, as part of the Pacific Andes Group's global reorganization efforts, PARD had commenced reorganization efforts in Singapore by filing an application under Section 210 of the Singapore Companies Act under the supervision of the High Court of the Republic of Singapore (the "Singapore Court").

5

14. On July 1, 2016, the Singapore Court entered an order restraining all enforcement actions against PARD (and three (3) of its subsidiaries) with a view to facilitating the implementation of the Debtor's plan of reorganization in Singapore (the "July Singapore Court Order"). The July Singapore Court Order was further extended by order dated August 8, 2016. However, upon application of certain of PARD's creditors, the Singapore Court, by oral judgment dated September 26, 2016, limited the moratorium on enforcement actions against PARD to the territorial limits of Singapore, thus no longer affording PARD the global protections it required.

15. As a result, PARD had no viable alternative other than to file its Chapter 11 bankruptcy case with this Court, in order to further its global reorganization efforts.

16. As a member of the Pacific Andes Group, an indirect subsidiary of PAIH and an indirect parent of several of the Original Debtors, the resolution of PARD's case is inter-related to the optimal resolution of the Affiliated Chapter 11 Cases and the global reorganization of the Pacific Andes Group.

## BASIS FOR RELIEF

17. Adding PARD to the Original Joint Administration Order will allow for the efficient and convenient administration of the Affiliated Debtors' 16 interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

18. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f … two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. PARD is an "affiliate" as that term is defined in section 101(2) of the Bankruptcy Code to the Affiliated Debtors. PARD is an indirect subsidiary of PAIH, and several of the Affiliated Debtors are indirect subsidiaries of PARD. A chart outlining PARD's position within the Pacific Andes Group is annexed as Exhibit

6

A. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

19. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

20. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g.*, *In re Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re Genco Shipping & Trading Ltd.*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).

21. Given the integrated nature of PARD's and the Original Debtors' operations, expanding the Original Joint Administration Order to include and incorporate PARD's bankruptcy case will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in the Original Chapter 11 Cases will affect both PARD and the Original Debtors. An expansion of the Original Joint Administration Order will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

22. Moreover, joint administration will not adversely affect PARD's respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the expansion of the joint administration of these chapter 11 cases is in the best interests of the estates, their creditors, and all other parties in interest.

## NOTICE

23. The Debtors have provided notice of this Motion to the following parties: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) creditors holding the fifty largest claims as set forth in the consolidated list filed with the Original Debtors' petitions; (c) all known creditors of PARD (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Motion is also available on the Court's website. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of the proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting the Debtors such other relief as this Court may deem just and proper.

Dated: New York, New York
October 7, 2016

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By: */s/ Howard B. Kleinberg*
**Howard B. Kleinberg**
**Edward J. LoBello**
**Jil Mazer-Marino**
**1350 Broadway, Suite 501**
**New York, NY 10018**

*Counsel to China Fishery Group Limited (Cayman), et al., Debtors and Debtors in Possession*

*and*

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Tracy L. Klestadt*
**Tracy L. Klestadt**
**200 West 41st Street**
**17th Floor**
**New York, New York 10036-7203**

*Proposed Counsel to Pacific Andes Resources Development Limited as Debtor and Debtor in Possession*

9