Hearing Date: October 25, 2016 at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline: October 18, 2016 at 4:00 p.m. (prevailing Eastern Time)

**Howard B. Kleinberg, Esq.**
**Edward J. LoBello, Esq.**
**Jil Mazer-Marino, Esq.**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, New York 10018
Telephone:    (212) 239-4999
Email: hkleinberg@msek.com
    elobello@msek.com
    jmazermarino@msek.com

*Counsel to China Fishery Group Limited (Cayman), et al.*
*Debtors and Debtors in Possession*

and

**Tracy L. Klestadt, Esq.**
**Klestadt Winters Jureller Southard & Stevens, LLP**
200 West 41st Street
17th Floor
New York, New York 10036-7203
Telephone:    (212) 972-3000
Email:  tklestadt@klestadt.com

*Proposed Counsel to Pacific Andes Resources Development Limited*
*Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)**, *et al.*, | Case No. 16-11895 (JLG) |
| Debtors.[1] | (Jointly Administered) |
| In re: | Chapter 11 |
| **PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED,** | Case No. 16-12739 (JLG) |

---

[1] The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

1

**Debtor.**

_____

**JOINT APPLICATION TO AMEND AND EXPAND THE RSR
RETENTION ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF RSR CONSULTING, LLC AS RESTRUCTURING
CONSULTANT TO INCLUDE REPRESENTATION OF PARD**

CFGL and the debtors and debtors in possession that are jointly administered with CFGL (collectively, the "Original Debtors"), by their counsel Meyer, Suozzi, English & Klein, P.C. ("MSEK"), and Pacific Andes Resources Development Limited ( "PARD" and together with the Original Debtors, the "Debtors"), by its proposed counsel Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"), hereby submit this joint application (this "Application") to amend this Court's prior Order Authorizing Retention And Employment of RSR Consulting, LLC as Restructuring Consultant for Debtors and Debtors In Possession Effective *Nunc Pro Tunc* To Petition Date ("Original RSR Retention Order")[Docket No. 88] as entered in the jointly administered cases[2] filed under Case No. 16-11895 (JLG) (the "Original Chapter 11 Cases"), to expand the retention of RSR Consulting, LLC ("RSR") to include representation of PARD in its bankruptcy case. In support of this Application, the Debtors rely upon the Declaration Of Ng Puay Yee Pursuant to  Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and in Support of Debtors' First Day Motions and Applications (the "PARD First Day Declaration") [Docket No. 2] filed contemporaneously herewith, and the October 7, 2016

---

[2] Pacific Andes International Holdings Limited (Bermuda)("PAIH") - Case No. 16-11890; China Fishery Group Limited (Cayman) – Case No. 16-11895; China Fisheries International Limited (SAMOA) – Case No. 16-11896; N.S. Hong Investments (BVI) Limited – Case No. 16-11899; Super Investment Limited (Cayman) – Case No. 16-11903; Smart Group Limited (Cayman) – Case No. 16-11910; CFG Peru Investments  PTE.LTD. (Singapore) – Case No. 16-11914; CFGL (Singapore) Private Limited – Case No. 16-11915; Fortress Agents Limited (BVI) – Case No. 16-11916; Ocean Expert International Limited (BVI) – Case No. 16-11917; Growing Management Limited (BVI) – Case No. 16-11919; Target Shipping Limited (Hong Kong) – Case No. 16-11920; Chanery Investment Inc. (BVI) – Case No. 16-11921; Champion Maritime Ltd. (BVI) – Case No. 16-11922; Protein Trading Limited (Samoa) – Case No. 16-119223; South Pacific Shipping Agency Ltd. (BVI) – Case No. 16-11924 (Jointly Administered under Case No. 16-11895)

2

Supplemental Declaration of Robert S. Rosenfeld, a member of RSR (the "Supplemental Rosenfeld Declaration"), which is attached hereto as Exhibit B, In further support of this Application, the Debtors respectfully state as follows.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a), 328(a) and 329 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## Factual Background

4. A detailed description of PARD's business and the facts precipitating the filing of the PARD's Chapter 11 proceeding is set forth in the PARD First Day Declaration, which is incorporated by reference herein.

## RSR Retention in Original Chapter 11 Cases

5. On July 19, 2016, the Original Debtors filed an Application for Entry of Order Authorizing Retention And Employment of RSR Consulting, LLC as Restructuring Consultant for Debtors and Debtors in Possession Effective *Nunc Pro Tunc* to the Petition Date (the "Original RSR Retention Application").

6. On August 19, 2016, this Court entered the Original RSR Retention Order, granting the Original RSR Retention Application, as modified by the Court.

3

7. On September 29, 2016, the Debtor filed its Chapter 11 bankruptcy case. The Debtor is a member of the corporate family of companies known as the Pacific Andes Group, which includes the Original Debtors, as well as certain non-debtor affiliates. *See* PARD First Day Declaration.

8. As set forth in the PARD First Day Declaration, on June 30, 2016, as part of the Pacific Andes Group's global reorganization efforts, the Debtor had commenced reorganization efforts in Singapore by filing an application pursuant to Section 210 of the Singapore Companies Act under the supervision of the High Court of the Republic of Singapore (the "Singapore Court").

9. On July 1, 2016, the Singapore Court entered an order restraining all enforcement actions against PARD (and three (3) of its subsidiaries) with a view to facilitating the implementation of the PARD's plan of reorganization in Singapore. That order was further extended by another order dated August 8, 2016. However, upon the application of certain of the PARD's creditors, the Singapore Court, by an oral judgment on September 26, 2016, limited the moratorium on enforcement actions against PARD within the territorial confines of Singapore and as result no longer provided PARD with the global protections it required. PARD has filed an application to withdraw the Singapore Proceedings.

10. Since the stay applied only in Singapore and left PARD exposed to enforcement actions in other jurisdictions, PARD needed to file its Chapter 11 bankruptcy case with this Court so as not to undermine its own reorganization efforts and those of affiliated entities.

11. PARD intends to seek joint administration of its case with the Original Chapter 11 Cases.

12. As a member of the Pacific Andes Group, an indirect subsidiary of PAIH and an indirect parent of several of the Original Debtors, the resolution of PARD's case is inter-related to

4

the optimal resolution of the Original Chapter 11 Cases and the global reorganization of the Pacific Andes Group.

### Relief Requested

13.  By this Application, the Debtors seek the entry of an Order authorizing the amendment and extension of the Original RSR Retention Order, thus amending and expanding the retention and employment of RSR as restructuring consultant to include PARD in accordance with the Original RSR Retention Order, which terms and conditions are set forth in that certain amended engagement letter between the Debtors and RSR dated October 7, 2016 (the "Amended Engagement Agreement"), a copy of which is attached hereto as Exhibit 1 to Exhibit B to this Application and incorporated herein by reference.  Additionally, the Debtors seek authorization to allow PARD full access to use and share in any retainers previously paid to RSR by the Original Debtors. Upon approval of this Application by the Court, PARD shall enjoy all privileges and obligations set forth in the engagement letter entered into by the Original Debtors, MSEK and RSR dated June 27, 2016, including but not limited to, the benefit of any retainer previously issued to RSR on an undifferentiated basis.

### No Objection to Simultaneous Representation of PARD

14.  The Original Debtors and their counsel, MSEK, have no objection to RSR's simultaneous work on behalf of PARD and KWJS&S, on the one hand, and the Original Debtor's and MSEK on the other. Additionally, the Debtors' and their respective counsels are not aware of anything suggesting such work runs counter to the interests of the Debtors' estates or is otherwise not in the best interests of the Debtors.

5

## No Agreement To Share
## Any Compensation With Third Parties

15. Pursuant to Bankruptcy Rule 2016(b), RSR has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the employees of RSR or (b) any compensation another person or party has received or may receive.

## RSR's Disinterestedness

16. To the best of the Debtors' knowledge and as disclosed herein and in the Supplemental Rosenfeld Declaration, (a) RSR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) RSR has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Supplemental Rosenfeld Declaration.

17. RSR will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, RSR will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Supporting Authority

18. The Debtors seek to expand the retention of RSR as PARD's restructuring consultant pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

6

>persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

19. The Debtors also seek such retention of RSR for PARD under Section 328(a), which provides as follows:

>The trustee, or a committee appointed under section 21102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as The case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. Section 328(a)

20. Bankruptcy Rule 2014(a) requires that an application for retention include:

>[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

21. The Debtors submit that for all the reasons stated above and in the Supplemental Rosenfeld Declaration, amending the Original RSR Retention Order to include representation of PARD in its Chapter 11 case is warranted. Further, as stated in the Supplemental Rosenfeld Declaration, RSR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or

7

represent an interest adverse to the Debtors' estates and has no connection to PARD, its creditors, or other parties in interest, except as may be disclosed in the Supplemental Rosenfeld Declaration.

### Notice

22.     The Debtors have provided notice of this Motion to the following parties: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) creditors holding the fifty largest claims as set forth in the consolidated list filed with the Original Debtors' petitions; (c) all known creditors of PARD (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Motion is also available on the Court's website. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

### No Prior Request

23.     No prior request for relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as is just and proper.

Dated: New York, New York
October 10, 2016

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By:     */s/ Howard B. Kleinberg*
**Howard B. Kleinberg**
**Edward J. LoBello**
**Jil Mazer-Marino**
**1350 Broadway, Suite 501**
**New York, NY 10018**

*Counsel to China Fishery Group Limited (Cayman), et al., Debtors and Debtors in Possession*

8

*and*

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

**By:   */s/ Tracy L. Klestadt***
      **Tracy L. Klestadt**
**200 West 41st Street**
**17th Floor**
**New York, New York  10036-7203**

*Proposed Counsel to Pacific Andes Resources Development Limited as Debtor and Debtor in Possession*