DLA PIPER LLP (US)
R. Craig Martin (RM1971)
Mordechai Y. Sutton (MS5781)
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

DLA PIPER LLP (US)
Richard A. Chesley (admitted *pro hac vice*)
John K. Lyons (admitted *pro hac vice*)
Jeffrey S. Torosian (admitted *pro hac vice*)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone:  (312) 368-4000
Facsimile:  (312) 236-7516

*Counsel to the Club Lender Parties*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> CHINA FISHERY GROUP LIMITED (CAYMAN), *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 16-11895 (JLG) <br><br> (Jointly Administered) |
| In re: <br><br> PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED, <br><br> Debtor. | Chapter 11 <br><br> Case No. 16-12739 (JLG) |

**CLUB LENDER PARTIES' LIMITED OBJECTION TO THE JOINT
MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING PACIFIC
ANDES RESOURCES DEVELOPMENT LIMITED TO CONTINUE TO USE
ITS CASH MANAGEMENT SYSTEM, AS MODIFIED, AND (B) GRANTING
THE DEBTORS A LIMITED WAIVER OF BANKRUPTCY CODE SECTION 345**

Coöperatieve Rabobank U.A., Standard Chartered Bank (Hong Kong) Limited, and DBS Bank (Hong Kong), Limited (collectively, the "Club Lender Parties"), by and through their

---

[1] The Debtors are N.S. Hong Investment (BVI) Limited ("NS Hong"), Super Investment Limited (Cayman) ("Super Investment"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), China Fishery Group Limited (Cayman) ("CFGL"), Smart Group Limited (Cayman) ("Smart Group"), Protein Trading Limited (Samoa) ("Protein Trading"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), China Fisheries International Limited (Samoa) ("CFIL"), Growing Management Limited (BVI) ("Growing Management"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), CFGL (Singapore) Private Limited ("CFGLPL") and Ocean Expert International Limited (BVI) ("Ocean Expert").

EAST\135124388.1

undersigned attorneys, DLA Piper LLP (US), hereby submit this limited objection to the *Joint Motion for Entry of an Order (A) Authorizing Pacific Andes Resources Development Limited to Continue to Use its Cash Management System, as Modified, and (B) Granting the Debtors a Limited Waiver of Bankruptcy Code Section 345* [Dkt. No. 165] (the "Cash Management Motion").[2]  In support hereof, the Club Lender Parties respectfully state as follows:

**LIMITED OBJECTION**

1. The Club Lender Parties object to the limitations sought to be imposed by the Debtors and Pacific Andes Resources Development Limited ("PARD") in connection with the provision of financial information under and in connection with the cash management orders, and do not believe it is appropriate under the circumstances for the various financial information required to be furnished by the Debtors and PARD as described in paragraph 4 of the proposed order on the Cash Management Motion and paragraphs 7, 10, and 11 of the prior cash management order [Dkt. No. 93] to be provided on an "advisors' eyes only" basis.

2. No creditors' committee has been appointed in these cases to retain its own professionals, including a financial advisor, who would be compensated and reimbursed from estate assets and be in a position to review and analyze financial information furnished by the Debtors and PARD and advise its creditor constituency accordingly.  Instead, individual creditors are bearing all expense of participating in these cases, and the Club Lender Parties have not undertaken the expense of retaining a separate financial advisor.

3. Accordingly, financial information furnished by the Debtors and PARD on an "advisors' eyes only" basis is of limited utility to the Club Lender Parties and other creditors. Attorneys would be the only professionals permitted to view the financial information, and

---

[2] Capitalized terms used but not defined in this limited objection shall have the meanings ascribed to them in the Cash Management Motion.

would be prohibited from sharing such information with their clients, most of whom are banking institutions and, thus, experienced in analyzing financial data, projections, and related information.

4. An "advisors' eyes only" limitation would prevent creditors from receiving pertinent financial information regarding the Debtors and PARD and, thus, hinder creditors' ability to meaningfully participate in these cases.

Accordingly, the Club Lender Parties respectfully request that this Court condition approval of the Cash Management Motion on the removal of the "advisors' eyes only" limitation with respect to the information described in paragraph 4 of the proposed order on the Cash Management Motion and paragraphs 7, 10, and 11 of the prior cash management order.

Dated: New York, New York
        October 18, 2016

Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ *R. Craig Martin*
R. Craig Martin (RM1971)
Mordechai Y. Sutton (MS5781)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Richard A. Chesley
John K. Lyons
Jeffrey S. Torosian
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516

*Counsel to the Club Lender Parties*