**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.,* | Case No. 16-11895 (JLG) |
| Debtors.[1] | (Jointly Administered) |
| **In re:** | **Chapter 11** |
| **PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED,** | Case No. 16-12739 (JLG) |
| Debtor. | |

**ORDER PURSUANT TO SECTIONS 105(A) AND 331 OF THE BANKRUPTCY CODE ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion, dated October 7, 2016 (the "**Motion**"),[2] of CFGL and the debtors and debtors in possession that are jointly administered with CFGL (collectively, the "**Original Debtors**") and Pacific Andes Resources Development Limited ("**PARD**" and together with the Original Debtors, the "**Debtors**"), pursuant to sections 105(a) and 331 of the Bankruptcy Code, establishing procedures for monthly compensation and reimbursement of expenses of Professionals; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Motion in this district being proper

---

[1] The jointly administered debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

[2] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held **on October 25, 2016** to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and upon the representation of the Debtors that this estate is administratively solvent; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in an order of the Court authorizing the retention of a specific professionals, Professionals retained pursuant to an order of the Court in these chapter 11 cases may seek monthly compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "**Compensation Procedures**"):

   a. On or before the last day of each month following the month for which compensation is sought, each Professional seeking compensation will serve a monthly statement, redacted as may be necessary to preserve confidential or privileged information (the "**Monthly Statement**") by email or hand or overnight delivery, on the following parties: (i) the Debtors, Attn: Jessie Ng; team@pacificandes.com; (ii) Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, P.O. Box 9194, Garden City, NY 11530 (Attn: Howard B. Kleinberg; hkleinberg@msek.com); (iii) Klestadt Winters Jureller Southard &

2

        Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036 (Attn: Tracy L. Klestadt; tklestadt@klestadt.com); (iv) the U.S. Trustee, 201 Varick Street, Suite 10006, New York, NY 10014 (Attn: Susan Golden; susan.golden@usdoj.gov); (v) U.S. counsel for Standard Chartered Bank (Hong Kong) Limited, Cooperatieve Rabobank, U.A., DBS Bank (Hong Kong) Limited, an ad hoc noteholders Committee, Bank of America N.A., Malayan Banking Berhad, Hong Kong Branch and Fredrich von Kaltenborn-Stachue and (vi) counsel to any official committee appointed in these chapter 11 cases (each a "**Notice Party**" and collectively, the "**Notice Parties**");

b. On or before the last day of each month following the month for which compensation is sought, each Professional seeking compensation shall file a Monthly Statement with the Court, redacted as may be necessary to preserve confidential or privileged information. Courtesy copies need not be delivered to chambers. This Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

c. Each Monthly Statement must contain a list of the individuals and their respective titles *(e.g.,* attorney, accountant or paralegal), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual by appropriate billing categories, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously-maintained time entries for each individual in increments of tenths (1/10) of an hour, unless deviations from such timekeeping requirements have been approved by the Court in connection with the retention of such Professional;

d. If any party-in-interest has an objection to the compensation or reimbursement sought in a particular statement, the Notice Party shall, by no later than the fifteenth (15th) day following the filing of a Monthly Statement, file with the Court and serve upon the Professional whose statement is objected to, and the other persons designated to receive statements in sub-paragraph 2. (a), a written "**Notice of Objection to Fee Statement**," setting forth the nature of the objection and the amount of fees or expenses at issue;

e. At the expiration of the fifteen (15) day period, the Debtors shall promptly, and without further Court order, pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with sub-paragraph 2. (d), first out of any retainer balance held by such Professional until such retainer is exhausted, and then from non-retainer funds;

f. If a Notice of Objection to Fee Statement is filed, the applicable Debtor or Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e) unless the professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

g. If the parties to an objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the party to whose Fee Statement was objected to files a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the applicable Debtor or Debtors shall promptly pay, in accordance with sub-paragraph (e), that portion of the Monthly Statement which is no longer subject to an objection;

h. All objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (as described in sub-paragraph (j) below);

i. The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Notice of Objection to Fee Statement or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j. Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested (each an "**Interim Application**" and a "**Final Application**," respectively; collectively, the "**Applications**");

k.  The applicable attorney for the Debtor or Debtors shall obtain a date from the Court for the hearing to consider Interim Applications for all Professionals (the "**Interim Fee Hearing**").  At least twenty-one (21) days prior to the Interim Fee Hearing, the attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all applicable Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Applications, and the objection deadline.  Any Professional unable to file its own Interim Application with the Court shall deliver to the applicable Debtor or Debtors' attorneys a fully executed copy of such Application and the attorneys shall file and serve such Application with the Court.

l.  Any Professional who fails to file a Monthly Statement for a particular month may include fees and expenses for such month in a subsequent Monthly Statement or Application;

m.  Any Professional who fails to file an Interim Application or Final Application shall: (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (ii) may be required to disgorge any fees paid since such Professional's retention or the filing of the Professional's last fee application, whichever is later;

n.  The pendency of an application or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

o.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

3.  In accordance with the General Order, the Compensation Procedures provide that each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses, incurred during the period beginning on the date of the Professional's retention and ending on September 30, 2016.

4. The amount of fees and disbursements sought shall be set out in U.S. dollars and paid in U.S. dollars.

5. Service of the Applications may be limited to the Notice Parties. Notices of hearings to consider Applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notices in these chapter 11 cases.

6. The Debtors shall include all payments to their Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

7. Any party may object to requests for payments made pursuant to this Order on the grounds that any Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists, by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of these cases.

8. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors must serve a copy of this Order on all entities specified in sub-paragraph 2(a) hereof.

10. The requirements set forth in Local Rule 9013-1(b) are satisfied.

11. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h).

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: New York, New York
October 27, 2016

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

1145907