**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | : |
| **In re:** | :    **Chapter 11** |
| | : |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** | :    **Case No. 16-11895 (JLG)** |
| *et al.*, | :    **(Jointly Administered)** |
| | : |
| **Debtors.**[1] | : |
| | : |

### STIPULATION BY AND AMONG THE CHAPTER 11 TRUSTEE,
### CFGI INVESTMENT S.A.C., CORPORACION PESQUERA INCA S.A.C.,
### AND SUSTAINABLE FISHING RESOURCES S.A.C.

This stipulation (the "Stipulation") is made by and between William A. Brandt, Jr., solely in his capacity as the chapter 11 trustee (the "Trustee") of the estate of CFG Peru Investments Pte. Ltd. (Singapore) ("CFG Peru Singapore"), on the one hand, and CFG Investment S.A.C. ("CFGI"), Corporacion Pesquera Inca S.A.C. ("Copeinca" and, together with CFGI, the "Peruvian Operating Companies") and Sustainable Fishing Resources S.A.C. ("SFR" and, together with the Peruvian Operating Companies, the "Peruvian Proceeding Entities"), on the

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Ltd. ("PARD").

other hand.  The Trustee and the Peruvian Proceeding Entities are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, on June 30, 2016, each of the above-captioned chapter 11 debtors (the "Chapter 11 Debtors"), including CFG Peru Singapore, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court") commencing chapter 11 cases (the "Chapter 11 Proceedings") jointly administered under the caption *In re China Fishery Group Limited (Cayman), et al.*, Case No. 16-11895 (JLG).  The Chapter 11 Debtors, along with certain non-debtor affiliates, are part of a business group which is the twelfth largest seafood company in the world;[2]

WHEREAS, on June 30, 2016, each of Fishman S.A.C., Construcciones y Reparaciones Marinas S.A.C., and Marines Forces S.A.C. (collectively, the "Petitioning Creditors") initiated involuntary ordinary bankruptcy proceedings in respect of each of the Peruvian Proceeding Entities, respectively, in Peru (the "Involuntary Peruvian Proceedings") before El Instituto Nacional de Defensa de la Competencia y de la Protección de la Propiedad Intelectual (the National Institute for the Defence of Competence and Protection of Intellectual Property) ("INDECOPI"), the administrative and regulatory authority that adjudicates and supervises the restructuring and liquidation of Peruvian companies which are subject to bankruptcy proceedings under the Peruvian Insolvency Law;

---

[2]    On September 29, 2016, Pacific Anders Resources Development Limited ("PARD") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code under case number 16-12739 (JLG).  On October 28, 2016, the Court entered an order [Docket No. 202] including PARD in the jointly administered cases.

WHEREAS, also on June 30, 2016 each of the Peruvian Proceeding Entities filed voluntary petitions for recognition of a foreign proceeding under chapter 15 of the Bankruptcy Code in the Court, **and jointly administered [JLG]** under the caption *In re CFG Investment S.A.C., et al.*, Case No. 16-11891 (JLG) in regard to the Involuntary Peruvian Proceedings (the "Chapter 15 Recognition Requests"), which Requests have not been ruled on by the Court as of the date of this Stipulation. CFGI is a direct subsidiary of CFG Singapore.

WHEREAS, Francisco Javier Paniagua, Jose Miguel Tirado, Ng Joo Thieng and Ng Puay Yee, Annie (Jessie) (together, the "General Managers") manage the administrative, financial, operational and business affairs of the Peruvian Proceeding Entities.

WHEREAS, on September 30, 2016, the Peruvian Operating Companies commenced voluntary ordinary bankruptcy proceedings before INDECOPI in Peru (the "Voluntary Peruvian Proceedings");

WHEREAS, on October 28, 2016, the Court entered an order [Docket No. 203] providing for the appointment of a chapter 11 trustee for the estate of CFG Singapore. On November 10, 2016, the appointment of the Trustee was approved by the Court [Docket No. 219];

WHEREAS, on November 15, 2016, CFGI received a summons from INDECOPI regarding the involuntary ordinary bankruptcy proceedings commenced by Fishman S.A.C. in Peru summoning CFGI to appear and respond within ten business days, which will be December 1, 2016 (the "Response Deadline");

WHEREAS, the General Managers, after consulting with Peruvian legal counsel, believe the continuation of ordinary bankruptcy proceedings for the Peruvian Operating Companies before INDECOPI would serve to safeguard the assets of the Peruvian Operating

3

Companies and allow the Peruvian Operating Companies to normalize operations and address the claims of creditors of the Peruvian Operating Companies and is an appropriate way for the General Managers to discharge their fiduciary duties in accordance with Peruvian laws;

WHEREAS, a separate proceeding has been instituted by one or more of the Peruvian Proceeding Entities in Peru to prevent The Hong Kong and Shanghai Banking Corporation Limited from attaching any assets of the Peruvian Proceeding Entities (the "Peruvian Injunction Action");

WHEREAS, the Trustee, in his capacity as trustee for CFG Singapore (the direct parent and majority equity holder of CFGI), has the power to direct the Peruvian Proceeding Entities (including but not limited to with regard to the satisfaction of claims of Petitioning Creditors and withdrawal of the Voluntary Peruvian Proceedings) and believes that the withdrawal of the Involuntary Peruvian Proceedings and the Voluntary Peruvian Proceedings are in the best interest of the Peruvian Proceeding Entities and the Chapter 11 Debtors;

WHEREAS, the Trustee desires to work cooperatively with the General Managers to help facilitate a return to normal operations of the Peruvian Operating Companies, to ensure the continued viability and success of the Peruvian Operating Companies, and to maximize the restructuring options of the Peruvian Operating Companies, the Chapter 11 Debtors and the Pacific Andes group of companies (the "Pacific Andes Group");

WHEREAS, certain creditors of the Chapter 11 Debtors have taken actions against companies within the Pacific Andes Group including against PARD and other non-debtor affiliates of the Chapter 11 Debtors; and

WHEREAS, since the Trustee's appointment, the Parties have engaged in good faith discussions regarding achieving their shared objectives and believe it is in the best interest

4

of the Peruvian Proceeding Companies, CFG Singapore, and their respective creditors to enter into this Stipulation to memorialize their mutual understanding and agreement to provide for the continued operation and stability of the Peruvian Proceeding Entities.

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated into this Stipulation, and mutual promises, covenants and undertakings contained herein, the Parties stipulate and agree as follows:

1.   <u>The Peruvian Proceedings</u>.   Before December 1, 2016, the Peruvian Proceeding Entities agree to (i) satisfy the claims of Petitioning Creditors and take such other actions as are reasonably necessary to provide for the dismissal of the Involuntary Peruvian Proceedings; and (ii) withdraw the voluntary filings in connection with the Voluntary Peruvian Proceedings.  The Trustee agrees to take any actions that are necessary to authorize and direct the General Managers to take the actions required by this paragraph 1 of this Stipulation.

2.   <u>Financing and Continuation of Operations</u>.   The Trustee agrees, to the extent consistent with his fiduciary duties, to support the continued operations of the Peruvian Operating Companies and work with the General Managers to provide for the continued successful operation of the Peruvian Operating Companies through April 30, 2017 (as such period may be extended in good faith and upon further mutual agreement of the Parties) to allow for the normalization of the operations of the Peruvian Operating Companies.  The Trustee and the General Managers agree to work together in good faith to take such actions as are reasonably necessary and appropriate to secure adequate financing on commercially reasonable terms to allow the Peruvian Operating Companies to continue to operate in the ordinary course of business.  The Peruvian Operating Companies hereby agree to reasonably cooperate with the Trustee and to provide the Trustee, upon receipt of advance notice, with access to the Peruvian

Operating Companies' premises and properties, including but not limited to books, records, financial reporting, personnel, management, physical plant, and facilities, of and relating to the Peruvian Operating Companies.

3.      Standstill and/or Extension of the Stay.   The Trustee agrees to use best efforts (i) to work with the Peruvian Proceeding Entities and the Chapter 11 Debtors to promptly secure a standstill by funded debt creditors of the Peruvian Proceeding Entities and the Chapter 11 Debtors to protect the assets of the Peruvian Proceeding Entities; and (ii) to the extent the Trustee is unable to obtain a standstill on a consensual basis, and to the extent the Trustee determines it is appropriate, to seek an order from this Court enjoining actions against the Chapter 11 Debtors and the Peruvian Proceeding Entities.

4.      Extension of Exclusivity.   The Trustee agrees to support an extension of the Chapter 11 Debtors' (other than CFG Peru Singapore) exclusive right to file a plan in accordance with section 1121 of the Bankruptcy Code to March 31, 2017 (as such period may be extended upon further agreement of the Parties (subject to Court approval) or by order of the Court).

5.      Communications With Creditors.    The Trustee and the Peruvian Proceeding Entities agree to work collaboratively to communicate with creditors and employees of the Peruvian Proceeding Entities regarding efforts to stabilize the Peruvian Proceeding Entities, including through the issuance of mutually agreeable press releases.

6.      Continued Cooperation.   The Trustee and the Peruvian Proceeding Entities agree to continue to work in good faith to implement the provisions of this Stipulation.   Neither the Trustee nor the Peruvian Proceeding Entities will take any action in contravention of this Stipulation without a demonstration of good cause and further order of the Court.

6

7.      Chapter 15 Recognition Proceeding.  Promptly following, and in no event more than five (5) business days following, disposition of the Involuntary Peruvian Proceedings as provided in paragraph 1 of this Stipulation, the Peruvian Proceeding Entities shall withdraw the pending Chapter 15 Recognition Requests with prejudice.

8.      Peruvian Involuntary Cases.  The effectiveness of this Stipulation shall terminate immediately upon the publication of any involuntary proceeding against the Peruvian Proceeding Entities requested by INDECOPI.

9.      Entire Agreement.  This Stipulation contains the entire agreement between the Parties with respect to the subject matter hereof, all prior understanding or agreements, if any, are merged into this Stipulation, and no extrinsic or parol evidence may be used to vary any of the terms herein.

10.      Interpretation of Stipulation.  This Stipulation shall be construed and interpreted in accordance with the laws of the State of New York, without regard to the choice of law principles of the State of New York.  The preparation of this Stipulation has been a joint effort of the Parties and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the Parties than the other and none of the Parties shall be deemed to have been the drafter of this Stipulation.

11.      Modification or Amendment.  This Stipulation may only be modified or amended by written agreements executed by the Parties or by order of the Court.

12.      Authority.  Each person who executes this Stipulation on behalf of a Party represents and warrants that he or she is duly authorized and has full power and authority to enter into this Stipulation; provided, further, that the Trustee agrees to take any actions that are necessary to ratify the General Managers' execution of this Stipulation, and will provide

7

indemnification for the General Managers, **other than for acts constituting gross negligence, willful misconduct or criminal acts, [JLG]** in connection with their execution of this Stipulation and any acts taken at the direction of the Trustee in furtherance thereof.

13.    <u>Jurisdiction</u>.    The Court shall retain jurisdiction to hear any matters or dispute arising from or related to this Stipulation.

14.    <u>Counterparts</u>.    This Stipulation may be executed by exchange of faxed executed signature pages or copies delivered by electronic mail in Adobe Portable Document Format or similar format, and any signature transmitted by such means for the purpose of executing this Stipulation shall be deemed an original.    This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, and in agreement herewith, each of the Parties has

voluntarily and with knowledge of its rights executed this Stipulation as of the date first set forth

below.

Dated: November 28, 2016

**WILLIAM J. BRANDT, JR., in his capacity as Chapter 11 Trustee
of CFG Peru Investments Pte. Ltd. (Singapore)**


By:  _/s/ William J. Brandt, Jr._____


**CFG INVESTMENT S.A.C.**


By:  ____/s/ Francisco Paniagua_____


**CORPORACION PESQUERA INCA S.A.C.**


By:  ____/s/ Francisco Paniagua_____


**SUSTAINABLE FISHING RESOURCES S.A.C.**


By:  ____/s/ Francisco Paniagua_____


**IT IS SO ORDERED:**

Dated: New York, New York
        November 28, 2016                    /s/ *James L. Garrity, Jr.*
                                            Honorable James L. Garrity, Jr.
                                            UNITED STATES BANKRUPTCY JUDGE

9