UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

| | |
|---|---|
| In re: | Chapter 11 |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)**, *et al.*,[1] | Case No. 16-11895 (JLG) |
| Debtors. | Jointly Administered |

―――――――――――――――――――――――――――――

### ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH CERTAIN DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

Upon the motion, dated October 7, 2016 (the "**Motion**"),[2] of China Fishery Group Limited (Cayman) ("**China Fishery**"), and its affiliated debtors and debtors-in-possession (collectively and excluding Pacific Andes Resources Development Limited), the "**Moving Debtors**"), for entry of an order (this "**Order**") extending (a) the exclusive period of time during which only the Debtors may file a plan of reorganization (the "**Exclusive Filing Period**"), and (b) the period of time during which only the Moving Debtors may solicit acceptances of a plan of reorganization (the "**Exclusive Solicitation Period**," and, together with the Exclusive Filing Period, the "**Exclusive Periods**"); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

―――――――――――――――――

[1] The Moving Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), and Super Investment Limited (Cayman) ("Super Investment").

[2] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections to the Motion having been filed by Malayan Banking Berhad, Hong Kong Branch ("**Maybank**"), Cooperatieve Rabobank U.A. Standard Chartered Bank (Hong Kong) Limited and DBS Bank (Hong Kong) Limited (collectively, the "**Club Lender Parties**"), Bank of America, N.A. ("**BANA**" and, with Maybank and the Club Lender Parties, the "**Bank Objectors**") and the Ad Hoc Committee of Holders of CFG Investment S.A.C's 9.75% Senior Notes Due 2019 (the "**Senior Noteholder Committee**" and, together with the Bank Objectors, the "**Objectors**"); and hearings having been held on October 25, 2016 and November 17, 2016 to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein solely with respect to the Moving Debtors other than CFG Peru Singapore as to whom it is DENIED upon the appointment of a chapter 11 trustee in accordance with section 1121(c)(1) of the Bankruptcy Code in light of the Court's *Memorandum Decision and Order Granting Motion for the Appointment of a Chapter 11 Trustee* entered on October 28, 2016 (Dkt. No. 203) ("**Trustee Decision**").

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Filing Period is hereby extended through and including January 6, 2017 and the Exclusive Solicitation Period is hereby extended through and including March 9, 2017 for all of the Moving Debtors except

for CFG Peru Singapore as to which exclusivity is terminated upon the appointment of a chapter 11 trustee in accordance with the Trustee Decision.

3. Pursuant to the record of the hearing held on October 25, 2016, the Debtors shall provide the Objectors, China CITIC Bank International Limited ("**CITIC**") and Taipei Fubon Commercial Bank Co., Ltd. ("**Fubon**") with the final non-draft version of the forensic report (the "**RSM Report**") being prepared for the independent review committees (the "**IRCs**") of Debtors PAIH and PARD by RSM Corporate Advisory (Hong Kong) Ltd. ("**RSM**") promptly upon its completion and the Debtors' receipt thereof, provided that the Debtors shall cooperate with the IRCs and RSM to ensure that the RSM Report is received by the Debtors promptly upon its completion. The RSM Report will be provided subject to the execution of a separate confidentiality and non-disclosure agreement mutually acceptable in form and substance to the Debtors and Objectors ("**Confidentiality Stipulation**") and which counsel for the Senior Noteholder Committee will receive on a "for advisors' eyes only" basis.

4. Promptly upon entry of this Order, the Debtors shall request of the IRCs that (a) counsel for the Objectors, CITIC and Fubon be able to communicate directly with Kwok Yih & Chan ("**KYC**"), counsel for the IRCs, concerning the status of the issuance of the RSM Report, and (b) KYC provide the Objectors, CITIC and Fubon with bi-weekly progress updates relating to the issuance of the RSM Report, substantially in the form of the bi-weekly progress updates previously provided by KYC prior to the Petition Date. Such communications and progress updates shall be subject to the Confidentiality Stipulation and provided to the Senior Noteholder Committee on a "for advisors' eyes only" basis.

5. Upon the Debtors' delivery of the RSM Report to the Objectors, CITIC and Fubon, the Debtors shall promptly request of the IRCs that counsel for the Objectors, CITIC and

Fubon be permitted to communicate directly with KYC to discuss the findings contained in the RSM Report; to the extent any information is provided by KYC, such information shall be subject to the Confidentiality Stipulation and provided to the Senior Noteholder Committee on a "for advisors' eyes only" basis.

6. The Debtors shall provide the Objectors, CITIC and Fubon with a copy of the audited financial statements of the Pacific Andes Group for the fiscal year ended September 2015 promptly upon Deloitte LLP's public issuance of same.

7. The Debtors are required to provide the Objectors, CITIC and Fubon with a term sheet for a proposed chapter 11 plan of reorganization and a related business plan for the Debtors on or before December 16, 2016.

8. This Order is without prejudice to the Moving Debtors' (other than CFG Peru Singapore) ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

9. The Moving Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The requirements set forth in Local Rule 9013-1(b) are satisfied.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: November 28, 2016
New York, New York

/s/ *James L. Garrity, Jr.*
HON. JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

1145913