DLA PIPER LLP (US)
R. Craig Martin (RM1971)
Mordechai Y. Sutton (MS5781)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

DLA PIPER LLP (US)
Richard A. Chesley (admitted *pro hac vice*)
John K. Lyons (admitted *pro hac vice*)
Jeffrey S. Torosian (admitted *pro hac vice*)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516

*Counsel to Coöperatieve Rabobank U.A.
and Standard Chartered Bank (Hong Kong) Limited*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CHINA FISHERY GROUP LIMITED (CAYMAN), *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11895 (JLG)<br><br>(Jointly Administered) |

**AMENDED[2] JOINDER OF COÖPERATIEVE RABOBANK U.A. AND STANDARD CHARTERED BANK (HONG KONG) LIMITED TO MAYBANK'S MOTION FOR AN ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE PURSUANT TO SECTIONS 305(a) AND/OR 1112(b) OF THE BANKRUPTCY CODE, WITH PREJUDICE OR, ALTERNATIVELY, LIFTING THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)(1) OF THE BANKRUPTCY CODE**

Coöperatieve Rabobank U.A. ("Rabobank") and Standard Chartered Bank (Hong Kong) Limited ("SCB"), by and through their undersigned attorneys, DLA Piper LLP (US), hereby join

---

[1] The Debtors in the chapter 11 cases are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD").

[2] This Amended Joinder amends and supersedes the *Joinder of the Club Lender Parties to Maybank's Motion for an Order Dismissing the Debtor's Chapter 11 Case Pursuant to Sections 305(a) and/or 1112(b) of the Bankruptcy Code, with Prejudice or, Alternatively, Lifting the Automatic Stay Pursuant to Section 362(d)(1) of the Bankruptcy* Code, dated December 2, 2016 [ECF No. 263] (the "Original Joinder"). DBS Bank (Hong Kong), Limited, one of the Club Lender Parties, was inadvertently included in the Original Joinder and is not participating in the Joinder.

in *Maybank's Motion for an Order Dismissing the Debtor's Chapter 11 Case Pursuant to Sections 305(a) and/or 1112(b) of the Bankruptcy Code, with Prejudice or, Alternatively, Lifting the Automatic Stay Pursuant to Section 362(d)(1) of the Bankruptcy Code* [Case No. 16-12739, ECF No. 27] (the "Dismissal Motion"),[3] and respectfully state as follows:

A. **Financing Facilities Between Rabobank and SCB, as Lenders, and PARD, as Guarantor.**

1. Each of Rabobank and SCB has entered into one or more banking facilities with subsidiaries of PARD, and PARD is a guarantor of certain of the subsidiaries' obligations under such facilities. Accordingly, Rabobank and SCB are creditors of PARD.

2. Pursuant to a facility agreement dated as of August 30, 2013, Rabobank extended financing in a principal amount of up to $22,000,000 to Pacific Andes Enterprises (BVI) Limited ("PAEBVI"), Parkmond Group Limited ("Parkmond"), and Europaco Limited, each of which is a subsidiary of PARD, and PARD issued a guaranty in favor of Rabobank pursuant to which PARD guaranteed the payment and performance of all obligations of PAEBVI and Parkmond under and in connection with such financing facility.

3. Pursuant to a facility agreement dated as of May 29, 2015, SCB extended financing in a principal amount of up to $27,000,000 to PAEBVI, Parkmond, and Pacific Andes Food (Hong Kong) Company Limited ("PAFCL"), each of which is a subsidiary of PARD, and PARD issued a guaranty in favor of SCB pursuant to which PARD guaranteed the payment and performance of all obligations of PAEBVI, Parkmond, and PAFCL under and in connection with such financing facility.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Dismissal Motion.

**B.     Joinder to Dismissal Motion.**

4.     Rabobank and SCB hereby join in the Dismissal Motion on the same grounds as set forth therein, and incorporate by reference herein the arguments and legal support set forth in the Dismissal Motion.

5.     As an initial matter, PARD does not have any meaningful connections with the United States.  PARD is a Bermuda incorporated company listed on the Singapore Exchange Securities Trading Limited, and has no operations, employees, or assets in the U.S. other than a potential interest in a professional fee retainer that was funded solely to manufacture jurisdiction and eligibility under section 109(a) of the Bankruptcy Code.  Further, PARD's debt obligations are governed by foreign law, and all creditors and contract counterparties listed in PARD's schedules of assets and liabilities [Case No. 16-12739, ECF No. 21] are foreign entities.

6.     As set forth in the Dismissal Motion, the commencement of PARD's chapter 11 case was a blatant act of forum shopping in an effort to frustrate creditors' legitimate exercise of rights and remedies in foreign jurisdictions.  PARD is simply misusing the Bankruptcy Code as an improper tactic—through the imposition of the automatic stay—to obstruct insolvency proceedings that are pending in Bermuda.

7.     PARD's petition does not serve a valid bankruptcy purpose and should be dismissed.  *See In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 128 (3d Cir. 2004) ("The protection of the automatic stay is not *per se* a valid justification for a Chapter 11 filing; rather, it is a consequential benefit of an otherwise good faith filing") (quoting *In re HBA East, Inc.*, 87 B.R. 248, 262 (Bankr. E.D.N.Y. 1988)).  Other, more appropriate, fora exist to resolve PARD's disputes, claims, and financial affairs, and it is appropriate under the circumstances for this Court

to dismiss PARD's chapter 11 case to allow proceedings to continue in the applicable foreign jurisdictions.

8. Accordingly, Rabobank and SCB hereby join in the Dismissal Motion for the reasons set forth herein and therein.

WHEREFORE, for the reasons set forth in the Dismissal Motion and herein, Rabobank and SCB respectfully request that this Court grant the relief requested in the Dismissal Motion and such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 14, 2016

Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ R. Craig Martin_____
R. Craig Martin (RM1971)
Mordechai Y. Sutton (MS5781)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Richard A. Chesley (admitted *pro hac vice*)
John K. Lyons (admitted *pro hac vice*)
Jeffrey S. Torosian (admitted *pro hac vice*)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516

*Counsel to Coöperatieve Rabobank U.A.
and Standard Chartered Bank (Hong Kong)
Limited*