Frederick D. Hyman
Christine A. Walsh
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone No.:  212-506-2500
Facsimile No.:  212-262-1910

*Attorneys for Malayan Banking Berhad,
Hong Kong Branch*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED (CAYMAN),** *et al.*, | **Case No. 16-11895 (JLG)** |
| Debtors.[1] | **(Jointly Administered)** |

**STATEMENT OF MAYBANK IN RESPONSE TO (I) DEBTORS' SECOND
MOTION FOR AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING
WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT
ACCEPTANCES THEREOF AND (II) MOTION OF DEBTOR PACIFIC ANDES
RESOURCES DEVELOPMENT LIMITED FOR AN ORDER EXTENDING
THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTOR
MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Malayan Banking Berhad, Hong Kong Branch ("**Maybank**"), by and through its undersigned counsel, hereby submits this statement ("**Statement**") in respect of (i) the Second Motion For an Order Extending the Exclusive Periods During Which Only the Debtors May File

---

[1] The Debtors are N.S. Hong Investment (BVI) Limited, Super Investment Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda) ("**PAIH**"), China Fishery Group Limited (Cayman), Smart Group Limited (Cayman), Protein Trading Limited (Samoa), South Pacific Shipping Agency Limited (BVI), CFG Peru Investments Pte. Limited (Singapore) ("**CFG Peru**"), China Fisheries International Limited (Samoa), Growing Management Limited (BVI), Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), CFGL (Singapore) Private Limited, Ocean Expert International Limited (BVI) and Pacific Andes Resources Development Limited ("**PARD**").

a Chapter 11 Plan and Solicit Acceptances Thereof (the "**2nd Exclusivity Motion**")[2] and (ii) the Motion of Debtor PARD For an Order Extending the Exclusive Periods During Which Only the Debtor May File a Chapter 11 Plan and Solicit Acceptances Thereof ("**PARD's Exclusivity Motion**"; together with the 2nd Exclusivity Motion, the "**Exclusivity Motions**") in the above-captioned Chapter 11 cases (the "**Cases**").  Maybank respectfully states as follows:

## STATEMENT

1. On October 28, 2016, the Court directed the appointment of a Chapter 11 trustee for CFG Peru, the direct holding company for the Peruvian operations [Dkt. No. 203]. On November 10, 2016, the Office of the United States Trustee appointed William A. Brandt Jr. as Chapter 11 trustee for CFG Peru (the "**Chapter 11 Trustee**") [Dkt. No. 217]. Upon the appointment of the Chapter 11 Trustee, the exclusivity period with respect to CFG Peru terminated.

2. Maybank holds the Chapter 11 Trustee in high regard and believes that his efforts to date in connection with the stabilization of activities in Peru are laudable.  However, CFG Peru is only one of seventeen Debtors in these Cases and the Chapter 11 Trustee has no mandate to oversee operations or investigate past transactions, among many other things, involving the other Debtors.  Maybank is not a creditor of CFG Peru, but rather is a creditor of both PAIH and PARD, each a Moving Debtor seeking an extension of the exclusivity period.  Although Maybank certainly has an interest in maximizing the value of the Peruvian operations for the benefit of all creditors of the Pacific Andes group, it is also concerned with uncovering value from other Debtors, including unlocking value that may stem from their interests in the many non-Debtor affiliated companies.

---

[2] The 2nd Exclusivity Motion relates to the request for an extension of the exclusivity period for the Debtors, excluding PARD and CFG Peru. The Debtors, excluding CFG Peru, are referred to herein as the "**Moving Debtors**".

2

3. As Maybank has noted in prior filings, Maybank and other creditors have expressed considerable concern regarding the Ng family's ability to exercise sound business judgment and provide the expertise, oversight and guidance that creditors and other interest holders should be able to reasonably expect of Chapter 11 debtors. To date, each of the Moving Debtors (and to Maybank's knowledge, each of the non-Debtor affiliates) remain controlled by the Ng family. The concerns that have been expressed by the lenders since the outset of these Cases – e.g., the lack of transparency and the existence of questionable intercompany and third-party transactions – remain wholly unaddressed.

4. With respect to the vast majority of the Debtors, there continues to be shockingly little progress or activity that would be expected of Chapter 11 debtors that have been in bankruptcy for almost six months. Yet, absent any developments in the Cases that would establish "cause," the Moving Debtors seek a further extension of exclusivity. The Moving Debtors rely heavily on the presence and achievements of the Chapter 11 Trustee. *See* 2nd Exclusivity Motion at pgs. 2-3; ¶¶ 32, 40, 44-45 ("… the involvement of the Chapter 11 Trustee in this case and his request to review and assess the value and proper course of conduct with respect to the Peruvian Operating Companies provide appropriate further bases for the requested second extension of the Exclusive Period."); PARD's Exclusivity Motion at pgs. 2-3, ¶¶ 27-29, 34, 46. The Moving Debtors also focus on their efforts in respect of a "restructuring framework," efforts that were halted upon the appointment of the Chapter 11 Trustee. *See* 2nd Exclusivity Motion at ¶¶ 27-29; PARD's Exclusivity Motion at ¶¶ 33-34. The only other activities of note that the Moving Debtors point to in order to establish cause are the fulfillment of their obligations to provide certain reporting information under the Cash Management Order

3

and the Bankruptcy Rules. *See* 2nd Exclusivity Motion at ¶¶ 11-13; PARD's Exclusivity Motion at ¶¶ 17-20.

5.  The appointment of the Chapter 11 Trustee (limited to CFG Peru) and the continuation of certain administrative tasks does not excuse the lack of any substantive progress with respect to the Moving Debtors. The Moving Debtors are distinct entities, having their own creditors, their own assets (whether physical assets, intercompany claims or interests in other affiliates), and functions within the corporate structure (whether as a holding company or operating company). In order to fulfill their duties and maximize the value of their respective estates, each Moving Debtor must, among other things, investigate the feasibility of potential causes of action against third parties, review executory contracts which they may determine to assume or reject, and critically analyze the ongoing nature of their activities and role within the Pacific Andes group of companies. The Moving Debtors have seemingly failed in this regard.

6.  A cursory review of the first interim fee applications and first monthly fee statements for Meyer, Suozzi, English & Klein, P.C., counsel to the Moving Debtors (other than PARD), Klestadt Winters Jureller Southard & Stevens, LLP, counsel to PARD, and RSR Consulting, LLC, restructuring consultant to the Moving Debtors, demonstrate that little to no work has been done since the Petition Date through November 31, 2016 in connection with an analysis of potential avoidance actions or investigations into pre-petition third party transfers and related causes of action that might reasonably be pursued.[3] In addition, the first three monthly

---

[3] *See* First Interim Application of RSR Consulting, LLC, Restructuring Consultant to the Debtors, for Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 30, 2016 Through October 31, 2016 [Dkt. No. 249]; First Monthly Fee Statement of RSR Consulting, LLC for Allowance of Administrative Claim For Compensation and Reimbursement of Expenses Incurred from November 1, 2016 through November 30, 2016 [Dkt. No. 272]; First Interim Application of Meyer, Suozzi, English & Klein, P.C. as Counsel for the Debtors and Debtors-In-Possession for Approval and Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period From June 30, 2016 Through and Including October 31, 2016 [Dkt. No. 247]; First Monthly Fee Statement of Meyer, Suozzi, English & Klein, P.C. for Allowance of Administrative Claim For Compensation and Reimbursement of Expenses Incurred from November 1, 2016 through November 30, 2016 [Dkt.

4

fee statements of Goldin Associates, LLC indicate that minimal work has been conducted in the "Claims" category of work described as "… review and analysis of the various claims against the Debtors and any related cases of actions. This category also includes analysis of claims between and among the Debtors and their affiliates, including the nature of the claims, the magnitude of such claims, and factors affecting the allowance of such claims."[4]

7. Moreover, it remains difficult to ascertain whether the Moving Debtors or their professionals have engaged in any review of the web of intercompany transfers that management is relying on to minimally fund these Cases from the cash held by non-Debtor affiliates. Maybank has made inquiries into the nature of these transfers and continues to await a response nearly two months later. Among other things, Maybank has asked for pre-petition payment histories for intercompany interest payments that are now being made by non-Debtor affiliates (on behalf of other non-Debtor affiliates) to fund certain operating expenses of the Moving Debtors, including directors' salaries. This is concerning because non-Debtor affiliates, presumably managed by the Ng family, have chosen to transfer funds to the Debtors rather than pay the debts and obligations of their non-Debtor affiliate subsidiaries. It remains unclear when the original transfer or transfers were made, the principal amount of the transfer or transfers, and

---

No. 273]; First Monthly Fee Statement of Fees and Expenses of Klestadt Winters Jureller Southard & Stevens, LLP, Counsel to Pacific Andes Resources Development Limited, the Debtor and Debtor in Possession, Pursuant to Bankruptcy Code Sections 330 and 331 for the Period from September 29, 2016 through October 31, 2016 [Dkt. No. 220]; Second Monthly Fee Statement of Fees and Expenses of Klestadt Winters Jureller Southard & Stevens, LLP, Counsel to Pacific Andes Resources Development Limited, the Debtor and Debtor in Possession, Pursuant to Bankruptcy Code Sections 330 and 331 for the Period from November 1, 2016 through November 30, 2016 [Dkt. No. 274].

[4] *See* First Monthly Fee Statement of Goldin Associates, LLC for Allowance of Administrative Claim For Compensation and Reimbursement of Expenses Incurred from June 30, 2016 through September 30, 2016 [Dkt. No. 204]; Second Monthly Fee Statement of Goldin Associates, LLC for Allowance of Administrative Claim For Compensation and Reimbursement of Expenses Incurred from October 1, 2016 through October 31, 2016 [Dkt. No. 235]; Third Monthly Fee Statement of Goldin Associates, LLC for Allowance of Administrative Claim For Compensation and Reimbursement of Expenses Incurred from November 1, 2016 through November 30, 2016 [Dkt. No. 271].

5

how they were documented or otherwise reflected in the books and records of the respective entities.[5]

8. Importantly, the Moving Debtors have failed to prepare and deliver any form of business plan for the Moving Debtors. Pursuant to the Order Extending the Exclusive Periods During Which Certain Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof [Dkt. No. 256] (the "**Exclusivity Order**"), the Moving Debtors (other than PARD) were required to present a plan term sheet along with an accompanying business plan on or before December 16, 2016. *See* Exclusivity Order at ¶ 7. The context of the Cases changed following appointment of the Chapter 11 Trustee: absent the benefit of his perspective in respect of the Peruvian operations, the delivery of a plan term sheet for a global restructuring may be of limited utility. Maybank recognized this and confirmed to the Moving Debtors that – subject to delivery of business plans – it was not expecting a full term sheet. However, the delivery of a business plan that outlines the operational plans for the Moving Debtors (including their ongoing relationships to non-Debtor affiliates), developed with the benefit of their highly competent professionals, who were apparently available for discussion in the week beginning November 14, 2016 (*See* 2nd Exclusivity Motion at ¶ 27; PARD's Exclusivity Motion at ¶ 33), was reasonably anticipated. The failure to prepare such a business plan in accordance with the Exclusivity Order, particularly in relation to the non-Peruvian operations where the Chapter 11 Trustee is not in place, is a breach to which Maybank has not consented.

9. As noted above, the corporate group of which the Moving Debtors form part was not operated solely by reference to CFG Peru and the Peruvian operations. Creditors at other levels within the capital structure expect to see progress from the Debtors under all the Cases and

---

[5] The information received by Maybank each month generally identifies the following for each payment: (i) the amount and general purpose for such payment, (ii) non-Debtor affiliate making such payment, (iii) the non-Debtor affiliate on behalf of whom the payment was made, and (iv) the Debtor to whom the payment relates.

their advisors with regard to understanding operational requirements and formulating appropriate business plans in conjunction with the efforts of the Chapter 11 Trustee.

10.     Not only have the Moving Debtors not done what should be reasonably expected of Chapter 11 debtors, they also have not delivered the forensic report allegedly being prepared by RSM Corporate Advisory (Hong Kong) Limited ("**RSM Report**") for the so-called "independent committees" of PAIH and PARD.  Ms. Jessie Ng originally indicated that the RSM Report was estimated to be completed by the end of September 2016.[6]  While Maybank has reason to question the independence of the committees and their counsel, it is anxious to review and analyze the RSM Report which it assumes must examine with a critical eye the many third party transactions that remain, nearly six months into these Cases, unexplained.  An opportunity to discuss the status of the issuance of the report has now been offered by the committees' counsel, as provided for in the Exclusivity Order, but there is little doubt that the Moving Debtors will attempt to justify their own failure to investigate and pursue potential claims and causes of action by pointing to the ever pending delivery of the RSM Report.

11.     The Moving Debtors remain parked in Chapter 11 at the expense of Maybank, among others, who is not receiving principal or interest payments, whether from Debtors or their non-Debtor affiliate obligors.

---

[6] *See Declaration of Ng Puay Yee in Opposition to the Lenders' Motion for the Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(A)(2)* [Dkt. No. 105]; ¶ 35.

## CONCLUSION

Among the Chapter 11 Trustee's early successes is the Stipulation By And Among The Chapter 11 Trustee, CFGI Investment S.A.C., Corporacion Pesquara Inca S.A.C., and Sustainable Fishing Resources S.A.C. (the "**Stipulation**") which, among other things, led to the withdrawal of the Peruvian insolvency proceedings. In connection with the Stipulation, the Chapter 11 Trustee agreed to support an extension of the exclusivity periods for the Moving Debtors consistent with the Exclusivity Motions. However, it is understood that the Chapter 11 Trustee's mandate remains at the CFG Peru level, corresponding to the structural positioning of the appointment; and Maybank asserts that the Moving Debtors should continue to honor their obligations to creditors higher in the capital structure.

Dated:  December 28, 2016
        New York, New York

                            **MAYER BROWN LLP**

                    By:    /s/ Frederick D. Hyman
                          Frederick D. Hyman (FH7832)
                          Christine A. Walsh (CW9533)
                          MAYER BROWN LLP
                          1221 Avenue of the Americas
                          New York, New York 10020
                          Telephone No.:  212 506-2500
                          Facsimile No.:  212 262-1910

                          *Attorneys for Malayan Banking Berhad,*
                          *Hong Kong Branch*