DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Timothy Graulich
Elliot Moskowitz
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800

BOIES SCHILLER FLEXNER LLP
Scott E. Gant (application for *pro hac vice* admission pending)
1401 New York Avenue, NW
Washington, DC 20005
Telephone:    (202) 237-2727
Facsimile:    (202) 237-6131

- and -

Damien J. Marshall
575 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-2300
Facsimile:    (212) 446-2350

*Counsel to The Hongkong and Shanghai Banking Corp. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CHINA FISHERY GROUP LIMITED (CAYMAN), *et al.*,[1]<br><br>     Debtors. | Case No. 16-11895 (JLG)<br><br>Chapter 11 (Jointly Administered)<br><br>Related Docket No. 303 |

**LIMITED OBJECTION OF THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, TO THE APPLICATION OF WILLIAM A BRANDT, JR., CHAPTER 11 TRUSTEE FOR CFG PERU INVESTMENTS PTE. LTD. (SINGAPORE), FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND 330, AUTHORIZING RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL LITIGATION COUNSEL EFFECTIVE *<u>NUNC PRO TUNC</u>* <u>TO DECEMBER 23, 2016</u>**

---

[1] The debtors in these cases (the "**Debtors**") are China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman) and Pacific Andes Resources Development Limited.

The Hongkong and Shanghai Banking Corporation Limited ("**HSBC-HK**"), by and through its counsel, submits this limited objection to the Application of William A. Brandt, Jr., Chapter 11 Trustee for CFG Peru Investments PTE. LTD. (Singapore) (the "**Trustee**"), for Entry of an Order, Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 330, Authorizing Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**") as Special Litigation Counsel Effective *Nunc Pro Tunc* to December 23, 2016 [ECF No. 303][2] (the "**Application**").  In support, HSBC-HK respectfully states the following:

## PRELIMINARY STATEMENT

1.    In the Application, the Trustee seeks authority to employ his third law firm. HSBC-HK takes no issue with the Trustee's selection of Quinn Emanuel as his counsel.  The firm is qualified and experienced, and a trustee is generally entitled to the counsel of his choice for conducting appropriate work authorized by the Court.

2.    HSBC-HK takes significant issue, however, with the proposed purpose for Quinn Emanuel's engagement.  While the Trustee seeks open-ended authority to have Quinn Emanuel work on "any additional matters that the Trustee specifically instructs" in the future, the only specific rationale for the engagement is to serve as "special litigation counsel" to investigate and potentially litigate against HSBC-HK.[3]

3.    But these activities by Quinn Emanuel on behalf of the Trustee would be both inappropriate and unwarranted for several reasons.  First, the Trustee should be focused on what

---

[2] "ECF No. ___" citations refer to Electronic Case Filing documents in Case No. 16-11895; all pin citations utilize the Court's pagination (rather than ECF pagination).  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Court's Memorandum Decision and Order Granting Motion for the Appointment of a Chapter 11 Trustee [ECF No. 203].

[3] [*See* ECF No. 303 Ex. D at 2 (Quinn Emanuel engagement letter stating that "[i]nitially, the engagement will be to assist the Trustee in examining the role and conduct of Hongkong and Shanghai Banking Corporation Limited ('HSBC') in respect of CFG Peru or its affiliates and, if warranted, the defenses of claims asserted by or the prosecution of litigation against HSBC . . . .").]

this Court has described as his "most important" responsibility—maximizing the value of the Peruvian Business for the benefit of all creditors—rather than expending significant estate resources and time investigating and potentially litigating against HSBC-HK.  At a minimum, the discovery sought by the Trustee—and any litigation preparation—is premature while this process unfolds.  Second, as will be set forth in detail in HSBC-HK's forthcoming objection to the Trustee's motion filed under Federal Bankruptcy Rule 2004 [ECF No. 299] (the "**2004 Motion**"),[4] the Trustee's proposal for Quinn Emanuel to commence a major discovery campaign against HSBC-HK faces significant legal obstacles, including:  (i) HSBC-HK is not a creditor of the Debtor for which the Trustee was appointed; (ii) the Court lacks jurisdiction over potential claims against HSBC-HK, which conducts no business in the United States and had no contact with any of the Debtors in the United States; and (iii) several of the "topics" Quinn Emanuel seeks to investigate about HSBC-HK concern lawful petitioning activity outside of the United States which could not serve as the basis for any claims or other affirmative relief by the Trustee.  Finally, to the extent any discovery is warranted, Quinn Emanuel's exclusive focus on HSBC-HK without consideration of the conduct of the Debtors—which was the basis for the Trustee's appointment in the first instance—will not afford the Trustee or the Court a complete picture relevant to potential claims and defenses.

---

[4] HSBC-HK's response to the Trustee's 2004 Motion will more fully address issues relevant to the Application, and is incorporated by reference herein.  The Trustee agreed to extend the deadline for HSBC-HK to object to the 2004 Motion until February 6, 2017 [*see* ECF No. 330], but declined HSBC-HK's request to extend the deadline for response to the Application to the same date.

4. Accordingly, the appointment of Quinn Emanuel to investigate, commence discovery of and potentially bring claims against HSBC-HK would lead to unnecessary distraction, delay, and expense—and, at best, is premature.[5]

## LIMITED OBJECTION

### I. The Application Is Improperly Scoped and Premature

5. HSBC-HK and other creditors have long been concerned about the operation and credibility of the various Debtors, their management and owners. [*Accord, e.g.*, ECF No. 203 at 35-36 (Court order appointing Trustee, describing evidence supporting creditors' "good reason to question the trustworthiness of the Debtors"); *id.* at 39 (listing creditors' "good reasons" for having "lost all confidence in the Debtors' management").] Indeed, it was based on these (and other)[6] legitimate concerns that the Trustee was appointed. [*See id.*]

6. The Court described the proposed role of the Trustee as follows: "To be sure, a trustee will be able to review and address the Debtors' multi-billion intercompany balances and investigate any alleged accounting irregularities, without the conflicts of interest that plague current management. Moreover, a trustee can facilitate between hostile parties in the proposal, review and/or negotiation of a reorganization strategy. Most importantly, however, is that a trustee is in the best position to evaluate the optimal way to maximize the value of the Peruvian

---

[5] This limited objection is not, and should not be deemed or construed to be, a consent to jurisdiction of the Bankruptcy Court, or the courts of the United States, over HSBC-HK. HSBC-HK expressly reserves any and all defenses or objections it may have to claims or actions asserted against it including, without limitation, any defense based on insufficient service of process, jurisdiction (including personal jurisdiction), or capacity to be sued, and this limited objection shall not be deemed or construed to waive any of the foregoing. Further, this limited objection is not, and should not be deemed or construed to be, a waiver of any of HSBC-HK's other substantive or procedural rights or claims, actions, defenses, set-offs, or recoupments, all of which HSBC-HK expressly reserves.

[6] As the Court acknowledged in granting the requested relief, the creditors also argued that a Chapter 11 trustee would be able to "avoid contentious litigation between the parties"—a result that is inconsistent with Quinn Emanuel's proposed mandate. [*See* ECF No. 203 at 44.]

4

Business and to determine how to realize that value for the benefit of the Debtors' estates and creditors." [*Id.* at 47-48.]

7. The Application to employ "special litigation counsel" is premature because the Trustee should be exclusively focused now on the primary purpose for his appointment—maximizing the value of the Peruvian Business for the benefit of all stakeholders—and not on pursuing discovery against HSBC-HK as an initial step toward litigating against HSBC-HK.

8. Moreover, the Trustee's current proposed scope for Quinn Emanuel is too broad as to HSBC-HK but far too narrow if it ever becomes appropriate to consider litigation, because any investigation of HSBC-HK would be inextricably linked to the conduct of the Debtors and their management and ownership who may have engaged in various forms of misconduct.[7]

## II. The Application Is Likely To Lead to Unnecessary Distraction, Delay, and Expense

9. The immediate Application cannot be divorced from the Trustee's 2004 Motion, which seeks authorization to issue subpoenas to HSBC-HK (and "its affiliates") for documents and witness testimony.

10. As will be more fully set forth in HSBC-HK's objection to the 2004 Motion, to prevail, the Trustee will need to overcome significant legal and procedural hurdles, including that:

---

[7] [*See* ECF No. 203 at 39-40 (referring to "management's deliberate and premeditated breach of the Deeds of Undertakings"; "management's surreptitious planning of global bankruptcy and insolvency filings"; "management's attempt to protect real estate holdings by transferring them to related parties"; "several billion dollars of unexplained intercompany transactions"; "hundreds of millions of unexplained purported prepayments to Russian entities"; "hopelessly conflicted advisors to the Independent Review Committee charged with investigating those suspicious prepayments"; "admitted misrepresentation regarding the receipt of $31 million of LSA termination repayments"; "the removal of all agreed-to oversight by independent third parties"; "conflicts of interest of management"; "management's large investments in the Debtors that have motivated management to oppose a sale of the Peruvian Business"; "management's ties to outsiders reaching into lower levels of the Debtors and their affiliates"; and "the uncertainty surrounding the Ng Family's ability to control the Peruvian Business").]

5

- The Court lacks jurisdiction over potential claims against HSBC-HK, a foreign entity which does no business in the United States, much less any business in the United States relating to these Debtors;

- The Trustee has failed to observe the requirements for proper service and taking of discovery from foreign parties that govern U.S. federal proceedings;

- The discovery proposed by the Trustee to date is designed to investigate (i) HSBC-HK's legitimate invocation of the jurisdiction and powers of the courts of foreign sovereigns and (ii) the exercise by the courts of those foreign countries, and by the officers duly appointed by those courts, of the sovereign authority granted to them, neither of which should be heard by this Court unless and until the foreign courts have a chance first to hear them, and neither of which in any case may serve as the basis for any claims or other affirmative relief by the Trustee; and

- Even if, as the Trustee asserts, Rule 2004 permits the Trustee to engage in a "fishing expedition" [*id.* at 14], a "fishing expedition" against a non-debtor to seek some basis for asserting an affirmative claim is not appropriate at this time in view of the Trustee's mandate and limited scope of appointment.

11.     There is no reason for the Court and the parties to deal with these issues at this juncture (if ever). Depending on the results of a sale process, these issues may become moot because the estate may collect proceeds sufficient to repay all creditors.

12.     If the Trustee needs "conflicts counsel" for matters related to HSBC-HK, HSBC-HK has no objection to such retention, provided the scope of any such retention is properly scoped so that the Trustee and its counsel will seek all relevant evidence to develop a broad and informed perspective, rather than narrowly focus on considering litigation solely against HSBC-HK.

13.     At a minimum, this Court should deny or at least defer any discovery until the Trustee has made a showing that he has a concrete plan for fulfilling the most significant portion of his mandate—maximizing the value of the Peruvian Business and realizing that value for the benefit of the estate and creditors.

## **CONCLUSION**

14. In light of the foregoing, HSBC-HK respectfully requests that any order approving the Application (i) set forth an appropriate scope or limitation that does not permit the use of estate assets for "litigation" until further order of the Court; and (ii) require the Trustee to engage appropriately with all relevant parties without initiating an extensive and expensive discovery campaign against HSBC-HK (which, as will be described in HSBC-HK's objection to the 2004 Motion, is not appropriate in any event).

15. Moreover, given the inherent link between the Application and the 2004 Motion, HSBC-HK respectfully suggests that the Court address both requests together in a single hearing.

Dated: New York, New York
January 31, 2017

| DAVIS POLK & WARDWELL LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| By: /s/ Elliot Moskowitz | By: /s/ Scott E. Gant |
| Donald S. Bernstein | Scott E. Gant (application for *pro hac vice* admission pending) |
| Timothy Graulich | |
| Elliot Moskowitz | 1401 New York Avenue, NW |
| 450 Lexington Avenue | Washington, DC 20005 |
| New York, New York 10017 | Telephone: (202) 237-2727 |
| Telephone: (212) 450-4000 | Facsimile: (202) 237-6131 |
| Facsimile: (212) 701-5800 | |
| | - and - |
| | Damien J. Marshall |
| | 575 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-2300 |
| | Facsimile: (212) 446-2350 |

*Counsel to The Hongkong and Shanghai Banking Corp. Ltd.*