# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **ROBIN JOACHIM DARTELL, et al.,** | : | |
| Plaintiffs, | : | Civil Action No. 14-3620 (JMV) |
| v. | : | |
| **TIBET PHARMACEUTICALS, INC., et al.,** | : | ORDER |
| Defendants. | : | |

This matter having come before the Court by way of Plaintiffs Robin Joachim Dartell, Edmund Obasi, Jude Shao, Lixin Wu, and Jason Helton's (collectively, "Plaintiffs") motion to compel non-party HSBC Bank, USA, N.A.[1] ("HSBC Bank USA") to comply with Plaintiffs' subpoena ("Subpoena") which seeks documents concerning bank account transactions in an account located at The Hongkong and Shanghai Banking Corporation Ltd. ("HSBC HK") [D.E. 173];[2]

---

[1] It is useful to provide some overview of the corporate entities relevant to this dispute. HSBC Holdings plc is a United Kingdom holding corporation for, among other entities, HSBC North America Holdings Inc. and HSBC Investments (North America) Inc. See Declaration of Sara Fuks, Ex. G, D.E. 173-9 (HSBC Group Simplified Structure Chart). Those companies, along with HSBC USA Inc., appear to be intermediate holding companies. Id. HSBC Investments (North America) Inc. has as its wholly owned subsidiary HSBC USA Inc. Id. HSBC Bank USA, N.A. is a wholly owned subsidiary of HSBC USA Inc.

HSBC Holdings plc also is the holding company for HSB Holdings BV and HSBC Asia Holdings (UK) Limited. Id. It appears that The Hongkong and Shanghai Banking Corporation Ltd. is a wholly owned subsidiary of HSBC Asia Holdings (UK) Limited. Id. See also Declaration of Lorie M. Perrin, Dec. 21, 2015, D.E. 176-1, ¶ 3 ("Perrin Decl.").

[2] This action arises from the consolidation of related cases wherein Plaintiffs seek to recover damages caused by Defendants' alleged violations under the Securities Act of 1933 (the

and Plaintiffs arguing that: (1) this Court has authority to order HSBC Bank USA to produce records from HSBC HK accounts because this Court has personal jurisdiction over HSBC, and HSBC controls the documents requested by the Subpoena; and (2) the relevant factors weigh in favor of compelling production from HSBC Bank USA, Pls.' Br. in Supp. of Mot. to Compel at 4-14, D.E. 173-1;

and HSBC Bank USA opposing Plaintiffs' motion, arguing that: (1) the motion was brought in the wrong Court; (2) HSBC Bank USA does not have access to or control over documents held by foreign affiliates; and (3) the requested information is not relevant to Plaintiffs' case, HSBC Bank USA's Opp'n Br. at 1, Dec. 21, 2015, D.E. 176;[3]

---

"Securities Act"). See Order, Jan. 9, 2013, D.E. 36; Am. Compl., May 1, 2013, D.E. 50. The Amended Complaint states that "[t]his is a federal securities action on behalf of a class consisting of all persons other than defendants who purchased the common stock of Tibet in the Company's Initial Public Offering ("IPO") on January 24, 2011 or purchased Tibet stock thereafter in the stock market pursuant, and/or traceable to, the Company's Registration Statement and Prospectus issued in connection with the IPO during the period from January 24, 2011 to April 3, 2012 (the "Class Period")." Am. Compl. ¶ 1, D.E. 50.

Plaintiffs argue that on March 25, 2015, Plaintiffs served HSBC Bank USA with the Subpoena at its offices in New York. Pls.' Br. in Supp. of Mot. to Compel at 1, Dec. 1, 2015, D.E. 173-1. Plaintiffs seek documents concerning the net proceeds from Defendant Tibet Pharmaceuticals, Inc.'s ("Tibet") IPO "held in any HSBC account in any state or foreign country, (including without limitation Hong Kong)" held by any of approximately fifteen entities or individuals. Declaration of Sara Fuks, Ex. A, Jan. 11, 2016, D.E. 179-2. Plaintiffs argue that Tibet has defaulted, and none of the remaining Defendants possess the documents sought by the Subpoena. Plaintiffs argue that because records confirm that the IPO proceeds were transferred to an HSBC account in Hong Kong, HSBC is the only remaining avenue for information regarding the disposition or location of the IPO proceeds. Id.

[3] HSBC Bank USA argues that Rule 45 of the Federal Rules of Civil Procedure requires that motions to compel compliance with a subpoena be filed in "the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). Here, Plaintiffs served the Subpoena at HSBC Bank USA's office in New York, and the Subpoena demands compliance at Plaintiffs' counsel's law office in New York. Therefore, HSBC Bank USA argues that the Southern District of New York is the proper district for filing any subpoena-related motions. HSBC Bank USA's Opp'n Br. at 8, D.E. 176.

2

and the Court having considered the parties' submissions, the record, and the applicable law;

and Rule 45 of the Federal Rules of Civil Procedure, which governs subpoenas, stating that if a person commanded to produce documents or tangible things or to permit inspection objects to the subpoena, then "the serving party may move the court for the district where compliance is required for an order compelling production or inspection[,]" Fed. R. Civ. P. 45(d)(2)(B)(i);

and Plaintiff having re-issued the Subpoena revising their New Jersey offices as the location at which HSBC may produce documents, see Pls.' Reply Br. at 3, Jan. 11, 2016, D.E. 179; Declaration of Sara Fuks at ¶2 & Ex. A, Jan. 11, 2016, D.E. 179-1 to 179-2;

and it therefore appearing that any compliance with the Subpoena would occur within this District, and that the motion to compel is properly before this Court;

and Rule 45 further stating that "[e]very subpoena must … command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things **in that person's possession, custody, or control**;" Fed. R. Civ. P. 45(a)(1)(iii) (emphasis added);

and as a matter of law, a corporation is presumed to have custody and control of its own records, and the burden of proving otherwise is on the corporation, see e.g., Hunger Douglas, Inc. v. Comfortex Corp., 1999 WL 14007, at *3 n.6 (S.D.N.Y. Jan. 11, 1999);

and courts construing the word "control" broadly, finding that "[t]he test to determine whether a corporation has custody and control over documents located with [a foreign] affiliate is not whether the corporation has legal title to those documents … Rather, the test focuses on whether the corporation has 'access to the documents' and 'ability to obtain the documents.'"

3

Hunger Douglas, 1997 WL 14007, at *3 (citing Addamax Corp. v. Open Software Found, Inc., 148 F.R.D. 462, 467 (D. Mass. 1993));

and courts "declin[ing] to apply a broader definition of 'control' that would also include an inquiry into the practical ability of the subpoenaed party to obtain documents[,]" and therefore, "[a]lthough control is often found when a parent corporation is requested to produce documents of a wholly-owned subsidiary, separate and distinct corporate entities are not readily disregarded, 'except in rare circumstances justifying the application of the alter ego doctrine to pierce the corporate veil of the subsidiary.'" Cradle IP LLC v. Texas Instruments, Inc., 2013 WL 1794992, at *1 (D. Del. Apr. 29, 2013) (internal citations omitted);

and the Court finding that Plaintiffs fail to meet their burden of demonstrating that HSBC Bank USA is in possession, custody, or control of the documents concerning the account in Hong Kong;[4]

---

[4] Plaintiff's application conflates the corporate identities of HSBC Bank USA and HSBC HK. According to HSBC Bank USA's Corporate Disclosure Statement, it is a "wholly-owned subsidiary of HSBC USA, Inc., which is indirectly owned by HSBC Holdings plc, a United Kingdom corporation. The shares of HSBC Holdings plc are traded on certain foreign stock exchanges and are traded over the counter in the United States as sponsored American depository receipts." Corporate Disclosure Statement, Dec. 21, 2015, D.E. 175. HSBC Bank USA has also demonstrated that HSBC Holdings plc indirectly owns HSBC HK. See Exh. G to Fuks Decl., D.E. 173-9. HSBC USA and HSBC HK are two separate and distinct entities. While HSBC plc indirectly owns both of them, they are otherwise unrelated. Therefore, it does not appear that HSBC USA and HSBC HK are "so intertwined as to render meaningless their separate corporate identities." Novartis Pharm. Corp. v. Eon Labs Mfg., Inc., 206 F.R.D. 392, 395 (D. Del. 2002).

More importantly, the Court is satisfied that HSBC Bank USA lacks "control over, or the ability to access information regarding the accounts of foreign HSBC entities." Perrin Decl. ¶ 6, D.E. 176-1. HSBC Bank USA has certified that it maintains its own computer systems and databases, separate and apart from any systems or databases of HSBC HK or other foreign HSBC entities. Id. ¶ 7. HSBC Bank USA does not have access to the account records maintained by HSBC HK or other foreign HSBC entities. Id. Additionally, HSBC Bank USA cannot compel HSBC HK or other foreign HSBC entities to produce such information. Id. Therefore, the Court is not persuaded that HSBC Bank USA is in possession, custody, or control of the documents that Plaintiffs seek. In this regard, it bears noting that HSBC Bank USA has

4

and the Court further finding that the corporate relationship between HSBC Bank USA and HSBC HK does not present the "rare circumstances" to justify disregarding the separate and distinct corporate identity of HSBC, see Cradle IP LLC, 2013 WL 1794992, at *2;

**IT IS on this** 26th day of February 2016,

---

certified that it searched its records for information responsive to the Subpoena, but found nothing responsive. Id. ¶ 4.

This situation is distinguishable from Milliken & Co. v. Bank of China, 758 F. Supp. 2d 238 (S.D.N.Y. Dec. 6, 2010) and Vera v. Republic of Cuba, 91 F. Supp. 3d 561 (S.D.N.Y. Mar. 17, 2015), on which Plaintiffs rely. The court in Milliken found that plaintiff was not required to follow Hague Convention protocol in order to obtain discovery from defendant bank, reasoning that the bank, "over which the court has jurisdiction due to the presence of branches in this district, has effective control over documents and information maintained by its branches and could be compelled to make production[.]" Milliken, 758 F. Supp. 2d at 247. In Vera, the court noted that the information requested by the subpoena at issue "can be found via electronic search performed in BBVA's New York office, and are within this jurisdiction." Vera, 91 F. Supp. 3d at 571.

In this case, by contrast, there has been no showing that HSBC Bank USA has effective control over HSBC HK. HSBC Bank USA is neither a parent company nor holding company of HSBC HK. And it appears that HSBC Bank USA has neither access to HSBC HK's records nor the ability to compel HSBC HK to produce those records. The best evidence Plaintiffs provide to try to establish access and control is reference to HSBC's Global View and Global Transfer systems. But it appears that those systems are strictly customer-facing systems to which HSBC Bank USA employees do not have access. Declaration of Alex Kalinovsky ¶ 3, Dec. 21, 2015, D.E. 176-2 ("Kalinovsky Decl."). Even if employees had such access, it is far from clear that would make it more likely than not that HSBC Bank USA has access to HSBC HK's records, because the Global View system "only provides the customer with a present-time snapshot of their account balances with other affiliates. No historical transactions or balance information is available or saved." Id. ¶ 4. Therefore, Plaintiffs' arguments that HSBC Bank USA has custody and possession of the information requested by the Subpoena because of customer access to account information through Global View is unpersuasive. See Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc., 233 F.R.D. 143, 145-46 (D. Del. 2005) (quashing subpoena that was served on non-party American company upon finding that American company had no control over documents it would have been required to obtain from foreign parent company).

Finally, although the parties raise arguments regarding relevance of the information sought, the Court has found that HSBC Bank USA is not in possession, custody, or control of the documents requested by the Subpoena, and need not reach the relevance issue.

5

**ORDERED** that Plaintiffs' motion to compel compliance [D.E. 173] is denied; and it is further

**ORDERED** that HSBC Bank USA's motion to quash the subpoena [D.E. 180] is granted for the same reasons set forth above.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**