**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.
Christopher Reilly

*Counsel to Pacific Andes Resources*
*Development Limited, Debtor and Debtor-in-*
*Possession*

**Presentment Date: March 27, 2017 at**
**12:00 pm (NY Time)**
**Objection Deadline: March 24, 2017 at**
**4:00 pm (NY Time).**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

**In re:**

**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et*
*al.* [1]

                                        **Debtors.**
-----------------------------------------------------------------x

**Chapter 11**

Case No.  16 – 11895 (JLG)

**Jointly Administered**

**DEBTOR PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED'S**
**APPLICATION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 509(B)(9),**
**FED. R. BANKR. P. 2002 AND 3003(c)(3), AND LOCAL RULE 3003-1 (I)**
**ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM**
**AND PROCEDURES RELATED THERETO AND**
**(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Debtor Pacific Andes Resources Development Limited ("PARD"), a debtor and debtor in

possession, by its counsel, Klestadt Winters Jureller Southard & Stevens, LLP, hereby submits

---

[1] The "Debtors" are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings
Limited (Bermuda) ("PAIH"); N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping
Agency Limited (BVI) (SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore)
Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI)
("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK)
("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI)
("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited
(Singapore) ("CFG Peru Singapore") ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment
Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD")(the
Debtors, excluding PARD, as the "Affiliated Debtors").

its Application for an Order, pursuant to 11 U.S.C. §509(b)(9), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3003-1, (I) Establishing the Deadline for Filing Proofs of Claim and Procedures Relating Thereto and (II) Approving the Form and Manner of Notice Thereof (this "Application"). In support of the Application, PARD respectfully represents as follows:

## BACKGROUND

1.    On September 29, 2016 ("Petition Date"), PARD filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code under case number 16-12739 (JLG).

2.    On June 30, 2016, each of the Affiliated Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.    The Debtors, other than CFG Peru Singapore, are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    William A. Brandt, Jr. (the "Chapter 11 Trustee") has been appointed as chapter 11 trustee for CFG Peru Singapore by Court Order dated November 10, 2016 [ECF Dkt. No. 219].

5.    PARD's chapter 11 case and the Affiliated Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under case number 16-11895 (JLG).

6.    No creditors' committee has been appointed in PARD's chapter 11 case.

7.    The Court and interested parties are respectfully referred to the *Declaration of Ng Puay Yee Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and In Support of the Debtor's First Day Motions and Applications* (the "First Day

Declaration") [ECF PARD Dkt. No. 13][2] filed on October 10, 2016, and incorporated herein by reference, for a detailed description of PARD's business, property and financial condition.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The predicates for the relief requested herein pursuant to 11 U.S.C. § 509(b)(9), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 3003-1, and consistent with *General Order M-386 of the United States Bankruptcy Court for the Southern District of New York*, dated November 24, 2009 (the "Bar Date Guidelines").

## RELIEF REQUESTED

10.     By this Application, PARD requests that pursuant to Bankruptcy Rule 3003(c)(3), the Court:

(a)     Establish **May 12, 2017 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) and each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim (each a "Proof of Claim") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against PARD (the "Bar Date");

(b)     approve the proposed procedures for filing Proofs of Claim;

(c)     approve the proposed procedures for providing notice of the Bar Date, including, among other things, the procedures for mailing notice (the "Bar Date Notice") substantially in the form attached as Annex I to the proposed order annexed as Exhibit A hereto (the "Proposed Order");

---

[2] "ECF PARD Dkt No." shall refer to docket entries under Case No. 16-12739.  This case is now jointly administered under Case No. 16-11895 pursuant to Order dated 10/28/16 [ECF Dkt. No. 34].  "ECF Dkt. No." shall refer to docket entries in the jointly administered cases, Case No. 16-11895.

(d)    approve the proposed Proof of Claim form (the "Proof of Claim Form"), in the form attached as Annex II to the Proposed Order; and

(e)    approve the proposed form of shortened version of the Bar Date Notice for purposes of publication (the "Publication Bar Date Notice"), substantially in the form attached as Annex III to the Proposed Order.

## BASIS FOR RELIEF REQUESTED

11.    Bankruptcy Rule 3003(c)(3) provides that the court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.  Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled in the debtor's statements of financial affairs, schedules of assets and liabilities and schedules of executory contracts or whose claim is scheduled as disputed, contingent or unliquidated must file a proof of claim.

12.    Requests for bar date orders must conform substantially to the standard order and notice provided in the Bar Date Guidelines.

13.    The establishment of the Bar Date requested herein will enable PARD to process and analyze asserted claims in a timely and efficient manner.  The Bar Date and notice procedures requested herein will give all creditors ample opportunity to prepare and file their proofs of claim.

## THE PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM

14.    PARD proposes the following procedures for filing Proofs of Claim:

(a)    Unless otherwise provided herein, the Bar Date shall be **May 12, 2017 at 5:00 p.m. (Eastern Time)**.

(b)    Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using exchange rate, if applicable, as of the Petition Date); (iii) conform to the Proof of Claim Form annexed to the Proposed Order (Official Bankruptcy Form No. B 410); (iv) specify by name and case number the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi)

4

include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(c)    If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor.

(d)    Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file Proofs of Claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.  Those without accounts to the CM/ECF system may (i) electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov, or (ii) mail or deliver the original Proof of Claim by hand to the United States Bankruptcy Court, Southern District of New York (the "Bankruptcy Court"):

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 534**
> **New York, New York 10004-1408**

(e)    A Proof of Claim will be deemed filed only if and when it is actually received by the Court, (i) at the address listed above in subparagraph (d) or (ii) electronically through CM/ECF system, on or before the Bar Date.

(f)    The Bankruptcy Court shall not be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claims filed through CM/ECF system).

(g)    Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in PARD's case) or be forever barred from doing so.

(h)    Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the Bar Date unless an exception identified in paragraph (j) below applies.

(i)    In the event that PARD amends or supplements its Schedules subsequent to the date of entry of the proposed order, PARD shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(j)    The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, with respect to the claims described below:

    (i)    Any person or entity whose claim is listed on the Schedules filed by PARD, provided that (a) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated;" <u>and</u> (b) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (c) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

    (ii)    As the claim of the SGD Bondholders is scheduled as an undisputed claim, there is no requirement for the Trustee or the SGD Bondholders to file a Proof of Claim in relation to the scheduled claim;

    (iii)    Any person or entity whose claim has been paid in full by PARD;

    (iv)    Any holders of equity interests in PARD need not file proofs of interest with respect to the ownership of such interests, <u>provided</u>, <u>however</u>, that if any such holder asserts a claim against PARD (including a claim relating to an interest or the purchase or sale of such interests), a Proof of Claim for such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth herein.

    (v)    Any holder of a claim allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense of administration of PARD's estate; and

    (vi)    Any holder of a claim that heretofore has been allowed by order of this Court;

    (vii)    Any holder of a claim for which specific deadlines have previously been fixed by this Court;

    (viii)    Any person or entity that has already filed a proof of claim against PARD with the Clerk of the Bankruptcy Court for the southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

> (ix) Professionals whose retentions in this Chapter 11 Case have been approved by the Bankruptcy Court, to the extent that such professional's claim against PARD is for post-petition amounts due.

15. <u>Singapore Dollar Bonds:</u>   PARD issued S$200,000,000 (approximately US$149,000,000) 8.50% unsecured and unguaranteed bonds ("<u>SGD Bonds</u>") pursuant to a trust deed dated July 30, 2014 (the "<u>Trust Deed</u>") between PARD (as issuer) and The Hongkong and Shanghai Banking Corporation Limited ("<u>HSBC</u>") as trustee for holders of the SGD Bonds. The indebtedness of PARD to HSBC (Corporate Trust & Loan Agency, L30 HSBC Main Building, 1 Queen's Road Central, HONG KONG) with respect to the Trust Deed and SGD Bonds was scheduled by PARD on October 14, 2016 (the "SGD Claim").   On January 23, 2017, PARD filed its Amended Schedule E/F, stating the SGD Claim amount as US$161,206,660 and removing the "disputed" designation from its scheduling of the unsecured indebtedness under the Trust Deed and SGD Bonds [DE 43]. Consequently, under *Fed. R. Bankr. P.* 3003(b)(1) it is unnecessary to file a proof of claim with respect to such indebtedness and the schedule constitutes prima facie evidence of the validity and amount of such claim. Nonetheless, to the extent HSBC or any successor or additional trustee appointed under the Trust Deed (the "Trustee") elects to file a proof of claim to amend, modify or supplement the SGD Claim (including to quantify or liquidate any presently contingent or unliquidated claim amount under the Trust Deed or SGD Bonds), PARD is proposing that such Trustee be authorized to do so on behalf of the Trustee and the holders of SGD Bonds (the "<u>SGD Bondholders</u>"). PARD reserves all rights with respect to any such proof of claim, including the right to object to, contest or otherwise dispute any such proof of claim.

7

16.     Similar to those set forth in the *Order Pursuant to 11 U.S.C. § 502(b)(9), Fed. R. Bankr. P. 2002 and 3003(c)(3), and Local Rule 3003-1 (I) Establishing Deadline for Filing Proofs of Claim And Procedures Relating Thereto and (II) Approving Form and Manner of Notice Thereof* ("Affiliated Debtors Bar Date Order") dated November 25, 2016 [Dkt No. 253], in the Affiliated Debtors' chapter 11 cases, PARD proposes to include the language set forth in the paragraphs below as part of the Proposed Order:

> ORDERED, the SGD Claim, as scheduled by PARD, shall be an allowed claim for the benefit of the Trustee and all SGD Bondholders without the need for the Trustee or any other person to file a proof of claim.

> ORDERED, that the Trustee is authorized pursuant to the Trust Deed (on the terms set forth therein) at any time after entry of the Bar Date Order, to file in PARD's case, a proof of claim to amend, modify or supplement the SGD Claim listed on PARD's schedules on behalf of all holders of SGD Bonds and itself in its capacity as the Trustee, in order to liquidate amounts that are owed under the Trust Deed or SGD Bonds but were contingent or unliquidated as of the Petition Date and such supplemental claim will be deemed timely to the extent that counsel for PARD was advised of such amounts substantially contemporaneously with the Trustee's becoming aware of their accrual or incurrence, and the Trustee shall provide evidence supporting any such liquidated amounts upon request of PARD; however, nothing contained herein shall limit or waive any right of (a) the Trustee to seek leave for cause to amend, modify or supplement the SGD Claim in any other respect or (b) PARD with respect to any such proof of claim, including the right to object to, contest or otherwise dispute any such proof of claim, or to object to such motion for leave.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

17.     Pursuant to Bankruptcy Rule 3003(c)(2), PARD proposes that any holder of a claim against PARD who is required, but fails to file a proof of such claim in accordance with any order approving this Application on or before the Bar Date shall be forever barred, estopped

and enjoined from asserting such claim against PARD (or filing a proof of claim with respect

thereto), and PARD and its property shall be forever discharged from any and all indebtedness or

liability with respect to such claim, and such holder shall not be permitted to participate in any

distribution in PARD's Chapter 11 Case on account of such claim or to receive further notices

regarding such claim.

## NOTICE OF THE BAR DATES

18.    Pursuant to Bankruptcy Rules 2002(a)(7), (f) and (l), and the Bar Date Guidelines,

PARD proposes to mail, within ten (10) business days of entry of an order granting the relief

requested herein, the Bar Date Notice, in a form substantially similar to the notice annexed as

**Annex I** to the Proposed Order, together with a copy of the Proof of Claim Form, to the

following parties:

    (i)    the Office of the United States Trustee for the Southern District of New York ("U.S. Trustee");

    (ii)    the Chapter 11 Trustee and his counsel;

    (iii)    all creditors and other known holders of claims at the address stated therein or as updated pursuant to a request by the creditor or by return mail from the post office with a forwarding address;

    (iv)    all parties actually known to PARD as having a potential claim against PARD;

    (v)    all counterparties to PARD's executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by return mail from the post office with a forwarding address;

    (vi)    all parties to pending litigation against PARD (as of the date of entry of the Proposed Order);

    (vii)    the Internal Revenue Service, the United States Attorneys' Office for the Southern District of New York, and all applicable Governmental Units;

    (viii)    all persons or entities that have filed claims (as of the date of entry of the order);

9

(ix)    all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of the order);

(x)    all parties that have requested notice pursuant to bankruptcy Rule 2002 (as of the date of entry of the order); and

(xi)    such additional person and entities deemed appropriate by PARD and not included in the foregoing.

**THE BAR DATE NOTICE**

19.    The proposed Bar Date Notice substantially conforms to the form annexed to the Bar Date Guidelines.  The Bar Date Notice notifies parties of:

(a)    the Bar Date;

(b)    who must file a Proof of Claim;

(c)    the procedure for filing a Proof of Claim;

(d)    the consequences for failing to timely file a Proof of Claim; and

(e)    where parties can find further information.

20.    PARD intends to supplement notice of the Bar Date by providing notice by publication consistent with the Guidelines and Bankruptcy Rule 2002(l).  *See* Fed. R. Bankr. P. 2002(l) ("The Court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice").  Such notice is appropriate for (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by PARD; (ii) known creditors with addresses unknown by PARD; and (iii) creditors with potential claims unknown by PARD.  Accordingly, PARD proposes to publish the Publication Bar Date Notice, with any necessary modifications for each of publication, once in the international edition of The Financial Times (FT), subject to applicable publication deadlines, at least twenty-eight (28) days prior to the Bar Date.  The proposed form of the Publication Bar

Date Notice is shorter that the Bar Date Notice being proposed for mailing to decrease the high costs of publication.

## THE PROPOSED BAR DATES AND NOTICE PROCEDURES ARE REASONABLY CALCULATED TO PROVIDE DUE AND PROPER NOTICE

21.    In accordance with Bankruptcy Rule 2002(a)(7), the debtor must provide at least twenty-one (21) days' notice of the deadline to file proofs of claim.  In addition, Bankruptcy Rule 2002(p)(2) requires debtors to provide thirty (30) days' notice to creditors with a foreign address.  The Bar Date Guidelines provide that "in most cases the suggested Bar Date should be at least 35 days after the mailing date and at least 28 days after the publication date."  Bar Date Guidelines ¶ 3.

22.    Under the Proposed Order, PARD will be providing no less than thirty-five (35) days' notice to all known creditors.  Accordingly, PARD submits that the proposed Bar Date and notice procedures provide sufficient time for all parties in interest, including foreign creditors, to assert their claims.  PARD submits, further, that because the proposed procedures will provide notice to all parties in interest by mail and notice to any unknown parties in interest by publication, PARD submits that the proposed notice procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in this Chapter 11 Case.

23.    Accordingly, PARD submits that no further or other notice of the Bar Date is necessary and that the proposed notice procedures provide due and proper notice of the Bar Date.

## NO CLAIMS AGENT IS REQUIRED

24.    Pursuant to the Bar Date Guidelines, PARD submits that a claims/noticing agent is not required in this case.

## OBJECTIONS TO CLAIMS AND RESERVATION OF RIGHTS

25.    PARD reserves all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds. PARD also reserves all rights and defenses with respect to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses to such claim. Further, PARD shall amend its Schedules as appropriate to the extent PARD disputes any claim listed on its Schedules and such claim is not already listed as disputed, contingent, or unliquidated.

26.    PARD reserves the right to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

27.    PARD submits that the relief requested by the Application should be granted, for the foregoing reasons, and that such relief is necessary and appropriate and is in the best interests of PARD's estate and creditors.

## NOTICE

28.    No trustee or examiner has been appointed in this Chapter 11 Case. Notice of this Application has been given to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel for the Affiliated Debtors; (iii) counsel for the Chapter 11 Trustee of CFG Peru Singapore, and (iv) all parties that have requested notice pursuant to bankruptcy Rule 2002. PARD submits that no other or further notice need be provided.

29.    No previous request for the relief sought herein has been made by PARD to this or any other court.

**WHEREFORE,** PARD respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

12

Dated:    New York, New York
          March 3, 2017

                                  **KLESTADT WINTERS JURELLER**
                                  **SOUTHARD & STEVENS, LLP**


                          By:   */s/John E. Jureller, Jr.*
                                _____
                                Tracy L. Klestadt
                                John E. Jureller, Jr.
                                Christopher J. Reilly
                                200 W. 41st St., 17th Floor
                                New York, New York 10036
                                Tel: (212) 972-3000
                                Fax: (212) 972-2245
                                Email: tklestadt@klestadt.com
                                       jjureller@klestadt.com
                                       creilly@klestadt.com
                                *Counsel to Debtor Pacific Andes Resources*
                                    *Development Limited*

13

**EXHIBIT A**

**PROPOSED BAR DATE ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                                    Chapter 11

CHINA FISHERY GROUP LIMITED (CAYMAN), *et*    Case No. 16 – 11895 (JLG)
*al.* [1]

                                                          Jointly Administered
                                    Debtors.
-------------------------------------------------------------------x

## ORDER, PURSUANT TO 11 U.S.C. § 509(B)(9), FED. R. BANKR. P. 2002 AND 3003(c)(3), AND LOCAL RULE 3003-1 (I) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM AGAINST DEBTOR PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED AND PROCEDURES RELATED THERETO AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the Application of Debtor Pacific Andes Resources Development Limited ("PARD"), for an Order, pursuant to 11 U.S.C. §509(b)(9), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3003-1, (I) Establishing the Deadline for Filing Proofs of Claim (the "Bar Date") and Procedures Relating Thereto and (II) Approving the Form and Manner of Notice Thereof (this "Application"), and it appearing that the relief requested is in the best interests of PARD, its estate, and creditors; and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Application is granted as provided herein; and it is further

---

[1] The "Debtors" are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"); N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) (SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD")(the Debtors, excluding PARD, as the "Affiliated Debtors").

**ORDERED** that the following procedures for filing Proofs of Claim[2] are approved:

(a)     Unless otherwise provided herein, the Bar Date shall be **May 12, 2017 at 5:00 p.m. (Eastern Time)**.

(b)     Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using exchange rate, if applicable, as of the Petition Date); (iii) conform to the Proof of Claim Form annexed to the Proposed Order (Official Bankruptcy Form No. B 410); (iv) specify by name and case number the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(c)     If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor.

(d)     Proofs of Claim must be filed either (i) electronically by authorized users of the Court's Electronic Case Filing System ("CM/ECF"); or (ii) for all others, by delivery of the original Proof of Claim form by hand, or mailing the original Proof of Claim form so as to be received on or before the Bar Date to the following address:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 534**
> **New York, New York 10004-1408**

(e)     A Proof of Claim shall be deemed timely filed only if it is **actually received** by the Court, (i) at the address listed above in subparagraph (d) or (ii) electronically through CM/ECF system, on or before the Bar Date.

(f)     The Bankruptcy Court shall not be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claims filed through CM/ECF system).

(g)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30)

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in PARD's case) or be forever barred from doing so.

(h)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the Bar Date unless an exception identified in paragraph (j) below applies.

(i)     In the event that PARD amends or supplements its Schedules subsequent to the date of entry of the proposed order, PARD shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(j)     The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, with respect to the claims described below:

(i)     Any person or entity whose claim is listed on the Schedules filed by PARD, provided that (a) the claim is not scheduled as "disputed," "contingent" or "unliquidated;" and (b) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (c) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(ii)    As the claim of the SGD Bondholders is scheduled as an undisputed claim, there is no requirement for the Trustee or the SGD Bondholders to file a Proof of Claim in relation to the scheduled claim;

(iii)   Any person or entity whose claim has been paid in full by PARD;

(iv)    Any holders of equity interests in PARD need not file proofs of interest with respect to the ownership of such interests, provided, however, that if any such holder asserts a claim against PARD (including a claim relating to an interest or the purchase or sale of such interests), a Proof of Claim for such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth herein.

(v)     Any holder of a claim allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense of administration of PARD's estates; and

(vi)    Any holder of a claim that heretofore has been allowed by order of this Court;

(vii)   Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(viii)  Any person or entity that has already filed a proof of claim against PARD with the Clerk of the Bankruptcy Court for the southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(ix)    Professionals whose retentions in this Chapter 11 Case have been approved by the Bankruptcy Court, to the extent that such professional's claim against PARD is for post-petition amounts due.

**ORDERED** that, pursuant to Bankruptcy Rule 3003(c)(2), any holder of a Claim who fails to timely file a Proof of Claim as provided herein shall not be treated as a creditor with respect to such Claim for the purposes of voting and distribution with respect to any chapter 11 plan that may be filed in this case; and it is further

**ORDERED** that the (i) proposed notice of the Bar Date, substantially in the form annexed hereto as **Annex I** (the "**Bar Date Notice**"); and (ii) the Proof of Claim form, substantially in the form annexed hereto as **Annex II**, are approved; and it is further

**ORDERED** that the following Procedures are approved:  Within ten (10) business days of entry of an order granting the relief requested herein, PARD shall cause to be mailed (i) a Proof of Claim Form and (ii) the Bar Date Notice to the following parties:

(i)    the Office of the United States Trustee for the Southern District of New York ("U.S. Trustee");

(ii)   the Chapter 11 Trustee of CFG Peru Singapore and his counsel;

(iii)  all creditors and other known holders of claims at the address stated therein or as updated pursuant to a request by the creditor or by return mail from the post office with a forwarding address;

(iv)   all parties actually known to PARD as having a potential claim against PARD;

    (v)    all counterparties to PARD's executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by return mail from the post office with a forwarding address;

    (vi)    all parties to pending litigation against PARD (as of the date of entry of the Proposed Order);

    (vii)    the Internal Revenue Service, the United States Attorneys' Office for the Southern District of New York, and all applicable Governmental Units;

    (viii)    all persons or entities that have filed claims (as of the date of entry of the order);

    (ix)    all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of the order);

    (x)    all parties that have requested notice pursuant to bankruptcy Rule 2002 (as of the date of entry of the order); and

    (xi)    such additional person and entities deemed appropriate by PARD and not included in the foregoing.

**ORDERED** that the proposed publication notice of the Bar Date, substantially in the form annexed hereto as **Annex III** (the "**Publication Bar Date Notice**"), is approved, and it is further

**ORDERED** that PARD shall publish the Publication Bar Date Notice, with any necessary modifications for ease of publication, once in the international edition of The Financial Times (FT), subject to applicable publication deadlines, during the week of April 10, 2017 – April 14, 2017, which publication is approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the Procedures for filing Proofs of Claim in this Chapter 11 Case; and it is further

**ORDERED** the SGD Claim, as scheduled by PARD, shall be an allowed claim for the benefit of the Trustee and all SGD Bondholders without the need for the Trustee or any other person to file a proof of claim.

**ORDERED** that the Trustee is authorized pursuant to the Trust Deed (on the terms set forth therein) at any time prior to the Bar Date, to file in PARD's case, a proof of claim to amend, modify or supplement the SGD Claim listed on PARD's schedules, including to liquidate amounts that were contingent or unliquidated as of the Petition Date, arising under the Trust Deed or SGD Bonds on behalf of itself and all holders of SGD Bonds, and any such proof of claim shall not be required to attach the Trust Deed or SGD Bonds, copies of which shall be provided upon written request to counsel for the Trustee, but shall provide evidence supporting any such additional or liquidated claim amounts; however, nothing contained herein shall limit or waive any right of PARD with respect to any such proof of claim, including the right to object to, contest or otherwise dispute any such proof of claim.

**ORDERED** that PARD is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against PARD in this Chapter 11 Case; and it is further

**ORDERED** that nothing in this Order shall prejudice the right of PARD or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules or otherwise; and it is further

**ORDERED** that entry of this Order is without prejudice to the rights of PARD to seek a

further order of this Court fixing a date by which holders of claims or interests **not** subject to the Bar Dates established herein must file such Claims or interests against PARD or be barred from doing so; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March __, 2017
New York, New York

_____
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

**ANNEX 1**

**<u>BAR DATE NOTICE</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                                    **Chapter 11**

**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et*    Case No.  16 – 11895 (JLG)
*al.* [3]

                                                   **Jointly Administered**

                      Debtors.
------------------------------------------------------------------x

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS
## OF CLAIM ON OR BEFORE MAY 12, 2017

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST PACIFIC ANDES
RESOURCES DEVELOPMENT LIMITED ("PARD")**

On March 27, 2017, the United States Bankruptcy Court for the Southern District of

New York (the "**Court**"), having jurisdiction over the chapter 11 case of Pacific Andes

Resources Development Limited ("**PARD**"), entered an order (the "**Bar Date Order**")

establishing **May 12, 2017 at 5:00 p.m. (Eastern Time)** as the last date and time for each

person or entity (including, without limitation, individuals, partnerships, corporations, joint

ventures, and trusts) and Governmental Units (as defined in Section 101(27) of the Bankruptcy

Code) to file a proof of claim ("**Proof of Claim**") based upon prepetition claims, including, for

the avoidance of doubt, secured claims, priority claims, and claims arising under section

503(b)(9) of the Bankruptcy Code, against PARD (the "**Bar Date**").

---

[3] The "Debtors" are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings
Limited (Bermuda) ("PAIH"); N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping
Agency Limited (BVI) (SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore)
Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI)
("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK)
("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI)
("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited
(Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment
Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD")(the
Debtors, excluding PARD, as the "Affiliated Debtors").

The Bar Date Order, the Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against PARD (other than those set forth below as being specifically excluded) that arose prior to September 29, 2016 (the "Petition Date"), the date on which PARD commenced this case under chapter 11 of the United States Bankruptcy Code.

**If you have any questions relation to this Notice, please feel free to contact counsel for PARD: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036-7203, Attn: John E. Jureller, Jr., Esq., Tel.: (212) 972-3000, jjureller@klestadt.com.**

### 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by PARD or to share in distributions from PARD's estates if you have a claim that arose prior **September 29, 2016** and it is not one of the types of claim described in Section 2 below.  Claims based on acts or omissions of PARD that occurred before **September 29, 2016** must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before **September 29, 2016**.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word **"claim"** means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.  Further, claims include unsecured claims, secured claims, and priority claims.

### 2.    WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM

You need not file a Proof of Claim if:

(1)    Your claim is listed on the Schedules (as defined below) and (i) is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of PARD against which the claim is listed in the Schedules;

(2)    As the claim of the SGD Bondholders has been scheduled as undisputed, there is no requirement for the Trustee or the SGD Bondholders to file a Proof of Claim in relation to the scheduled claim;

(3)    Your claim has been paid in full;

(4)    You hold an equity security interest in PARD, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if you assert a claim (as opposed to an ownership interest) against PARD (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the Bar Date as set forth in this Notice;

(5)    You hold a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim;

(6)    You hold a claim that heretofore has been allowed by Order of this Court entered on or before the Bar Date;

(7)    You hold a claim for which a separate deadline has been fixed by this Court;

(8)    You hold a claim for which you already filed a Proof of Claim with the Clerk of the Court against PARD with respect to the claim being asserted, utilizing a claim form that substantially conforms to Official Bankruptcy Form No. B 410; or

(9)    Any person or entity which is a holder of a debt security whose claim is limited to principal, interest, fees, and expenses under an indenture.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST PARD.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT PARD OR THE COURT BELIEVES THAT YOU HAVE A CLAIM.**

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) such dates as the Court may fix, which date shall not be less than **thirty (30) days** following the date of entry of an order approving the rejection of such executory contract or unexpired lease, or you will be forever barred from doing so.

Notwithstanding the foregoing, if you are a party to an executory contract or unexpired

lease and you wish to assert a claim with respect to unpaid amounts accrued and outstanding as of **September 29, 2016** pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the Bar Dates unless an exception identified above applies.

**4.    WHEN AND WHERE TO FILE**

Except as provided for herein, all Proofs of Claim must be filed either (i) electronically by authorized users of the Court's Electronic Case Filing System; or (ii) for all others, by delivery of the **<u>original</u>** Proof of Claim form by hand, or mailing the original Proof of Claim for so as to be received on or before **May 12, 2017 at 5:00 p.m. (prevailing Eastern Time).**

Proofs of claim will be deemed filed only if **<u>actually received</u>** by the Court (i) at the addresses listed above or (ii) electronically through the electronic Filing System, on or before the Bar Date.   Proofs of claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

**5.    WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) written in the English language; (ii) be denominated in lawful currency of the United States as of **September 29, 2016** (using the exchange rate, if applicable, as of **September 29, 2016**); (iii) conform substantially to the form provides with this Notice (the "**Proof of Claim Form**") or Official Bankruptcy Form No. B 410; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

**IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST SUCH DEBTORS AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. PARD'S CASE NUMBER IS SET FORTH ABOVE.**

Your proof of claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional proof of claim forms may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY DOCUMENTS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.

6.     **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE A P P L I C A B L E  BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED FROM ASSERTING SUCH CLAIM AGAINST PARD AND ITS CHAPTER 11 ESTATE, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CHAPTER 11 CASE, AND FROM PARTICIAPTING IN ANY DISTRIBUTION IN PARD'S CASE ON ACCOUNT OF

SUCH CLAIM.

**7.     PARD'S SCHEDULES AND ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against PARD in PARD's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (as may be amended) (collectively, the "**Schedules**").

As set forth above, if you agree with the nature, amount, and status of your claim as listed in PARD's Schedules and if your claim is not listed in the schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for PARD's chapter 11 case, which is posted on the Court's website at http://www.nysb.uscourts.gov. (A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov.)  Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) Monday through Friday at the Office of the Clerk for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004-1408. Copies of PARD's Schedules also may be obtained by written request to counsel for PARD at the address and telephone number set forth below:

> Klestadt Winters Jureller Southard & Stevens, LLP
> 200 West 41st Street, 17th Floor
> New York, NY 10036-7203
> Attn: John E. Jureller, Jr.
> Tel: (212) 972-3000
> jjureller@klestadt.com

In the event that PARD amends or supplements their Schedules subsequent to May 12, 2017, PARD shall give notice of any amendment or supplement within ten (10) days after filing such amendment or supplement, and such holders must file a Proof of Claim by the later of (i) the Bar Date or (ii) **thirty-five (35) days** following the date such notice is served, or be forever barred from doing so, and such deadline shall be contained in any notice of such amendment or supplement of the Schedules provide to the holders of claims affected thereby.

**A holder of a possible claim against PARD should consult an attorney if such holder has any questions regarding this Notice, including whether to file a Proof of Claim.**

Dated: New York, New York
      March \_\_\_, 2017

           **BY ORDER OF THE COURT**

           _____
           HON. JAMES L. GARRITY, JR.
           UNITED STATES BANKRUPTCY JUDGE

**ANNEX II**

## <u>PROOF OF CLAIM FORM</u>

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | PACIFIC ANDES RESOURCES DEVELOPMENT LIMITED |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 16-12739 (JLG) |

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

### Part 1: Identify the Claim

1. **Who is the current creditor?**

   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor

2. **Has this claim been acquired from someone else?**

   ☐ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**

   Name
   Number    Street
   City    State    ZIP Code
   Contact phone _____
   Contact email _____

   **Where should payments to the creditor be sent? (if different)**

   Name
   Number    Street
   City    State    ZIP Code
   Contact phone _____
   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

   ☐ No
   ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
   MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☐ No
   ☐ Yes. Who made the earlier filing? _____

---

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7. How much is the claim?**

$_____. Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                         $_____

Amount of the claim that is secured:      $_____

Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM  /  DD  /  YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name    _____
        First name              Middle name              Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number       Street

        _____
        City                                State      ZIP Code

Contact phone  _____   Email  _____

**ANNEX III**

**<u>PUBLICATION BAR DATE NOTICE</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                                              **Chapter 11**

**CHINA FISHERY GROUP LIMITED (CAYMAN)**, *et*     Case No.  16 – 11895 (JLG)
*al.* [4]

                                                    **Jointly Administered**
                              **Debtors.**

------------------------------------------------------------------x

<u>**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM**</u>

**To: All Persons and Entities with Claims Against the Debtor Pacific Andes Resources Development Limited ("PARD"):**

On March 27, 2017, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Pacific Andes Resources Development Limited ("**PARD**"), entered an order (the "**Bar Date Order**") establishing **May 12, 2017** at **5:00 p.m.** (**Eastern Time**) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, join ventures, and trusts), and governmental unites (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**") to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against PARD (the "**Bar Date**").

The Bar Date Order, the Bar Date, and the procedures set forth in the Bar Date Order for the filing of Proofs of Claim apply to all claims against PARD (other than those set forth in the Bar Date Order as being specifically excluded) that arose prior to **September 29, 2016**, the date on which PARD commenced its case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**You should consult an attorney if you have any questions, including whether you should file a Proof of Claim.**

All Proof of Claim Forms must: (i) be written in the English language; (ii) be

---

[4] The "Debtors" are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"); N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) (SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD")(the Debtors, excluding PARD, as the "Affiliated Debtors").

denominated in lawful currency of the United States as of **September 29, 2016** (using the exchange rate, if applicable, as of **September 29, 2016**); (iii) conform substantially to the form providesd with this Notice (the "**Proof of Claim Form**") or Official Bankruptcy Form No. B 410; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

All Proof of Claims must be filed either (i) electronically by authorized users of the Court's Electronic Case Filing System; or (ii) for all other, by delivery of the original Proof of Claim form by hand, or mailing the original Proof of Claim form, so as to be received on or before **May 12, 2017** at **5:00 p.m.** (**Eastern Time**) to the following address: United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 534, New York, NY 10004-1408. Proofs of Claim will be deemed timely filed only if **actually received** on or before the Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

**If you are asserting a claim against more than one of the Debtors, separate Proofs of Claim must be filed against each Debtor and you must identify on your Proof of Claim the specific Debtor against which your claim is asserted and the case number of that Debtor's bankruptcy case.**

**Any holder of a claim that is not excepted from the requirement of the Bar Date Order, and that fails to timely file a Proof of Claim in the appropriate form shall not be treated as a creditor with respect to such claim for the purpose of voting on any plan of reorganization filed in this Chapter 11 case, and from participating in any distribution in PARD's case on account of such claim.**

**For further details, to obtain a copy of the Bar Date Oder of the Proof of Claim Form, or if you have any questions relation to this Notice, please feel free to contact counsel for PARD: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036-7203, Attn: John E. Jureller, Jr., Esq., Tel.: (212) 972-3000, jjureller@klestadt.com.**