| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** | <u>Hearing Date</u>:  March 8, 2017 at 11:00 a.m. |

---------------------------------------------------------------x
In re:                                                                         :        Case No. 16-11895 (JLG)
                                                                                     :
CHINA FISHERY GROUP LIMITED                              :        Chapter 11 (Jointly Administered)
(CAYMAN), et al.,                                                        :
                                                                                     :
Debtors.[1]                                                                    :
---------------------------------------------------------------x
In re:                                                                         :        Case No. 16-11914 (JLG)
                                                                                     :
CFG PERU INVESTMENTS PTE. LTD.                       :        Chapter 11
(SINGAPORE),                                                          :
                                                                                     :
Debtor.                                                                       :
---------------------------------------------------------------x

**REPLY MEMORANDUM OF WILLIAM A. BRANDT, JR., CHAPTER 11 TRUSTEE FOR CFG PERU INVESTMENTS PTE. LTD. (SINGAPORE), IN FURTHER SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND 330, AUTHORIZING RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL LITIGATION COUNSEL EFFECTIVE <u>*NUNC PRO TUNC* TO DECEMBER 23, 2016</u>**

William A. Brandt, Jr., in his capacity as chapter 11 trustee (the "**Trustee**") for CFG Peru Investments Pte. Ltd. (Singapore) ("**CFG Peru**"), submits this reply memorandum in further support of the Application Of William A. Brandt, Jr., Chapter 11 Trustee For CFG Peru Investments Pte. Ltd. (Singapore), For Entry Of An Order Pursuant To §§ 327(a), 328(a), And 330, Authorizing Retention And Employment Of Quinn Emanuel Urquhart & Sullivan, LLP As Special Litigation Counsel Effective <u>Nunc</u> <u>Pro</u> <u>Tunc</u> To December 23, 2016 [ECF No. 303], filed

---

[1]    The Debtors in Case No. 16-11895 (JLG) are China Fishery Group Limited (Cayman) ("**CFGL**"), Pacific Andes International Holdings Limited (Bermuda) ("**PAIH**"), N.S. Hong Investment (BVI) Limited ("**NS Hong**"), South Pacific Shipping Agency Limited (BVI) ("**SPSA**"), China Fisheries International Limited (Samoa) ("**CFIL**"), CFGL (Singapore) Private Limited ("**CFGLPL**"), Chanery Investment Inc. (BVI) ("**Chanery**"), Champion Maritime Limited (BVI) ("**Champion**"), Growing Management Limited (BVI) ("**Growing Management**"), Target Shipping Limited (HK) ("**Target Shipping**"), Fortress Agents Limited (BVI) ("**Fortress**"), Ocean Expert International Limited (BVI) ("**Ocean Expert**"), Protein Trading Limited (Samoa) ("**Protein Trading**"), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman) ("**Smart Group**"), and Super Investment Limited (Cayman) ("**Super Investment**").

on January 9, 2017 (the "**Application**"),[2] and in response to the Limited Objection Of The Hongkong Shanghai Banking Corporation Limited ("**HSBC**") To The Application [ECF No. 333] (the "**Objection**"), filed on January 31, 2017 following the Trustee's agreement to extend the original response date of January 17, 2017 at HSBC's request.[3]

**REPLY**

1. The Trustee is conducting an investigation into HSBC's relationship with the Debtors and HSBC's aggressive campaign to obtain repayment of its loans—even at the risk of disrupting the operations of the CF Group. HSBC's Objection has nothing to do with Quinn Emanuel's qualifications or whether the Application satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules. Instead, HSBC opposes the Trustee's investigation and has decided to misappropriate Quinn Emanuel's retention application as a forum to voice that opposition. The Application faces no substantive challenge and should be approved.

2. The Trustee retained Quinn Emanuel "as special litigation counsel to provide independent legal advice relating to … (a) any and all aspects of the Debtors' relationship with [HSBC and its affiliates] … and any related matters, including in connection with potential defenses to HSBC's claims against the Debtors and potential affirmative estate claims" and "(b) any additional matters that the Trustee specifically instructs Quinn Emanuel to handle which, to the extent practicable, will be disclosed to the Court." Application ¶ 14.

3. The Trustee has initiated a formal investigation of HSBC, its relationship with the Debtors, and HSBC's efforts to collect its loans (the "**HSBC Investigation**"). Because the

---

[2]   Capitalized terms not defined herein have the meanings ascribed to them in the Application.

[3]   See ECF No. 321 (First Amended Notice with respect to Quinn Emanuel retention application).

2

Trustee's understanding of HSBC's collection tactics has been adduced primarily through publicly-available information, the Trustee filed the HSBC Rule 2004 Motion.[4]

4. Absent exceptional circumstances, the Trustee's selection of counsel to represent it in connection with the HSBC Investigation cannot be disturbed. See, e.g., In re Mandel, 69 F.2d 830, 831 (2d Cir. 1934) ("Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel"); In re Persaud, 496 B.R. 667, 670-71 (E.D.N.Y. 2013) ("[T]he bankruptcy court should interfere with the trustee's choice of counsel only in the rarest cases, such as when the proposed attorney has a conflict of interest, or when it is clear that the best interest of the estate will not be served by the trustee's choice. Because the relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously, courts give trustees wide breadth in selecting counsel.") (citing Mandel); In re Malhorta, 2016 WL 3751626, at *3 (Bankr. D. Ariz. July 7, 2016) ("The purpose of the Code's restriction on the employment of professional persons is to prevent a conflict of interest resulting in loss of integrity of the bankruptcy courts. In the absence of a legitimate or material conflict of interest, failure to approve the trustee's selection of

---

[4] See Trustee's Motion, Pursuant To 11 U.S.C. §§ 105(a) And 1106(a)(3), Fed. R. Bankr. P. 2004 And 9016, And L. Bankr. R. 2004-1, For Order Authorizing Issuance Of Subpoenas To Hongkong Shanghai Banking Corporation Limited Directing Production Of Documents And Examination Of Witnesses And Granting Related Relief [ECF No. 299] (the "**HSBC Rule 2004 Motion**") at ¶ 2 (noting "HSBC's [collection] efforts have included demanding (and receiving) immediate repayment of a significant portion of the loans (approximately $102 million); applying ex parte for the appointment of provisional liquidators in Hong Kong and the Cayman Islands for certain of CFG Peru's affiliates—only to have the appointments quashed after HSBC failed to substantiate the applications with evidence; extracting a 'Deed of Undertaking' pursuant to which the CF Group committed to sell its assets in a method and manner set by HSBC; communicating directly with the CF Group's suppliers, customers, working capital providers, and employees; and attempting to acquire the claims of certain creditors of CFGI and Copeinca—important operating companies owned by CFG Peru—in order to interfere with their restructuring proceedings for HSBC's sole benefit."); ¶ 3 ("A Rule 2004 examination will also provide needed clarity on the extent to which HSBC's efforts interfered with the CF Group's relationships with its lenders, suppliers, and trade counterparties, constrained the CF Group's liquidity, and deleteriously impacted the CF Group's ability to resume normal operations. The results of the Trustee's investigation could potentially support defenses to HSBC's claims, e.g., avoidable transfers, equitable subordination under section 510(c) of the Bankruptcy Code, or other theories of lender liability, and potentially other affirmative estate claims.").

3

counsel in the absence of good reason has been called an abuse of judicial discretion.") (citing Mandel").

5.  According to HSBC, the Application is "premature because the Trustee should be exclusively focused now on the primary purpose for his appointment—maximizing the value of the Peruvian Business for the benefit of all stakeholders."[5] The target of a Rule 2004 investigation has no authority to dictate the Trustee's priorities or schedule. The Trustee has wide latitude in selecting, and deciding when to engage counsel.

6.  Ultimately, the Objection takes issue with the activities Quinn Emanuel will perform.[6] HSBC opposes the HSBC Investigation and related Rule 2004 motion.[7] The Objection is an audacious and transparent attempt to advance that opposition by obstructing the Trustee's efforts to retain counsel and trying to limit the scope of counsel's engagement. Indeed, HSBC proposes that the order approving Quinn Emanuel's retention must "set forth an appropriate scope or limitation that does not permit the use of estate assets for 'litigation' until further order of the Court … [and] require the Trustee to engage appropriately with all relevant parties without initiating an extensive and expensive discovery campaign against [HSBC]."[8]

7.  HSBC's complaints have no bearing on whether the Application satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules. The Application satisfies any and all such requirements, and HSBC does not argue otherwise. Attempts to oppose the HSBC Rule 2004 Motion or otherwise impede the Trustee's investigation by opposing counsel's retention

---

[5] Obj. at 5 (¶ 7).

[6] See Obj. at 2 (¶ 2) ("[HSBC] takes significant issue, however, with the proposed purpose for Quinn Emanuel's engagement."); at 2-3 (¶ 3) ("[T]hese activities by Quinn Emanuel on behalf of the Trustee would be both inappropriate and unwarranted for several reasons.").

[7] See ECF No. 334 (HSBC Objection To Rule 2004 Motion).

[8] See Objection at 7 (¶ 14).

4

application should not be countenanced. Given the absence of any substantive challenges to the Application, it should be approved.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court grant the Application and approve such other relief as is just and proper.

Dated: March 3, 2017

/s/ **WILLIAM A. BRANDT, JR.**
Name: William A. Brandt, Jr.
Title: Chapter 11 Trustee