**Presentment Date: March 15, 2017 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: March 15, 2017 at 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Lisa Laukitis
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Sarah E. Pierce (admitted *pro hac vice*)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr.,*
  *Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** *et al.*, | : | **Case No. 16-11895 (JLG)** |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Ltd. ("PARD").

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CFG Peru Investments Pte. Limited (Singapore), Debtor. | : | Case No. 16-11914 (JLG) |
| | : | |
| | : | (Jointly Administered) |
| | : | |

**NOTICE OF PRESENTMENT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 1106, BANKRUPTCY RULES 2015.3 AND 9006(b), AND LOCAL BANKRUPTCY RULE 9006-2 (I) WAIVING THE REQUIREMENT TO FILE REPORTS OF FINANCIAL INFORMATION REQUIRED UNDER BANKRUPTCY RULE 2015.3; (II) FURTHER GRANTING ADDITIONAL TIME TO FILE THE MONTHLY OPERATING REPORT FOR THE PERIOD ENDING JANUARY 31, 2017; AND (III) WAIVING THE REQUIREMENT TO INCLUDE DEREGISTERED COMPANIES IN MONTHLY OPERATING REPORTS**

**PLEASE TAKE NOTICE** that William A. Brandt, Jr., not individually but solely in his capacity as chapter 11 trustee ( the "Chapter 11 Trustee") of CFG Peru Investments Pte. Limited (Singapore) in the above-captioned chapter 11 cases, by his attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, will present the attached proposed order (the "Proposed Order") to the Honorable James L. Garrity, United States Bankruptcy Judge, for signature at **12:00 p.m. (Eastern Time) on March 15, 2017**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Proposed Order, with proof of service, is filed with the Clerk of the Court, and a courtesy copy is delivered to the undersigned counsel and to the chambers of the Honorable James L. Garrity **so as to be received by March 15, 2017 at 10:00 a.m. (Eastern Time)**, there will not be a hearing and the Proposed Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served, a hearing will be held to consider the Proposed Order on a date and time to be set by the Court.

2

Dated: March 13, 2017
      New York, New York

           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

           By:  */s/ Lisa Laukitis*
               Jay M. Goffman
               Lisa Laukitis
               Four Times Square
               New York, New York 10036-6522
               Telephone: (212) 735-3000
               Fax: (212) 735-2000

               -and-

               Sarah E. Pierce (admitted *pro hac vice*)
               One Rodney Square
               P.O. Box 636
               Wilmington, Delaware 19899-0636
               Telephone: (302) 651-3000
               Fax: (302) 651-3001

               -and-

               Elizabeth M. Downing (admitted *pro hac vice*)
               500 Boylston Street
               Boston, Massachusetts 02116
               Telephone: (617) 573-4800
               Fax: (617) 573-4870

           *Counsel for William A. Brandt, Jr.*
            *Chapter 11 Trustee*

3

**Presentment Date: March 15, 2017 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: March 15, 2017 at 10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Lisa Laukitis
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Sarah E. Pierce (admitted *pro hac vice*)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr.,*
  *Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** *et al.*, | : | **Case No. 16-11895 (JLG)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
|  | : |  |

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Ltd. ("PARD").

|  |  |
|---|---|
| In re: | Chapter 11 |
| CFG Peru Investments Pte. Limited (Singapore), Debtor. | Case No. 16-11914 (JLG) |
|  | (Jointly Administered) |

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 1106, BANKRUPTCY RULES 2015.3 AND 9006(b), AND LOCAL BANKRUPTCY RULE 9006-2 (I) WAIVING THE REQUIREMENT TO FILE REPORTS OF FINANCIAL INFORMATION REQUIRED UNDER BANKRUPTCY RULE 2015.3; (II) FURTHER GRANTING ADDITIONAL TIME TO FILE THE MONTHLY OPERATING REPORT FOR THE PERIOD ENDING JANUARY 31, 2017; AND (III) WAIVING THE REQUIREMENT TO INCLUDE DEREGISTERED COMPANIES IN MONTHLY OPERATING REPORTS**

William A. Brandt, Jr., not individually but solely in his capacity as chapter 11 trustee (the "Trustee" or the "Chapter 11 Trustee") of CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore" or the "Debtor") in the above-captioned chapter 11 cases, by his attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, hereby moves (the "Motion") this Court (the "Court") for entry of an order ("Proposed Order"), substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 1106 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") (i) waiving the requirement to file financial information reports pursuant to Bankruptcy Rule 2015.3; (ii) further granting additional time to file the monthly operating report for the period ending January 31, 2017; and (iii) waiving the requirement to provide information for deregistered companies in monthly operating reports. In further support of the Motion, the Chapter 11 Trustee, by and through his undersigned counsel, respectfully represents:

2

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 1106, Bankruptcy Rules 2015.3 and 9006(b), and Local Bankruptcy Rule 9006-2.

**BACKGROUND**

3. On June 30, 2016 (the "Petition Date"), each of the debtors in the above-captioned cases (the "Debtors"), except PARD, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court. On September 29, 2016, PARD filed its Chapter 11 bankruptcy case (collectively with the other Debtors' Chapter 11 cases, the "Chapter 11 Cases").

4. To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

5. The Debtors constitute a small part of a group of companies that collectively constitute the world's twelfth largest fishing company. The Debtors consist principally of holding companies and defunct, non-operating companies. Their value is derived largely from their indirect or direct interests in three Peruvian operating companies – CFG Investment S.A.C. ("CFGI"), Corporacion Pesquera Inca S.A.C. ("Copeinca"), and Sustainable Fishing Resources S.A.C. ("SFR", and collectively the "Peruvian OpCos"). CFGI and Copeinca operate the Pacific Andes Group's anchovy fishing business and together control a significant percentage of the anchovy fishing quotas fixed by the Peruvian government. CFG Peru Singapore holds direct and indirect interests in the following subsidiaries in addition to the

3

Peruvian OpCos: CFG Investments Shanghai Ltd.; China Fishery Group Limited (Hong Kong); Consorcio Vollmacht S.A.C.; Copeinca AS; Copeinca International SLU; Corporacion Pesquera Frami S.A.C.; Immobilaria Gainsville S.A.C.; Immobilaria Y Constructora Pahk S.A.C.; Inversiones Pesquera West S.A.C.; J. Wiludi & Asociados S.A.C.; Macro Capitales S.A.; Protein Trading Limited; and Sustainable Pelagic Fishery S.A.C. (collectively with the Peruvian OpCos, the "<u>CFG Peru Singapore Subsidiaries</u>") [Dkt. Nos. 94, 149].

6. On November 10, 2016, the U.S. Trustee sought approval of William A. Brandt, Jr., as the Chapter 11 Trustee of CFG Peru Singapore [Dkt. No. 218]. On that same date, the Court entered an order approving the selection of Mr. Brandt as the Chapter 11 Trustee [Dkt. No. 219].

7. On February 21, 2017, the Court entered an Order (i) extending the deadline for the Chapter 11 Trustee to file the financial information report pursuant to Bankruptcy Rule 2015.3 for the period ending January 31, 2017 (the "<u>Rule 2015.3 Reports</u>") to March 19, 2017 and (ii) extending the deadline for the Chapter 11 Trustee to file the monthly operating report (the "<u>Monthly Operating Report</u>") required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Executive Office of United States Trustees (rev. 11/27/13) (the "<u>U.S. Trustee Guidelines</u>") for the period ending January 31, 2017 (the "<u>January MOR</u>") to March 15, 2017. [Dkt. No. 360].

**RELIEF REQUESTED**

8. By this Motion, the Chapter 11 Trustee seeks entry of an order waiving the requirement to prepare and file the Rule 2015.3 Reports. The Trustee also seeks entry of an order granting the Trustee an additional fifteen (15) days to file the January MOR for CFG Peru Singapore, such that the MOR must be filed by March 30, 2017. Lastly, the Chapter 11 Trustee also seeks entry of an order waiving the need to list deregistered companies in the MORs.

4

9.  For the reasons set forth herein, the Chapter 11 Trustee submits that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

**A.  The Court Should Waive the Requirement to File Rule 2015.3 Reports**

10.  Bankruptcy Rule 2015.3(a) requires the Trustee to file periodic reports on "the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest." Fed. R. Bankr. P. 2015.3(a). Prior to the Chapter 11 Trustee's appointment, the Debtors filed a Rule 2015.3 Report on August 19, 2016 which included Rule 2015.3 Reports for the CFG Peru Singapore Subsidiaries. [Dkt. No. 94]. Pursuant to the Court's order extending the deadline, the next Rule 2015.3 Reports for CFG Peru Singapore and the CFG Peru Subsidiaries are due March 19, 2017. [See Dkt. No. 360].

11.  Bankruptcy Rule 2015.3(d) permits a bankruptcy court to alter the reporting requirements outlined in Bankruptcy Rule 2015.3 for cause. The Chapter 11 Trustee submits that cause exists, pursuant to Bankruptcy Rule 2015.3(d) and section 105(a) of the Bankruptcy Code, to waive the requirement that the Trustee file 2015.3 Reports for CFG Peru Singapore because the Monthly Operating Reports will include full operating and financial reports for the CFG Peru Singapore Subsidiaries. Accordingly, the Chapter 11 Trustee submits that compliance with Bankruptcy Rule 2015.3 is unnecessary, of limited value to interested parties, unduly burdensome, and otherwise duplicative. Indeed, the MORs, which will contain assets, liabilities, value, operations, and profitability of the CFG Peru Singapore Subsidiaries, essentially satisfy the reporting requirements contained in Bankruptcy Rule 2015.3. The United States Trustee has agreed to this arrangement. Thus, the Chapter 11 Trustee submits that filing

5

additional Rule 2015.3 Reports with the same information will be redundant and generate unnecessary costs to CFG Peru Singapore's estate. In light of this redundancy, the Trustee requests that the Court grant its request for a waiver of the requirement that the Trustee file Rule 2015.3 Reports with respect to CFG Peru Singapore.

12.    Courts in this district have granted similar relief in other chapter 11 cases. See, e.g., In re Roust Corp., Case No. 16-23786 (RDD) (Bankr. S.D.N.Y. Jan. 10, 2017) (granting waiver of the reporting requirements contained in Bankruptcy Rule 2015.3); In re Atlas Res. Partners, Case No. 16-12149 (SHL) (Bankr. S.D.N.Y. Aug. 1, 2016) (same); In re Ambac Fin. Grp., Inc., Case No. 10-15973 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2010) (same).[2]

**B.    The Court Should (i) Further Extend the Deadline to File the January MOR and (ii) Waive the Requirement to Provide Information for Deregistered Companies in the Monthly Operating Reports**

13.    In addition to the Rule 2015.3 Reports, the Chapter 11 Trustee must also file monthly operating reports (the "Monthly Operating Reports" or "MORs") required by the U.S. Trustee Guidelines. See also 11 U.S.C. § 704(a)(8) (incorporated by reference in section 1106(a), requiring the Chapter 11 Trustee to file "periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires."). MORs require detailed statements of a debtor's overall financial status including but not limited to a schedule of cash receipts and disbursements, a balance sheet, the status of post-petition taxes, a summary of unpaid post-petition debts, and a list of payments to insiders and professionals. The deadline for filing MORs generally in the Southern District of New York Bankruptcy Court pursuant to the

---

[2]    Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

6

U.S. Trustee Guidelines is the 15th day following the end of the reporting period. However, the U.S. Trustee has agreed, subject to Court approval, to permit the Chapter 11 Trustee to file CFG Peru Singapore's MORs on the 30th day of each month hereafter.

14. Counsel to the Debtors (excluding CFG Peru Singapore) filed MORs for the periods ending November 30, 2016 [Dkt. No. 278], December 31, 2016 [Dkt. No. 312], and January 31, 2017 [Dkt. 355], each of which included an updated report for CFG Peru Singapore, but which the Chapter 11 Trustee did not review prior to their filing. The Chapter 11 Trustee has taken on the responsibility for filing MORs covering the time from his appointment to present and also going forward on behalf of CFG Peru Singapore and Protein Trading Limited (Samoa) ("Protein Trading"), which is also a Debtor in these Chapter 11 Cases and a subsidiary of CFG Peru Singapore. As mentioned above, on February 21, 2017, the Court granted a thirty (30) day extension for the Trustee to file a MOR for CFG Peru Singapore for the period ending January 31, 2017, thus extending the filing deadline to March 15, 2017. By this motion, the Trustee requests an additional fifteen (15) days to file the January MOR, extending the filing deadline to March 30, 2017.

15. Pursuant to Bankruptcy Rule 9006(b)(1), this Court may, "for cause shown," enlarge the period of time within which an act is required to be done. Fed. R. Bankr. P. 9006(b)(1). Further, section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Here, a further extension of the time to file the January MOR is appropriate for the same reasons set forth in the Trustee's first request for an extension. [Dkt. No. 353]. Specifically, the Chapter 11 Trustee requires this short period of additional time to continue investigating intercompany transactions. Additionally, the Chapter 11 Trustee has also

7

filed a detailed MOR for the month of November [Dkt. 376] and is working to file an additional MOR for December 2016, both of which include information for CFG Peru Singapore, Protein Trading, the Peruvian OpCos, and the remaining CFG Peru Singapore Subsidiaries. As such, the Chapter 11 Trustee requires additional time to prepare a full and accurate report for the January MOR.

16. In addition, the Chapter 11 Trustee has advised the U.S. Trustee of its request for a fifteen (15) day extension of the deadline to file the January MOR, and the U.S. Trustee has no objection.

17. Lastly, the Chapter 11 Trustee requests that the Court waive the Chapter 11 Trustee's requirement to include information in Monthly Operating Reports on CFG Peru Singapore Subsidiaries that are currently deregistered or will be deregistered. Because of the deregistered status, the data in the MOR for any deregistered subsidiary would be a value of zero for every reporting category. Presently, the only deregistered CFG Peru Singapore Subsidiary is CFG Investments Shanghai Ltd. Accordingly, the Chapter 11 Trustee submits that including this information in the MORs is unnecessary and of limited value to interested parties and should thus be waived by the Court. The Chapter 11 Trustee respectfully submits that granting this waiver is appropriate under the circumstances of these Chapter 11 Cases and is within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

## NOTICE

18. The Trustee will provide notice of this Motion to the following parties, or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (b) U.S. counsel to Standard Chartered Bank (Hong Kong) Limited, Cooperatieve Rabobank, U.A., and DBS Bank (Hong Kong) Limited; (c) U.S. counsel to China CITIC Bank International Limited; (d) U.S. counsel to the ad hoc noteholders

8

committee; (e) U.S. counsel for Bank of America N.A.; (f) U.S. counsel to Malayan Banking Berhad, Hong Kong Branch; (g) Fredrich von Kaltenborn-Stachue, the insolvency administrator for the Pickenpack companies; (h) U.S. counsel for the Debtors; (i) the United States Attorney's Office for the Southern District of New York; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  A copy of this Motion is also available on the Court's website.  The Trustee submits that no other or further notice need be provided.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: March 13, 2017
      New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   */s/ Lisa Laukitis*
    Jay M. Goffman
    Lisa Laukitis
    Four Times Square
    New York, New York 10036-6522
    Telephone: (212) 735-3000
    Fax: (212) 735-2000

-and-

Sarah E. Pierce (admitted *pro hac vice*)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr.*
 *Chapter 11 Trustee*

## **EXHIBIT A**

**Proposed Order**

16-11895-jlg    Doc 384    Filed 03/13/17    Entered 03/13/17 16:46:11    Main Document
Pg 14 of 17

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** *et al.*, | : | **Case No. 16-11895 (JLG)** |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **CFG Peru Investments Pte. Limited (Singapore),** Debtor. | : | **Case No. 16-11914 (JLG)** |
| | : | **(Jointly Administered)** |

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 1106, BANKRUPTCY RULES 2015.3 AND 9006(B), AND LOCAL BANKRUPTCY RULE 9006-2 (I) WAIVING THE REQUIREMENT TO FILE REPORTS OF FINANCIAL INFORMATION REQUIRED UNDER BANKRUPTCY RULE 2015.3; (II) FURTHER GRANTING ADDITIONAL TIME TO FILE THE MONTHLY OPERATING REPORT FOR THE PERIOD ENDING JANUARY 31, 2017; AND (III) WAIVING THE REQUIREMENT TO INCLUDE <u>DEREGISTERED COMPANIES IN MONTHLY OPERATING REPORTS</u>**

Upon the motion (the "<u>Motion</u>"),[2] dated March 13, 2017, William A. Brandt, Jr., not individually but solely in his capacity as Chapter 11 Trustee of CFG Peru Singapore for an order (this "<u>Order</u>"), pursuant to sections 105(a) and 1106 of title 11 of the United States Code

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("<u>CFGL</u>"), Pacific Andes International Holdings Limited (Bermuda) ("<u>PAIH</u>"), N.S. Hong Investment (BVI) Limited ("<u>NS Hong</u>"), South Pacific Shipping Agency Limited (BVI) ("<u>SPSA</u>"), China Fisheries International Limited (Samoa) ("<u>CFIL</u>"), CFGL (Singapore) Private Limited ("<u>CFGLPL</u>"), Chanery Investment Inc. (BVI) ("<u>Chanery</u>"), Champion Maritime Limited (BVI) ("<u>Champion</u>"), Growing Management Limited (BVI) ("<u>Growing Management</u>"), Target Shipping Limited (HK) ("<u>Target Shipping</u>"), Fortress Agents Limited (BVI) ("<u>Fortress</u>"), Ocean Expert International Limited (BVI) ("<u>Ocean Expert</u>"), Protein Trading Limited (Samoa) ("<u>Protein Trading</u>"), CFG Peru Investments Pte. Limited (Singapore) ("<u>CFG Peru Singapore</u>"), Smart Group Limited (Cayman) ("<u>Smart Group</u>"), Super Investment Limited (Cayman) ("<u>Super Investment</u>") and Pacific Andes Resources Development Ltd. ("<u>PARD</u>").

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

(the "Bankruptcy Code"), Rules 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") (i) waiving the requirement to file financial information reports pursuant to Bankruptcy Rule 2015.3; (ii) further granting additional time to file the Monthly Operating Report for the period ending January 31, 2017; and (iii) waiving the requirement to include deregistered companies in Monthly Operating Reports; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn or overruled on the merits; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

      **ORDERED, ADJUDGED AND DECREED that:**

      1.     The Motion is GRANTED to the extent set forth herein.

      2.     The reporting requirements contained in Bankruptcy Rule 2015.3 are satisfied by their inclusion in the Monthly Operating Reports to be filed by the Chapter 11

2

Trustee, and accordingly, the Chapter 11 Trustee is not required to comply with the reporting requirements contained in Bankruptcy Rules 2015.3.

3. The time by which the Chapter 11 Trustee must file the Monthly Operating Report for the period ending January 31, 2017 is extended by fifteen (15) days, such that the Monthly Operating Report for such period must be filed by March 30, 2017, unless extended by further order of the Court.

4. The relief granted by this Order is without prejudice to the Chapter 11 Trustee's right to seek further extensions of time to file any future Monthly Operating Report.

5. The Chapter 11 Trustee is authorized to file CFG Peru Singapore's Monthly Operating Reports on the 30th day of each month hereafter.

6. The Chapter 11 Trustee is not required to include information regarding any deregistered CFG Peru Singapore Subsidiary in the Monthly Operating Reports.

7. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

8. The Chapter 11 Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York

_____, 2017

_____
HON. JAMES L. GARRITY
UNITED STATES BANKRUPTCY JUDGE

3