**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re:                                                                                :       Case No. 16-11895 (JLG)
                                                                                          :
CHINA FISHERY GROUP LIMITED                          :       Chapter 11 (Jointly Administered)
(CAYMAN), et al.,                                                     :
                                                                                          :
Debtors.[1]                                                                    :
----------------------------------------------------------------x
In re:                                                                                :       Case No. 16-11914 (JLG)
                                                                                          :
CFG PERU INVESTMENTS PTE. LTD.                    :       Chapter 11
(SINGAPORE),                                                           :
                                                                                          :
Debtor.                                                                        :
----------------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), AND 330, GRANTING APPLICATION OF WILLIAM A. BRANDT, JR., CHAPTER 11 TRUSTEE FOR CFG PERU INVESTMENTS PTE. LTD. (SINGAPORE), TO RETAIN AND EMPLOY QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL LITIGATION COUNSEL EFFECTIVE *NUNC PRO TUNC* TO DECEMBER 23, 2016**

Upon the application (the "Application")[2] of the William A. Brandt, Jr., in his capacity as chapter 11 trustee (the "Trustee") for CFG Peru Investments Pte. Ltd. (Singapore) ("CFG Peru"), for entry of an order pursuant to sections 327(a), 328(a), and 330 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules, authorizing the retention and employment of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel" or the

---

[1]   The Debtors in Case No. 16-11895 (JLG) are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment"), and Pacific Andes Resources Development Ltd. ("PARD").

[2]   Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Application.

"Firm") as the Trustee's special litigation counsel in the Chapter 11 Cases, nunc pro tunc to December 23, 2016, all as more fully set forth in the Application; and upon consideration of the Kirpalani Declaration and the Brandt Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and the Court having determined that (i) the relief requested in the Application is in the best interest of the Trustee, CFG Peru, the other Debtors, creditors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Kirpalani Declaration, and the Brandt Declaration establish just cause for the relief granted herein, and (iii) Quinn Emanuel does not represent or hold any interest adverse to the Trustee, CFG Peru, any other Debtor or to the estates; and the Court having held a hearing on March 8, 2017 (the "Hearing") to consider the Application and the limited objection thereto filed by The Hongkong and Shanghai Banking Corporation Limited [ECF No. 333] ("HSBC Limited Objection"); and upon all of the proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

  1. The Application is GRANTED nunc pro tunc to December 23, 2016.

  2. The HSBC Limited Objection is OVERRULED for the reasons set forth on the record at the Hearing.

  3. Pursuant to sections 327(a), 328(a), and 330 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Trustee is hereby authorized to retain and employ Quinn Emanuel as special litigation counsel in the Chapter 11 Cases

in accordance with Quinn Emanuel's normal hourly rates and disbursement policies as contemplated by the Application and Quinn Emanuel Agreement.

4. Quinn Emanuel is authorized to act as the Trustee's special litigation counsel and to perform those services described in the Quinn Emanuel Agreement and the Application.

5. Quinn Emanuel shall be compensated for its services and reimbursed for any related expenses in accordance with Quinn Emanuel's customary billing practices and procedures except as otherwise set forth in the Kirpalani Declaration.

6. Quinn Emanuel shall be compensated in accordance with the procedures set forth in sections 328(a), 330, and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, any fee and expense guidelines of this Court, and such other procedures as may be fixed by order of this Court.

7. Quinn Emanuel shall provide not less than ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee appointed in these Chapter 11 Cases of any increase in the hourly rates charged by Quinn Emanuel in this engagement, which notice shall be filed with the Court.

8. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Kirpalani Declaration.

9. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application.

10. To the extent the Application, the Kirpalani Declaration, or Quinn Emanuel Agreement are inconsistent with this Order, the terms of this Order shall govern.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  March 16, 2017             /s/ *James L. Garrity, Jr.*
                                                              HONORABLE JAMES L. GARRITY, JR.
                                                              UNITED STATES BANKRUPTCY JUDGE