Presentment Date: April 6, 2017 at 10:00 a.m. (Eastern Time)
Objection Date: April 3, 2017 at 4:00 p.m. (Eastern Time)
Hearing Date (only if an Objection is filed): TBD (EDT)

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.

*Proposed Conflicts Counsel for Certain Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **CHINA FISHERY GROUP LIMITED** | : | **Case No. 16-11895 (JLG)** |
| **(CAYMAN),** *et al.,* | : | |
| | : | **(Jointly Administered)** |
| Debtors.[1] | : | |

-------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF APPLICATION OF CERTAIN DEBTORS PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS CONFLICTS COUNSEL <u>FOR CERTAIN DEBTORS EFFECTIVE AS OF FEBRUARY 15, 2017</u>

**PLEASE TAKE NOTICE** that China Fishery Group Limited (Cayman)

("**CFGL**") and its debtor affiliates (other than CFG Peru Investments Pte. Limited (Singapore)

---

[1] The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), and Pacific Andes Resources Development Limited (Bermuda). The Notice of Presentment is not filed on behalf of CFG Peru Investments Pte. Limited (Singapore).

("**CFG Peru Singapore**")), as debtors and debtors in possession (collectively, the "**Debtors**")[2]

will present the annexed application (the "**Application**") pursuant to section 327(a) of chapter 11

of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-

1 of the Local Bankruptcy Rules for the Southern District of New York ("**Local Rules**"), for

authority to retain and employ Klestadt Winters Jureller Southard & Stevens, LLP as conflicts

counsel for the Debtors, effective as of February 15, 2017, all as more fully set forth in the

Application, to the Honorable James L. Garrity, United States Bankruptcy Judge, for approval

and signature on **April 6, 2017, at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the

Application (the "**Objection**") is filed, which conforms to the Bankruptcy Rules and the Local

Rules, and unless the Objection (a) is filed with the Bankruptcy Court by registered users of the

Bankruptcy Court's case filing system, electronically in accordance with the Local Rules and

General Order M–399 (which can be found at http://www.nysb.uscourts.gov); (b) delivered in

hard copy directly to Judge Garrity's Chambers pursuant to Local Rule 9070-1, in accordance

with the customary practices of the Bankruptcy Court and General Order M–399, to the extent

applicable, and (c) served on:

    i.    proposed conflicts counsel for the Debtors, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036-7203 (Attn: Tracy L. Klestadt, Esq., John E. Jureller, Jr., Esq.);

    ii.    proposed counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Matthew S. Barr, Esq., Marcia Goldstein, Esq., and Gabriel A. Morgan, Esq.);

---

[2] As used herein, the term "Debtors" shall not include CFG Peru Singapore unless otherwise stated.

iii.    counsel for the Debtors, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, NY 11530 (Attn: Howard B. Kleinberg, Esq., Edward J. LoBello, Esq., and Jil Mazer-Marino, Esq.)

iv.    counsel for William A. Brandt, Jr., the Chapter 11 Trustee of CFG Peru Investments Pte Ltd., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, (Attn: Jay M. Goffman, Esq. and Lisa Laukitis, Esq.) and Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave., New York, New York 10010 (Attn: James Tecce, Esq., and Susheel Kirpalani, Esq.);

v.    the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Susan Golden, Esq. and Richard Morrisey, Esq.); and

vi.    all other parties required to be served pursuant to and in accordance with the Bankruptcy Rules, the Local Rules, and General Order M–399

so as to be received by **April 3, 2017 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"), there will not be a hearing on the Application and the Order may be entered.

      **PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served as set forth in the foregoing paragraph by the Objection Deadline, a hearing (the "**Hearing**") to consider the Application will be held before the Honorable James L. Garrity, United States Bankruptcy Judge, at the United States Bankruptcy Court, Room 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed and served by the Objection Deadline, the Court will notify the moving and objecting parties of the date and time of the Hearing and of the moving party's obligation to notify all other parties entitled to receive notice.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in the relief being granted or denied upon default.

Dated: March 16, 2017
    New York, New York

> */s/ John E. Jureller, Jr.*
> KLESTADT WINTERS JURELLER
> SOUTHARD & STEVENS, LLP
> 200 West 41st Street, 17th Floor
> New York, New York 10036-7203
> Telephone: (212) 972-3000
> Facsimile: (212) 972-2245
> Tracy L. Klestadt
> John E. Jureller, Jr.
>
> *Proposed Conflicts Counsel for Certain*
> *Debtors and Debtors in Possession*

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.

Presentment Date: April 6, 2017 at 10:00 a.m.
(Eastern Time)
Objection Date: April 3, 2017 at 4:00 p.m.
(Eastern Time)
Hearing Date (only if an Objection is filed):
TBD (EDT)

*Proposed Conflicts Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re:                                                        **Chapter 11**

**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et*    Case No.  16 – 11895 (JLG)
*al.* [1]

                                                             **Jointly Administered**

                              **Debtors.**
-------------------------------------------------------------------x

### APPLICATION FOR AN ORDER APPROVING THE RETENTION OF
### KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS
### CONFLICTS COUNSEL TO THE DEBTORS

**TO THE HONORABLE JAMES L. GARRITY,**
**UNITED STATES BANKRUPTCY JUDGE:**

China Fishery Group Limited (Cayman), *et al.*, (the "Debtors"), debtors and debtors-in-

possession (other than CFG Peru Investments Pte. Ltd. (Singapore), for which William A.

Brandt, Jr. serves as chapter 11 trustee) in the above-captioned jointly administered chapter 11

cases (the "Chapter 11 Cases"), submit this application (the "Application") for an order,

---

[1] The "Debtors" are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings
Limited (Bermuda) ("PAIH"); N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping
Agency Limited (BVI) (SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore)
Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI)
("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK)
("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI)
("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited
(Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment
Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD")(the
Debtors, excluding PARD, as the "Affiliated Debtors").

substantially in the form attached hereto as <u>Exhibit A</u>, approving the employment and retention of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"), as their conflicts counsel (as defined herein), pursuant to section 327(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the Southern District of New York ("<u>Local Bankruptcy Rules</u>").  In support of this Application, the Debtors submit (i) the affidavit of Ng Puay Yee Annie (Jessie) ("<u>Ng Affidavit</u>"), attached hereto as <u>Exhibit B</u> and incorporated herein by reference, and (ii) the affidavit of Tracy L. Klestadt (the "<u>Klestadt Affidavit</u>"), attached hereto as <u>Exhibit C</u> and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicate for the relief requested herein is section 11 U.S.C. §§ 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## INTRODUCTION

2.      On June 30, 2016 (the "<u>Initial Petition Date</u>"), each of the Debtors other than Pacific Andes Resources Development Limited ("<u>PARD</u>") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.   On September 29, 2016 (the "<u>PARD Petition Date</u>"), PARD filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

3.      The Debtors, other than CFG Peru Investments Pte. Ltd. (Singapore), continue to operate their business and manage their property as debtors-in-possession pursuant to section

1107(a) and 1108 of the Bankruptcy Code.

4.      The events leading up to the Initial Petition Date are set forth in the Affidavit of Ng Puay Yee, Executive Chairman of the Debtors, Pursuant to Local Rule 1007-2, dated June 30, 2016 [ECF Docket No. 2].  The events leading up to the PARD Petition Date are set forth in the Affidavit of Ng Puay Yee, Executive Chairman of the Debtors, Pursuant to Local Rule 1007-2, dated October 10, 2016 [ECF Docket No. 13 in Case no. 16-12739 (JLG)].

5.      Pursuant to the order of this Court dated October 27, 2016 [ECF Docket no. 31 in Case no. 16-12739 (JLG)], KWJS&S was retained as general bankruptcy counsel to PARD, *nunc pro tunc* to the PARD Petition Date.  KWJS&S has continued to serve in this capacity since that time.

## RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS CONFLICTS COUNSEL

6.      By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to employ and retain KWJS&S as their conflicts counsel, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. Section 327(a) of the Bankruptcy Code empowers the Debtors, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons" to represent or assist the Debtor.  11 U.S.C. § 327(a).

7.      The Debtors seek Court approval, pursuant to Sections 327(a) and 328(a)of the Bankruptcy Code and Bankruptcy Rule 2014(a), to employ and retain KWJS&S as their conflicts counsel to handle matters that are not appropriately handled by Debtors' proposed substitute lead bankruptcy counsel, Weil Gotshal & Manges LLP ("WGM"), because of actual or potential conflicts of interest issues or, alternatively, which the Debtors, or WGM, request be handled by KWJS&S.

8.     The Debtors have been informed that Tracy L. Klestadt, as well as other members of, counsel to, and associates of KWJS&S who will be employed in these Chapter 11 Cases, are members in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York, among others courts.

9.     The Debtors have selected KWJS&S as conflicts counsel because the retention of KWJS&S will enhance the ability of WGM to represent the Debtors generally and assist them in carrying out their duties in the Chapter 11 Cases. The Debtors believe that rather than resulting in any extra expense to the Debtors' estates, the retention of KWJS&S as conflicts counsel will promote the effective and economical representation of the Debtors in these Chapter 11 Cases. WGM and KWJS&S will coordinate their efforts and function cohesively to ensure that the legal services provided to the Debtors by each firm are not duplicative. Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors request that the Court approve the retention of KWJS&S, under a general retainer, as their conflicts counsel, to perform services that will be necessary during these cases in accordance with KWJS&S's normal hourly rates and policies in effect when KWJS&S renders the services or incurs the expenses.

10.     KWJS&S has been involved in other significant chapter 11 cases where it served as conflicts counsel in this District. KWJS&S has found that the relationship works best when the Debtors or their counsel promptly inform KWJS&S of any matter where there is involvement of another client of the relevant counsel's firm, even if the Debtors' counsel are not adverse to that client. It is anticipated that as soon as KWJS&S is notified of a transaction, motion or litigation affecting a client of WGM, where WGM is adverse to its client, KWJS&S will be responsible for advising the Debtors on such transaction, motion or litigation.  This best serves the Debtors' fiduciary obligation to all creditors.

11.    The Debtor has selected KWJS&S as its conflicts counsel because of the expertise

and experience of the firm's attorneys in the fields of debtor and creditor rights, corporate debt

restructuring and liquidation, and in representing debtors in chapter 11 bankruptcy cases.  As such,

the Debtor believes that KWJS&S is well qualified to represent it in the Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

12.    KWJS&S has indicated its willingness to serve as conflicts counsel to the Debtors

herein and to receive compensation on an hourly basis, subject to the approval of this Court and

compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and

Disbursements issued by the Office of the United States Trustee, and such other procedures as may

be fixed by order of this   Court, for professional services rendered and expenses incurred by

KWJS&S.  The current hourly rates charged for attorneys and paralegals are set forth in the Klestadt

Affidavit.

13.    As set forth in the Klestadt Affidavit and above, KWJS&S received a retainer deposit

from PARD in the amount of $202,006.12 on September 29, 2016. Of that amount, KWJS&S

received $113,349.12 from the Debtor's prior counsel, Meyer, Suozzi, English & Klein, P.C.

("MSEK"). Upon information and belief, the Debtor originally transferred the $113,349.12 to MSEK

prepetition as part of a retainer paid to MSEK. D. The remaining $88,717.00 was received directly

from the Debtor.   KWJSS issued an invoice on September 29, 2016 to the Debtor for prepetition

services rendered and disbursements incurred in the sum of $10,604.50, which was applied against

the retainer deposit.

14.    On October 28, 2016, this Court entered an Order Pursuant To Sections 105(A) And

331 Of The Bankruptcy Code Establishing Procedures For Monthly Compensation And

Reimbursement Of Expenses Of Professionals [ECF Docket no. 199] ("Monthly Fee Order").
Pursuant to the Monthly Fee Order, KWJS&S has issued monthly fee statements, and applied
amounts against its retainer deposit, for its services as general bankruptcy counsel to PARD as
follows:

| # | Date Sent | Period Covered | Requested | | Awarded and Paid | |
|---|-----------|----------------|-----------|---|------------------|---|
| | | | Fees | Expenses | Fees | Expenses |
| 1 | 11/11/16 | 9/29/16 – 10/31/16 | $101,465.00 | $ 910.24 | $ 81,172.00 | $ 910.24 |
| 2 | 12/13/16 | November 2016 | $ 69,027.50 | $ 535.69 | $ 55,221.60 | $ 535.69 |
| 3 | 1/20/17 | December 2016 | $ 33,155.00 | $1,713.52 | $ 26,524.00 | $1,713.52 |
| 4 | 2/9/17 | January 2017 | $ 24,782.50 | $ 426.46 | $ 19,826.00 | $ 426.46 |
| | | TOTAL | $228,430.00 | $3,589.91 | $180,734.60 | $3,589.91 |

15.     Upon completion of its assignment as general bankruptcy counsel to PARD,
KWJS&S will file a final fee application with this Court requesting approval of its fees and expenses
and requesting payment of the awarded unpaid balance.

16.     KWJS&S begins its assignment as conflicts counsel to the Debtors without having
received any advance retainer payment for its services as conflicts counsel.

17.     To the best of the Debtors' knowledge, information, and belief, KWJS&S does not
have any connection with the Debtors, their creditors, the United States Trustee or any other party in
interest, or their respective attorneys, except as set forth in the Klestadt Affidavit, and is a
"disinterested person" as that term is defined in section 101(14), as modified by 1107 (b) of the
Bankruptcy Code.

18.     No previous application for the relief requested herein has been made to this or any
other court.

**WHEREFORE,** the Debtors respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the retention of KWJS&S as their conflicts counsel in these Chapter 11 Cases and granting such other and further relief as the Court may deem just and proper.

Dated:    _____

　　　　March  16, 2017

　　　　　　　　　　　　　　　　By:   */s/Ng Puay Yee*　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　Ng Puay Yee, Annie (Jessie)
　　　　　　　　　　　　　　　　　　　Executive Chairman

# EXHIBIT A

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.

*Proposed Conflicts Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re:                                               **Chapter 11**

**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et*   Case No.  16 – 11895 (JLG)
*al.* [1]

                                                     **Jointly Administered**

                         **Debtors.**
-------------------------------------------------------------------x

**[PROPOSED] ORDER APPROVING THE RETENTION OF
KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS
<u>CONFLICTS COUNSEL TO THE DEBTORS</u>**

Upon the application of China Fishery Group Limited (Cayman), *et al.*, (the "<u>Debtors</u>"),

debtors and debtors-in-possession (other than CFG Peru Investments Pte. Ltd. (Singapore), for

which William A. Brandt, Jr. serves as chapter 11 trustee) in the above-captioned jointly

administered chapter 11 cases (the "<u>Chapter 11 Cases</u>") (the "<u>Application</u>") for an order,

approving the employment and retention of Klestadt Winters Jureller Southard & Stevens, LLP

---

[1] The "Debtors" are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings
Limited (Bermuda) ("PAIH"); N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping
Agency Limited (BVI) (SPSA), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore)
Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI)
("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK)
("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI)
("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited
(Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment
Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD")(the
Debtors, excluding PARD, as the "Affiliated Debtors").

("KWJS&S"), as their conflicts counsel (as defined herein), pursuant to section 327(a) of title 11

of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"); and it

appearing that KWJS&S is a disinterested person pursuant to section 101(14) of title 11 of the

United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the

Debtors' estates with respect to the matters on which KWJS&S is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of KWJS&S as conflicts counsel for the Debtors to

perform all of the services set forth in the Application on the terms set forth in the

Application and the Klestadt Affidavit is hereby approved pursuant to section 327(a) of the

Bankruptcy Code effective as of February 15, 2017; and it is further

**ORDERED,** that the retention of KWJS&S as general bankruptcy counsel to PARD is

terminated effective as of February 15, 2017; and it is further

**ORDERED,** that the compensation to be paid to KWJS&S shall be subject to the

approval of this Court upon notice and a hearing pursuant to sections 330 and 331 of the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and

such other procedures as may be fixed by order of this Court, for professional services

rendered and expenses incurred by KWJS&S; and it is further

**ORDERED,** that prior to any increases in KWJS&S's rates, KWJS&S shall file a

supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the

United States Trustee and any official committee, which supplemental affidavit shall explain the

basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy

Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that prior to any increases in KWJS&S's rates, KWJS&S shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Klestadt Affidavit, the terms of this Order shall govern.

Dated:    New York, New York
          April __, 2017


_____
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.
Christopher Reilly

*Proposed Conflicts Counsel to the Debtors*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED** | : | |
| **(CAYMAN),** *et al.,* | : | **Case No. 16-11895 (JLG)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x


**DECLARATION OF NG PUAY YEE IN SUPPORT OF CERTAIN
DEBTORS' APPLICATION PURSUANT 11 U.S.C. § 327(a), FED. R.
BANKR. P. 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR
AUTHORITY TO EMPLOY AND RETAIN KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP AS CONFLICTS COUNSEL
FOR CERTAIN DEBTORS EFFECTIVE AS OF FEBRUARY 15, 2017**

Pursuant to 28 U.S.C. § 1746, I, Ng Puay Yee Annie (Jessie), hereby declare as follows:

---

[1] The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), and Pacific Andes Resources Development Limited (Bermuda). The Application is not filed on behalf of CFG Peru Investments Pte. Limited (Singapore).

1.    I am the Managing Director of Pacific Andes International Holdings Limited ("**PAIH**"), the Executive Chairman of Pacific Andes Resources Development Limited ("**PARD**"), the Chief Executive Officer of China Fishery Group Limited ("**CFGL**"), and an authorized representative of their debtor affiliates, other than CFG Peru Investments Pte. Limited (Singapore) (collectively, the "**Debtors**").[2]

2.    I submit this Declaration in support of the application (the "**Application**") of the Debtors, pursuant to Section 327(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for authority to employ and retain Klestadt Winters Jureller Southard & Stevens, LLP ("**KWJSS**" or the "**Firm**"), as conflicts counsel for the Debtors in the above-captioned jointly admistered chapter 11 cases (the "**Chapter 11 Cases**"), effective as of February 15, 2017 (the "**Engagement Date**").[3]

3.    This Declaration is provided pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**").  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience in my role as an officer and director of the Debtors.  I am authorized to submit this Declaration on behalf of the Debtors.

---

[2] As used herein, the term "Debtors" shall not include CFG Peru Singapore unless otherwise stated.

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

4.    The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements.

5.    On July 19, 2016, an order was entered by the Court permitting the Debtors (other than PARD) to retain and employ the law firm Meyer, Suozzi, English & Klein, P.C. as general bankruptcy counsel *nunc pro tunc* to the Commencement Date [ECF No. 89]. On October 28, 2016, an order was entered by the Court permitting PARD to retain and employ KWJSS as general bankruptcy counsel to PARD [ECF No. 31, Case No. 16–12739].

6.    The Debtors have determined that it is in their best interests to retain KWJSS as conflicts counsel in the Chapter 11 Cases for each of the Debtors.[4]  As the Debtors have consistently stated, their ultimate goal in commencing these Chapter 11 Cases is to prosecute and implement a comprehensive and holistic restructuring of the Debtors' enterprise. At this time, the various stakeholders in these cases are beginning to engage in constructive discussions regarding potential restructuring alternatives and appropriate next steps. The Debtors have selected KWJSS as conflicts counsel because of the Firm's extensive general experience and knowledge across multiple complementary practice groups, including, in particular, KWJSS's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under chapter 11 of the Bankruptcy Code, and its prior engagements as conflicts counsel in other cases. The Debtors' representatives have consulted with the Chapter 11 Trustee and his counsel, and I understand that he does not oppose of the retention of KWJSS.

---

[4] Upon approval of the application, KWJSS's engagement will be transitioned from lead bankruptcy counsel for PARD to conflicts counsel to each of the Debtors.

3

7.    As Managing Director of PAIH, Executive Chairman of PARD, Chief Executive Officer of CFGL, and an authorized representative for the Debtors, I was actively involved in negotiating the terms of KWJSS's engagement on behalf of the Debtors. KWJSS has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement. .

8.    KWJSS has advised me that its current customary hourly rates, subject to change from time to time, are $495.00 to $695.00 for partners, $250.00 to $395.00 for associates, and $175.00 for paraprofessionals. KWJSS has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

9.    I am informed by KWJSS that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms. To the extent that there is any disparity in such rates, however, I nevertheless believe that KWJSS's retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

10.    Contemporaneously herewith, the Debtors have filed a motion to obtain a loan from certain non-Debtor affiliates of equity holders of N.S. Hong Investments (BVI) Limited on an unsecured and subordinated basis in order to fund the costs of administering these Chapter 11 Cases, in particular to fund payment of legal fees and expenses payable to KWJSS and other retained professionals for the services provided to the Debtors.

11.    I understand that KWJSS's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by, among other parties, the Office of the United States Trustee, the Debtors, and any official committee appointed in these Chapter 11 Cases, in accordance with the terms of the Bankruptcy

4

Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in these Chapter 11 Cases, including but not limited to the Court's *Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* [ECF No. 199].

12.     As Managing Director of PAIH, Executive Chairman of PARD, Chief Executive Officer of CFGL, and an authorized representative for the Debtors, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel.  I personally review the Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In so doing, I ensure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates.  The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy cases.  Moreover, KWJSS has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by KWJSS.

13.     Additionally, on behalf of the Debtors, I understand that I will be responsible for approving a prospective staffing plan, which KWJSS will prepare and present to the Debtors.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 16th day of March, 2017

/s/Ng Puay Yee
NAME:   Ng Puay Yee Annie (Jessie)
TITLE:   Authorized Representative
for each Debtor

# EXHIBIT C

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.
Christopher Reilly

*Proposed Conflicts Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

**In re:**                                          **Chapter 11**

**CHINA FISHERY GROUP LIMITED (CAYMAN),** *et*     **Case No. 16 – 11895 (JLG)**
*al.* [1]

                                                    **Jointly Administered**
                              **Debtors.**
-------------------------------------------------------------------x

**AFFIDAVIT OF TRACY L. KLESTADT IN SUPPORT OF**
**APPLICATION FOR AN ORDER APPROVING THE RETENTION OF**
**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS**
**CONFLICTS COUNSEL TO THE DEBTORS**

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NEW YORK     )

        TRACY L. KLESTADT, being duly sworn, deposes and says:

        1.      I am an attorney at law admitted to practice in the State of New York and the

---

[1] The "Debtors" are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"); N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) (SPSA), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Limited ("PARD")(the Debtors, excluding PARD, as the "Affiliated Debtors").

Bankruptcy Courts and District Courts for the Southern and Eastern Districts of New York. I am an equity partner in the law firm of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"), which maintains an office at 200 West 41st Street, 17th Floor, New York, NY 10036. I submit this affidavit (the "Affidavit") in support of the application (the "Application") of the Debtors herein for the entry of an order authorizing the Debtors' retention of KWJS&S as their conflicts counsel, effective as of February 15, 2017.

2.      I am familiar with the matters set forth herein and make this Affidavit in support of the Application by the Debtors for authority to retain KWJS&S as conflicts counsel.

3.      Pursuant to the order of this Court dated October 27, 2016 [ECF Docket no. 31 in Case no. 16-12739 (JLG)], KWJS&S was retained as general bankruptcy counsel to PARD, *nunc pro tunc* to the PARD Petition Date. KWJS&S has continued to serve in this capacity since that time.

4.      KWJS&S received a retainer deposit from PARD in the amount of $202,006.12 on September 29, 2016. Of that amount, KWJS&S received $113,349.12 from the Debtor's prior counsel, Meyer, Suozzi, English & Klein, P.C. ("MSEK"). Upon information and belief, the Debtor originally transferred the $113,349.12 to MSEK prepetition as part of a retainer paid to MSEK. The remaining $88,717.00 was received directly from the Debtor. KWJSS issued an invoice on September 29, 2016 to the Debtor for prepetition services rendered and disbursements incurred in the sum of $10,604.50, which was applied against the retainer deposit.

5.      On October 28, 2016, this Court entered an Order Pursuant To Sections 105(A) And 331 Of The Bankruptcy Code Establishing Procedures For Monthly Compensation And Reimbursement Of Expenses Of Professionals [ECF Docket no. 199] ("Monthly Fee Order"). Pursuant to the Monthly Fee Order, KWJS&S has issued monthly fee statements, and applied

amounts against its retainer deposit, for its services as general bankruptcy counsel to PARD as follows:

| # | Date Sent | Period Covered | Requested | | Awarded and Paid | |
|---|-----------|----------------|-----------|-----------|-----------|-----------|
|   |           |                | Fees | Expenses | Fees | Expenses |
| 1 | 11/11/16 | 9/29/16 – 10/31/16 | $101,465.00 | $ 910.24 | $ 81,172.00 | $ 910.24 |
| 2 | 12/13/16 | November 2016 | $ 69,027.50 | $ 535.69 | $ 55,221.60 | $ 535.69 |
| 3 | 1/20/17 | December 2016 | $ 33,155.00 | $1,713.52 | $ 26,524.00 | $1,713.52 |
| 4 | 2/9/17 | January 2017 | $ 24,782.50 | $ 426.46 | $ 19,826.00 | $ 426.46 |
|   |          | TOTAL | $228,430.00 | $3,589.91 | $180,734.60 | $3,589.91 |

6.      Upon completion of its assignment as general bankruptcy counsel to PARD, KWJS&S will file a final fee application with this Court requesting approval of its fees and expenses and requesting payment of the awarded unpaid balance.

7.      KWJS&S begins its assignment as conflicts counsel to the Debtors without having received any advance retainer payment for its services as conflicts counsel.

8.      To the best of the Debtors' knowledge, information, and belief, KWJS&S does not have any connection with the Debtors, their creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth herein, and is a "disinterested person" as that term is defined in section 101(14), as modified by 1107 (b) of the Bankruptcy Code.

9.      Insofar as I have been able to ascertain, KWJS&S does not hold and does not represent any interest adverse to the Debtor, its creditors, professionals or any other party in interest herein, or their respective attorneys or professionals, except as disclosed herein.

10.      To the best of my knowledge, after due inquiry, KWJS&S:

a) is not a creditor, an equity security holder, or an insider;

b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors;

c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason;

and

    d)  does not represent any other entity having an adverse interest in connection with the Debtors Chapter 11 Cases.

11.    Accordingly, I believe KWJS&S is "disinterested", as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

12.    KWJS&S maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have caused a review of such records to be performed in order determine KWJS&S's connections with the Debtors, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed relationships that KWJS&S has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

13.    KWJS&S is currently special counsel to Jil Mazer-Marino, Esq., in her capacity as chapter 7 trustee of Organic Avenue, LLC, in a case pending in this Court (Case no. 15-12787-MKV). Ms. Mazer-Marino is a partner in the law firm of Meyer, Suozzi, English & Klein, P.C. ("MSEK"), which is currently counsel to the Debtors, but will be replaced by WGM if WGM's concurrently filed retention application is approved by this Court. KWJSS does not believe that its representation of Ms. Mazer-Marino constitutes a conflict of interest.

14.    Subject to court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to KWJS&S's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred. I have a current standard hourly rate of $695 per hour; other partners of the firm bill from $495 to $595 per hour; associates bill from $250 to $395 per hour; and the firm's paralegals bill at $175 per hour.

15.    The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate KWJS&S for its work, the work of its associates and its paralegals and any other professionals it may utilize, and to cover fixed and routine overhead expenses.  KWJS&S's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases.  The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court and the Guidelines promulgated by the Office of the United States Trustee.  KWJS&S believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spread the expenses among all clients.

16.    This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b).  KWJS&S intends to apply to this Court for compensation for professional services rendered in connection with this case.  KWJS&S has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. KWJS&S does not have an agreement with any other entity to share with such entity any compensation KWJS&S receives.

**Attorney Statement Pursuant to Fee Guidelines**

17.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:    No.

**Question**:  Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:  No.

**Question**:  If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:  During the twelve (12) months prior to the Petition Date, the billing rate of KWJS&S attorneys working on such matters was from $225.00 to $695.00 per hour.  Billing rates for paralegals was $150.00 to $175.00 per hour.

**Question**:  Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:  Yes, the Debtor has approved a prospective budget through the period ending March 31, 2017.


/s/Tracy L. Klestadt
Tracy L. Klestadt

Sworn to before me this
16th day of March, 2017


/s/John E. Jureller, Jr.

Notary Public, State of New York
LIC.: No. 02JU5047555