SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Lisa Laukitis
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Sarah E. Pierce (admitted *pro hac vice*)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr.
   Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** *et al.*, | : | **Case No. 16-11895 (JLG)** |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

---

[1]   The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Ltd. ("PARD").

|  |  |
|---|---|
| In re: | Chapter 11 |
| CFG Peru Investments Pte. Limited (Singapore), Debtor. | Case No. 16-11914 (JLG) |
|  | (Jointly Administered) |

**NOTICE OF FILING OF
ORDINARY COURSE PROFESSIONAL
<u>DECLARATION OF DISINTERESTEDNESS AND RETENTION QUESTIONNAIRE</u>**

**PLEASE TAKE NOTICE** that on February 13, 2017, the Court entered the *Order Granting Chapter 11 Trustee's Motion Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* (the "<u>OCP Order</u>") (Dkt. 354) authorizing William A. Brandt, Jr., the Chapter 11 Trustee (the "<u>Chapter 11 Trustee</u>") for the bankruptcy estate of CFG Peru Investments Pte. Ltd., to retain and compensate certain professionals in the ordinary course of business (collectively, the "<u>Ordinary Course Professionals</u>") subject to the terms of the OCP Order.

**PLEASE TAKE FURTHER NOTICE** that in compliance with the OCP Order, the Chapter 11 Trustee hereby files and submits the attached OCP Declaration of Disinterestedness and Retention Questionnaire for the following Ordinary Course Professional as **<u>Exhibit A-B</u>**:

a) Allen & Gledhill LLP

**PLEASE TAKE FURTHER NOTICE** that pursuant to the OCP Order, the Chapter 11 Trustee will serve the OCP Declaration of Disinterestedness and Retention Questionnaire on: (i) the Office of the United States Trustee for the Southern District of New York ("<u>U.S. Trustee</u>"); (ii) U.S. counsel to Standard Chartered Bank (Hong Kong) Limited, Cooperatieve Rabobank, U.A., and DBS Bank (Hong Kong) Limited; (iii) U.S. counsel to China CITIC Bank International Limited; (iv) U.S. counsel to the ad hoc noteholders

2

committee; (v) U.S. counsel for Bank of America N.A.; (vi) U.S. counsel to Malayan Banking Berhad, Hong Kong Branch; (vii) Fredrich von Kaltenborn-Stachue, the insolvency administrator for the Pickenpack companies; and (viii) U.S. counsel for the Debtors (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the OCP Order, the Notice Parties have fifteen (15) days after the filing and service of the Declaration of Disinterestedness and the Retention Questionnaire (the "Objection Deadline") to serve the Notice Parties, the Trustee's attorneys, and the relevant OCP any any objection to the retention, employment, or compensation of the OCP.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the OCP Order, if no objection is received from any of the Notice Parties prior to the expiration of the Objection Deadline with respect to an OCP, the Trustee shall be authorized to retain and pay that OCP in accordance with the OCP Procedures without further order from the Court. If an objection is asserted by the Objection Deadline and such objection cannot be resolved within ten (10) days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Trustee at the next regularly scheduled hearing date that is no less than twenty (20) days from that date or on a date otherwise agreed to by the parties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: March 23, 2017
      New York, New York

                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                        By:  */s/ Lisa Laukitis*
                            Jay M. Goffman
                            Lisa Laukitis
                            Four Times Square
                            New York, New York 10036-6522
                            Telephone: (212) 735-3000
                            Fax: (212) 735-2000

                            -and-

                            Sarah E. Pierce (admitted *pro hac vice*)
                            One Rodney Square
                            P.O. Box 636
                            Wilmington, Delaware 19899-0636
                            Telephone: (302) 651-3000
                            Fax: (302) 651-3001

                            -and-

                            Elizabeth M. Downing (admitted *pro hac vice*)
                            500 Boylston Street
                            Boston, Massachusetts 02116
                            Telephone: (617) 573-4800
                            Fax: (617) 573-4870

                            *Counsel for William A. Brandt, Jr., Chapter 11 Trustee*

# **EXHIBIT A**

**Declaration of Disinterestedness**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CHINA FISHERY GROUP LIMITED (CAYMAN) *et al.*, Debtors.[1] | Case No. 16-11895 (JLG) (Jointly Administered) |
| In re: | Chapter 11 |
| CFG Peru Investments Pte. Limited (Singapore), Debtor. | Case No. 16-11914 (JLG) (Jointly Administered) |

## DECLARATION OF DISINTERESTEDNESS

I, Edward Tiong Yung Suh (Singapore National Registration Identity Card No. S7207404A), declare under penalty of perjury:

1. I am a Partner of Allen & Gledhill LLP, located at One Marina Boulevard #28-00 Singapore 018989 (the "Firm").

2. William A. Brandt, Jr., not individually but solely in his capacity as chapter 11 trustee ("the Trustee" or the "Chapter 11 Trustee") of CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), a Debtor in the above-captioned chapter 11 cases

---

[1] The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Ltd. ("PARD").

(the "Chapter 11 Cases") has requested that the Firm provide advice in matters relating to the restructuring and insolvency of CFG Peru Singapore, including but not limited to all court proceedings in connection thereto, and the Firm has consented to provide such services.

3. To the best of my knowledge, the Firm may have performed services in the past and may currently perform services and the Firm may perform services in the future, for persons that are parties in interest in these Chapter 11 Cases. To the best of my knowledge, the Firm has not, does not and will not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the CFG Peru Singapore, the Debtors or the Trustee.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants against or employees of the Debtors, the Trustee, or other parties in interest in these Chapter 11 Cases.

5. Neither I, nor any principal, partner, director, officer of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors or the Trustee with any other person other than the principals and regular employees of the Firm.

6. Neither I, nor any principal, partner, director, officer of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Trustee or the Debtors' estates with respect to the matter(s) upon which this Firm is to be employed.

2

7. The Trustee and/or the Debtors owe the Firm $0 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: *15 March*, 2017

_____
Edward Tiong Yung Suh, Partner

## EXHIBIT B

**Retention Questionnaire**

Chapter 11 Case No. 16-11914 (JLG) (Bankr. S.D.N.Y.)

# RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY WILLIAM A. BRANDT, NOT INDIVIDUALLY, BUT SOLELY IN HIS CAPACITY AS THE CHAPTER 11 TRUSTEE OF CFG PERU INVESTMENTS PTE. LIMITED (SINGAPORE) (the "TRUSTEE") IN THE ABOVE-REFERENCED CHAPTER 11 CASE.

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT. RETURN IT FOR FILING BY THE TRUSTEE, TO:

> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, New York 10036-6522
> Attn: Lisa Laukitis (Lisa.Laukitis@skadden.com)

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

    Allen & Gledhill LLP
    One Marina Boulevard #28-00
    Singapore 018989

2. Date of retention: 16 February 2017[1]

3. Type of services provided (accounting, legal, etc.):

    Legal

4. Brief description of services to be provided:

    Provide Singapore law advice in matters relating to the restructuring and insolvency of CFG Peru Investments Pte. Ltd and its Peruvian Subsidiaries, including but not limited to all court proceedings arising from the appointment of William A. Brandt, Jr. as Chapter 11 Trustee to CFG Peru Investments Pte Ltd .

---

[1] Allen & Gledhill commenced services for the Chapter 11 Trustee on February 16, 2017. The parties signed an engagement letter on March 17, 2017 after negotiating the final terms of the engagement.

5.     Arrangement for compensation (hourly, contingent, etc.):

Hourly

    (a)     Average hourly rate (if applicable):

        Andrew Chan (Partner): $850 SGD
        Edward Tiong (Partner): $825 SGD
        Alexander Yeo (Senior Associate): $525 SGD
        Jo Tay (Senior Associate): $495 SGD
        **Average: $673.75 SGD**

        Please note that the above mentioned hourly rates do not include goods and services tax (GST) of 7%.

    (b)     Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

        Not Applicable

6.     Prepetition claims against the Trustee or the Debtors held by the firm:

    Amount of claim:     $ None

    Date claim arose:

    Source of claim:

7.     Prepetition claims against the Trustee or the Debtors held individually by any member, associate, or professional employee of the firm:

    Name:     $ None

    Status:

    Amount of claim:

2

       Date claim arose:

       Source of claim:

8. Disclose the nature and provide a brief description of any interest adverse to the Trustee or the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

    None

9. Name and title of individual completing this form:

    Edward Tiong, Partner, Allen & Gledhill LLP

3