**Hearing Date: April 12, 2017 at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: April 5, 2017 at 4:00 p.m. (prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Lisa Laukitis
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Sarah E. Pierce (admitted *pro hac vice*)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr.*
 *Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ———————————————————— : | |
| **In re:** : | **Chapter 11** |
| : | |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** : | **Case No. 16-11895 (JLG)** |
| ***et al.***, : | |
| **Debtors.**[1] : | **(Jointly Administered)** |
| : | |
| ———————————————————— : | |

---

[1]   The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings
Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping
Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore)
Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI)
("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK)
("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI)
("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited
(Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment
Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Ltd. ("PARD").

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CFG Peru Investments Pte. Limited (Singapore), Debtor. | : | Case No. 16-11914 (JLG) |
|  | : |  |
|  | : | (Jointly Administered) |
|  | : |  |

---

### NOTICE OF CHAPTER 11 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF DEVELOPMENT SPECIALISTS, INC. AS ACCOUNTANT TO THE TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2016

**PLEASE TAKE NOTICE** that William A. Brandt, Jr., not individually but solely in his capacity as chapter 11 trustee (the "Trustee" or the "Chapter 11 Trustee") of CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore" or the "Debtor") in the above-captioned chapter 11 cases, by his attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, hereby files the *Chapter 11 Trustee's Application for Entry of an Order Authorizing Retention of Development Specialists, Inc. as Accountant to the Trustee* Nunc Pro Tunc *to November 10, 2016* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Application will be held before the Honorable James L. Garrity, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 601, New York, New York 10004 (the "Bankruptcy Court"), on **April 12, 2017 at 2:00 p.m. (prevailing Eastern Time)** (the "Hearing"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application and the relief requested therein, if any, must be made in writing and (a) filed with the Bankruptcy Court no later than **4:00 p.m. (prevailing Eastern Time) on April 5, 2017** (the

"Objection Deadline") and (b) served so as to be actually received by the following parties by the

Objection Deadline:

(i)    counsel for William A. Brandt, Jr., the Chapter 11 Trustee for the bankruptcy estate of CFG Peru Investments Pte. Ltd., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attn: Lisa Laukitis (lisa.laukitis@skadden.com), and Skadden, Arps, Slate, Meagher & Flom LLP, 500 Boylston Street, Boston, Massachusetts 02116, Attn: Elizabeth Downing (elizabeth.downing@skadden.com);

(ii)    proposed counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Matthew S. Barr, Esq. (matt.barr@weil.com), Marcia Goldstein, Esq. (marcia.goldstein@weil.com), and Gabriel A. Morgan, Esq. (gabriel.morgan@weil.com);

(iii)    the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Susan Golden (susan.golden@usdoj.gov); and

(iv)    the Chapter 11 Trustee, 110 East 42nd Street, Suite 1818, New York, New York 10017, Attn: William A. Brandt, Jr. (bbrandt@dsi.biz).

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the

Application, with proof of service, is filed with the Bankruptcy Court and a courtesy copy

delivered to the Honorable James L. Garrity's Chambers by the Objection Deadline, the Chapter

11 Trustee may, on or after the Objection Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order attached to the Application, which order may be

entered with no further notice or opportunity to be heard.

Dated: March 29, 2017
   New York, New York

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    By: */s/ Lisa Laukitis*      
      Jay M. Goffman
      Lisa Laukitis
      Four Times Square
      New York, New York 10036-6522
      Telephone: (212) 735-3000
      Fax: (212) 735-2000

      -and-

      Sarah E. Pierce (admitted *pro hac vice*)
      One Rodney Square
      P.O. Box 636
      Wilmington, Delaware 19899-0636
      Telephone: (302) 651-3000
      Fax: (302) 651-3001

      -and-

      Elizabeth M. Downing (admitted *pro hac vice*)
      500 Boylston Street
      Boston, Massachusetts 02116
      Telephone: (617) 573-4800
      Fax: (617) 573-4870

      *Counsel for William A. Brandt, Jr.*
       *Chapter 11 Trustee*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Lisa Laukitis
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Sarah E. Pierce (admitted *pro hac vice*)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr.,*
 *Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** | : | **Case No. 16-11895 (JLG)** |
| *et al.*, | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

---

[1]    The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore) Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI) ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK) ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI) ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Ltd. ("PARD").

|  | : |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **CFG Peru Investments Pte. Limited (Singapore),** | : | **Case No. 16-11914 (JLG)** |
| **Debtor.** | : |  |
|  | : | **(Jointly Administered)** |
|  | : |  |
| _____ | : |  |

### CHAPTER 11 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF DEVELOPMENT SPECIALISTS, INC. AS ACCOUNTANT TO THE TRUSTEE _NUNC PRO TUNC_ TO NOVEMBER 10, 2016

William A. Brandt, Jr., not individually but solely in his capacity as chapter 11 trustee (the "Trustee" or the "Chapter 11 Trustee") of CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore" or the "Debtor") in the above-captioned chapter 11 cases, by his attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, hereby applies (the "Application") to this Court (the "Court") for entry of an order ("Proposed Order"), substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 327, 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing, but not directing, the Chapter 11 Trustee to retain and employ the firm of Development Specialists, Inc. ("DSI") as accountant to the Trustee _nunc pro tunc_ to November 10, 2016, and, in support thereof, shows as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

2.      The statutory bases for the relief requested herein are sections 105(a), 327, 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3.      On June 30, 2016 (the "Petition Date"), each of the debtors in the above-captioned cases (the "Debtors"), except PARD, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.  On September 29, 2016, PARD filed its Chapter 11 bankruptcy case (collectively with the other Debtors' Chapter 11 cases, the "Chapter 11 Cases").

4.      To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

5.      The Debtors constitute a small part of a group of companies that collectively constitute the world's twelfth largest fishing company.  The Debtors consist principally of holding companies and defunct, non-operating companies.  Their value is derived largely from their indirect or direct interests in three Peruvian operating companies – CFG Investments S.A.C. ("CFGI"), Corporacion Pesquera Inca S.A.C. ("Copeinca"), and Sustainable Fishing Resources S.A.C. ("SFR", and collectively the "Peruvian OpCos").  CFGI and Copeinca operate the Pacific Andes Group's anchovy fishing business and together control a significant percentage of the anchovy fishing quotas fixed by the Peruvian government.  CFG Peru Singapore holds direct and indirect interests in the following subsidiaries in addition to Peruvian OpCos: China Fishery Group Limited (Hong Kong), Immobilaria Y Constructora Pahk SAC, Protein Trading Limited, J. Wiludi & Associados, Copeinca AS, Copeinca International S.L.U., PFG Fisheries BV, Immobilaria Gainsville SAC, Inversiones Pesquera West SAC, Corporacion Pesquera Frama

SAC, Consorcio Vollmacht SAC, Sustainable Pelagic Fishery SAC, Macro Capitale SA, and

CFG Investments Shanghai Ltd. (collectively with the Peruvian OpCos, the "CFG Peru

Singapore Subsidiaries").

6.      On November 10, 2016, the U.S. Trustee sought approval of William A. Brandt,

Jr., as the Chapter 11 Trustee of CFG Peru Singapore [Dkt. No. 218].  On that same date, the

Court entered an order approving the selection of Mr. Brandt as the Chapter 11 Trustee [Dkt. No.

219].

## RELIEF REQUESTED

7.      By this Application, the Chapter 11 Trustee seeks entry of the Proposed Order

under Bankruptcy Code sections 105(a), 327, 328, 330, and 331, authorizing, but not directing

the Trustee to retain DSI, with which the Trustee is affiliated, to serve as accountant to CFG Peru

Singapore and assist him in the administration of this case, *nunc pro tunc* to November 10, 2016,

the date of the Trustee's appointment in these Chapter 11 Cases.

## BASIS FOR RELIEF

8.      The Trustee is the Executive Chairman and founder of DSI.  DSI is a restructuring

and financial advisory firm that specializes in interim management, turnaround consulting,

operational due diligence, creditor advisory services, and financial and operational restructuring.

DSI maintains offices at 110 E. 42nd Street, Suite 1818, New York, New York 10017, as well as

offices around the country.  Specifically, DSI operates, manages, and consults troubled

businesses on behalf of lending institutions, other secured bondholders, shareholder committees,

court-approved fiduciaries, and business owners.  The firm is experienced in all aspects of

insolvency and bankruptcy consulting, and regularly serves as consultants to debtors or trustees

in both chapter 7 and chapter 11 proceedings.  In the past thirty-five years, members of DSI have

4

accepted appointments as chapter 7 and chapter 11 bankruptcy trustees and examiners and other fiduciary responsibilities in over 8,000 cases throughout the United States, Puerto Rico, the Virgin Islands, Canada, and Europe.

9.     The Trustee has retained and used DSI's services in connection with numerous bankruptcy cases in which he has served as Chapter 11 Trustee or otherwise been involved.  The services that DSI will provide to the Trustee, as it has done in previous retentions, include but are not limited to supervision of the day-to-day operations of the Peruvian OpCos, counseling and management services in connection with accounting, asset liquidation, litigation support, and claims analysis, as well as any other matters that may arise within the scope of their expertise.

## SERVICES TO BE PROVIDED

10.     The Trustee believes DSI is qualified to assist him in the matters mentioned above and to advise him in these cases in a cost-effective, efficient, and timely manner.  The Trustee anticipates that DSI will, in connection with these Chapter 11 Cases and subject to orders of this Court, provide the following services:

(a)     assist the Trustee in the preparation of financial-related disclosures required by the Court, including any potential revisions/adjustments to the Debtor's Schedules of Assets and Liabilities, any potential revisions/adjustments to Statements of Financial Affairs, Monthly Operating Reports, and Rule 2015.3 Reports;

(b)     assist in the preparation and/or review of the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items, and proposed transactions for which Court approval is sought;

(c)     prepare enterprise, asset, and liquidation valuations;

(d)     assist with the analysis, tracking and reporting regarding any financing arrangements and budgets;

(e)     assist with identifying and implementing potential cost containment opportunities;

(f)     assist in the review of the business and financial condition of the Debtors generally;

(g)     coordinate efforts to obtain debtor-in-possession financing and financing for the Peruvian OpCos;

(h)     attend meetings and assist in discussions with potential investors, banks, and other lenders, any official committee(s) appointed in these Chapter 11 Cases, the U.S. Trustee, the Securities and Exchange Commission, the Department of Justice, other parties in interest, and professionals hired by same, as requested;

(i)     communicate and negotiate with the administrators for the various Debtor estates and creditor constituents to aid the Trustee in maximizing recovery for all stakeholders;

(j)     assist in the preparation of information and analysis necessary for the confirmation of a Chapter 11 plan, including information contained in the disclosure statement, if confirmation of a plan is found to be advisable by the Trustee;

(k)     provide forensic accounting services necessary to determine the disposition of the Debtors' assets and assist counsel in the development of litigation claims which may be property of the estates;

(l)     manage the facilitation and coordination and data exchange between the various worldwide administrations;

(m)    participate in the negotiation, reconciliation, and resolution of intercompany claims asserted by CFG Peru Singapore against other Debtors and assess the distributable value that will flow from those entities to the Chapter 11 estates;

(n)     coordinate the sale of non-core assets;

(o)     coordinate the sale of the Peruvian OpCos;

(p)     coordinate workflow administration between the Trustee's professionals, creditor constituencies and their professionals, and the various Chapter 11 estates;

(q)     assist the Trustee with the day-to-day, short-term and long-term management of the bankruptcy process, including evaluation of strategic and tactical options with respect to any related insolvency administrations

throughout the world, as well as management of the reorganization of operations and sale of Debtor's assets; and

(r)    render such other assistance as the Trustee or his retained professionals may deem necessary consistent with the role of an accountant to the extent that it would not be duplicative of services provided by other professionals in this proceeding.

### QUALIFICATIONS OF PROFESSIONALS

11.    The Trustee has selected DSI as his accountant because of DSI's familiarity with the circumstances leading to the Debtors' Chapter 11 filing and the Trustee's affiliation with DSI as President and CEO.  As a result, DSI will be able to provide services to the Trustee efficiently, without duplication, and without interruption to these Chapter 11 cases.

12.    Further, the Trustee has selected DSI because of the firm's diverse experience. DSI has provided extensive services to companies in transition, creditor constituencies, and other stakeholders in connection with bankruptcy proceedings.  DSI offers an extensive array of financial consulting services, including forensic investigation, transaction advisory, restructuring, turnaround, interim management, capital raising, operational improvement, and valuation services.  DSI also has substantial information technology abilities, which are available to assist the Trustee in accessing and analyzing data in the Debtors' books and records.

13.    Section 101(1) of the Bankruptcy Code provides:  "The term 'accountant' means accountant authorized under applicable law to practice public accounting, and includes professional accounting association, corporation, or partnership, if so authorized."  New York law regarding public accounting, New York Educ. Law sections 7400-7410, is "applicable law."

14.    The services to be provided in this matter fall under New York Educ. Law 7401(3) which provides that public accountancy includes:

offering to perform or performing, for other persons one or more types of the following services including but not limited to accounting, management advisory, financial advisory, and tax exclusive of services within subdivisions one and two

of this section, involving the use of professional skills or competencies of the licensed accountant as described in the rules of the board of regents, including professional services rendered to one's employer not required to register under section seventy-four hundred eight of this article, in any and all matters related to accounting concepts and to the recording of financial data or information in the preparation or presentation of financial statements.[2]

15.    DSI is not registered as a public accounting firm in New York.  However, New York Educ. Law section 7408(3)(a) requires that only firms practicing under subdivisions (1) and (2) of New York Educ. Law section 7401 are required to register.  Further, New York Educ. Law section 7404(g) specifically exempts firms practicing only under New York Educ. Law section 7401(3) from the registration or licensing requirements:

> Nothing contained in this article shall be construed to prohibit . . . [a]n individual other than a certified public accountant or public accountant, or an entity not required to register under paragraph a of subdivision three of section seventy-four hundred eight of this article, from offering to perform or performing the types of services set forth in subdivision three of section seventy-four hundred one of this article or preparing financial statements in accordance with subdivision five of section seventy-four hundred eight of this article.[3]

16.    Thus, DSI meets the requirements of section 101(1) of the Bankruptcy Code and is competent to provide such services to the Trustee.

17.    The Trustee needs assistance in collecting and analyzing financial and other information in relation to these Chapter 11 Cases.  DSI has considerable experience with rendering such services to trustees and other parties in numerous Chapter 11 cases, and is qualified to perform the work required in this case.

18.    Courts in this District and others have granted similar relief as requested herein. See, e.g., Corp. Res. Servs., Inc., No. 15-12329 (MG) (Bankr. S.D.N.Y. Dec. 21, 2015) (authorizing retention of a Chapter 11 Trustee's firm as an accountant); In re TS Emp't, Inc., No.

---

[2]    New York Educ. Law. 7401(3).

[3]    New York Educ. Law 7407(g).

15-10243 (Bankr. S.D.N.Y. Nov. 25, 2015) (same);  In re MF Glob. Holdings Ltd., No. 11-

15059 (MG) (Bankr. S.D.N.Y. Apr. 10, 2012) (same); see also In re Aeropostale, Inc., No. 16-

11275 (SHL) (Bankr. S.D.N.Y. Oct. 13, 2016) (authorizing the retention of DSI as management

and restructuring consultant to Chief Restructuring Officer William A. Brandt, Jr.); In re Foss

Mfg. Co., No. 05-13724 (JMD) (Bankr. D.N.H. Dec. 15, 2005) (authorizing retention of DSI as

consultant to Chapter 11 Trustee William A. Brandt, Jr.); In re Plassein Int'l Corp., No. 03-

11489 (JBR) (Bankr. D. Del. Mar. 23, 2004) (authorizing retention of DSI as consultant to

Chapter 7 Trustee William A. Brandt, Jr.).

## PROFESSIONAL COMPENSATION

19.    In connection with its representation of the Trustee, DSI will charge its standard

hourly rates, but in no event will the fees charged by DSI and the Trustee combined exceed the

maximum allowable compensation set forth in Section 326(a) of the Bankruptcy Code.

20.    The principal professionals expected to provide advisory services to the Trustee

and their hourly rates are: Robert Weiss ($650.00), Patrick J. O'Malley ($615.00), Steven L.

Victor ($595.00), Yale S. Bogen ($475.00), Matthew P. Sorenson ($395.00), Shelly Cuff

($315.00), and William G. Brandt ($195.00).

21.    These hourly rates are subject to periodic adjustment to reflect economic and

other conditions and are consistent with the rates that DSI charges in other matters.  The Trustee

believes that these rates and the terms and conditions of DSI's employment are reasonable.[4]

22.    The Trustee has also agreed to reimburse DSI, subject to the Court's approval, for

all reasonable out-of-pocket expenses incurred by DSI in connection with this case.

---

[4] If the hourly rates set forth herein are adjusted during the pendency of this case, DSI will provide the Court, the
Office of the United States Trustee, the Debtors and any official committee with ten business days' written
notice of such new hourly rates.

23.     DSI intends to apply for compensation for professional services rendered in connection with this case, subject to the Court's approval, and to seek reimbursement of certain actual, necessary expenses and other charges that DSI incurs pursuant to interim fee applications filed in accordance with the Order Granting Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals dated October 28, 2016 (the "Interim Compensation Order") [Dkt. No. 199].

24.     The Trustee and DSI intend to apply to the Court for allowance of reasonable compensation based on moneys disbursed or turned over by the Trustee to parties in interest, excluding the Debtor, not to exceed the maximum allowable compensation set forth in Section 326(a) of the Bankruptcy Code.  In calculating allowable compensation, the Trustee and DSI intend to include all disbursements from CFG Peru Singapore Subsidiaries, which would include proceeds from any sale transactions involving the CFG Peru Singapore Subsidiaries, or any assets thereof.  Because the majority of the value in these Chapter 11 Cases is derived from the CFG Peru Singapore Subsidiaries, and more specifically, the Peruvian OpCos, the Trustee and DSI expect to expend the majority of their time in overseeing the operations and successful reorganization of the Peruvian OpCos and likely additional CFG Peru Singapore Subsidiaries as well.  While the Trustee is appointed at CFG Peru Singapore, his role extends, as does the work needed from DSI, to the CFG Peru Singapore Subsidiaries.  For example, the Trustee will provide detailed reports on the operations and disbursements of the CFG Peru Singapore Subsidiaries in the Monthly Operating Reports to be filed with the Court.  Accordingly, the Trustee and DSI submit that they are entitled to include all disbursements from CFG Peru Singapore Subsidiaries in their calculation of reasonable compensation under Section 326(a).

## DISINTERESTEDNESS OF PROFESSIONALS

25.     To the best of the Trustee's knowledge, and as set forth in the Affidavit of

William A. Brandt, Jr.  in Support of His Potential Appointment as Chapter 11 Trustee in the

China Fishery Group Limited (Cayman), et al., Cases [Dkt. No. 218] (the "Initial Affidavit"),

and the Supplemental Affidavit of William A. Brandt, Jr., filed concurrently herewith (the

"Supplemental Affidavit" and together with the Initial Affidavit, the "Brandt Affidavits"), DSI is

a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as

modified by section 1107(b) of the Bankruptcy Code.

26.     To the best of the Trustee's knowledge, and as set forth in the Brandt Affidavits,

DSI does not hold or represent an interest adverse to the estates with respect to the matter on

which DSI will be employed, in accordance with section 327 of the Bankruptcy Code.

27.     To the best of the Trustee's knowledge, and as set forth in the Brandt Affidavits,

(a) DSI's connections with the Debtors, creditors, any other party in interest, or their respective

attorneys are disclosed therein; and (b) the DSI professionals working on this matter are not

relatives of the United States Trustee for the Southern District of New York or of any known

employee in the office thereof, or any United States Bankruptcy Judge for the Southern District

of New York.

28.     DSI has not provided, and will not provide, any professional services to any of the

Debtors, creditors, or other parties in interest with regard to any matter related to these Chapter

11 Cases.  Accordingly, DSI is a disinterested party and eligible for retention as the Trustee's

accountant.

## RETENTION *NUNC PRO TUNC*

29.    The Trustee requests that DSI's retention be made effective *nunc pro tunc* to November 10, 2016, the date of the Trustee's appointment in these Chapter 11 Cases.  The Trustee submits that the complex nature and extraordinary circumstances of the Chapter 11 Cases warrant retroactive approval, particularly because DSI has provided necessary services to the Trustee and such services are of value to the estate and all parties in interest.  Specifically, DSI has performed work in good faith at the direction of the Trustee beginning on November 10, 2016, including but not limited to meetings with key parties in interest and traveling to Peru to assist in stabilizing the business of the Peruvian OpCos.

30.    For the foregoing reasons, the Trustee respectfully submits that his proposed retention of DSI is in the best interest of the estate and creditors.  Additionally, as indicated above, the estate will not incur additional fees for DSI's services beyond the statutory fee to which the Trustee may be entitled pursuant to Section 326(a) of the Bankruptcy Code.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

31.    The Trustee also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Trustee seeks in this Application is necessary to preserve value for the Debtors' estates.  Accordingly, the Trustee respectfully requests that the Court waive the fourteen day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

32.     The Trustee will provide notice of this Application to the following parties, or, in lieu thereof, their counsel: (a) the U.S. Trustee; (b) creditors holding the fifty largest claims as set forth in the consolidated list filed with the Debtors' petitions; (c) U.S. counsel to Standard Chartered Bank (Hong Kong) Limited, Cooperatieve Rabobank, U.A., and DBS Bank (Hong Kong) Limited; (d) U.S. counsel to China CITIC Bank International Limited; (e) U.S. counsel to the ad hoc noteholders committee; (f) U.S. counsel to Bank of America N.A.; (g) U.S. counsel to Malayan Banking Berhad, Hong Kong Branch; (h) U.S. counsel to Fredrich von Kaltenborn-Stachue, the insolvency administrator for the Pickenpack companies; (i) U.S. counsel to the Debtors; (j) the United States Attorney's Office for the Southern District of New York; (k) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  A copy of this Application is also available on the Court's website.  The Trustee submits that no other or further notice need be provided.

## NO PRIOR REQUEST

33.     No previous request for the relief sought herein has been made to this Court or any other court.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## <u>CONCLUSION</u>

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant the Trustee such other relief as is just and proper.

Dated:  March 29, 2017
      New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    */s/ Lisa Laukitis*
        Jay M. Goffman
        Lisa Laukitis
        Four Times Square
        New York, New York 10036-6522
        Telephone: (212) 735-3000
        Fax: (212) 735-2000

        -and-

        Sarah E. Pierce (admitted *pro hac vice*)
        One Rodney Square
        P.O. Box 636
        Wilmington, Delaware 19899-0636
        Telephone: (302) 651-3000
        Fax: (302) 651-3001

        -and-

        Elizabeth M. Downing (admitted
        *pro hac vice*)
        500 Boylston Street
        Boston, Massachusetts 02116
        Telephone: (617) 573-4800
        Fax: (617) 573-4870

      *Counsel for William A. Brandt, Jr.,*
       *Chapter 11 Trustee*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                 :
In re:                                           :          **Chapter 11**
                                                 :
**CHINA FISHERY GROUP LIMITED (CAYMAN)**         :          **Case No. 16-11895 (JLG)**
*et al.*,                                        :
            **Debtors.**[1]                      :          **(Jointly Administered)**
                                                 :
_____          :
                                                 :
In re:                                           :          **Chapter 11**
                                                 :
**CFG Peru Investments Pte. Limited (Singapore),** :        **Case No. 16-11914 (JLG)**
            **Debtor.**                          :
                                                 :          **(Jointly Administered)**
                                                 :
_____  :


**ORDER GRANTING CHAPTER 11 TRUSTEE'S APPLICATION FOR ENTRY OF AN**
**ORDER AUTHORIZING RETENTION OF DEVELOPMENT SPECIALISTS, INC. AS**
**ACCOUNTANT TO THE TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2016**

Upon the application, dated March 29, 2017 (the "Application"),[2] of William A. Brandt,

Jr., not individually but solely in his capacity as Chapter 11 Trustee of CFG Peru Singapore for

an order (this "Order"), pursuant to sections 105(a), 327, 328, 330, and 331 of Title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

---

[1]     The Debtors are China Fishery Group Limited (Cayman) ("CFGL"), Pacific Andes International Holdings
        Limited (Bermuda) ("PAIH"), N.S. Hong Investment (BVI) Limited ("NS Hong"), South Pacific Shipping
        Agency Limited (BVI) ("SPSA"), China Fisheries International Limited (Samoa) ("CFIL"), CFGL (Singapore)
        Private Limited ("CFGLPL"), Chanery Investment Inc. (BVI) ("Chanery"), Champion Maritime Limited (BVI)
        ("Champion"), Growing Management Limited (BVI) ("Growing Management"), Target Shipping Limited (HK)
        ("Target Shipping"), Fortress Agents Limited (BVI) ("Fortress"), Ocean Expert International Limited (BVI)
        ("Ocean Expert"), Protein Trading Limited (Samoa) ("Protein Trading"), CFG Peru Investments Pte. Limited
        (Singapore) ("CFG Peru Singapore"), Smart Group Limited (Cayman) ("Smart Group"), Super Investment
        Limited (Cayman) ("Super Investment") and Pacific Andes Resources Development Ltd. ("PARD").

[2]     All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Application.

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules")

authorizing, but not directing, the Chapter 11 Trustee to retain and employ the firm of

Development Specialists, Inc. ("DSI") as accountant to the Trustee; and the Court having subject

matter jurisdiction to consider the Application and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Application in this district

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding

pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of

the Application and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

further notice is necessary; and objections (if any) to the Application having been withdrawn or

overruled on the merits; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates, their creditors and all other

parties in interest; and that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor;

### IT IS HEREBY ORDERED THAT:

1.     The Application is APPROVED and GRANTED to the extent provided

herein.

2.     The Trustee is authorized, but not required, to retain and employ DSI *nunc
pro tunc* to November 10, 2016, in accordance with the terms and conditions set forth in the

Application.

3.      DSI shall be compensated for fees and reimbursed for reasonable and

necessary expenses and shall file interim and final fee applications for allowance of its

compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code and in

accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines

for Fees and Disbursements for Professionals in the Southern District of New York, dated

January 29, 2013 and effective February 5, 2013 and the Order Pursuant to Sections 105(a) and

331 of the Bankruptcy Code Establishing Procedures for Monthly Compensation and

Reimbursement of Expenses of Professionals, dated October 28, 2016. [Dkt. No. 199].

4.      DSI and the Trustee's fees shall be within the limits of the general

statutory fee that the Trustee will seek pursuant to Section 326(a) of the Bankruptcy Code.

5.      In determining the limits of the general statutory fee, the Court will

consider the moneys disbursed or turned over by the Trustee to parties in interest, including the

proceeds from any sale transactions involving the CFG Peru Singapore Subsidiaries, or any

assets thereof, not to exceed the maximum allowable compensation set forth in Section 326(a) of

the Bankruptcy Code.

6.      Disbursements from CFG Peru Singapore Subsidiaries will be included in

the calculation of reasonable allowable compensation.

7.      Prior to any increases in the rates of DSI, DSI shall file a supplemental

affidavit with the Court and provide ten business days' notice to the Debtors, the United States

Trustee and any official committee, which supplemental affidavit shall explain the basis for the

requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code.  The

U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not

limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

8.      To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9.      The Trustee is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

10.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

11.     This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 2004(h) or otherwise.

12.     The Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated:  April _____, 2017
        New York, New York


_____
HON. JAMES L. GARRITY
UNITED STATES BANKRUPTCY
JUDGE