SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Lisa Laukitis
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr., Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** *et al.*, | : | **Case No. 16-11895 (JLG)** |
| Debtors.[1] | : | **(Jointly Administered)** |
| In re: | : | **Chapter 11** |
| **CFG Peru Investments Pte. Limited (Singapore),** Debtor. | : | **Case No. 16-11914 (JLG)** |
| | : | **(Jointly Administered)** |

---

[1] The Debtors are China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd., Golden Target Pacific Limited, Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited, Admired Agents Limited, Chiksano Management Limited, Clamford Holding Limited, Excel Concept Limited, Gain Star Management Limited, Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited, Loyal Mark Holdings Limited, Metro Island International Limited, Mission Excel International Limited, Natprop Investments Limited, Pioneer Logistics Limited, Sea Capital International Limited, Shine Bright Management Limited, Superb Choice International Limited, and Toyama Holdings Limited (BVI).

**NOTICE OF SALE OF NON-DEBTOR REAL ESTATE
IN ACCORDANCE WITH NON-DEBTOR ASSET SALE ORDER**

**PLEASE TAKE NOTICE** that on August 15, 2017, William A. Brandt, Jr., not individually but solely in his capacity as chapter 11 trustee (the "Trustee" or the "Chapter 11 Trustee") of CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore" or the "Debtor") in the above-captioned chapter 11 cases, by his attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, provides this *Notice of Sale of Non-Debtor Real Estate in Accordance with Non-Debtor Asset Sale Order* (the "Sale Notice"), in accordance with and pursuant to paragraph 2 of the *Order Granting Chapter 11 Trustee's Motion for Order Pursuant to Bankruptcy Code Section 105(a), 363(b), 541(a)(1), and 1108 and Bankruptcy Rules 2002, 6004, and 9006 Authorizing and Approving Procedures for (A) the Sale or Transfer of Certain Non-Debtor Assets and (B) Taking All Desirable or Necessary Corporate Governance Actions in Connection Therewith* (the "Non-Debtor Asset Sale Order"). [Dkt. No. 482].

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Proposed Transaction, with proof of service, is filed with the Clerk of the Court, and a courtesy copy is delivered to the undersigned counsel and to the chambers of the Honorable James L. Garrity Jr. so as to be received by August 25, 2017 at 4:00 p.m. (Eastern Time), there will not be a hearing and the Trustee is authorized to take all corporate governance actions consistent with Peruvian and/or Singaporean law desirable or reasonably necessary or advisable to consummate the proposed transaction set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served, the Trustee will determine, in his business judgment, how best to proceed in accordance with the procedures outlined in the Non-Debtor Asset Sale Order. If the Trustee determines that a hearing before the Court on the matter (the "Disputed Transaction") would be

2

beneficial to the resolution of the objection, the Trustee will schedule a hearing on the Disputed Transaction and notify the parties receiving the Notice. If a hearing is scheduled, the Trustee and any objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Non-Debtor Asset Sale Order, the Trustee proposes to enter into the transaction (the "Proposed Transaction") described below, which involves the private sale or transfer of certain real estate property owned by a non-debtor to a single buyer or group of related buyers.

- Non-Debtor Asset Being Sold or Transferred: The Trustee intends to sell the property located at Calle Manantial No. 265, Urbanizacion La Planicie, District of La Molina, Province and Department of Lima, Peru (the "Property"), to Mr. Raul Gustavo Romero Salazar and Mrs. Carolina Garcia Sayan Roca of Lima, Peru.
- CFG Peru Singapore Subsidiary Involved: Inmobiliaria y Constructora PAHK S.A.C.
- Consideration: $1,300,000

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Non-Debtor Asset Sale Order, the Trustee attaches the translated English language purchase agreement of the Property as Exhibit A (the "English Purchase Agreement"), and the original Spanish language purchase agreement of the Property as Exhibit B (the "Spanish Purchase Agreement")

3

Dated: August 15, 2017
      New York, New York

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Lisa Laukitis*
    Jay M. Goffman
    Lisa Laukitis
    Four Times Square
    New York, New York 10036-6522
    Telephone: (212) 735-3000
    Fax: (212) 735-2000

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr.*
  *Chapter 11 Trustee*

## EXHIBIT A

**English Property Purchase Agreement**

Mr. Notary:

Please provide in your Public Deed Registry one of REAL ESTATE PURCHASE AGREEMENT ("Purchase" or "Agreement"), which shall celebrate by and between:

• INMOBILIARIA Y CONSTRUCTORA PAHK S.A.C. identified with Taxpayer Identification Number-RUC No. 20492899799, with address at Calle Francisco Graña Nro. 155 Urb. Santa Catalina Lima - Lima - La Victoria, duly represented by its general manager Francisco Javier Paniagua Jara, identified with ID No. 09399610 with powers registered in the Entry No. 12154578 of the Registry of Legal Entities of the Registration Office of Lima, and according to the authorization granted by the General Shareholders' Meeting dated August (*) 2017 of the SELLER, who will hereinafter be referred to as "THE SELLER" or "SELLER"; of the first part

and

• The marital partnership consisted of Mr. RAUL GUSTAVO ROMERO SALAZAR, identified with ID No. 07727692, and Mrs. CAROLINA GARCIA SAYAN ROCA, identified with ID No. 09343642, both domiciled at Calle Rapallo N° 155, Casa B, Urbanización Sol de la Molina, District of La Molina, Province and Department of Lima, who will hereinafter be referred to as "THE BUYER" or "BUYER"; of the second part

When the SELLER and the BUYER are mentioned collectively, they will be referred to as "THE PARTIES"; when mentioned individually, he shall be referred to as the "PARTY".

This Sales Agreement is held in the terms and conditions contained in the following clauses.

**FIRST CLAUSE: BACKGROUND.-**

1.1    The SELLER is the owner of the property located at Calle Manantial No. 265, Urbanizacion La Planicie, District of La Molina, Province and Department of Lima, of an area of 1350 m$^2$, enrolled in Electronic Record No. 42310891 of the Real State Public Registry of Lima whose boundaries and perimeter measures are detailed here (hereinafter, PROPERTY). By means of this act, THE SELLER declares that, for municipal purposes, the location of the PROPERTY is at Jirón El Manantial N° 265, Manzana M, Lote 6, Urbanizacion La Planicie, District of La Molina, Province and Department of Lima.

1.2    The SELLER claims to be the sole and exclusive owner of the PROPERTY.

1.3    The BUYER declares to know all the pertinent about the PROPERTY, including its zoning, urban parameters, and, in general, everything that in fact or of law relates to the PROPERTY or to the present operation of Purchase, and declares its agreement with it.

1.4    The SELLER declares the following regarding the PROPERTY:

- That no legal and/or extrajudicial measure, mortgage, cargo, encumbrance or any other act, that may limit its ability to dispose of it, is subject to the PROPERTY.

- That he exercises and maintains immediate possession of the PROPERTY.

- That there is no outstanding and/or ongoing litigation concerning the title to the right of ownership and/or possession of the PROPERTY.

- That prior to the execution of this agreement, it has not entered into any act by which it has transferred under any modality its right of ownership and/or possession over the PROPERTY.

**SECOND CLAUSE: PURPOSE OF THE CONTRACT.-**

By means of this Agreement, the SELLER agrees to transfer the ownership and possession of the PROPERTY, in favor of the BUYER, in accordance with the terms established in this Agreement. In turn, THE BUYER undertakes to pay the price referred to in the following Third Clause, in accordance with the terms established in this Agreement.

**THIRD CLAUSE: PRICE OF SALE AND OPPORTUNITY OF PAYMENT.-**

3.1 The Sales Price for the PROPERTY to be paid by the BUYER to the SELLER amounts to the sum of US $ 1'300,000.00 (One Million Three Hundred Thousand and 00/100 Dollars of the United States of America) (hereinafter "Price").

3.2 The BUYER will pay the entire Price to the SELLER by means of cashier's check.

3.3 The Price will be paid by BUYER as follows:

A) First Payment: The sum of US $ 130, 000.00 (One Hundred Thirty Thousand and 00/100 United States Dollars), will be paid at the signature of the public deed that this document originates, or at most, two (2) days Calendar after such subscription, which payment is made through the delivery of a non-negotiable cashier's check, the same to be delivered under a notarial act with cancellation effects, with respect to the sum and concept it represents.

B) Second Payment: The sum of US $ 1'170,000.00 (One Million One Hundred Seventy Thousand and 00/100 United States Dollars), shall be paid no later than 60 (sixty) calendar days following the date of subscription of the Public Deed and jointly with the subscription of a Public Deed of Declaration of Total Cancellation of Price, occurring such payment by means of the delivery of a non-negotiable cashier's check, whose delivery will be carried out under notarized document with canceling effects, regarding the sum and concept it represents.

**FOURTH CLAUSE: TRANSFER OF THE PROPERTY.-**

4.1 As provided in Article 1583 of the Civil Code, ownership of the PROPERTY will be transferred only when the BUYER has complied with paying the entire price to the SELLER. In this sense, THE PARTIES agree that the transfer of ownership of the PROPERTY will operate at the time of the payment of the full price, independently of the payment.

4.2 Similarly, the obligation of the SELLER to deliver ownership of the PROPERTY to the BUYER shall only be activated when the buyer has paid the full price. Once this occurs, the SELLER has three (3) calendar days to deliver the PROPERTY to the BUYER.

**FIFTH CLAUSE: DECLARATION OF THE PARTIES.-**

5.1 The PARTIES declare that there is no charge, mortgage, encumbrance, judicial or extrajudicial measure, registered or unregistered, that could limit or restrict their right of free disposition over the PROPERTY.

5.2 The PARTIES and their lawyers, in accordance with article 2014 of the Civil Code modified by Act No. 30313, expressly state that they have taken cognizance of the registrations agreements and titles filed of the PROPERTY object of this agreement, thus accrediting the Principle of Good Faith Public Registration according to the Law.

**SIXTH CLAUSE: OBLIGATIONS OF THE SELLER.-**

Without prejudice to other legal or contractual obligations, the SELLER undertakes:

6.1 To deliver the PROPERTY in the form and terms agreed in this Agreement.

6.2 To assume the payment of municipal taxes related to the PROPERTY until the date of its delivery to the BUYER.

**SEVENTH CLASE: OBLIGATIONS OF THE BUYER.-**

Without prejudice to other legal or contractual obligations, the BUYER undertakes:

7.1 To pay the Price within the terms, forms and opportunities established in this Agreement.

7.2 To assume the notarial and register expenses that the present preliminary notarial instrument originates.

7.3 To receive the PROPERTY in the form and terms agreed in this Agreement.

7.4 To pay the property sales tax that by law corresponds.

7.5 Upon taken possession of the PROPERTY, to assume the obligations of the payment of the municipal taxes and any other right or tax that corresponds to pay from the delivery the PROPERTY object of this agreement, assuming also its responsibility to the Article 10° of the Decree Law No. 776.

**EIGHTH CLASE: *AD CORPUS* SALE.-**

The sale of the PROPERTY object of transfer of this contract is made by Ad Corpus, that is, where it is and as it is, in the condition of the PROPERTY as a whole. In addition, the present purchase is subscribed by the general extension of the PROPERTY and not by its specific dimensions. Therefore, in the face of any difference between what is indicated in the registration certificate and reality, it is clear that the PARTIES do not perceive, they make mutual grace and reciprocal donation.

**NINTH CLAUSE: EQUIVALENCE OF BENEFITS. -**

Both parties declare that there is the most fair and perfect equivalence between the agreed price and the real value of the PROPERTY, object of this agreement, and that if any difference of more or less, which at the moment is not noticed, they make mutual grace and reciprocal donation, expressly renouncing any action or exception that, by mistake, intention or other cause tends to invalidate this Agreement, as well as the deadlines established by Law to interpose them.

**TENTH CLAUSE: PENALTY.-**

10.1   In addition to the resolution right referred to in the Eleventh Clause, the PARTIES agree that in case the BUYER fails to pay the total of the second payment within the period indicated in Clause 3.3.b) above, the SELLER shall retain for himself, in final form, and as a penalty, the amount of USD 65,000.00 (Sixty-Five Thousand and 00/100 United States Dollars) of the sum delivered by the BUYER as the first payment provided for in Clause 3.3.a), without prejudice to the compensation for any subsequent damages that may correspond to it, provided that the SELLER shall return to the BUYER the respective balance up of US $ 65,000.00 (Sixty-five thousand and 00/100 American Dollars ).

10.2   The application of this penalty is activated in an objective manner, that is, it is sufficient that the event is verified, without being necessary that this is due to reasons attributable to the BUYER.

**ELEVENTH CLAUSE: TERMINATION OF THE AGREEMENT.-**

11.1   As provided by Article 1430° of the Civil Code, the SELLER shall have the right to terminate this Agreement in full if any of the following breaches of the BUYER is verified:

   a)  In case the BUYER fails to pay the first payment of the Price within the period indicated in Clause 3.3.a); or,
   b)  In case the BUYER fails to pay the second payment of the Price within the period indicated in Clause 3.3.b).

11.2   The present termination is activated in an objective way, that is to say, it is sufficient that the fact is verified, without being necessary that this is due to reasons attributable to the BUYER.

11.3   The resolution will be effective with the single referral of the SELLER of the letter enforcing the present Resolution right.

**TWELFTH CLAUSE: DOMICILE.-**

Any communication made to the address indicated by the PARTIES herein shall be deemed correct, unless formally communicated of any variation in a timely manner. Any change of address will have to be done by the urban zone of Lima.

**THIRTEENTH CLAUSE: TOTAL AGREEMENT.**

This Agreement constitutes the agreement and entire understanding reached by the PARTIES in relation to the object of this agreement and replaces all previous negotiations and/or agreements. No modification of this Agreement shall enter into force unless it is contained in a written document signed by an authorized representative of each of the PARTIES.

**FOURTEENTH CLAUSE: SETTLEMENT OF DISPUTES.-**

14.1  All disputes arising out of or relating to this Agreement shall be settled by Arbitration Law, whose award shall be final and unappealable, in accordance with the Arbitration Regulations of the Arbitration Center of the Chamber of Commerce of Lima, whose rules, administration and decision the PARTIES submit unconditionally, declaring to know and accept them in their integrity.

14.2  The arbitration shall be conducted in Spanish and in the city of Lima, and the Arbitral Tribunal shall be composed of three arbitrators. Each PARTY shall appoint one arbitrator and the two arbitrators designated by the PARTIES shall elect the President. The designation of the Party Arbitrators shall be made in the arbitration petition and in their acquittal, respectively. The Party Arbitrators shall have 10 days from the acceptance of the latter to elect the President of the Court.

14.3  In the event that the designations indicated in the preceding paragraph are not fulfilled in the corresponding period, they shall be carried out, residually, by the Superior Arbitration Council of the Arbitration Center of the Chamber of Commerce of Lima.

14.4  For any annulment proceedings or any other judicial intervention, where permitted by law, in Arbitration, the PARTIES submit themselves to civilian judges and tribunals with a commercial specialty in Lima.

14.5  The only controversy that may be heard in Court is whether the BUYER uses a security to represent a promise of payment.

**FIFTEENTH CLAUSE: MISCELLANEOUS AND NORMATIVE FRAMEWORK.-**

15.1  No notice of default is required. The delay is automatic.

15.2  The PARTIES agree that there shall be no legal mortgage in favor of the SELLER, since they have agreed to reserve ownership and possession in favor of the SELLER until the BUYER pays the full price.

15.3  In all matters not provided for in this contract, the provisions of the Civil Code shall govern.

Please, Mr. Notary, insert the introduction, conclusions, as well as everything that is of Law, and raise the present preliminary notarial instrument to Public Deed; After which the SELLER notifies the Notary of the full payment of the price by the BUYER - the pertinent parts to the Property Registry of the Registration Office of Lima, for the registration of the transfer of property and the lending of the respective mortgage.

Signed at Lima, the (*) of August, 2017

# EXHIBIT B

**Spanish Property Purchase Agreement**

16-11895-jlg    Doc 687    Filed 08/15/17    Entered 08/15/17 11:15:38    Main Document
Pg 12 of 18

Señor Notario:

Sírvase Usted extender en su Registro de Escrituras Públicas una de COMPRAVENTA DE INMUEBLE ("Compraventa" o "Contrato"), que celebran:

En calidad de vendedor:

- INMOBILIARIA Y CONSTRUCTORA PAHK S.A.C. identificada con RUC 20492899799, con domicilio en Calle Francisco Graña Nro. 155 Urb. Santa Catalina Lima - Lima - La Victoria debidamente representada por su gerente general el señor Francisco Javier Paniagua Jara, identificado con DNI No. 09399610 con poderes inscritos en la Partida No. 12154578 del Registro de Personas Jurídicas de la Oficina Registral de Lima, y según autorización otorgada por la Junta General de Accionistas de fecha (*) de agosto de 2017 del VENDEDOR a quien en lo sucesivo se denominará "EL VENDEDOR" o "VENDEDOR";

En calidad de comprador:

- La sociedad conyugal conformada por el señor RAÚL GUSTAVO ROMERO SALAZAR, identificado con DNI No. 07727692, y la señora CAROLINA GARCÍA SAYAN ROCA, identificada con DNI No. 09343642, ambos con domicilio en Calle Rapallo N° 155, Casa B, Urbanización Sol de la Molina, Distrito de La Molina, Provincia y Departamento de Lima, a quien en lo sucesivo se denominará "EL COMPRADOR" o "COMPRADOR";

Cuando al VENDEDOR y al COMPRADOR se les mencione conjuntamente, se les denominará como "LAS PARTES"; cuando dicha mención sea indistinta, se hará referencia a la "PARTE".

La presente Compraventa se celebra en los términos y condiciones contenido en las cláusulas siguientes:

**PRIMERA:        ANTECEDENTES.-**

1.1    EL VENDEDOR es propietario del inmueble ubicado en Calle Manantial No. 265, Urbanización La Planicie, Distrito de La Molina, Provincia y Departamento de Lima, de un área de 1350 m2, inscrito en la Partida Electrónica No. 42310891 del Registro Publico de la Propiedad Inmueble de Lima cuyos linderos y medidas perimétricas allí se detallan (en adelante, INMUEBLE). Por medio del presente acto, EL VENDEDOR declara que, a efectos municipales, la ubicación del INMUEBLE también se denomina Jirón El Manantial N° 265, Manzana M, Lote 6, Urbanización La Planicie, Distrito de La Molina, Provincia y Departamento de Lima.

1.2    EL VENDEDOR declara ser el único y exclusivo propietario del INMUEBLE.

1.3   EL COMPRADOR declara conocer todo lo atinente sobre el INMUEBLE, incluyendo su zonificación, parámetros urbanísticos, y, en general, todo lo que de hecho o de derecho se relacione con el INMUEBLE o con la presente operación de Compraventa, declarando su conformidad con ello.

1.4   EL VENDEDOR declara todo lo siguiente respecto del INMUEBLE:

- Que sobre el INMUEBLE no pesa ninguna medida judicial y/o extrajudicial, hipoteca, carga, gravamen o cualquier otro acto que pueda limitar su facultad de disponer del mismo.

- Que él ejerce y mantiene la posesión inmediata sobre el INMUEBLE.

- Que no existe ningún litigio pendiente y/o en curso referido a la titularidad sobre el derecho de propiedad y/o posesión del INMUEBLE.

- Que con anterioridad a la celebración del presente contrato, no ha celebrado acto alguno por medio del cual hayan transferido bajo cualquier modalidad su derecho de propiedad y/o de posesión sobre el INMUEBLE.

**SEGUNDA:        OBJETO DEL CONTRATO.-**

Mediante el presente Contrato, EL VENDEDOR se obliga a transferir la propiedad y posesión del INMUEBLE, a favor del COMPRADOR, de acuerdo a los términos establecidos en este Contrato. A su vez, EL COMPRADOR se obliga a pagar el Precio referido en la Cláusula Tercera siguiente, de acuerdo a los términos establecidos en este Contrato.

**TERCERA:        PRECIO DE VENTA Y OPORTUNIDAD DE PAGO.-**

3.1   El Precio por la venta del INMUEBLE a ser pagado por EL COMPRADOR a EL VENDEDOR asciende a la suma US$ 1'300,000.00 (Un Millón Trescientos Mil y 00/100 Dólares de los Estados Unidos de América) (en lo sucesivo, "Precio").

3.2   EL COMPRADOR pagará el íntegro del Precio al VENDEDOR mediante cheques de gerencia.

3.3   El Precio será pagado por EL COMPRADOR de la siguiente manera:

a) La suma de US$ 130, 000.00 (Ciento Treinta Mil y 00/100 Dólares de los Estados Unidos de América), se pagará a la firma de la escritura pública que esta minuta origine, o a lo más, 2 (dos) días calendario después de dicha suscripción, produciéndose dicho pago por medio de la entrega de un cheque de gerencia no negociable, el mismo cuya entrega se llevará a cabo bajo fe notarial con efectos cancelatorios respecto de la suma y concepto que representa.

b) La suma de US$ 1'170,000.00 (Un Millón Ciento Setenta Mil y 00/100 Dólares de los Estados Unidos de América), se pagará a más tardar a los 60 (sesenta) días calendario siguientes a la fecha de suscripción de la escritura pública y conjuntamente con la suscripción de una escritura pública de declaración de cancelación total de Precio, produciéndose dicho pago por medio de la entrega de un cheque de gerencia no negociable, el mismo cuya entrega se llevará a cabo bajo fe notarial con efectos cancelatorios respecto de la suma y concepto que representa.

**CUARTA:        TRANSFERENCIA DEL INMUEBLE.-**

4.1    Conforme prevé el artículo 1583° del Código Civil, la propiedad del INMUEBLE se transferirá sólo cuando EL COMPRADOR haya cumplido con pagar el íntegro del Precio al VENDEDOR. En este sentido, las Partes acuerdan que la transferencia de propiedad del INMUEBLE operará en la oportunidad en la que se haya producido el efecto del pago del íntegro del Precio, ello de forma independiente en la que se lleve a cabo dicho pago.

4.2    De igual forma, la obligación del VENDEDOR de entregar la posesión de EL INMUEBLE al COMPRADOR solo se activará cuando éste haya pagado el íntegro del Precio. Una vez que esto ocurra, EL VENDEDOR tiene tres (3) días calendario para entregar EL INMUEBLE al COMPRADOR.

**QUINTA:        DECLARACIÓN DE LAS PARTES.-**

5.1    LAS PARTES declaran que sobre EL INMUEBLE no existe ninguna carga, hipoteca, gravamen, medida judicial o extrajudicial, inscrita o por inscribirse, que pudiera limitar o restringir su derecho de libre disposición sobre el mismo.

5.2    LAS PARTES y sus abogados, de conformidad con el artículo 2014° del Código Civil modificado por la Ley N° 30313, declaran de manera expresa haber tomado conocimiento de los asientos registrales y títulos archivados del INMUEBLE materia de esta compraventa, acreditando así el Principio de Buena Fe Pública Registral conforme a la Ley.

**SEXTA:        OBLIGACIONES DE EL VENDEDOR.-**

Sin perjuicio de otras obligaciones legales o contractuales, EL VENDEDOR se obliga a:

6.1    Entregar EL INMUEBLE en la forma y términos pactados en este Contrato.

6.2    Asumir el pago de los tributos municipales relacionados con EL INMUEBLE hasta la fecha de su entrega a EL COMPRADOR.

**SÉPTIMA:**         **OBLIGACIONES DE EL COMPRADOR.-**

Sin perjuicio de otras obligaciones legales o contractuales, EL COMPRADOR se obliga a:

7.1  Pagar el Precio dentro de los plazos, formas y oportunidades establecidas en este Contrato.

7.2  Asumir los gastos notariales y regsitrales que la presente minuta origine.

7.3  Recibir EL INMUEBLE en la forma y términos pactados en este Contrato.

7.4  Pagar el Impuesto de Alcabala que por ley le correspondan.

7.5  Al tomar posesión EL INMUEBLE, EL COMPRADOR asumirá las obligaciones del pago de los impuestos municipales y cualquier otro derecho o tributo que les corresponda pagar a partir de la entrega EL INMUEBLE objeto de esta compraventa, asumiendo también su responsabilidad al artículo 10° del Decreto Ley N° 776°.

**OCTAVA:**         **VENTA AD CORPUS.-**

La venta de EL INMUEBLE materia de transferencia del presente contrato se realiza Ad Corpus, es decir, donde está y como está, en el estado en el que EL INMUEBLE se encuentre. Además, la presente compraventa se suscribe por la extensión general del INMUEBLE y no por sus dimensiones específicas. Por ello, ante cualquier diferencia entre lo señalado en la partida registral y la realidad, diferencia que –desde luego- LAS PARTES no perciben, se hacen mutua gracia y recíproca donación.

**NOVENA:**         **EQUIVALENCIA DE PRESTACIONES. -**

Ambas Partes declaran que existe la más justa y perfecta equivalencia entre el precio pactado y el valor real EL INMUEBLE materia de la venta y que si alguna diferencia que hubiere de más o de menos, que al momento no se advierte, se hacen en ella mutua gracia y recíproca donación, renunciando desde ahora en forma expresa toda acción o excepción que, por error, dolo u otra causa cualquiera tienda a invalidar este contrato, así como a os plazos que establece la Ley para interponerlos.

**DÉCIMA:**         **PENALIDAD.-**

10.1  Además del derecho resolutorio a que se refiere la Cláusula Undécima, las Partes acuerdan que en caso EL COMPRADOR incumpla con pagar el total de la segunda armada en el plazo señalado en la Cláusula 3.3.b) precedente, EL VENDEDOR retendrá para sí, en forma definitiva y a título de propiedad, y en calidad de penalidad, el importe USD 65,000.00 (Sesenta y Cinco Mil y 00/100 Dólares de los Estados Unidos de América) de la suma entregada por EL COMPRADOR en calidad de primera armada prevista en la Cláusula 3.3.a) precedente, sin perjuicio de la

compensación por daño ulterior que le pudiera corresponder, siendo que EL VENDEDOR deberá devolverle a EL COMPRADOR el respectivo saldo ascendente a la suma de US$ 65,000.00 (Sesenta y Cinco Mil y 00/100 Dólares Americanos).

10.2   La aplicación de esta penalidad se activa en forma objetiva, es decir, basta que se verifique el hecho, sin que sea necesario que ello obedezca a razones imputables al COMPRADOR.

**UNDÉCIMA:       RESOLUCIÓN.-**

11.1   Conforme prevé el artículo 1430° del Código Civil, EL VENDEDOR tendrá derecho a resolver de pleno derecho este Contrato en caso se verifique cualquiera de los siguientes incumplimientos del COMPRADOR:

a) En caso EL COMPRADOR no cumpla con pagar la primera armada del Precio en el plazo señalado en la Cláusula 3.3.a); o,
b) En caso EL COMPRADOR no cumpla con pagar la segunda armada del Precio en el plazo señalado en la Cláusula 3.3.b).

11.2   La presente resolución se activa en forma objetiva, es decir, basta que se verifique el hecho, sin que sea necesario que ello obedezca a razones imputables – o no- al COMPRADOR.

11.3   La resolución se hará efectiva con la sola remisión del VENDEDOR de la carta haciendo valer el presente derecho resolutorio.

**DUODÉCIMA:      DOMICILIO.-**

Toda comunicación cursada al domicilio señalado por LAS PARTES en el presente documento, se tendrá por correcta, salvo que se haya comunicado formalmente de cualquier variación en forma oportuna. Cualquier cambio de domicilio tendrá que ser en el radio urbano de Lima Metropolitana.

**DÉCIMA TERCERA:    ACUERDO TOTAL.-**

El presente Contrato constituye el acuerdo y entendimiento íntegro al que han llegado LAS PARTES con relación al objeto materia del presente instrumento y sustituye todas las negociaciones y/o acuerdos celebrados previamente. Ninguna modificación de este Contrato entrará en vigencia a menos que conste en un documento escrito firmado por un representante autorizado de cada una de LAS PARTES.

**DÉCIMA CUARTA:    SOLUCIÓN DE CONTROVERSIAS.-**

13.1   Todas las controversias resultantes, relacionadas o derivadas del presente Contrato serán resueltas mediante arbitraje de derecho, cuyo laudo será

definitivo e inapelable, de conformidad con los Reglamentos Arbitrales del Centro de Arbitraje de la Cámara de Comercio de Lima a cuyas normas, administración y decisión se someten LAS PARTES en forma incondicional, declarando conocerlas y aceptarlas en su integridad.

13.2  El arbitraje se llevará a cabo en idioma castellano y en la ciudad de Lima, y el Tribunal Arbitral estará compuesto por tres árbitros. Cada Parte designará un árbitro y los dos árbitros designados por LAS PARTES, elegirán al Presidente. La designación de los árbitros de parte se hará en la petición arbitral y en su absolución, respectivamente. Los árbitros de parte tendrán 10 días desde la aceptación del último para elegir al Presidente del Tribunal.

13.3  En caso no se cumplan con las designaciones señaladas en el párrafo que antecede en el plazo correspondiente, éstas serán realizadas, residualmente, por el Consejo Superior de Arbitraje del Centro de Arbitraje de la Cámara de Comercio de Lima.

13.4  Para un eventual recurso de anulación o cualquier otra intervención judicial, siempre que sea permitida por ley, en el arbitraje, LAS PARTES se someten a los jueces y tribunales civiles con especialidad comercial de Lima.

13.5  La única controversia que podrá ventilarse en los tribunales es si EL COMPRADOR usa un título valor para representar una promesa de pago.

**DÉCIMA CUARTA:    MISCELÁNEAS Y MARCO NORMATIVO.-**

14.1  No se requiere intimación en mora. La mora es automática.

14.2  Las Partes acuerdan que no existirá hipoteca legal a favor del VENDEDOR, en vista que han pactado reserva de propiedad y de posesión a favor del VENDEDOR hasta que EL COMPRADOR pague el íntegro del Precio.

14.3  En todo lo no previsto en el presente contrato, regirá lo dispuesto en el Código Civil.

Sírvase Usted, Señor Notario, insertar la introducción, conclusiones, así como todo lo que fuere de ley, y eleve la presente minuta a Escritura Pública; cursando –luego que EL VENDEDOR notifique a la Notaría del pago íntegro del precio por parte del COMPRADOR- los partes pertinentes al Registro de Propiedad Inmueble de la Oficina Registral de Lima, para la inscripción de la transferencia de propiedad y del levantamiento de la hipoteca respectiva.

Lima, (*) de agosto del 2017