Presentment Date and Time: June 19, 2018 at 11:00 a.m. (Eastern Time)
Objection Deadline: June 11, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matthew S. Barr
Marcia Goldstein
Gabriel A. Morgan
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007

*Counsel for Certain Debtors
And Debtors in Possession*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Jay M. Goffman
Lisa Laukitis
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr., Chapter 11
Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                        :    **Chapter 11**
                                                              :
**CHINA FISHERY GROUP LIMITED**          :    **Case No. 16-11895 (JLG)**
**(CAYMAN),** *et al.*,                             :
                                                              :    **(Jointly Administered)**
          **Debtors.**[1]                             :
------------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore) ("**CFG Peru Singapore**") Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd. (BVI), Golden Target Pacific Limited (BVI), Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited (BVI), Admired Agents Limited (BVI), Chiksano Management Limited (BVI), Clamford Holding Limited (BVI),  Excel Concept Limited (BVI), Gain Star Management Limited (BVI), Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited (BVI), Loyal Mark Holdings Limited (BVI), Metro Island International Limited (BVI), Mission Excel International Limited (BVI), Natprop Investments Limited, Pioneer Logistics Limited (BVI), Sea Capital International Limited (BVI), Shine Bright Management Limited (BVI), Superb Choice International Limited (BVI), and Toyama Holdings Limited (BVI).  As used herein, the term "**Debtors**" shall not include CFG Peru Singapore unless otherwise stated.

**NOTICE OF PRESENTMENT OF JOINT
MOTION OF DEBTORS AND CHAPTER 11 TRUSTEE
FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(a) AND
FED. R. BANKR. P. 3007 APPROVING CLAIM OBJECTION PROCEDURES**

**PLEASE TAKE NOTICE** that on **June 19, 2018 at 11:00 a.m. (Eastern Time)**,

the attached *Joint Motion of Debtors and Chapter 11 Trustee for Entry of Order Pursuant to 11*

*U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures*

(the "**Motion**") will be presented to the Honorable James L. Garrity, Jr., United States

Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy**

**Court**") for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections

("**Objections**") to the Motion must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules, and shall be filed with the Bankruptcy

Court electronically in accordance with General Order M–399 by registered users of the

Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System

can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court),

with two (2) hard copies single-sided delivered directly to the Chambers of the Honorable James

L. Garrity, Jr., pursuant to Local Rule 9070-1 and served so as to be **actually received** no later

than **June 11, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"), on: (a) counsel

for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153

(Attn: Matthew S. Barr, Esq. and Gabriel A. Morgan, Esq.); (b) counsel for the Chapter 11

Trustee of CFG Peru Investments Pte. Ltd. (Singapore), Skadden, Arps, Slate, Meagher & Flom

LLP, Four Times Square, New York, New York 10036, (Attn: Lisa Laukitis, Esq. and Elizabeth

Downing, Esq.) and Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave., New York,

WEIL:\96558497\7\35234.0003

New York 10010 (Attn: Susheel Kirpalani, Esq. and James Tecce, Esq.); (c) the Office of the

United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201

Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard Morrissey, Esq.); and (d)

all other parties required to be served pursuant to and in accordance with the Bankruptcy Rules,

the Local Rules, and General Order M–399.

   **PLEASE TAKE FURTHER NOTICE** that, if a written Objection is timely filed

and served, a hearing will be held before the Honorable James L. Garrity, Jr. in the Bankruptcy

Court on **June 19, 2018 at 11:00 a.m. (Eastern Time)** to consider the Motion.

   **PLEASE TAKE FURTHER NOTICE** that if no Objections to the Motion are

received by the Objection Deadline, an order substantially in the form of the proposed order

annexed to the Motion may be entered with no further notice.

WEIL:\96558497\7\35234.0003

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 4, 2018
New York, New York

/s/ Matthew S. Barr
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Matthew S. Barr
Marcia Goldstein
Gabriel A. Morgan

*Counsel for Certain Debtors
and Debtors in Possession*

By: */s/ Lisa Laukitis*
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000
Jay M. Goffman
Lisa Laukitis

and-

Elizabeth M. Downing
(admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt Jr.,
Chapter 11 Trustee*

4

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matthew S. Barr
Marcia Goldstein
Gabriel A. Morgan

*Counsel for Certain Debtors
and Debtors in Possession*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Jay M. Goffman
Lisa Laukitis
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000
-and-
Elizabeth M. Downing (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt, Jr., Chapter
11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **CHINA FISHERY GROUP LIMITED** | : Case No. 16-11895 (JLG) |
| **(CAYMAN)**, *et al.*, | : |
| | : (Jointly Administered) |
| Debtors.[1] | : |

-------------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda) ("**PAIH**"), N.S. Hong Investment (BVI) Limited ("**N.S. Hong**"), South Pacific Shipping Agency Limited (BVI) ("**South Pacific**"), China Fisheries International Limited (Samoa) ("**CFIL**"), CFGL (Singapore) Private Limited ("**CFGL PL**"), Chanery Investment Inc. (BVI) ("**Chanery**"), Champion Maritime Limited (BVI) ("**Champion Maritime**"), Growing Management Limited (BVI) ("**Growing Management**"), Target Shipping Limited (HK) ("**Target Shipping**"), Fortress Agents Limited (BVI) ("**Fortress Agents**"), Ocean Expert International Limited (BVI) ("**Ocean Expert**"), Protein Trading Limited (Samoa) ("**Protein Trading**"), CFG Peru Investments Pte. Limited (Singapore) ("**CFG Peru Singapore**"), Smart Group Limited (Cayman) ("**Smart Group**"), Super Investment Limited (Cayman) ("**Super Investment**"), Pacific Andes Resources Development Limited (Bermuda) ("**PARD**"), Golden Target Pacific Limited (BVI) ("**Golden Target**"), Nouvelle Foods International Ltd. (BVI) ("**Nouvelle**"), Pacific Andes International Holdings (BVI) Limited ("**PAIH BVI**"), and Zhonggang Fisheries Limited ("**Zhonggang**"), Admired Agents Limited (BVI) ("**Admired Agents**"), Chiksano Management Limited (BVI) ("**Chiksano**"), Clamford Holding Limited (BVI) ("**Clamford**"), Excel Concept Limited (BVI) ("**Excel Concept**"), Gain Star Management Limited (BVI) ("**Gain Star**"), Grand Success Investment (Singapore) Private Limited ("**Grand Success**"), Hill Cosmos International Limited (BVI) ("**Hill Cosmos**"), Loyal Mark Holdings Limited (BVI) ("**Loyal Mark**"), Metro Island International Limited (BVI) ("**Metro Island**"), Mission Excel International Limited (BVI) ("**Mission Excel**"), Natprop Investments Limited ("**Natprop**"), Pioneer Logistics Limited (BVI) ("**Pioneer**"), Sea Capital International Limited (BVI) ("**Sea Capital**"), Shine Bright Management Limited (BVI) ("**Shine Bright**"), Superb Choice International Limited (BVI) ("**Superb Choice**"), and Toyama Holdings Limited (BVI) ("**Toyama**").  As used herein, the term "**Debtors**" shall not include CFG Peru Singapore unless otherwise stated.

## JOINT MOTION OF DEBTORS AND CHAPTER 11
## TRUSTEE FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(a)
## AND FED. R. BANKR. P. 3007 APPROVING CLAIM OBJECTION PROCEDURES

China Fishery Group Limited (Cayman) ("**CFGL**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") and William A. Brandt, Jr., solely in his capacity as the Chapter 11 Trustee of CFG Peru Singapore (the "**Chapter 11 Trustee**"), respectfully represent as follows:

### Background

1.      On June 30, 2016 (the "**June 2016 Petition Date**"), each of the Debtors (including CFG Peru Singapore, but excluding PARD and the New Debtors (as defined below)) (collectively, the "**Original Debtors**") commenced with this Court a voluntary case under title 11 of the United States Code (the "**Bankruptcy Code**").   On September 29, 2016, PARD commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.   On March 27, 2017 (the "**March 2017 Petition Date**"), Golden Target and Nouvelle each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**March 2017 Debtors**").   On April 17, 2017 (the "**April 2017 Petition Date**"), PAIH BVI and Zhonggang each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**April 2017 Debtors**").   On May 2, 2017 (the "**May 2017 Petition Date**" and, collectively, with the June 2016 Petition Date, the March 2017 Petition Date, and the April 2017 Petition Date, the "**Petition Date**"), Admired Agents, Chiksano, Clamford, Excel Concept, Gain Star, Grand Success, Hill Cosmos, Loyal Mark, Metro Island, Mission Excel, Natprop, Pioneer, Sea Capital, Shine Bright, Superb Choice, and Toyama each commenced with this

2

Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**May 2017 Debtors**" and,

collectively with the March 2017 Debtors and the April 2017 Debtors, the "**New Debtors**").

2.     The Debtors are operating their businesses and managing their properties

as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. William

A. Brandt, Jr. was appointed as chapter 11 trustee for CFG Peru Singapore by order of this Court

dated November 10, 2016 [ECF No. 219]. The Chapter 11 Cases have been consolidated for

procedural purposes only and are being jointly administered under case number 16-11895 (JLG).

No trustee, examiner, or statutory committee of creditors has been appointed in any of the

Chapter 11 Cases, except as discussed above.

### Jurisdiction

3.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4.     By this Motion (the "**Motion**"), the Debtors and the Chapter 11 Trustee

hereby request, pursuant to section 105(a) of the Bankruptcy Code and Rule 3007 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), entry of an order, substantially in the

form attached as **Exhibit A**, approving certain claim objection procedures intended to expedite

the claims reconciliation process and reduce the administrative and financial burden imposed on

the Court and the Debtor and CFG Peru Singapore estates (the "**Claim Objection Procedures**").

### Claims Against Debtors

5.     On November 25, 2016, the Bankruptcy Court entered an order [ECF

No. 253] (the "**Original Debtor Bar Date Order**"), establishing January 13, 2017 at 5:00 p.m.

(Eastern Time) as the deadline for each person or entity (including governmental units) to file proofs of claim ("**Proofs of Claim**") in respect of any prepetition claims against any of the Original Debtors (the "**Original Debtor Bar Date**").  On April 5, 2017, the Bankruptcy Court entered an order [ECF No. 432] (the "**PARD Bar Date Order**") establishing May 12, 2017 at 5:00 p.m. (Eastern Time) as the deadline for each person or entity (including governmental units) to file Proofs of Claim in respect of any prepetition claims against PARD (the "**PARD Bar Date**").  On August 3, 2017, the Bankruptcy Court entered an order [ECF No. 686] (the "**New Debtor Bar Date Order**" and, together with the Original Debtor Bar Date Order and the PARD Bar Date Order, the "**Bar Date Orders**"), establishing (i) October 10, 2017 at 5:00 p.m. (Eastern Time) as the deadline for each person or entity (excluding governmental units) to file Proofs of Claim in respect of any prepetition claims against any of the New Debtors (the "**New Debtor General Bar Date**") and (ii) October 30, 2017 at 5:00 p.m. (Eastern Time) as the deadline for governmental units to file proofs of claim in respect of any prepetition claims against any of the New Debtors (the "**New Debtor Governmental Bar Date**" and, together with the Original Debtor Bar Date, the PARD Bar Date, and the New Debtor Bar Date, the "**Bar Dates**").

6.      Approximately 1,900 Proofs of Claim have been filed by claimants asserting claims against the Debtors.  To pursue a chapter 11 plan, emerge from chapter 11, and provide a distribution to creditors as expeditiously as possible, it is necessary for the Debtors to undertake a review and reconciliation of these claims.  The Debtors have begun the claims reconciliation process and expect to object to many of these Proofs of Claim.  Because of the large number of Proofs of Claim, the Debtors have filed and expect to continue filing omnibus objections to certain Proofs of Claim (the "**Omnibus Objections**") in accordance with the Claim Objection Procedures set forth herein.

WEIL:\96558497\7\35234.0003

## Claim Objection Procedures

7.    As part of the claims reconciliation process, each Proof of Claim filed in these cases must be reviewed, because a "claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also id.* § 1111(a) ("A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules . . . except a claim or interest that is scheduled as disputed, contingent, or unliquidated.").

8.    Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)." Fed. R. Bankr. P. 3007(c).  Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection when the basis for disallowance of the claims subject to objection is that such claims:

(1)    duplicate other claims;

(2)    have been filed in the wrong case;

(3)    have been amended by subsequently filed proofs of claim;

(4)    were not timely filed;

(5)    have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order;

(6)    were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(7)    are interests, rather than claims; or

(8)    assert priority in an amount that exceeds the maximum amount under section 507 of the Code.

*Id.* 3007(d).  Moreover, Bankruptcy Rule 3007(e) provides, among other things, that any omnibus objection may contain objections to no more than 100 claims at a time.  *Id*. 3007(e).

9.        The Debtors and the Chapter 11 Trustee anticipate that although they have and will continue to object to a number of the Proofs of Claim on the grounds set forth in Bankruptcy Rule 3007(d), they may also object to many Proofs of Claim on additional grounds. These grounds include that a claim is not supported by the Debtors' or CFG Peru Singapore's books and records or that the Debtors or CFG Peru Singapore are not liable to the claimant for the amount claimed. Preparing and filing individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d) would be a time consuming and costly process. As such, the Debtors and the Chapter 11 Trustee believe that filing Omnibus Objections to multiple Proofs of Claim on grounds other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on the Debtor and CFG Peru Singapore estates during the claims reconciliation process. Accordingly, the Debtors and the Chapter 11 Trustee request that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), the Debtors and the Chapter 11 Trustee be permitted to file Omnibus Objections seeking reduction, reclassification, and/or disallowance of Proofs of Claim on one or more of the following additional grounds (collectively, the "**Additional Permitted Grounds**"):

(a)        the claims were incorrectly classified;

(b)        the claims seek recovery of amounts for which the Debtors or CFG Peru Singapore are not liable;

(c)        the claims do not include sufficient documentation to ascertain the validity of such claim;

(d)        the amount claimed contradicts the Debtors' or CFG Peru Singapore's books and records;

(e)        the claims have been waived or withdrawn pursuant to an agreement with the Debtors or the Chapter 11 Trustee; or

(f)        the claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

WEIL:\96558497\7\35234.0003

10.     The Debtors and the Chapter 11 Trustee would still be expected to comply with Bankruptcy Rule 3007 in all other respects, including that each Omnibus Objection will:

(1)     state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(2)     list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(3)     state the grounds of the objection to each Claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;

(4)     state in the title the identity of the objector and the grounds for the objections;

(5)     be numbered consecutively with other omnibus objections filed by the same objector; and

(6)     contain objections to no more than 100 Claims.

Fed. R. Bankr. P. 3007(e).

11.     Bankruptcy Rule 3007 requires that a copy of a claim objection, with notice of the hearing, must be served on the affected claimant.  To reduce service costs, the Debtors and the Chapter 11 Trustee propose to serve a notice of the Omnibus Objections (the "**Claim Objection Notice**"), rather than the entire Omnibus Objection, on each of the claimants whose claims are the subject of the applicable Omnibus Objection and, if known, their counsel.  The proposed Claim Objection Notice would be in a form substantially similar to the notice attached as **Exhibit B**.  The Claim Objection Notice would include an explanation of the claim objection process, a description of the basis of the Omnibus Objection, information regarding the response deadline and hearing date, and identification of the claims that are the subject of the Omnibus Objection.  The proposed Claim Objection Notice attached is for illustrative purposes only and will be modified to account for the nature of each Omnibus Objection.  In addition, the Claim Objection Notice will include information on how the claimant

7

can obtain a copy of the full Omnibus Objection, including electronically on the Court's docket

for the Debtors' and CFG Peru Singapore's Chapter 11 Cases with a PACER login and

password, and on the Debtors' and the Chapter 11 Trustee's claims agent's website at

dm.epiq11.com.   Upon the request of a claimant, the Debtors or the Chapter 11 Trustee will

provide the claimant with a complete copy of the applicable Omnibus Objection.   The Debtors'

and the Chapter 11 Trustee's right to serve Omnibus Objections in their entirety will be

preserved.

12.     In addition, to further conserve the estate resources, the Debtors and the

Chapter 11 Trustee seek entry of an order limiting notice of claim objections as follows:

(a) service of a complete copy of each claim objection (whether an Omnibus Objection or an

individual objection) on the U.S. Trustee and the Chapter 11 Trustee in the case of an Omnibus

Objection filed by the Debtors or the Debtors in the case of an Omnibus Objection filed by the

Chapter 11 Trustee; (b) for Omnibus Objections, service of a Claim Objection Notice on the

claimants whose claims are the subject of the applicable Omnibus Objection and their counsel, if

known; and (c) for individual claim objections, service of a complete copy of the applicable

individual objection on the claimant whose claim is the subject of the applicable individual claim

objection and its counsel, if known.   In addition, a complete copy of each omnibus and

individual claim objection will be filed with the Court and publicly available on the Court's

electronic docket, PACER, and the Debtors' and the Chapter 11 Trustee's claim agent's website

at dm.epiq11.com.   The Debtors and the Chapter 11 Trustee submit that no additional service or

notice should be required for claim objections.   If requested, the Debtors or the Chapter 11

Trustee will provide a party in interest with a complete copy of any omnibus or individual claim

objection.

WEIL:\96558497\7\35234.0003

**Basis for Relief**

13.     Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections.  In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See, e.g.*, *In re Calpine Corp.*, 356 B.R. 585, 593–94 (Bankr. S.D.N.Y. 2007); *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

14.     Authorizing the Debtors and the Chapter 11 Trustee to file Omnibus Objections on the Additional Permitted Grounds and to use the Claim Objection Notice to serve such Omnibus Objections is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and conforms to the intent of Bankruptcy Rule 3007, which is to protect the due process rights of creditors while allowing for the efficient administration of large cases. Similar relief has been granted in other cases in this district.  *See, e.g., In re Westinghouse Elec. Co.*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Nov. 15, 2017); *In re Atari, Inc.*, Case No. 13-10176 (JMP) (Bankr. S.D.N.Y. Nov. 14, 2013); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Sept. 21, 2012).

WEIL:\96558497\7\35234.0003

15.     Bankruptcy Rule 3007(e) already allows the Debtors and the Chapter 11 Trustee to file omnibus objections to no more than 100 Claims, albeit on other grounds.  The Debtors and the Chapter 11 Trustee will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor.  The Debtors and the Chapter 11 Trustee will serve affected claimants with notice of an Omnibus Objection at least 30 days prior to the hearing on such objection and continue to comply with the requirements for omnibus objections set forth in Bankruptcy Rule 3007(e).  Accordingly, allowing the Debtors and the Chapter 11 Trustee to file Omnibus Objections on the Additional Permitted Grounds is not likely to prejudice the rights of creditors.

16.     In addition, granting the Debtors and the Chapter 11 Trustee authority to file Omnibus Objections on the Additional Permitted Grounds will allow them to complete the claims reconciliation process in a timely, cost-effective, and efficient manner.  The ability to file Omnibus Objections on the Additional Permitted Grounds obviates the need for the Debtors and the Chapter 11 Trustee to prepare and file and the Court to review hundreds of individual objections—a time consuming, expensive, and potentially duplicative endeavor for the Debtors and the Chapter 11 Trustee and an unnecessarily burdensome task for the Court.

17.     Further, due to the increased time and expense that would be required to file numerous individual claim objections, such action could delay the claims resolutions process, and, ultimately, the distribution to creditors of the estates.  Therefore, allowing the Debtors and the Chapter 11 Trustee to file Omnibus Objections may, in fact, enhance the rights of creditors by not only preserving the value of the Debtor and CFG Peru Singapore estates ultimately available for distribution but also expediting when creditors will be paid.

Accordingly, the Court should authorize the Debtors, and the Chapter 11 Trustee, to file Omnibus Objections on the Additional Permitted Grounds.

18.     The Court should additionally authorize the Debtors and the Chapter 11 Trustee to notice each claim objection through the Claim Objection Notice.  Use of the Claim Objection Notice will substantially reduce the service costs for the claim objection process without depriving claimants of any information they would require to understand and respond to any Omnibus Objection.  Accordingly, the Court should approve the proposed Claim Objection Notice.

19.     The Debtors and the Chapter 11 Trustee reserve the right to seek modification of the Claim Objection Procedures as they deem appropriate.

## Notice

20.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel:  (a) the U.S. Trustee; and (b) any party that has requested notice in the Debtors' Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  In view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

21.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

11

WHEREFORE, the Debtors and the Chapter 11 Trustee respectfully request entry

of the Proposed Order granting the relief requested herein and such other and further relief as is

just.

Dated: June 4, 2018
        New York, New York


/s/ Matthew S. Barr
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Matthew S. Barr
Marcia Goldstein
Gabriel A. Morgan

*Counsel for Certain Debtors
and Debtors in Possession*

By: /s/ Lisa Laukitis
**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000
Jay M. Goffman
Lisa Laukitis

and-

Elizabeth M. Downing
(admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Fax: (617) 573-4870

*Counsel for William A. Brandt Jr.,
Chapter 11 Trustee*

12

**<u>Exhibit A</u>**

**Proposed Order**

WEIL:\96558497\7\35234.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
|   |   |   |
|---|---|---|
| In re: | : | **Chapter 11** |
|   | : |   |
| **CHINA FISHERY GROUP LIMITED** | : | **Case No. 16-11895 (JLG)** |
| **(CAYMAN)**, *et al.*, | : |   |
|   | : | **(Jointly Administered)** |
| Debtors.[1] | : |   |

---------------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 105(a) AND
## FED. R. BANKR. P. 3007 APPROVING CLAIM OBJECTION PROCEDURES

Upon the Motion, dated June 4, 2018 (the "**Motion**")[2] of China Fishery

Group Limited (Cayman) and certain of its affiliates, as debtors and debtors in possession

(collectively, the "**Debtors**") and the Chapter 11 Trustee, pursuant to section 105(a) of title 11 of

the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of

Bankruptcy Procedure (the  **Bankruptcy Rules**"), requesting approval of certain claim objection

procedures intended to streamline the claims reconciliation process and conserve the resources of

these estates, all as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

---

[1] The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore) ("**CFG Peru Singapore**") Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd. (BVI), Golden Target Pacific Limited (BVI), Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited (BVI), Admired Agents Limited (BVI), Chiksano Management Limited (BVI), Clamford Holding Limited (BVI),  Excel Concept Limited (BVI), Gain Star Management Limited (BVI), Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited (BVI), Loyal Mark Holdings Limited (BVI), Metro Island International Limited (BVI), Mission Excel International Limited (BVI), Natprop Investments Limited, Pioneer Logistics Limited (BVI), Sea Capital International Limited (BVI), Shine Bright Management Limited (BVI), Superb Choice International Limited (BVI), and Toyama Holdings Limited (BVI).  As used herein, the term "**Debtors**" shall not include CFG Peru Singapore unless otherwise stated.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and CFG Peru Singapore, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Claim Objection Procedures set forth in the Motion are approved.

3.      Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors, and the Chapter 11 Trustee, in addition to those grounds set forth in Bankruptcy Rule 3007(d), are authorized to file Omnibus Objections to claims seeking reduction, reclassification, or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**"):

(a)      the claims were incorrectly classified;

(b)      the claims seek recovery of amounts for which the Debtors or CFG Peru Singapore are not liable;

(c)      the claims do not include sufficient documentation to ascertain the validity of such claim;

(d)      the amount claimed contradicts the Debtors' or CFG Peru Singapore's books and records;

(e)      the claims have been waived or withdrawn pursuant to an agreement with the Debtors or the Chapter 11 Trustee; and

2

(f)    the claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

4.    The Debtors and the Chapter 11 Trustee are authorized to file Omnibus Objections to no more than one hundred (100) claims at a time on the Additional Permitted Grounds.

5.    Except as expressly provided herein, the Debtors and the Chapter 11 Trustee shall comply with the requirements for Omnibus Objections set forth in Bankruptcy Rule 3007(e).

6.    Any order sustaining an Omnibus Objection shall be a final order for each claim referenced in the Omnibus Objection as if an individual objection had been filed for such claim.

7.    The Debtors, and the Chapter 11 Trustee, are authorized, but not directed, to serve a Claim Objection Notice, rather than the entire Omnibus Objection, on each of the claimants whose claims are the subject of the applicable Omnibus Objection and, if known, their counsel.  The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1**.

8.    All Omnibus Objections and individual objections filed with this Court shall be made publicly available on the docket through PACER and the Debtors' and the Chapter 11 Trustee's claims agent's website.  Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an Omnibus Objection or an individual objection) on the U.S. Trustee and the Chapter 11 Trustee in the case of an Omnibus Objection filed by the Debtors or the Debtors in the case of an Omnibus Objection filed by the Chapter 11 Trustee; (b) for Omnibus Objections, service of a Claim Objection Notice on the claimants whose claims are the subject of the applicable Omnibus Objection and their counsel, if known;

WEIL:\96558497\7\35234.0003

and (c) for individual claim objections, service of a complete copy of the applicable individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known.

9.       Upon request, the Debtors or the Chapter 11 Trustee, as applicable, will provide any party in interest with a complete copy of any individual or Omnibus Objection.

10.      Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any claim asserted in these chapter 11 cases.

11.      Entry of this Order is without prejudice to the Debtors' and the Chapter 11 Trustee's rights to seek entry of an order modifying or supplementing the relief granted herein.

12.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2018
       New York, New York

_____
       HONORABLE JAMES L. GARRITY, JR.
       UNITED STATES BANKRUPTCY JUDGE

4

**<u>Exhibit B</u>**

**Claim Objection Notice**

WEIL:\96558497\7\35234.0003

HEARING DATE AND TIME: _____, 2018 at __:00 _.m. (Eastern Time)
RESPONSE DEADLINE: _____, 2018 at __:00 _.m. (Eastern Time)

> THE ATTACHED LIST OF CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PLEASE CAREFULLY REVIEW THE ATTACHED CLAIMS LIST TO DETERMINE WHETHER IT AFFECTS ANY CLAIM(S) YOU MAY HAVE FILED.  IF YOU HAVE QUESTIONS, CONTACT DEBTORS' COUNSEL, JERI LEIGH MILLER, AT 214-746-7747.[1]

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Matthew S. Barr
Marcia Goldstein
Gabriel A. Morgan

*Counsel for Certain Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:                                                            :     **Chapter 11**
                                                                  :
**CHINA FISHERY GROUP LIMITED**                                   :     **Case No. 16-11895 (JLG)**
**(CAYMAN),** *et al.*,                                           :
                                                                  :     **(Jointly Administered)**
       **Debtors.**[2]                                            :
-----------------------------------------------------------------x

### NOTICE OF DEBTORS' [Insert Ordinal]
### OMNIBUS OBJECTION TO [Types of Claims]

---

[1] To be updated as applicable to the extent the notice is by the Chapter 11 Trustee rather than the Debtors.

[2] The Debtors in these chapter 11 cases are as follows: China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore) ("**CFG Peru Singapore**") Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd. (BVI), Golden Target Pacific Limited (BVI), Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited (BVI), Admired Agents Limited (BVI), Chiksano Management Limited (BVI), Clamford Holding Limited (BVI),  Excel Concept Limited (BVI), Gain Star Management Limited (BVI), Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited (BVI), Loyal Mark Holdings Limited (BVI), Metro Island International Limited (BVI), Mission Excel International Limited (BVI), Natprop Investments Limited, Pioneer Logistics Limited (BVI), Sea Capital International Limited (BVI), Shine Bright Management Limited (BVI), Superb Choice International Limited (BVI), and Toyama Holdings Limited (BVI).  As used herein, the term "**Debtors**" shall not include CFG Peru Singapore unless otherwise stated.

PLEASE TAKE NOTICE that, on _____, 2018, China Fishery Group Limited (Cayman) and its affiliated debtors, as debtors and debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *[Insert Ordinal] Omnibus Objection to [Types of Claims]* (the "**Objection**"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  A hearing on the relief requested in the Objection has been scheduled on _____, **2018 at _____ (Eastern Time)** (the "**Hearing**") before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**").  A copy of the exhibit annexed to the Objection with the category of claim objection applicable to you is contained in **Attachment 1**.

PLEASE TAKE FURTHER NOTICE that the Objection requests that the Bankruptcy Court expunge and/or disallow one or more claims listed in **Attachment 1** under CLAIM(S) TO BE DISALLOWED & EXPUNGED (the "**Claims List**") on the grounds set forth in further detail in the Objection and the Claims List.

**ANY CLAIM THAT THE BANKRUPTCY COURT EXPUNGES AND DISALLOWS WILL BE TREATED AS IF IT HAD NOT BEEN FILED AND WILL NOT BE ENTITLED TO ANY DISTRIBUTION ON ACCOUNT THEREOF.**

PLEASE TAKE FURTHER NOTICE that, if you filed the applicable proof of claim and you do NOT oppose the disallowance and/or expungement of your claim(s) as specified on the Claims List, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the Hearing.

PLEASE TAKE FURTHER NOTICE that, if you filed the applicable proof of claim and you DO oppose the disallowance and/or expungement of your claim(s) listed on the Claims List then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response ("**Response**") to the Objection so as to be **actually received** no later than _____, **2018 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that any Response must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the docket number and the title of the Objection to which the Response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and/or expunged for the reasons set forth in the Objection, including, without limitation, the specific factual and legal bases that will be relied upon in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, which will be relied upon in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to a Response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person

2

(which may be the claimant or a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

**PLEASE TAKE FURTHER NOTICE** that all Responses to the Objection, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, and shall be filed with the Court electronically in accordance with General Order M–399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with two (2) hard copies single-sided delivered directly to the Chambers of the Honorable James L. Garrity, Jr., pursuant to Local Rule 9070-1 and served so as to be actually received no later than the Response Deadline by: (i) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Matthew S. Barr, Esq. and Gabriel A. Morgan, Esq.); (ii) counsel for the Chapter 11 Trustee of CFG Peru Singapore, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, (Attn: Lisa Laukitis, Esq. and Elizabeth Downing, Esq.) and Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave., New York, New York 10010 (Attn: Susheel Kirpalani, Esq. and James Tecce, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard Morrissey, Esq.); and (iv) all other parties required to be served pursuant to and in accordance with the Bankruptcy Rules, the Local Rules, and General Order M–399.

**PLEASE TAKE FURTHER NOTICE** that, if you file a written Response to the Objection, you should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to claim(s) for which a Response has been received. If the Debtors do continue the hearing with respect to such claim(s), then the Hearing will be held at a later date. If the Debtors do not continue the Hearing with respect to such claim(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that, if no Responses are timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) listed on the Claims List, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objection.

WEIL:\96558497\7\35234.0003

**PLEASE TAKE FURTHER NOTICE** that, if you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://dm.epiq11.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

Dated: _____, 2018
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**WEIL, GOTSHAL & MANGES LLP**
　　　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York  10153
　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 310-8000
　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 310-8007
　　　　　　　　　　　　　　　　　　　　Matthew S. Barr
　　　　　　　　　　　　　　　　　　　　Marcia Goldstein
　　　　　　　　　　　　　　　　　　　　Gabriel A. Morgan

　　　　　　　　　　　　　　　　　　　　*Counsel for Certain Debtors*
　　　　　　　　　　　　　　　　　　　　*and Debtors in Possession*

4

## Attachment 1

**[Insert Exhibit Annexed to the Objection]**