**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CHINA FISHERY GROUP LIMITED (CAYMAN)** *et al.*, | : | **Case No. 16-11895 (JLG)** |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | Related Dkt. Nos. 3043 & 3044 |
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **CFG Peru Investments Pte. Limited (Singapore),** Debtor. | : | **Case No. 16-11914 (JLG)** |
| | : | **(Jointly Administered)** |
| | : | Related Dkt. Nos. 752 & 754 |

**ORDER (I) AUTHORIZING CERTAIN ACTIONS IN
FURTHERANCE OF THE PLAN AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Michael E. Foreman, not individually but solely in his capacity as Plan Administrator (the "Plan Administrator") of CFG Peru Investments Pte. Limited (Singapore) ("CFG Peru Singapore") in its above-captioned chapter 11 case, for an order (this "Order") under sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors are China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd., Golden Target Pacific Limited, Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited, Admired Agents Limited, Chiksano Management Limited, Clamford Holding Limited, Excel Concept Limited, Gain Star Management Limited, Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited, Loyal Mark Holdings Limited, Metro Island International Limited, Mission Excel International Limited, Natprop Investments Limited, Pioneer Logistics Limited, Sea Capital International Limited, Shine Bright Management Limited, Superb Choice International Limited, and Toyama Holdings Limited (BVI).

Code"), rules 2002, 4001, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") seeking, *inter alia*:

a. authority to amend the Indenture as set forth in the Motion;

b. confirmation that all persons and entities (including DTC and Holders of any Claims or Interests, including the Senior Notes Trustee) shall be required to accept, and may conclusively rely upon, this Order in lieu of a legal opinion or any other document regarding the changes to the Indenture described in the Motion;

c. requiring that all persons and entities (including DTC and Holders of any Claims or Interests and Beneficial Holders (as defined in the Supplemental Indenture)) take any steps that the Plan Administrator deems necessary, in his sole discretion, to assist with, effectuate, or evidence the payment of Senior Notes Claims pursuant to the Escrow Arrangement;

d. confirmation that the Escrow Arrangement described in the Motion constitutes deemed payment of Senior Notes Claims, regardless of whether the Senior Notes Claims are held by direct or beneficial holders;

e. confirmation that any Senior Notes Claims paid in accordance with the Escrow Arrangement in the manner set forth in the Motion shall be deemed extinguished and that the direct or beneficial holder of such Senior Notes Claims shall have no other rights under such claims other than collection of payment from the Escrow Account;

f. authority to amend the Superpriority Loan to permit use of Superpriority Loan funds to (i) redeem Senior Notes pursuant to the Escrow Arrangement set forth in the Motion; (ii) pay fees and costs incurred by CFG Peru and its direct and indirect subsidiaries; or (iii) pay any other costs that the Plan Administrator deems desirable or necessary to effectuate the Plan or the relief sought in this Order; and

g. authority for the Plan Administrator to take all corporate governance or other actions desirable or necessary to effectuate the Plan or the relief sought in this Order.

This Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion and such notice having been adequate and appropriate under

2

the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"), the record of which is incorporated by reference herein; and upon the record of the Hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the debtor, its creditors, its stakeholders, and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; **and the Court having overruled the objection filed to the Motion; [JLG]** and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Plan Administrator is authorized to take all actions necessary to amend the Indenture in the manner set forth in the Motion.

3. All persons and entities (including DTC and Holders of any Claims or Interests and Beneficial Holders, including the Senior Notes Trustee) shall be required to accept, and may conclusively rely upon, this Order in lieu of a legal opinion or any other document regarding the changes to the Indenture described in the Motion.

4. All persons and entities (including DTC and Holders of any Claims or Interests and Beneficial Holders) are required to take any steps that the Plan Administrator deems necessary, in his sole discretion, to assist with, effectuate, or evidence the payment of Senior Notes Claims pursuant to the Escrow Arrangement.

5. The Escrow Arrangement set forth in the Motion constitutes deemed payment of Senior Note Claims, regardless of whether such Senior Note Claims are held by direct or beneficial holders.

6. Senior Notes Claims that are paid in accordance with the Escrow Arrangement as set forth in the Motion shall be deemed extinguished, and any direct or beneficial holders of such Senior Note Claims shall have no rights under such claims other than to collection of payment from the Escrow Account.

7. The Plan Administrator is authorized to amend the Superpriority Loan to use the proceeds thereof, including, without limitation, to: (i) redeem Senior Notes pursuant to the Escrow Arrangement set forth in the Motion; (ii) pay fees and costs incurred by CFG Peru and its direct and indirect subsidiaries; and (iii) pay any other costs that the Plan Administrator deems desirable or necessary to effectuate the Plan or the relief sought in this Order.

8. The Plan Administrator is authorized to take all corporate governance actions desirable or necessary to effectuate the Plan or the relief sought in this Order.

9. This Order shall be enforceable by the Plan Administrator or any other party in interest.

10. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 29, 2022
      New York, New York

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE